STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

MARK S. PALMER (SBN 203256)
  mark@palmerlex.com
4 Meadow Drive
Mill Valley, CA 94941
Telephone: (415) 336.7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. | Case No. 4:17-CV-07025-SBA <br><br> **DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF STARDOCK SYSTEMS, INC,'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |
| PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Counter-Claimants, <br><br> v. <br><br> STARDOCK SYSTEMS, INC., <br><br> Counter-Defendant. | |

Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively, "Defendants") hereby file the following Answer and Affirmative Defenses to Plaintiff and Counter-Defendant Stardock Systems, Inc.'s ("Plaintiff") Complaint ("Complaint") as required by Federal Rule of Civil Procedure 8.

## ANSWER

1. Defendants admit that Plaintiff, by its counsel, brought the Complaint against Defendants purporting to state various claims, which Defendants deny.

## JURISDICTION AND VENUE

2. Defendants admit that the Complaint purports to state claims under the Lanham and Copyright Acts and related state law claims, and that this Court has subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331, 1338(a), and 1367(a). Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit that this Court has personal jurisdiction over them, and that they have done business and contracted to provides services in this State. Defendants deny that they are causing any tortious injury by any act in this State, or causing any tortious injury in this State.

4. Defendants admit that that they are residents of this State. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. Defendants admit that they are subject to general personal jurisdiction in this judicial district. Defendants deny the remaining allegations in Paragraph 5 of the Complaint. By way of further response, under Section 12.2 of the 1988 Agreement, referenced in Paragraph 10 of the Complaint and attached hereto as **Exhibit 1**, all disputes arising in connection with the 1988 Agreement shall be settled through arbitration of the International Chamber of Commerce and take place in San Jose, California. Moreover, under the agreement dated April 1, 2011 between GOG and Defendants, and on information and belief, under the alleged agreement dated March 1, 2010 between GOG and Atari that Plaintiff allegedly assumed as part of the Atari bankruptcy proceeding, "the exclusive and sole jurisdiction and venue for any lawsuit, action, claim or counter-claim related to this Agreement shall be in the state and federal courts [] located in Los Angeles County, California."

**INTRADISTRICT ASSIGNMENT**

6. Defendants admit that assignment to the San Francisco Division is proper. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

**THE PARTIES**

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

**FACTUAL BACKGROUND**

*Response to Allegations re: The Development and Ownership*

*of the Classic Star Control Games*

10. Defendants admit that Accolade, Inc. ("Accolade") and Reiche entered into a License Agreement for the development and publishing of computer software programs dated October 7, 1988 (the "1988 Agreement"). Defendants deny the remaining allegations in Paragraph 10 of the Complaint. By way of further response, Accolade and Reiche entered into three (3) addenda amending the 1988 Agreement as follows:

  a. Addendum No. 1 dated November 19, 1993 for the 3DO version of Star Control II ("Addendum No. 1"), attached hereto as **Exhibit 2**;

  b. Addendum No. 2 dated February 1, 1995 for Star Control 3 ("Addendum No. 2"), attached hereto as **Exhibit 3**; and

  c. Addendum No. 3 dated April 1, 1998 for Star Control 4, attached hereto as **Exhibit 4** ("Addendum No. 3").

11. Defendants admit that in 1990, under the terms of the 1988 Agreement, a science fiction video game focused on space combat (hereinafter "Star Control") was published by Accolade. Defendants deny that Accolade developed Star Control and deny the remaining allegations in Paragraph 11 of the Complaint. By way of further response, under the 1988 Agreement, Reiche was the "Developer" and Accolade was the "Publisher" of Star Control. Defendants created and developed Star Control, with Accolade acting only as publisher.

12. Defendants admit that a sequel to Star Control called simply Star Control II was published by Accolade in 1992 under the 1988 Agreement (hereinafter "Star Control II"). Defendants deny that Accolade developed Star Control II and deny the remaining allegations in Paragraph 12 of the Complaint. By way of further response, under the 1988 Agreement, Reiche was the "Developer" and Accolade was the "Publisher" of Star Control II. Defendants created and developed Star Control II, with Accolade acting only as publisher.

13. Defendants admit that in 1996, under Addendum No. 2 to the 1988 Agreement, Accolade published Star Control 3 (hereinafter "Star Control 3") as a sequel to Star Control II. Defendants deny the remaining allegations in Paragraph 13 of the Complaint. By way of further response, under Addendum No. 2, Reiche agreed to allow Accolade to develop Star Control 3, through a third-party developer, using characters, names, likenesses, characteristics, and other intellectual property pertaining to Star Control and/or Star Control II in which Reiche had an ownership interest ("Reiche's Preexisting Characters"), subject to the payment of royalties. On information and belief, using Reiche's Preexisting Characters, Star Control 3 was created and developed by Legend Entertainment.

14. Defendants admit that the Complaint purports to group Star Control, Star Control II, and Star Control 3 together as the "Classic Star Control Games."

15. Defendants admit that pursuant to the 1988 Agreement and addenda, Reiche granted to Accolade an exclusive license to certain rights to Star Control, Star Control II, and Reiche's Preexisting Characters in exchange for the payment of royalties to Reiche. Defendants deny that such license continued after April 1, 2001 when it expired or terminated and all such rights reverted back to Reiche. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint to the extent they pertain to any license to any rights to Star Control 3 other than Reiche's Preexisting Characters.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that pursuant to the 1988 agreement, Accolade was to be the owner of the title, packaging concept, and packaging design for the Work and Derivative Works and that any trademarks adopted and used by Accolade in the marketing of the Work, Derivative

1  Works, and Derivative Products were to be the sole property of Accolade. Defendants deny that
2  Accolade was to be the owner of other intellectual property rights adopted and used by Accolade
3  in the marketing of the Work, Derivative Works, and Derivative Products. Defendants deny the
4  remaining allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint. To the contrary, under the 1988 Agreement, Reiche was to be the owner of the copyright and all other proprietary rights in the Work and all Derivative Works by Reiche, and it was Defendants, not Accolade, that created and developed Star Control, Star Control II, and Reiche's Preexisting Characters, nor did Accolade develop Star Control 3.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants admit that in and around 2013, Atari, Inc. ("Atari") was subject to bankruptcy proceedings under Case No. 13-10176 (JMP) in the Northern District of New York. Defendants deny that the 1988 Agreement was assigned or assignable by Atari to Plaintiff. Defendants deny that certain copyrights in, publishing rights to, or any other assets or rights related to Star Control, Star Control II, and/or Reiche's Preexisting Characters were owned by Atari or assigned or sold to Plaintiff in 2013. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint. By way of further response, the Purchase Agreement between Atari and Plaintiff that was filed with and approved by the Bankruptcy Court is attached hereto as **Exhibit 5**. Under the Purchase Agreement, the "Purchased Assets" included only (a) the Intellectual Property identified on Schedule 1.01(a) and (b) those contracts listed or described on Schedule 2.01(b) (the "Assumed Contracts"), and any other assets and properties of Atari were excluded from the Purchased Assets. Neither Schedule 1.01(a) nor Schedule 2.01(b) was attached to the Purchase Agreement that was filed with and approved by the Bankruptcy Court.

21. Defendants admit that prior to 2001, Star Control and Star Control II became very popular. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

*Response to Allegations re: Stardock, the STAR CONTROL Mark,*

*and the Star Control Copyrights*

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny that U.S. Copyright Registration No. PA 799-000 covers Reiche's Preexisting Characters used in Star Control 3. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of the Complaint.

*Response to Allegations re: the Development of Stardock's New Star Control Game*

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged acquisition and decision. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that Brad Wardell, CEO and President of Plaintiff, emailed them once in January 2014 and again in September 2015, and that such emails speak for themselves. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. Defendants admit that Mr. Wardell emailed them on or about July 28, 2017, and that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38. Defendants admit that they emailed Mr. Wardell on or about August 1, 2017, and that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

*Response to Allegations re: Reiche and Ford and Their Allegedly Infringing Actions*

41. Defendants admit that they are, *inter alia,* American game designers and developers who have worked together to create computer programs and games for over twenty-five years, including Star Control, Star Control II, and other titles.

42. Defendants admit that on October 9, 2017, Reiche made an announcement via his blog at https://www.dogarandkazon.com celebrating the 25th anniversary of Star Control II as set forth in Exhibit H to the Complaint ("Reiche 25th Anniversary Announcement") and that the document speaks for itself. Defendants deny that they announced their "expected release of a new game" and the remaining allegations in Paragraph 42 of the Complaint.

43. Defendants admit that a copy of the Reiche 25th Anniversary Announcement is attached to the Complaint as Exhibit H. Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants admit that, as one of the creators of Star Control and Star Control II, Reiche has used the #starcontrol hashtag in Twitter posts from time to time, including as set forth in Exhibit J to the Complaint. Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants admit that they have accurately held themselves out and been described by others, including Mr. Wardell, as, *inter alia*, the creators of Star Control and Star Control II. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint. To the contrary, Defendants were in fact the creators of Star Control and Star Control II and Accolade was only the initial publisher.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint. To the contrary, Plaintiff was aware of and consented to GOG's distribution of Star Control, Star Control II, and Star Control 3 since at least 2013, pursuant to an alleged agreement between Atari and GOG that Plaintiff purportedly assumed as part of the Atari bankruptcy proceeding in 2013, and an agreement between Defendants and GOG. Plaintiff also admitted knowing of the agreements in 2016.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants admit that they have been aware of Plaintiff since 2013, but deny the remaining allegations in Paragraph 59 of the Complaint.

60. Defendants admit that they do not have any direct relationship, affiliation and/or connection with Plaintiff. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

## COUNT I

### Alleged Trademark Infringement

### (15 U.S.C. § 1114(1))

65. Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 64 above as if set forth in full.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

## COUNT II

### Alleged Counterfeiting

### (15 U.S.C. § 1116(d))

73. Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 72 above as if set forth in full.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

## COUNT III

### Alleged Unfair Competition and False Designation of Origin

**(15 U.S.C. § 1125(a))**

80. Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 79 above as if set forth in full.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

## COUNT IV

### Alleged Trademark Dilution

**(15 U.S.C. § 1125(c))**

85. Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 84 above as if set forth in full.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

## COUNT V

### Alleged Copyright Infringement

**(17 U.S.C. § 501(a))**

90. Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 89 above as if set forth in full.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

2635.000/1257560.1                                    10                           Case No. 4:17-CV-07025-SBA
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

## COUNT VI

### Alleged California Common Law Trademark Infringement and Unfair Competition

98. Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 97 above as if set forth in full.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

To the extent that any response to the prayer for relief in the Complaint is required, Defendants deny all of the allegations therein and that Plaintiff is entitled to any of the requested relief, including that specified in Paragraphs i-viii of the Prayer for Relief.

### GENERAL DENIAL

Defendants further deny each allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

### AFFIRMATIVE DEFENSES

Subject to their responses above, and upon information and belief, Defendants allege and assert the following defenses in response to the allegations in the Complaint. Regardless of how such defenses are listed herein, Defendants undertake the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Defendants specifically reserve the right to allege additional affirmative defenses pursuant to any docket control order or that become known through the course of this action.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted as to one or more causes of action.

### SECOND AFFIRMATIVE DEFENSE

**(Laches, Waiver, and Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

**(No Entitlement to Injunctive Relief)**

Plaintiff is not entitled to injunctive relief because, among other things, there is no risk of irreparable harm and money damages would be adequate.

### FOURTH AFFIRMATIVE DEFENSE

**(Preemption)**

One or more of Plaintiff's claims are barred by preemption.

### FIFTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiff lacks standing to bring one or more of its causes of action.

### SIXTH AFFIRMATIVE DEFENSE

**(Invalidity or Unenforceability of Copyright)**

On information and belief, Plaintiff's copyright claims are barred and its claimed work is not entitled to copyright protection because its copyright is invalid and/or unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE

**(No Ownership of Copyright)**

On information and belief, Plaintiff's copyright claims are barred because it is not the rightful owner of the copyright.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Innocent Infringement)

Plaintiff's copyright claims are barred and Plaintiff's trademark claims are limited because any alleged infringement was innocent and lacked intent.

### NINTH AFFIRMATIVE DEFENSE

#### (Invalid Trademark)

Plaintiff's trademark and related claims are barred because the preceding owner did not use and, in fact, abandoned the mark, and made fraudulent statements during the registration process.

### TENTH AFFIRMATIVE DEFENSE

#### (No Ownership of Trademark)

On information and belief, Plaintiff's trademark and related claims are barred because they are based on trademark rights that Plaintiff does not own.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Likelihood of Confusion)

Plaintiff's trademark and related claims are barred because there is no likelihood of confusion.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Non-Trademark Use)

Plaintiff's trademark and related claims are barred because the alleged infringing use was not as a source identifier.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Jurisdiction and Improper Venue)

Venue is improper in this district in that: a) under Section 12.2 of the 1988 Agreement, all disputes arising in connection with the 1988 Agreement shall be settled through arbitration of the International Chamber of Commerce and take place in San Jose, California; and b) under the agreement dated April 1, 2011 between GOG and Defendants, and on information and belief, under the alleged agreement dated March 1, 2010 between GOG and Atari that Plaintiff allegedly assumed as part of the Atari bankruptcy proceeding, "the exclusive and sole jurisdiction and venue

for any lawsuit, action, claim or counter-claim related to this Agreement shall be in the state and federal courts [] located in Los Angeles County, California."

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Failure to Join Indispensable Party)**

This action must be dismissed for failure to join an indispensable party under Federal Rule of Civil Procedure 19, namely, GOG.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(License)**

Plaintiff's claims are barred, in whole or in part, because Defendants had a license to use the claimed trademark rights and/or copyrights.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Mootness)**

One or more of Plaintiff's claims are moot.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Authorization, Consent, Acquiescence)**

Plaintiff's claims are barred, in whole or in part, in that Plaintiff authorized, consented to, and/or acquiesced in Defendants' alleged actions.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Failure to Register Copyright (17 U.S.C. § 411))**

On information and belief, Plaintiff's copyright claims are barred under 17 U.S.C. § 411 and this Court lacks subject-matter jurisdiction over such claims in that Plaintiff failed to file for and/or obtain a copyright registration for at least some of the claimed copyrights before filing the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Late Registration of Copyright (17 U.S.C. § 412))**

Plaintiff's remedies for its copyright claims are limited under 17 U.S.C. § 412 in that it failed to obtain a copyright registration within three months after the first publication of the work.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Fair Use (17 U.S.C. § 107))**

Plaintiff's copyright claims are barred by the doctrine of fair use.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

DATED: February 22, 2018            BARTKO ZANKEL BUNZEL & MILLER
                                    A Professional Law Corporation


                                    By:      /s/ Stephen C. Steinberg
                                             Stephen C. Steinberg
                                             Attorneys for Defendants and Counter-Claimants
                                             PAUL REICHE III and ROBERT FREDERICK FORD