# EXHIBIT 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| STARDOCK SYSTEMS, INC. <br> *Plaintiff* <br> v. <br> PAUL REICHE III and ROBERT FREDERICK FORD <br> *Defendant* | Civil Action No. 4:17-CV-07025-SBA |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: SINGER ASSOCIATES, INC., 47 KEARNY STREET, SECOND FLOOR, SAN FRANCISCO, CA, 94108
c/o SHARON ROLLINS SINGER (registered agent) 33 ROBLE ROAD, BERKELEY, CA 94705

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Nixon Peabody LLP <br> One Embarcadero Center, Suite 1800 <br> San Francisco, CA 94111 | Date and Time: <br> 04/13/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | /s/ Robert A. Weikert |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants Paul Reiche III and Robert Frederick Ford** , who issues or requests this subpoena, are:
Robert Weikert, Nixon Peabody LLP, One Embarcadero Ctr, San Francisco, CA 94111; 415-984-8200; rweikert@nixonpeabody.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:17-CV-07025-SBA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 4:17-cv-07025-SBA   Document 40-12   Filed 04/27/18   Page 4 of 8

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

The following definitions and instructions apply to each of the following Requests for production.

**DEFINITIONS**

1.      "Document" and "Documents" shall have the broadest possible meaning under the Federal Rules of Civil Procedure 34(a) and shall include, without limitation, the original (or copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translation, notation, or markings) or any and all other written, printed, typed, punched, taped, filmed or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachment to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof.  The term document shall specifically include all recorded or retrievable electronic data or communications such as e-mail and the like and all translations thereof.

2.      "You" and "Your" shall mean and refer to Singer Associates, Inc., any of its employees, predecessors, and any past or present parent, subsidiary, and/or affiliated entity, and any Person or Entity acting or that has acted on behalf of Singer Associates, Inc., including but not limited to its present and former officers, executives, partners, directors, attorneys, agents, investigators, and/or representatives.

3.      "Stardock" shall mean and refer to Stardock Systems, Inc. and its officers, directors, employees, agents, representatives and all persons acting or purporting to act on its behalf.

4.      "Ford" shall mean and refer to Robert Frederick Ford, and any of his employees, agents, representatives, assigns and all persons acting or purporting to act on his behalf.

5.      "Reiche" shall mean and refer to Paul Reiche III and any of his employees, agents,

representatives, assigns, and all persons acting or purporting to act on his behalf.

6. "Person" shall mean and refer to any natural person or any business, legal or governmental entity or association.

7. "Relate to" and "relating to" shall mean and refer to any information concerning, compromising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, constituting or pertaining in any way to the subject matter of the discovery request in which such term is used.

8. "Communication" or "Communications" shall mean and refer to any disclosure, transfer of information between two or more Persons, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, electronic mail, text message, instant message, or any electronic or other medium, whether written, audio, or video.

9. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring with the scope of discovery requests all responses that might otherwise be construed to be outside its scope.

10. Similar forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

11. Masculine forms of any noun or pronoun shall be read to include the feminine or neuter, as the context may make appropriate.

12. "Star Control I" shall mean and refer to *Star Control,* the 1990 science fiction video game.

13. "Star Control II" shall mean and refer to *Star Control II: the Ur-Quan Masters,* the 1992 video game sequel to Star Control I.

14. "Star Control III" shall mean and refer to the 1996 video game sequel to Star Control II.

15. The "Classic Star Control Games" shall mean and refer to Star Control I, Star Control II and Star Control III collectively.

4816-8294-5632.1

## INSTRUCTIONS

16. Your production of Documents and/or things in response to each request shall include all responsive Documents and/or things in Your possession, custody or control.

17. Please produce all Documents in a single-image TIFF format with a mutually agreed upon load file.

18. If any responsive Documents are withheld by reason of a claim of privilege or other protection, You are to furnish a list at the time of the withholding that includes information sufficient to establish the basis for the asserted privilege, including the following information: (1) author; (2) sender; (3) recipient; (4) indicated or blind copies; (5) date; (6) privilege and/or protection claimed; and (7) subject matter sufficient to support the asserted privilege or protection.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents relating to Communication between You and Reiche.

2. All Documents relating to Communication between You and Ford.

3. All Documents relating to Stardock.

4. All Documents relating to any agreement between You and Reiche and/or Ford for services to be provided by You.

5. All Documents relating to the Classic Star Control Games.

6. All Documents relating to invoices for services provided by You for Reiche.

7. All Documents relating to invoices for services provided by You for Ford.

8. All Documents relating to payment from Reiche or Ford to You for services rendered.

9. All internal Communications relating to Stardock or the Classic Star Control Games.

10. All Documents relating to posts, comments, remarks or statements made by You in any forum found on the Internet or in any public forum regarding the Classic Star Control Games, Stardock, Brad Wardell, Ford, Reiche, or the lawsuit captioned *Stardock Systems, Inc. v. Reiche et al.,* Case Number 17-cv-07025-SBA pending in the Northern District Court of California.

11. All Documents relating to Communication between You and Stephen Steinberg, or anyone at the law firm of Bartko Zankel Bunzel & Miller, counsel to Ford and Reiche.

12. All Documents relating to Communication between You and Mark Palmer, counsel to Ford and Reiche.

13. All Documents relating to aliases, handles, user names and identifiers used by You to post, comment, remark or make a statement in any forum found on the Internet or in any public forum regarding the Classic Star Control Games, Stardock, Brad Wardell, Ford, Reiche, or the lawsuit captioned *Stardock Systems, Inc. v. Reiche et al.,* Case Number 17-cv-07025-SBA pending in the Northern District Court of California.