Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Stardock Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

STARDOCK SYSTEMS, INC.,

      Plaintiff,

    vs.

PAUL REICHE III and ROBERT FREDERICK FORD,

      Defendants.

AND RELATED COUNTERCLAIM

Case No.: 4:17-cv-07025-SBA

**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT; COUNTERFEITING UNDER THE LANHAM ACT; UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT; FALSE ADVERTISING UNDER THE LANHAM ACT AND CALIFORNIA STATE LAW; TRADEMARK DILUTION UNDER THE LANHAM ACT; COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT; STATUTORY TRADEMARK INFRINGEMENT AND DILUTION AND UNFAIR COMPETITION UNDER CALIFORNIA STATE LAW; AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**

**DEMAND FOR JURY TRIAL**

1.      Plaintiff Stardock Systems, Inc. ("**Plaintiff**" or "**Stardock**"), by its undersigned attorneys, brings this Complaint against Defendant Paul Reiche III ("**Reiche**") and Defendant Robert Frederick Ford ("**Ford**") (collectively, "**Defendants**" or **"Reiche and Ford"**), for trademark infringement, counterfeiting, unfair competition, false advertising, and false designation of origin and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and trademark infringement, false advertising, and unfair competition under California common law.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Stardock's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125(a) and 1125(c) and the Copyright Act, 17 U.S.C. § 501(a). In addition, supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have regularly transacted, and continue to transact, business in this State; contract to supply goods and/or services in this State; are causing tortious injury by an act in this State; and are causing tortious injury in this State by an act outside this State where they regularly do or solicit business, engage in other persistent courses of conduct and/or derive substantial revenue from goods used or consumed, or services rendered, in this State.

4.      Defendants, upon information and belief, are residents of this State and otherwise, have sufficient minimum contacts with this State, through at least the promotion, advertising, marketing, offering for sale and/or sale of the Ghosts of the Precursors Game (as defined *infra*) and/or the Classic Star Control Games (as defined *infra*) within this State, such that this Court has personal jurisdiction over Defendants.

- 2 -

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district and Defendants are subject to personal jurisdiction in this judicial district.

## INTRADISTRICT ASSIGNMENT

6.      A substantial part of the events and omissions giving rise to the claims in this case occurred at least in the County of Marin, including but not limited to the marketing and promotion of Defendants' Ghosts of the Precursors Game, the offering for sale and/or sale of the Classic Star Control Games and the use of Stardock's STAR CONTROL Mark (as defined *infra*) and other marks that are associated with the goodwill and reputation of the Stardock Marks (as defined *infra*) and the Classic Star Control Games.  Accordingly, assignment to the San Francisco Division is proper pursuant to Civil L.R. 3-2(e).

## THE PARTIES

7.      Plaintiff Stardock Systems Inc. is a Michigan corporation with a principal place of business at 15090 Beck Road Plymouth, Michigan 48170.

8.      Defendant Paul Reiche III is an individual with, upon information and belief, a last known place of residence at 2533 Laguna Vista Drive, Novato, California 94945-1562.

9.      Defendant Robert Frederick Ford is an individual with, upon information and belief, a last known place of residence at 730 Eucalyptus Avenue, Novato, California 94947-2835.

## FACTUAL BACKGROUND

### *The Development and Ownership of the Classic Star Control Games*

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

10.     On October 7, 1988, Accolade, Inc. ("**Accolade**") and Reiche entered into a license agreement pertaining to the development and publication of computer software programs (the "**1988 Agreement**").

11.     In the 1988 Agreement, Reiche purported to grant Accolade the exclusive license "to modify, duplicate, produce, package, promote, market, display, distribute, license, and sublicense the computer software programs."   Reiche represented to Accolade that he alone, as the Developer referenced in the 1988 Agreement, was the owner of the computer software programs purported to be licensed.

12.     In 1990, under the terms of the 1988 Agreement, Accolade developed and published *Star Control*, a science fiction video game focused on space combat and featuring space ship characters, aliens and other graphics (hereinafter "**Star Control I**").   Despite Reiche's representations in the 1988 Agreement that he alone owned the copyrights purported to be licensed, upon information and belief, Reiche did not own any such copyrights.   Instead, numerous authors, other than Reiche and Ford, were involved in the development of Star Control I. Any copyrights arising from these authors' contributions belonged to and were owned by them individually.

13.     Later, in 1992, Accolade developed and published *Star Control II: The Ur-Quan Masters*, a sequel to Star Control I under the 1988 Agreement, and incorporating new characters, space ships and alien races (hereinafter "**Star Control II**").   Despite Reiche's representations in the 1988 Agreement that he alone owned the copyrights purported to be licensed, upon information and belief, Reiche did not own any such copyrights.   Instead, numerous authors, other than Reiche and Ford, were involved in the development of Star Control II.     Any

- 4 -
SECOND AMENDED COMPLAINT

4846-5823-2426.11

copyrights arising from these authors' contributions belonged to and were owned by them individually.

14.     Subsequently, in 1996, Accolade published *Star Control III*, as a sequel to Star Control II under the 1988 Agreement (hereinafter "**Star Control III**").  Upon information and belief, Reiche and Ford were offered the right of first refusal to help develop Star Control III but declined to participate and were not otherwise involved in the creation of the game.

15.     Star Control I, Star Control II, and Star Control III are collectively hereinafter referred to as the "**Classic Star Control Games**."

16.     Upon information and belief, pursuant to the 1988 Agreement, Accolade held the exclusive license to, *inter alia*, market, distribute and sell the Classic Star Control Games in exchange for the payment of certain royalties to Reiche.

17.     Separate from the license grant, as defined in the 1988 Agreement, the 1988 Agreement also provided to Accolade the sole and exclusive right to create computer software programs based on or derived from any characters, themes, settings or plot lines from the Classic Star Control Games and any translation, port or adaptation of the Classic Star Control Games in exchange for the payment of certain royalties to Reiche.

18.     Also, pursuant to the 1988 Agreement, Accolade was the owner of the title, packaging concept, and packaging design in and to the Classic Star Control Games and any and all trademarks and other intellectual property rights adopted and used by Accolade in the marketing and publishing thereof, including but not limited to product names/titles, sub-names/titles, cover art, characters (*e.g.*, aliens), alien race names, characters names, spaceship names and spaceship designs, which include but are not limited to the following marks: the STAR CONTROL Mark, THE UR-QUAN MASTERS Mark (as defined *infra*), PRECURSORS,

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

FRUNGY, SUPER MELEE, ORZ, UR-QUAN, SYREEN, SPATHI, ANDROSYNTH, CHENJESU, ILWRATH, PKUNK, ARILOU, VUX, MELNORME, YEHAT, TAALO, DYNARRI, FWIFFO, CHMMR, DRUUGE, CRIMSON CORPORATION, and any and all marks associated therewith; and all copyrights and proprietary rights in the derivative works and derivative products other than those purported to be owned by Reiche (collectively the "**Accolade Star Control IP**").

19.     Specifically, Paragraph 11.5 of the 1988 Agreement provides that "*Any trademarks adopted and used by Publisher in the marketing of the Work, Derivative Works, and Derivative Products are the sole property of Publisher... Developer understands and agrees that it may not use the trademarks of Publisher <u>in any way</u> without permission of Publisher. Developer further understands and acknowledges that Developer acquires no rights to such trademarks by Publisher's use thereof in connection with the Work or any Derivative Works or Derivative Products, and that Publisher is free to use any such trademarks in connection with another work or product <u>at any time before or after</u> the term of this Agreement.*" (emphasis added).

20.     Paragraph 11.4 of the 1988 Agreement further provides that "*Publisher shall be the owner of the copyright and all other proprietary rights in all Derivative Works by Publisher and Derivative Products, subject to Developer's copyright in the Work and all Derivative Works by Developer*" and "*Publisher shall be the owner of the title, packaging concept and packaging design for the Work and Derivative Works.*" The 1988 Agreement is clear that except for any copyrights attributable to Reiche's authorship, which, upon information and belief, are either non-existent or insubstantial, the copyrights are to be owned by Publisher.   The copyrights of

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

Publisher in the Classic Star Control Games pursuant to the 1988 Agreement are hereinafter referred to as the "**Star Control Copyrights**".

21.     Based on the language of the 1988 Agreement, as presented in Paragraphs 19 and 20 above, Accolade, for example, and without limitation, was the owner of the trademarks and copyrights used and incorporated in the Classic Star Control Games, including, without limitation, the Star Control II cover and box art, as depicted below:




22.     This is further supported by the documents recently produced by Reiche and Ford during discovery, which evidence that Reiche provided Accolade with suggestions for possible third-party artists (not including Ford) to illustrate and design the cover art for Star Control II and establishes that Reiche did not author the Star Control II cover art.  A true and correct copy of a representative sample of the documents produced by Reiche referencing the foregoing is attached hereto and incorporated herein by reference as Exhibit A.

23.     Additionally, pursuant to the provisions of Paragraph 11.4 of the 1988 Agreement, Accolade was the owner of the trademarks and copyrights used and incorporated in the user

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

manuals for the Classic Star Control Games, as the manuals were used in the advertising and marketing of the Classic Star Control Games and distributed as part of the game packaging.  True and correct copies of the manuals for the Classic Star Control Games are attached hereto and incorporated herein by reference as Exhibit B.

24.     In fact, correspondence between Reiche and Accolade during in the development and production of Star Control I in or around 1990 confirms that Accolade paid for and owned the illustrations and other artwork incorporated in the Star Control I manual.  Such correspondence also made it clear that the original author of the illustrations or artwork (which notably was not Reiche or Ford) would retain the right to use the material for self-promotion.  A true and correct copy of the relevant correspondence between Reiche and Accolade is attached hereto and incorporated herein by reference as Exhibit C.

25.     The addenda to the 1988 Agreement confirm Accolade's trademark rights in and to the Classic Star Control Games.  For example, Addendum No. 3 specifically modified the 1988 Agreement to exclude trademarks from the definition of "Reiche Intellectual Property."

26.     In or around 1999, Atari, Inc. ("**Atari**") acquired Accolade, thereby assuming all rights and obligations under the 1988 Agreement, including all rights to the Accolade Star Control IP, including but not limited to any and all trademarks and other intellectual property rights adopted and used by Accolade in the marketing and publication of the Classic Star Control Games (which includes, but is not limited to, the Stardock Marks that consist of, but are not limited to, the product names/titles, sub-names/titles, cover art, characters (*e.g*., aliens), alien race names, characters names, spaceship names and spaceship designs within the Classic Star Control Games including but not limited to, the following marks: the STAR CONTROL Mark, THE UR-QUAN MASTERS Mark, PRECURSORS, FRUNGY, SUPER MELEE, ORZ, UR-QUAN,

- 8 -

SYREEN, SPATHI, ANDROSYNTH, CHENJESU, ILWRATH, PKUNK, ARILOU, VUX, MELNORME, YEHAT, TAALO, DNYARRI, FWIFFO, CHMMR, DRUUGE, CRIMSON CORPORATION, and any and all marks associated therewith), the Star Control Copyrights, and publishing rights to the Classic Star Control Games.

27.    In 2013, the 1988 Agreement, along with certain other assets, including the Accolade Star Control IP as well as publishing rights to the Classic Star Control Games (collectively, the "**Atari Star Control Assets**") were assigned to Stardock via an asset purchase agreement and associated intellectual property assignment between Stardock and Atari dated July 18, 2013 (hereinafter "**Asset Purchase Agreement**").   A copy of the intellectual property assignment is attached hereto as Exhibit D and is incorporated herein by reference.  As a result of the Asset Purchase Agreement, Stardock assumed all rights and obligations under the 1988 Agreement.

28.    The Classic Star Control Games have become widely popular over the last couple of decades in the video game community and the Star Control brand has acquired a valuable fame, reputation and goodwill among the purchasing public as result.

### *Stardock, the STAR CONTROL Mark, the Stardock Marks and the Star Control Copyrights*

29.    Stardock is a preeminent software and video game development, distribution and publishing company founded in 1991 by Bradley Wardell and recognized for its successful computer games, including *Galactic Civilizations*, *Sins of a Solar Empire*, and *Ashes of the Singularity*, to name a few.

30.     Upon information and belief, pursuant to the Asset Purchase Agreement, Stardock owns all rights in and to the Atari Star Control Assets, which include but are not limited to the Stardock Marks and any other trademarks originally adopted and used by Accolade and

SECOND AMENDED COMPLAINT

4846-5823-2426.11

Atari in the marketing and publishing of the Classic Star Control Games (including but not limited to product names/titles, sub-names/titles, cover art, characters (*e.g.*, aliens), alien race names, characters names, spaceship names and spaceship designs), as well as the Star Control Copyrights.

31.     In particular, Stardock is the owner of U.S. Trademark Registration No. 2,046,036 for the mark STAR CONTROL in connection with *computer game software, and manuals supplied as a unit therewith* in Class 28 (the "**Star Control Trademark Registration**").  Copies of the United States Patent and Trademark Office ("**USPTO**") status report and registration certificate for the Star Control Trademark Registration are attached hereto and incorporated herein by reference as Exhibit E.

32.     The Star Control Trademark Registration is valid, subsisting, in full force and effect, and incontestable under U.S. Trademark Act Section 15 (37 U.S.C. § 1058(a)(1)) as evidenced by the Notice of Acceptance and Acknowledgment attached hereto and incorporated herein by reference as Exhibit F.

33.     Stardock is also the owner of U.S. Trademark Application Serial No. 87/807,839 for the mark STAR CONTROL in connection with *Computer games; Computer game software; Video games* in Class 9 and U.S. Trademark Application Serial No. 87/697,919 for the mark STAR CONTROL in connection with *Entertainment services, namely, providing on-line computer games; providing online information via the Internet and other computer and electronic communication networks on the subjects of computer games and computer game software* in Class 41 (collectively, the "**STAR CONTROL Trademark Applications**").

34.     Stardock's Star Control Trademark Registration, Star Control Trademark Applications and common law rights in and to the mark STAR CONTROL are collectively herein

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

referred to as the "**STAR CONTROL Mark**." The trademark registration for the STAR CONTROL Mark is in full force and effect. Stardock has continuously used the STAR CONTROL Mark in commerce in the United States since its acquisition of the Atari Star Control Assets by offering for sale and selling the Classic Star Control Games and marketing and promoting Stardock's New Star Control Game (as defined *infra*) under the STAR CONTROL Mark.

35.     The STAR CONTROL Mark has obtained valuable fame, reputation and goodwill as a result of the success of the Classic Star Control Games since their release by Accolade and continued distribution by Atari and Stardock. As the owner of the STAR CONTROL Mark, the rights inuring from the STAR CONTROL Mark's reputation and goodwill are also attributable to Stardock.

36.     Upon information and belief, Stardock is also the owner of all right, title and interest in and to the mark THE UR-QUAN MASTERS used in connection with Star Control II, originally marketed and published by Accolade, and later published by Atari and Stardock. Stardock is also the owner of U.S. Trademark Application Serial No. 87/720,654 for the mark THE UR-QUAN MASTERS for use in connection with *Computer games; Computer game programs; Video games software; Video game programs* in Class 9 and *Entertainment services, namely, providing an on-line computer game; Entertainment services, namely, providing a website for online management of personal computer game software; providing online information via the Internet and other computer and electronic communication networks on the subjects of computer games and software* in Class 41 (herein referred to as "**THE UR-QUAN MASTERS Mark**"). Screenshots and/or images showing use of THE UR-QUAN MASTERS Mark in connection with the Classic Star Control Games are attached hereto as Exhibit G.

- 11 -

SECOND AMENDED COMPLAINT

4846-5823-2426.11

37.     Further, Stardock is the owner of all right, title and interest in and to any and all other trademarks, including but not limited to the Stardock Marks which include, but are not limited to, the product names/titles, sub-names/titles, cover art, characters (*e.g.*, aliens), alien race names, characters names, spaceship names and spaceship designs, originally adopted and used by Accolade, Atari and Stardock in the marketing and publishing of the Classic Star Control Games, such as PRECURSORS, FRUNGY, SUPER MELEE, ORZ, UR-QUAN, SYREEN, SPATHI, ANDROSYNTH, CHENJESU, ILWRATH, PKUNK, ARILOU, VUX, MELNORME, YEHAT, TAALO, DYNARRI, FWIFFO, CHMMR, DRUUGE CRIMSON CORPORATION, and any and all marks associated therewith.

38.     Stardock is also the owner of trademark applications for several of the alien names/races and other terminology from the Classic Star Control Games under the following U.S. Trademark Applications: Serial No. 87/662,697 for the mark SUPER MELEE, Serial No. 87/810,480 for the mark ORZ, Serial No. 87/810, 484 for the mark UR-QUAN, Serial No. 87/810, 486 for the mark SYREEN, Serial No. 87/810,492 for the mark SPATHI, Serial No. 87/810,495 for the mark ANDROSYNTH, Serial No. 87/810,499 for the mark CHENJESU, Serial No. 87/810,502 for the mark ILWRATH, Serial No. 87/810,516 for the mark PKUNK, Serial No. 87/810,518 for the mark ARILOU, Serial No. 87/810,526 for the mark VUX, Serial No. 87/810,528 for the mark MELNORME, Serial No. 87/825,741 for the mark YEHAT, Serial No. 87/877,907 for the mark TAALO, Serial No. 87/877,969 for the mark DYNARRI, Serial No. 88/016,354 for the mark FWIFFO, Serial No. 88/033,532  for the mark CHMMR, Serial No. 88/033,544 for the mark DRUUGE, and Serial No. 88/016,293 for the mark CRIMSON CORPORATION in connection with goods and services in Class 9 and Class 41 (collectively, with the STAR CONTROL Trademark Applications, the "**Stardock TM Applications**").

4846-5823-2426.11

39.     The USPTO has examined most of the Stardock TM Applications and, of those examined thus far (*i.e.*, all but those applications for the marks FWIFFO, CHMMR, DRUUGE and CRIMSON CORPORATION) has confirmed that there are no conflicting third party prior rights noted in the examination to be cited against Stardock's federal registration of the marks.

40.     The STAR CONTROL Mark, THE UR-QUAN MASTERS Mark, the Stardock TM Applications and any other trademarks originally adopted and used by Accolade, Atari and Stardock in the marketing and publishing of the Classic Star Control Games (*e.g.*, PRECURSORS and FRUNGY) are collectively hereinafter referred to as the "**Stardock Marks**").  Stardock has used the Stardock Marks in commerce in the United States since its acquisition of the Atari Star Control Assets by offering for sale and selling the Classic Star Control Games.

41.     The Stardock Marks have obtained valuable fame, reputation and goodwill as a result of the success of the Classic Star Control Games since their release by Accolade and continued distribution by Atari and their association with the STAR CONTROL Mark.  Stardock, as the owner of such marks associated with the Classic Star Control Games, is also the owner of the rights inuring from the reputation and goodwill in the marks.

42.     Stardock is also the owner of U.S. Copyright Registration No. PA 799-000 for the work titled "Star Control 3," which covers the artwork embodied in Star Control III, namely, any and all audiovisual materials, computer programming, text, graphics in the game and accompanying materials and musical score (the "**Registered Star Control Copyrights**").  Copies of the registration certificate for the Registered Star Control Copyrights and the recordation of the assignment with the Copyright Office is attached hereto and incorporated herein by reference as Exhibit H.

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

### *The Development of Stardock's New Star Control Game*

43.     In or about 2013, shortly after its acquisition of the Atari Star Control Assets, Stardock decided to create a new game under the STAR CONTROL Mark titled *Star Control: Origins* ("**Stardock's New Star Control Game**"), as a successor to the Classic Star Control Games, and in or about July 2013, Stardock offered Reiche and Ford the right of first refusal to collaborate in the development of Stardock's New Star Control Game.

44.     On July 23, 2013, in an email to Stardock, Reiche and Ford acknowledged Stardock owns the STAR CONTROL Mark.

45.     On or about September 16, 2013, Reiche and Ford refused Stardock's offer to collaborate in the development of its new game.

46.     In response, on or about October 15, 2013, Stardock offered to transfer to Reiche and Ford Stardock's newly acquired rights to the Atari Star Control Assets and Classic Star Control Games from Atari including, among other rights, all publishing rights for the Class Star Control Games, all code and assets for Star Control III, and the rights to the STAR CONTROL Mark, for the price Stardock paid to acquire the rights, to which Reiche and Ford declined.

47.     On or about October 25, 2013, Stardock further advised Reiche and Ford that it was preparing to substantially invest in the development of Stardock's New Star Control Game, and offered Reiche and Ford another opportunity to purchase the Atari Star Control Assets.  See communications between the Parties attached hereto and incorporated herein by reference as Exhibit I.

48.     On or about October 29, 2013, Reiche and Ford, again, refused Stardock's offer to purchase the Atari Star Control Assets at the same cost Stardock paid to acquire the rights from

- 14 -

SECOND AMENDED COMPLAINT

Atari and to otherwise be involved in the development of Stardock's New Star Control Game. See Exhibit I.

49.     Throughout 2014 and the beginning of 2015, Stardock wrote to Reiche and Ford with updates on the creation of Stardock's New Star Control Game and then on or about September 24, 2015, Stardock reached back out to Reiche and Ford to provide further updates on the progress of Stardock's New Star Control Game, advising that the game was in full production.

50.     On or about October 18, 2016, Stardock publicly announced its expected release of Stardock's New Star Control Game on its website.  See a copy of Stardock's press release attached hereto and incorporated herein by reference as Exhibit J.

51.     On or about July 28, 2017, Stardock, again, contacted Reiche and Ford providing a status report on the release of Stardock's New Star Control Game, updates with respect to certain features of the game and in light of the upcoming 25th anniversary of Star Control II in November 2017, requested to interview Reiche and Ford about their involvement with Star Control II.

52.     On or about August 1, 2017, Reiche and Ford replied to Stardock's request for an interview by declining the opportunity.

53.     Throughout its communications with Reiche and Ford regarding the release of Stardock's New Star Control Game beginning in 2013, Stardock continuously made its intentions clear that it preferred to collaborate with Reiche and Ford on the project and that Stardock's New Star Control Game would be a successor to the Classic Star Control Games under the STAR CONTROL Mark.

54.     On or about November 16, 2017, Stardock released the Beta 1 version of Stardock's New Star Control Game on its website.  *See* a copy of Stardock's press release of the Beta 1 version attached hereto and incorporated herein by reference as Exhibit K.

- 15 -

***Reiche and Ford and Their Infringing Actions***

55.     Reiche and Ford are American game designers and developers who often work together to create computer programs and games.

56.     On or about October 9, 2017, *just days before* the announcement of the Beta 1 version of Stardock's New Star Control Game, Reiche and Ford publicly announced their expected release of a new game titled *Ghosts of the Precursors* (hereinafter the "**Ghosts of the Precursors Game**").

57.     Despite having acknowledged Stardock's ownership of the right, title and interest in and to the STAR CONTROL Mark, including the Star Control Trademark Registration, Reiche and Ford, without the authorization of Stardock, used the STAR CONTROL Mark and Accolade Star Control IP, including but not limited to the Star Control II cover art, in the advertising and promotion of the Ghosts of the Precursors Game and specifically, promoted the game as the "direct sequel" and "true sequel" to Star Control II.  *See* a copy of Reiche's and Ford's press release for the Ghosts of the Precursors Game attached hereto and incorporated herein by reference as Exhibit L.

58.     Also, Reiche and Ford, without the authorization of Stardock, have used images of the aliens and/or spaceships from Star Control II in the advertising and promotion of the Ghosts of the Precursors Game.  *See* advertisements for the Ghosts of the Precursors Game by Reiche and Ford showing the unauthorized use of the aliens and/or spaceships from Star Control II attached hereto and incorporated herein by reference as Exhibit M.

59.     Additionally, Reiche and Ford have used THE UR-QUAN MASTERS Mark and other Stardock Marks, including but not limited to one or more of the marks filed under the Stardock TM Applications, the mark PRECURSORS, the mark FRUNGY and/or marks

- 16 -

associated therewith, in the advertising, promotion, sale, offer to sell, marketing and/or publication of the Classic Star Control Games and in the advertising and promotion of the Ghosts of the Precursors Game without the authorization of Stardock.

60.     The announcement of the Ghosts of the Precursors Game was made despite Reiche and Ford knowing of Stardock's ownership rights to the STAR CONTROL Mark and the Stardock Marks and the valuable fame, goodwill and reputation associated with the STAR CONTROL Mark and the Stardock Marks, and in spite of Stardock's imminent plans to release Stardock's New Star Control Game.

61.     Upon information and belief, Reiche's and Ford's announcement of the expected release of the Ghosts of the Precursors Game was deliberately timed to be just prior to Stardock's release of the Beta 1 version of its New Star Control Game, notwithstanding the fact that the 25th Anniversary of Star Control II was a month later and a far more opportune time to release an alleged "sequel" of the game, and was made without any intention of beginning production or development of the Ghosts of the Precursors Game within a reasonable time thereafter.

62.     Upon information and belief, at the time of Reiche's and Ford's announcement of the Ghosts of the Precursors Game, no work whatsoever had been done on the game.  And discovery to date in this litigation confirms that negligible work has been done in developing the game despite the fact that the announcement was made more than eight months ago; Reiche and Ford have not produced any design documents, game summaries, or other documentary evidence of meaningful game development.

63.     Moreover, as recently as May 2018, Reiche and Ford have admitted that they have not even commenced production of the game.  Thus, contrary to their claim of wanting to announce the game on the 25th Anniversary of Star Control (which again would have been

- 17 -

4846-5823-2426.11

November 2017, only a month later), they chose to announce the virtually non-existent Ghosts of the Precursors Game a month earlier and five (5) days before Stardock's announcement of the release of the public Beta 1 version of Stardock's New Star Control Game, due to their familiarity with Stardock's marketing schedule for the game.

64.     Upon information and belief, by announcing the Ghosts of the Precursors Game just prior to the release of the Beta 1 version of Stardock's New Star Control Game, Reiche and Ford intended to diminish the promotion and consumer excitement for Stardock's New Star Control Game and cause confusion among the general public as to the origin of the games, or as to whether Reiche and Ford are sponsored by, affiliated with, or otherwise connected with Stardock.  In essence, knowing that Stardock had been developing Stardock's New Star Control Game, Reiche and Ford sought to preempt the benefits of Stardock being the first to announce the release of Stardock's New Star Control Game.

65.     Upon information and belief, Reiche and Ford, recognizing the valuable fame, reputation and goodwill associated with the STAR CONTROL Mark and the Stardock Marks, desired to associate their new Ghosts of the Precursors Game with such valuable fame, reputation and goodwill associated with such marks.  Since their announcement, Reiche and Ford have, without the authorization of Stardock, used the STAR CONTROL Mark and/or the Stardock Marks to market, advertise and promote the Ghosts of the Precursors Game as the "direct sequel" or "true sequel" to Star Control II, thereby using Stardock's STAR CONTROL Mark and the Stardock Marks in the advertising and promotion of the Ghosts of the Precursors Game.  A small sample of such false marketing claims by Reiche and Ford are attached hereto and incorporated herein by reference as Exhibit N.

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

66.     Reiche and Ford have, without the authorization of Stardock, also used the STAR CONTROL Mark within the hashtag "#starcontrol" in connection with their marketing, advertising and promotion of the Ghosts of the Precursors Game.  An example of Reiche and Ford using the #starcontrol hashtag is attached hereto and incorporated by reference as Exhibit O and depicted below.



67.     Reiche and Ford, without the permission of Stardock, have advertised and promoted the Ghosts of the Precursors Game as "Star Control: Ghosts of the Precursors" through their official social media account.  An example of Reiche and Ford using Star Control: Ghosts of the Precursors" through their official social media account is attached hereto and incorporated by reference as Exhibit P and depicted below.

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

1



68.     Reiche and Ford, without the authorization of Stardock, have further used the #urquanmasters hashtag in connection with its marketing, advertising and promotion of the Ghosts of the Precursors Game, as shown in the image in Paragraph 72.

69.     Reiche and Ford have, without the authorization of Stardock, also used cover art from the Classic Star Control Games, which is owned by Stardock pursuant to the Asset Purchase Agreement, that prominently displays the STAR CONTROL Mark, in the advertising and promotion of the Ghosts of the Precursors Game.   An example of Reiche and Ford using the cover art is attached hereto and incorporated by reference as Exhibit Q and depicted below within which Stardock owns copyrights and trademark rights.

4846-5823-2426.11

1
2
3
4
5
6
7
8




9      70.     In fact, Reiche and Ford, from the start, have held out to the public that the

10   goodwill and reputation associated with the STAR CONTROL Mark and Star Control brand,

11   contrary to the well-established principles of U.S. trademark law, is attributed to them personally.

12   For this reason, and despite Stardock's many attempts to cooperate with Reiche and Ford to avoid

13   a dispute, Stardock, having not received Reiche's and Ford's cooperation, has been left with no

14   choice but to protect its intellectual property and enforce its rights against Reiche and Ford.

15
16     71.     Reiche and Ford have made it clear from the outset that they had no intention of

17   ceasing their use of the STAR CONTROL Mark in connection with the marketing and promotion

18   of the Ghosts of the Precursors Game, which has forced Stardock to file this action to prevent

19   them from doing the same.

20     72.     Also, Reiche and Ford have over the course of time and up to now repeatedly held

21   themselves out as the "creators" of Star Control I and Star Control II and Star Control in general,

22   especially in their marketing, advertising and promotion of the Ghosts of the Precursors Game.

23
24   Examples of Reiche and Ford referring to themselves as the "creators of Star Control" are

25   attached hereto and incorporated herein by reference as Exhibit R and depicted below.

26
27                                          - 21 -
28   ────────────────────────────────────────────
                              SECOND AMENDED COMPLAINT
                                                    Case No. 17-cv-07025-SBA

4846-5823-2426.11



**Fred and Paul**
@Dogar_And_Kazon

Creators of Star Control® II - The Ur-Quan Masters. Founders of Toys For Bob. #urquanmasters #ghostsoftheprecursors

⌖ Novato, CA

🔗 dogarandkazon.squarespace.com

▦ Joined October 2017

CREATORS OF STAR CONTROL® II

UPDATES FROM FRED FORD AND PAUL REICHE III

73.     Upon information and belief, and contrary to the common public understanding, Reiche and Ford do not own the copyrights in and to Star Control I or Star Control II, as alleged in this litigation and as they represented and warranted in the 1988 Agreement, beyond perhaps Ford's alleged authorship of the computer program code for Star Control II.

74.     Upon information and belief, Reiche engaged a number of individual authors or artists, allegedly including Ford, to contribute to the creation of Star Control I and Star Control II without a contract or proper assignment of rights and thus, the ownership in and to such contributions remained with the individual authors or artists.

75.     Discovery in this case has revealed that many other individuals, other than Reiche and Ford, own most of, if not all, of the copyrights within Star Control I or Star Control II (except perhaps for Ford's alleged authorship of the computer program code), but nevertheless filed, and have been actively prosecuting, a counterclaim for copyright infringement despite their lack of ownership and knowing full well that they did not have any such rights.

76.     For example, Reiche and Ford have produced communications between Reiche and Accolade evidencing that Reiche sought Accolade's assistance in obtaining artwork from third-party artists to complete Star Control II.  Noteworthy is the fact that such communications, as well as invoices produced by Reiche and Ford, clearly show that Accolade paid for such

4846-5823-2426.11

artwork to be created by third-party artists.  True and correct copies of communications between Reiche Accolade regarding obtaining third-party artwork and invoices for the artwork are attached hereto and incorporated by reference as Exhibit S.

77.     Upon information and belief, Reiche and Ford have made, and are making, belated efforts to obtain the copyrights in and to Star Control I and Star Control II from the third-party artists and contributors.

78.     Also, Reiche's and Ford's lack of rights, again which they were aware of when their counterclaim was filed, is further supported by their December 2017-January 2018 communications with the U.S. Copyright Office during the examination of their registration for Star Control II (U.S. Copyright Reg. No. PA 2-071-496), which show that Reiche and Ford were unable to establish authorship or ownership of audio, visual and text aspects of Star Control II and thus were required to amend the application to remove Reiche as an author and limit the claim to Ford's alleged contributions to the work, which are comprised only of computer program code.  A true and correct copy of the communications with the Copyright Office is attached hereto as Exhibit T.

79.     That Ford is set forth as the sole author within U.S. Copyright Reg. No. PA 2-071-496 further supports Stardock's contentions herein that Reiche falsely represented to Accolade that he alone owned the copyrights purported to be licensed pursuant to the 1988 Agreement, and that he was therefore able to enter into the 1988 Agreement on that basis.

80.     Further, the communications with the U.S. Copyright Office reveal that Reiche and Ford did not submit the original source code for Star Control II with the application for registration and, instead submitted an open-source derivative of the 3DO version of the code for

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

the game, which is not the same as the original code, but nonetheless, claim ownership over the original source code for Star Control II rendering the registration seriously flawed, if not invalid.

81.     Reiche's and Ford's ongoing representations that they are the "creators" of the Classic Star Control Games in connection with the promotion of a new game that they are calling the "direct sequel" and "true sequel" to Star Control II is false and misleading, and has been made in a willful attempt to deceive consumers into believing that their game has the legitimate association to Star Control over Stardock's New Star Control Game as well as an effort to dishonestly benefit from the goodwill and reputation associated with the STAR CONTROL Mark and the Stardock Marks to which they have never had rights.

82.     This at least 30-year long misrepresentation and false narrative that Reiche and Ford peddled to Accolade, Atari and to fans of the Classic Star Control Games, has resulted in Reiche (who contracted with Accolade and was paid to develop the game despite never having rights to what he purported to license to Accolade) effectively holding hostage whatever copyrighted material that exists in Star Control II and preventing others (including the true authors) from benefiting from it.

83.     In short, and by way of this fraud, Reiche and Ford have created a blatantly false narrative that they "owned" the Star Control copyrights when in fact they did not and do not.

84.     As a point of fact, discovery has revealed that Reiche at least may not have ever owned any copyrights, common law or otherwise, in any of the Classic Star Control Games.

85.     In addition, Stardock is informed and believes that Reiche and Ford used this false narrative to enrich themselves when they purported to license their alleged copyrights to Accolade for the development of Star Control III.

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

86.     Additionally, on or about October 22, 2017, Stardock became aware that Reiche and Ford were, without Stardock's permission, marketing, advertising, promoting, selling, offering for sale, distributing, supplying and/or causing or contributing to the sale and/or distribution of the Classic Star Control Games on GOG, pursuant to an agreement with GOG, in connection with the STAR CONTROL Mark and the Stardock Marks and in violation of the Star Control Copyrights.  *See* a recent posting on Reiche's and Ford's website attached hereto and incorporated herein by reference as Exhibit U.

87.     Accordingly, on or about November 9, 2017, Stardock requested that Reiche and Ford immediately cease all sales of the Classic Star Control Games on GOG, thereby putting Reiche and Ford on notice of their infringement of the STAR CONTROL Mark and the Star Control Copyrights.

88.     Even as recently as December 4, 2017, after being put on notice of their infringement of the Star Control Mark through the unauthorized sale of the Classic Star Control Games on GOG, and in further blatant disregard of Stardock's registered rights in the STAR CONTROL Mark, Reiche and Ford indicated to the public that they intend to continue to violate Stardock's rights in and to the STAR CONTROL Mark by offering one or more of the Classic Star Control Games for free in the near future.  See Exhibit U.

89.     As the latest aspect of their carefully orchestrated plan and scheme to deceive and mislead the public by misrepresenting their alleged rights in the Classic Star Control Games and promote the Ghosts of the Precursors Game, Reiche and Ford recently commenced a "GoFundMe" campaign, the so-called "Frungy Defense Fund" ("Reiche's and Ford's Campaign").                    *See* https://www.gofundme.com/help-fred-amp-paul-save-the-universe?member=333940, pages from which are attached hereto as Exhibit V.

4846-5823-2426.11

90.     Indeed, Reiche and Ford, both of whom are believed to be multi-millionaires and top executives of Toys for Bob, a major studio owned by Activision, are shamelessly asking the public to fund their defense of this action and underwrite the resolution of a problem that they themselves created.

91.     Given the fact that Reiche and Ford do not need any funding to support the litigation, including the prosecution of their ill-founded Counterclaim against Stardock, the primary purpose of Reiche's and Ford's Campaign is to promote the previously-discussed game, which Reiche and Ford have again tentatively titled "Ghosts of the Precursors."

92.     Upon information and belief, Reiche and Ford are now exploiting and taking advantage of the Star Control fans and community to fund a deceptive campaign to cancel Stardock's rightfully owned trademarks and other intellectual property rights and interfere and disrupt the potential success of Stardock's New Star Control Game, a game that Stardock has spent four years and over $10 million developing.

93.     Despite having made no discernible progress on a game Defendants first "announced" nine months ago, and that was expressly timed, with ill- and bad-faith intent, to coincide and interfere with Stardock's announcement of its New Star Control Game, in connection with their fundraising effort Defendants have asserted and advanced numerous falsehoods intended to market and promote the Ghosts of the Precursors Game and denigrate Stardock's New Star Control Game.

94.     These falsehoods include, but are not limited to, the following:

a.   Reiche's and Ford's misrepresentations and/or suggestions that they were and are the *sole* creators of Star Control II and therefore own all protectable and creative rights in Star Control II;

- 26 -

SECOND AMENDED COMPLAINT

4846-5823-2426.11

b.  After more than a quarter-century of falsely claiming to "own" the Star Control IP while simultaneously diminishing the contributions of the actual copyright holders with dismissive descriptions such as "others helped in 'various ways'", Reiche and Ford are now using their Campaign to further perpetuate the falsehoods and in the process shamelessly con their misled and misinformed fan base out of money that Reiche and Ford do not need; and

c.  The false claim that Stardock is seeking to prevent Reiche and Ford from developing the Ghosts of the Precursors Game, which again is little more than vapor ware, and "take" whatever rights, if any, Reiche and Ford truly own in Star Control II (or any of the Classic Star Control Games); again, the latter representation is belied by the fact that Reiche and Ford have for years perpetrated a myth on the public, and in particular the gaming world, with respect to their legal rights to Star Control II and the other Classic Star Control Games.  As set forth in this Complaint, Stardock has requested only that Reiche and Ford stop promoting their game as the sequel to Star Control.

95.  Reiche and Ford have promoted and continue to promote the Campaign on their website, https://www.dogarandkazon.com/, linking to a webpage for Toys for Bob, http://www.mobygames.com/company/toys-for-bob-inc, that denotes Reiche's and Ford's alleged "games" to include "Star Control: The Ur-Quan Masters" and advertises the game using both the STAR CONTROL Mark and cover art from Star Control II despite being aware that Toys for Bob was not involved in Star Control and that it was only Reiche who contracted as an individual with Accolade to deliver the game that Accolade branded as Star Control.  Copies of the referenced webpages are attached hereto and incorporated by reference as Exhibit W.

SECOND AMENDED COMPLAINT

4846-5823-2426.11

96.     Upon information and belief, Reiche and Ford's actions in these and other respects have created actual and substantial confusion, mistake and/or deception among consumers in the marketplace with respect to the source or origin of the Ghosts of the Precursors Game and Stardock's New Star Control Game and have caused consumers, and will continue to cause consumers, to erroneously believe that the Ghosts of the Precursors Game is associated with the goodwill and reputation of the Classic Star Control Games and the STAR CONTROL Mark and brand, and the Stardock Marks, as exemplified by the consumer post within Exhibit X hereto and incorporated herein by reference.

97.     Upon information and belief, Reiche and Ford have intentionally and deliberately tried to delegitimize Stardock's New Star Control Game by using, at the very least, Stardock's STAR CONTROL Mark and the Stardock Marks without Stardock's permission, and have diminished the success of Stardock's New Star Control Game, thereby creating substantial and irreparable harm to Stardock given the significant financial resources that Stardock has invested in Stardock's New Star Control Game.

98.     Reiche and Ford's actions as well as their false and misleading misrepresentations to consumers and the media have generated negative press and negative consumer reaction that has caused, and is continuing to cause, substantial and irreparable harm to Stardock, its reputation, and the financial success of its Stardock's New Star Control Game.

99.     By the same means, Reiche and Ford have also created conditions in the marketplace by which Reiche and Ford have profited, and stand to further profit, from free-riding on the goodwill and reputation associated with the STAR CONTROL Mark, the Stardock Marks and the Classic Star Control Games, from passing off the Classic Star Control Games as solely their own creation, and from having made publicly false and misleading statements to this effect.

4846-5823-2426.11

100.   Reiche and Ford have long been aware of Stardock and its ownership in and to the STAR CONTROL Mark and the Stardock Marks as evidenced by the years of communications between the Parties leading up to the release of both games.

101.   Upon information and belief, other than perhaps via the 1988 Agreement (which Reiche and Ford contend has been terminated), Reiche and Ford do not have any relationship, affiliation and/or connection with Stardock, nor have they received Stardock's permission to use the STAR CONTROL Mark, the Stardock Marks, or any other marks or source identifying indicia relating to the Classic Star Control Games owned by Stardock, in connection with any game or program whatsoever.

102.   Upon information and belief, Reiche and Ford have taken the aforesaid actions with the intent to trade on, and associate themselves with, the goodwill and reputation that is associated with Stardock's STAR CONTROL Mark, as well as the Stardock Marks, and to confuse actual and potential customers into believing that Reiche and Ford and the Ghosts of the Precursors Game is affiliated with, endorsed by, or is otherwise associated with Stardock, the Classic Star Control Games, the STAR CONTROL Mark and/or the Stardock Marks.   See examples of consumer confusion attached hereto and incorporated by reference as Exhibit Y.

103.   Upon information and belief, Reiche and Ford are knowingly, intentionally, and willfully infringing upon the STAR CONTROL Mark and the Stardock Marks.

104.   Upon information and belief, Reiche and Ford have acted and continue to act with full knowledge of Stardock's prior rights in and to the STAR CONTROL Mark and the Stardock Marks.

SECOND AMENDED COMPLAINT

4846-5823-2426.11

1

2

<b><u>COUNT I</u></b><br>
<b>Trademark Infringement</b><br>
<b>(15 U.S.C. § 1114(1))</b>

3

4

105.    Stardock specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

5

6

7

8

9

10

106.    Stardock is the owner of the STAR CONTROL Mark and the Star Control Trademark Registration pursuant to the Asset Purchase Agreement and has continuously used the STAR CONTROL Mark as a source identifier in connection with its products and services, particularly in connection with the Classic Star Control Games and Stardock's New Star Control Game, in interstate commerce within the United States and around the world.

11

12

13

14

15

16

17

107.    Without authorization or consent of Stardock, Reiche and Ford were, or are still currently, marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying goods and/or services, such as, the Ghosts of the Precursors Game and/or the Classic Star Control Games, to the general public and/or to retailers or resellers in the United States using the STAR CONTROL Mark and/or trademarks and designations that are confusingly similar to the STAR CONTROL Mark.

18

19

20

21

22

23

24

25

108.    Reiche's and Ford's use of the STAR CONTROL Mark and/or similar designations thereto in connection with the marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying goods and/or services, such as, the Ghosts of the Precursors Game and/or the Classic Star Control Games, is likely to cause and has actually caused confusion, mistake, and deception among the general public as to the origin of such goods and/or services, or as to whether Reiche and Ford is sponsored by/affiliated with, or otherwise connected to Stardock in violation of 15 U.S.C. § 1114(1).

26

27

28

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

109.   By using the STAR CONTROL Mark and/or confusingly similar marks or designations to the STAR CONTROL Mark and by marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying goods and/or services, such as, the Ghosts of the Precursors Game and/or the Classic Star Control Games, in connection with such marks, for profit and without Stardock's authorization, Reiche and Ford are depriving Stardock of its exclusive right to control, and benefit from, the STAR CONTROL Mark.   If permitted to continue, Reiche's and Ford's actions will nullify Stardock's right to exclusive use of its the STAR CONTROL Mark, free from infringement, and will have a substantial and adverse effect on Stardock's existing and projected future interstate business of marketing products and services identified by the STAR CONTROL Mark.

110.   Stardock has been damaged by Reiche's and Ford's activities and conduct and, unless their conduct is enjoined, Stardock's goodwill and reputation will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

111.   By using the STAR CONTROL Mark and/or confusingly similar designations, and marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying goods and/or services, such as, the Ghosts of the Precursors Game and/or the Classic Star Control Games, in connection with such marks, Reiche and Ford have intentionally and knowingly infringed Stardock's rights.

112.   Reiche's and Ford's trademark infringement actions entitle Stardock to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

SECOND AMENDED COMPLAINT

4846-5823-2426.11

1

2

**COUNT II**
**Counterfeiting**
**(15 U.S.C. § 1116(d))**

3

4

113.    Stardock specifically incorporates and references the allegations asserted in each

of the preceding paragraphs, as if fully set forth herein.

5

6

7

8

9

10

114.    As set forth herein, Reiche and Ford were, or are still currently, using marks that

are substantially indistinguishable from the STAR CONTROL Mark, which is set forth in the Star

Control Trademark Registration, in connection with the marketing, advertising, promoting,

selling, offering for sale, distributing and/or supplying goods and/or services, such as, the Ghosts

of the Precursors Game and/or the Classic Star Control Games.

11

12

13

14

15

16

115.    Specifically, Reiche and Ford were, or are still currently, using counterfeit

reproductions of the registered STAR CONTROL Mark directly on or in connection with the

Ghosts of the Precursors Game and/or the Classic Star Control Games, including but without

limitation, in connection with the sale of the Classic Star Control Games by Reiche and Ford on

GOG.

17

18

19

20

21

22

23

116.    Reiche and Ford were, or are still currently, using the registered STAR

CONTROL Mark, without authorization, in connection with the Ghosts of the Precursors Game

and/or the Classic Star Control Games, which are the same or substantially the same goods and/or

services to which the Star Control Trademark Registration is directed, in order to cause the

ordinary consumer to be unable to distinguish between the registered STAR CONTROL Mark

and Reiche and Ford's counterfeit reproductions of the same.

24

25

117.    Reiche's and Ford's use of the registered STAR CONTROL Mark without

authorization and in connection with the advertising, offering for sale and/or sale of the Ghosts of

26

27

28

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

the Precursors Game and/or the Classic Star Control Games is damaging the reputation and good will associated with Stardock and the STAR CONTROL Mark.

118.   Unless Reiche's and Ford's conduct is enjoined from its use of the registered STAR CONTROL Mark, Stardock will continue to suffer irreparable injury that cannot be adequately calculated or compensated by money damages.

119.   Reiche's and Ford's counterfeiting actions entitle Stardock to equitable remedies and damages pursuant to 15 U.S.C. §§ 1116 and 1117, including but not limited to statutory damages pursuant to 15 U.S.C. § 1117(c) and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT III**
**Unfair Competition and False Designation of Origin**
**(15 U.S.C. § 1125(a)(1)(A))**

120.   Stardock specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

121.   Reiche and Ford have used and/or continue to use marks, designations and images that are likely to cause confusion, mistake, and deception among the general public as to the origin of the goods and services, or as to whether Reiche and Ford are sponsored by, affiliated with, or otherwise connected with Stardock in violation of 15 U.S.C. § 1125(a).

122.   Stardock has been damaged by Reiche's and Ford's activities and conduct and, unless its conduct is enjoined, Stardock's reputation and goodwill will continue to suffer irreparable injury that cannot be adequately calculated or compensated by money damages.

123.   By using the STAR CONTROL Mark and/or confusingly similar marks or designations to the STAR CONTROL Mark, as well as one or more of the Stardock Marks (including but not limited to product names/titles, sub-names/titles, cover art, characters (e.g.,

- 33 -

4846-5823-2426.11

aliens), alien race names, characters names, spaceship names and spaceship designs, which include but are not limited to the following marks: THE UR-QUAN MASTERS Mark, PRECURSORS, FRUNGY, SUPER MELEE, ORZ, UR-QUAN, SYREEN, SPATHI, ANDROSYNTH, CHENJESU, ILWRATH, PKUNK, ARILOU, VUX, MELNORME, YEHAT, TAALO, DYNARRI, FWIFFO, CHMMR, DRUUGE CRIMSON CORPORATION, and any and all marks associated therewith) and/or confusingly similar marks or designations to one or more of the Stardock Marks, and by marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying goods and/or services, such as, the Ghosts of the Precursors Game and/or the Classic Star Control Games in connection with such marks, Reiche and Ford have intentionally and knowingly infringed Stardock's rights.

124.    Reiche's and Ford's unlawful actions entitle Stardock to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

**COUNT IV**
**False Advertising**
**(15 U.S.C. § 1125(a)(1)(B))**

125.    Stardock specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

126.    Reiche and Ford have made false and misleading statements of fact with respect to their authorship, creation and/or ownership of certain copyrightable works within one or more of the Classic Star Control Games in connection with their marketing, advertising and/or promotion of the Ghosts of the Precursors Game.

- 34 -
SECOND AMENDED COMPLAINT

4846-5823-2426.11

127.    Such false and misleading statements have actually deceived and/or have a tendency to deceive a substantial number of consumers and fans of the Classic Star Control Games.

128.    Reiche's and Ford's false and misleading statements are material.

129.    Reiche and Ford have made such false and misleading statements with respect to their authorship, creation and/or ownership of certain copyrightable works within one or more of the Classic Star Control Games in interstate commerce in connection with their marketing, advertising and/or promotion of the Ghosts of the Precursors Game.

130.    Stardock has been damaged by Reiche's and Ford's false and misleading statements and, unless their conduct is enjoined, Stardock's goodwill and reputation will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

131.    Reiche's and Ford's unlawful actions constitute false advertisements, which entitles Stardock to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

**COUNT V**
**Trademark Dilution**
**(15 U.S.C. § 1125(c))**

132.    Stardock specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

133.    As stated herein, the STAR CONTROL Mark is distinctive, within the meaning of 15 U.S.C. § 1125(c)(1).

134.    Through extensive use, sales, advertising, promotion, and continuity, the STAR CONTROL Mark has become famous within the meaning of 15 U.S.C. § 1125(c)(1-2).

SECOND AMENDED COMPLAINT
Case No. 17-cv-07025-SBA

4846-5823-2426.11

135.     Reiche's and Ford's use of the STAR CONTROL Mark and/or confusingly similar marks or designations to the STAR CONTROL Mark is impairing the distinctive nature of the STAR CONTROL Mark and is thereby causing dilution by blurring within the meaning of 15 U.S.C. § 1125(c)(1).

136.     Reiche's and Ford's willful and intentional actions entitle Stardock to an injunction pursuant to 15 U.S.C. § 1125(c)(1) and damages in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

**COUNT VI**
**Copyright Infringement**
**(17 U.S.C. § 501(a))**

137.     Stardock specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

138.     Stardock is the owner of the Registered Star Control Copyrights, which is protected under U.S. Copyright Registration No. PA 799-000.

139.     Reiche and Ford have actual notice of Stardock's rights in and to the Registered Star Control Copyrights.

140.     Reiche and Ford did not attempt to obtain, and failed to obtain, Stardock's consent or authorization to use, reproduce, copy, display, distribute, sell, perform and/or market Registered Stardock's Star Control Copyrights embodied in the Star Control III game.

141.     Reiche and Ford, without permission, knowingly and intentionally reproduced, copied, displayed, distributed, sold, performed and/or marketed Stardock's Registered Star Control Copyrights, and/or at a minimum, substantially similar works to the Registered Star Control Copyrights, by, at a minimum, marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying the Star Control III game on GOG.

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

142.    Reiche's and Ford's unlawful and willful actions constitute infringement of Stardock's Registered Star Control Copyrights, including Stardock's rights, at the very least, to reproduce, distribute and sell the Registered Star Control Copyrights in violation of 17 U.S.C. § 501(a).

143.    Reiche's and Ford's knowing and intentional copyright infringement of the Registered Star Control Copyrights has caused substantial and irreparable harm to Stardock and unless enjoined, Reiche and Ford will continue to cause, substantial and irreparable harm to Stardock for which they have no adequate remedy at law.

144.    Stardock is therefore entitled to injunctive relief under 17 U.S.C. § 502, Stardock's actual damages and Reiche's and Ford's profits in an amount to be proven at trial and enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement under 17 U.S.C. § 504, and reasonable attorney's fees and costs.

## COUNT VII
### California Common Law Trademark Infringement and Unfair Competition

145.    Stardock specifically hereby incorporates by reference the allegations asserted in the preceding paragraphs as if fully set forth herein.

146.    Reiche's and Ford's use of the STAR CONTROL Mark, one or more of the Stardock Marks and/or other similar designations to the STAR CONTROL Mark and/or the Stardock Marks in connection with their goods and services, including but not limited to in connection with the Ghosts of the Precursors Game and/or the Classis Star Control Games, without Stardock's permission constitutes common law trademark infringement and unfair competition.

SECOND AMENDED COMPLAINT

4846-5823-2426.11

147.    Reiche's and Ford's continued use of the STAR CONTROL Mark and/or one or more of the Stardock Marks, as alleged herein, is likely to cause confusion, mistake, and deception among the general public as to the origin of the goods and services, or as to whether Reiche and Ford are sponsored by, affiliated with, or otherwise connected with Stardock.

148.    Stardock has been seriously and irreparably damaged by Reiche's and Ford's continued use of the STAR CONTROL Mark, one or more of the Stardock Marks and/or other similar designations to the STAR CONTROL Mark and/or Stardock Marks.

149.    Stardock possesses no adequate remedy at law to address the damage caused by Reiche's and Ford's continued use of one or more of the STAR CONTROL Mark, the Stardock Marks or other similar designations to the STAR CONTROL Mark and/or the Stardock Marks.

150.    Reiche's and Ford's unlawful actions entitle Stardock to compensatory and other applicable damages in an amount to be proven at trial.

### COUNT VIII
### False Advertising in Violation of
### Business and Professions Code Sections 17500 *et seq.*

151.    Stardock specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

152.    Reiche and Ford violated California Business and Professions Code Section 17500 by making or disseminating or causing to be made or disseminated, before the public in this State untrue or misleading statements in connection with the sale or goods or services that Reiche and Ford knew or should have known were false and/or misleading, including but not limited to statements concerning their authorship, creation and/or ownership of certain copyrightable works within one or more of the Classic Star Control Games in connection with their marketing, advertising and/or promotion of the Ghosts of the Precursors Game.

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

153.   Such false and/or misleading statements have actually deceived and/or have a tendency to deceive a substantial number of consumers and fans of the Classic Star Control Games.

154.   Stardock seeks an order requiring Reiche and Ford to make full corrective disclosures to correct their prior misrepresentations, omissions, failures to disclose and partial disclosures.

155.   Unless Reiche's and Ford's conduct is enjoined, Stardock's goodwill and reputation will continue to suffer irreparable injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Stardock respectfully requests that this Court:

i.   Preliminarily and permanently enjoin Reiche and Ford, and all persons acting in concert with them, or purporting to act on their behalf or in active concert or in participation with them, from using Stardock's trademarks, including but not limited to the Stardock Marks, the STAR CONTROL Mark, the UR-QUAN MASTERS Mark, and all of the marks set forth within the Stardock TM Applications, as well as any confusingly similar designations or any other terms of marks, including but not limited to GHOSTS OF THE PRECURSORS, PRECURSORS, THE UR-QUAN MASTERS, and FRUNGY, that will violate or infringe Stardock's rights, and require Reiche and Ford and the participating persons to discontinue their current infringing practices.

ii.   Enter judgment in favor of Stardock on the counts asserted herein and award Stardock all monetary damages caused by the acts forming the basis of this

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

Complaint, including, without limitation, Reiche's and Fords' profits and Stardock's actual and other damages as alleged above.

iii.   Award of treble damages to Stardock pursuant to 15 U.S.C. § 1117(b) due to Reiche's and Fords' willful, knowing, and intentional infringement of the Stardock Marks.

iv.   Award of statutory damages to Stardock pursuant to 15 U.S.C. § 1117(c) due to Reiche's and Fords' counterfeiting of the STAR CONTROL Mark.

v.   Award of statutory damages to Stardock pursuant to 17 U.S.C. § 504(c) due to Reiche's and Ford's willful, knowing, and intentional infringement of Stardock's registered copyright.

vi.   Award all damages suffered by Stardock pursuant to California common law.

vii.   Award Stardock all relief it is entitled to under the 1988 Agreement (including all addenda thereto), including but not limited to, Section 9 of that agreement.

viii.   Order Reiche and Ford to pay Stardock the cost of this action and Stardock's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and any other applicable statutes.

ix.   Order Reiche and Ford to immediately cease the false, misleading and deceptive advertising described herein, enjoining them from continuing to engage in deceptive false, misleading and deceptive advertising, and requiring them to engage in a corrective notice campaign.

x.   Invalidate Reiche's and Ford's alleged copyrights, including any registrations they have obtained in connection therewith, and prohibit them from continuing to make misrepresentations based on those alleged copyrights;

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11

xi.    Invalidate Reiche's and Ford's alleged trademarks, including any applications and/or registrations they have obtained in connection therewith, and prohibit them from continuing to make misrepresentations based on those alleged trademarks;

xii.    Award Stardock such further relief as the Court deems just, proper and equitable.

## JURY DEMAND

Stardock hereby demands a trial by jury on all issues so triable, pursuant to Federal Rules of Civil Procedure 38.

Dated:  July 16, 2018                              Respectfully submitted,


                                                   **NIXON PEABODY LLP**


                                                   By:   */s/ Robert A. Weikert*

                                                   Robert A. Weikert (Bar No. 121146)
                                                   rweikert@nixonpeabody.com
                                                   Dawn N. Valentine (Bar No. 206486)
                                                   dvalentine@nixonpeabody.com
                                                   NIXON PEABODY LLP
                                                   One Embarcadero Center
                                                   San Francisco, California 94111-3600
                                                   Tel: (415) 984-8200
                                                   Fax: (415) 984-8300

                                                   David L. May (appearance *pro hac vice*)
                                                   dmay@nixonpeabody.com
                                                   Jennette E. Wiser (appearance *pro hac vice*)
                                                   jwiser@nixonpeabody.com
                                                   NIXON PEABODY LLP
                                                   799 9th Street NW
                                                   Washington, DC 20001-4501
                                                   Tel: (202) 585-8000
                                                   Fax: (202) 585-8080

                                                   *Attorneys for Stardock Systems, Inc.*

- 41 -

SECOND AMENDED COMPLAINT

Case No. 17-cv-07025-SBA

4846-5823-2426.11