UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>   v.<br><br>PAUL REICHE III, et al.,<br><br>    Defendants. | Case No. 4:17-cv-07025-SBA  (KAW)<br><br>**ORDER TERMINATING 6/28/18 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 48 |

On June 28, 2018, the parties filed a joint discovery letter pertaining to Defendants Paul Reiche III and Frederick Ford's request to quash a subpoena issued to third-party public relations firm Singer Associates, Inc. on the grounds that the documents sought are covered by the attorney-client and/or work product privileges. (Joint Letter, Dkt. No. 48 at 1-2.)

Upon review of the joint letter, the Court is unable to resolve the issue of whether Defendants' communications with Singer are privileged, because the joint letter is not in the format required by the undersigned's standing order. (*See* Judge Westmore's General Standing Order ¶ 13.) As a result, the Court is unable to ascertain which requests for production are at issue, particularly given that some documents have been produced. (*See* Joint Letter at 1, Ex. A at 7-8.) Accordingly, the joint letter is TERMINATED, and the parties are ordered to further meet and confer in an attempt to resolve the dispute without further court intervention.

To aid the parties in their meet and confer efforts, the parties are advised that the undersigned is inclined to narrowly construe the attorney-client and work product privileges, such that "[p]rivilege will only attach in the very limited circumstance where disclosure to [Singer] was necessary for [Defendants'] attorney to render sound legal advice." *Lights Out Holdings, LLC v. Nike, Inc.*, 2015 WL 11254687, at *4 (S.D. Cal. May 28, 2015); *see also In re Grand Jury*

1   *Subpoena (Torf),* 357 F.3d 900, 908, 910 (9th Cir. 2004).

2   Should the meet and confer efforts be unsuccessful in resolving all remaining disputes, the parties are ordered to file another joint letter that complies with the undersigned's standing order, which will facilitate the Court's resolution of the issues. The letter should be organized by request number, should address which type of privilege—attorney-client, work product or both—is being asserted and why it does or does not apply, and refer to the document numbers in the attached privilege log.  Additionally, in light of the recently-filed second amended complaint, the parties should also address Rule 26 relevancy and proportionality as to each document request.

IT IS SO ORDERED.

Dated: July 19, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge