1  STEPHEN C. STEINBERG (SBN 230656)
     *ssteinberg@bzbm.com*
2  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
3  One Embarcadero Center, Suite 800
   San Francisco, California 94111
4  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
5
   MARK S. PALMER (SBN 203256)
6    *mark@palmerlex.com*
   4 Meadow Drive
7  Mill Valley, CA 94941
   Telephone: (415) 336.7002
8  Facsimile:  (415) 634-1671
9  Attorneys for Defendants and Counter-Claimants
   PAUL REICHE III and ROBERT FREDERICK FORD
10

11              UNITED STATES DISTRICT COURT

12      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

13

14  STARDOCK SYSTEMS, INC.,                   Case No. 4:17-CV-07025-SBA

15              Plaintiff,
                                              **DEFENDANTS AND COUNTER-**
16        v.                                  **CLAIMANTS PAUL REICHE III AND**
                                              **ROBERT FREDERICK FORD'S**
17  PAUL REICHE III and ROBERT                **ANSWER AND AFFIRMATIVE**
    FREDERICK FORD,                           **DEFENSES TO PLAINTIFF STARDOCK**
18                                            **SYSTEMS, INC,'S SECOND AMENDED**
                Defendants.                   **COMPLAINT**
19

20  _____          **DEMAND FOR JURY TRIAL**

21  PAUL REICHE III and ROBERT
    FREDERICK FORD,
22
                Counter-Claimants,
23
          v.
24
    STARDOCK SYSTEMS, INC.,
25
                Counter-Defendant.
26

27

28

1       Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford

2 ("Ford") (collectively, "Defendants") hereby file the following Answer and Affirmative Defenses

3 to Plaintiff and Counter-Defendant Stardock Systems, Inc.'s ("Plaintiff") Second Amended

4 Complaint ("SAC") as required by Federal Rule of Civil Procedure 8.

5 **ANSWER**

6       1.     Defendants admit that Plaintiff, by its counsel, brought the SAC against Defendants

7 purporting to state various claims, which Defendants deny.

8 **JURISDICTION AND VENUE**

9       2.     Defendants admit that the SAC purports to state claims under the Lanham and

10 Copyright Acts and related state law claims, and that this Court has subject matter jurisdiction

11 over such claims under 28 U.S.C. §§ 1331, 1338(a), and 1367(a).  Defendants deny the remaining

12 allegations in Paragraph 2 of the SAC.

13       3.     Defendants admit that this Court has personal jurisdiction over them, and that they

14 have done business and contracted to provide services in this State.  Defendants deny that they are

15 causing any tortious injury by any act in this State, or causing any tortious injury in this State.

16       4.     Defendants admit that that they are residents of this State.  Defendants deny the

17 remaining allegations in Paragraph 4 of the SAC.

18       5.     Defendants admit that they are subject to general personal jurisdiction in this

19 judicial district.  Defendants deny the remaining allegations in Paragraph 5 of the SAC.  By way

20 of further response, under Section 12.2 of the 1988 Agreement, referenced in Paragraph 10 of the

21 SAC and attached hereto as **Exhibit 1**, all disputes arising in connection with the 1988 Agreement

22 shall be settled through arbitration of the International Chamber of Commerce and take place in

23 San Jose, California.  Moreover, under the agreement dated April 1, 2011 between GOG and

24 Defendants, and on information and belief, under the alleged agreement dated March 1, 2010

25 between GOG and Atari that Plaintiff allegedly assumed as part of the Atari bankruptcy

26 proceeding, "the exclusive and sole jurisdiction and venue for any lawsuit, action, claim or

27 counter-claim related to this Agreement shall be in the state and federal courts [] located in Los

28 Angeles County, California."

**INTRADISTRICT ASSIGNMENT**

6.      Defendants admit that assignment to the San Francisco Division is proper. Defendants deny the remaining allegations in Paragraph 6 of the SAC.

**THE PARTIES**

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the SAC.

8.      Defendants admit the allegations in Paragraph 8 of the SAC.

9.      Defendants admit the allegations in Paragraph 9 of the SAC.

**FACTUAL BACKGROUND**

***Response to Allegations re: The Development and Ownership***

***of the Classic Star Control Games***

10.      Defendants admit that Accolade, Inc. ("Accolade") and Reiche entered into a License Agreement for the development and publishing of computer software programs dated October 7, 1988 (the "1988 Agreement").  Defendants deny the remaining allegations in Paragraph 10 of the SAC.  By way of further response, Accolade and Reiche entered into three (3) addenda amending the 1988 Agreement as follows:

a.      Addendum No. 1 dated November 19, 1993 for the 3DO version of Star Control II ("Addendum No. 1"), attached hereto as **Exhibit 2**;

b.      Addendum No. 2 dated February 1, 1995 for Star Control 3 ("Addendum No. 2"), attached hereto as **Exhibit 3**; and

c.      Addendum No. 3 dated April 1, 1998 for Star Control 4, attached hereto as **Exhibit 4** ("Addendum No. 3").

11.      Defendants deny the allegations in Paragraph 11 of the SAC.  By way of further response, Paragraph 3.1 of the 1988 Agreement states as follows: "Developer hereby grants and assigns to Publisher the sole and exclusive license in the Territory to modify, duplicate, produce, package, promote, market, display, distribute, license, and sublicense any Derivative Products, the Work and any Derivative Works for use on any Licensed Systems or Derivative Systems, **for the Sales Term of this License Agreement**."  (emphasis added).  Pursuant to Paragraph 2.2 of the

1988 Agreement, "Sales Term" is defined as follows: "This License Agreement shall continue in effect with respect to the sale, licensing, and sublicensing of each Work, Derivative Work and Derivative Product, for as long as such Work, Derivative Work, and Derivative Product are generating royalties to the Developer at least of $1000 per annum."

12.   Defendants admit that in 1990, under the terms of the 1988 Agreement, a science fiction video game focused on space combat (hereinafter "Star Control") was published by Accolade.  Defendants deny that Accolade developed Star Control, deny that Reiche did not own any copyrights to the game, and deny the remaining allegations in Paragraph 12 of the SAC.  By way of further response, under the 1988 Agreement, Reiche was the "Developer" and Accolade was the "Publisher" of Star Control.  Defendants created and developed Star Control, with Accolade acting only as publisher.

13.   Defendants admit that a sequel to Star Control called simply Star Control II was published by Accolade in 1992 under the 1988 Agreement (hereinafter "Star Control II"). Defendants deny that Accolade developed Star Control II, deny that Reiche did not own any copyrights to the game, and deny the remaining allegations in Paragraph 13 of the SAC.  By way of further response, under the 1988 Agreement, Reiche was the "Developer" and Accolade was the "Publisher" of Star Control II.  Defendants created and developed Star Control II, with Accolade acting only as publisher.

14.   Defendants admit that in 1996, under Addendum No. 2 to the 1988 Agreement, Accolade published Star Control 3 (hereinafter "Star Control 3") as a sequel to Star Control II. Defendants deny the remaining allegations in Paragraph 14 of the SAC.  By way of further response, under Addendum No. 2, Reiche agreed to allow Accolade to develop Star Control 3, through a third-party developer, using characters, names, likenesses, characteristics, and other intellectual property pertaining to Star Control and/or Star Control II in which Reiche had an ownership interest ("Reiche's Preexisting Characters"), subject to the payment of royalties.  On information and belief, using Reiche's Preexisting Characters, Star Control 3 was created and developed by Legend Entertainment.

15.     Defendants admit that the SAC purports to group Star Control, Star Control II, and Star Control 3 together as the "Classic Star Control Games."

16.     Defendants admit that pursuant to the 1988 Agreement and addenda, Reiche granted to Accolade an exclusive license to certain rights to Star Control, Star Control II, and Reiche's Preexisting Characters in exchange for the payment of royalties to Reiche.  Defendants deny that such license continued after April 1, 2001 when it expired or terminated and all such rights reverted back to Reiche.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the SAC to the extent they pertain to any license to any rights to Star Control 3 other than Reiche's Preexisting Characters.

17.     Defendants deny the allegations in Paragraph 17 of the SAC.

18.     Defendants admit that pursuant to the 1988 agreement, Accolade was to be the owner of the title, packaging concept, and packaging design for the Work and Derivative Works and that any trademarks adopted and used by Accolade in the marketing of the Work, Derivative Works, and Derivative Products were to be the sole property of Accolade.  Defendants deny that Accolade was to be the owner of other intellectual property rights adopted and used by Accolade in the marketing of the Work, Derivative Works, and Derivative Products, and specifically deny that Accolade owned the other examples set forth in the SAC or that Accolade used the names other than STAR CONTROL as marks.  Defendants deny the remaining allegations in Paragraph 18 of the SAC.

19.     Defendants admit that Paragraph 11.5 of the 1988 Agreement states, in its entirety, "Any trademarks adopted and used by Publisher in the marketing of the Work, Derivative Works, and Derivative Products are the sole property of Publisher.  Publisher has the sole responsibility for ensuring that any such trademarks do not infringe the rights of third parties.  Developer understands and agrees that it may not use the trademarks of Publisher in any way without permission of Publisher.  Developer further understands and acknowledges that Developer acquires no rights to such trademarks by Publisher's use thereof in connection with the Work or any Derivative Works or Derivative Products, and that Publisher is free to use any such

1   trademarks in connection with another work or product at any time before or after the term of this

2   Agreement."

3       20.     Defendants admit that Paragraph 11.4 of the 1988 Agreement states, in its entirety,

4   "Developer shall be the owner of the copyright and all other proprietary rights in the Work and all

5   Derivative Works by Developer.  Publisher shall be the owner of the copyright and all other

6   proprietary rights in all Derivative Works by Publisher and Derivative Products, subject to

7   Developer's copyright in the Work and all Derivative Works by Developer and the provisions of

8   Paragraph 7.  Developer retains ownership of his Development Aids utilized to create the Work or

9   any Derivative Work.  Publisher shall be the owner of the title, packaging concept and packaging

10  design for the Work and Derivative Works."  Defendants deny the remaining allegations in

11  Paragraph 20 of the SAC.

12      21.     Defendants deny the allegations in Paragraph 21 of the SAC.  By way of further

13  response, under the 1988 Agreement, Reiche was the owner of the copyrights and all other

14  proprietary rights in the Work and all Derivative Works by Reiche, and it was Defendants, not

15  Accolade, that created and developed Star Control, Star Control II, and Reiche's Preexisting

16  Characters.

17      22.     Defendants admit that Exhibit A is a list of "Star Control II – Cover Artist

18  Suggestions" provided by Reiche, and that Reiche did not illustrate the front cover of the Star

19  Control II packaging.  Defendants deny the remaining allegations in Paragraph 22 of the SAC.

20      23.     Defendants admit that Exhibit B appears to be copies of the user manuals for Star

21  Control, Star Control II, and Star Control 3.  Defendants deny the remaining allegations in

22  Paragraph 23 of the SAC.

23      24.     Defendants admit that Exhibit C is a letter between Accolade and Reiche.

24  Defendants deny the remaining allegations in Paragraph 24 of the SAC.

25      25.     Defendants admit that Paragraph 1.5 of Addendum No. 3 to the 1988 Agreement

26  states as follows: "'Reiche Intellectual Property' means the copyright and other intellectual

27  property rights (excluding trademarks) owned by Reiche, as set forth in the Agreement and

28  Addenda Nos. 1 and 2 to the Agreement, in and to (a) Star Control I for PC, Amiga and Sega, (b)

Star Control II for PC and 3DO, (c) any accompanying documentation, and (d) **the Star Control II code, names (of starships and alien races), characters, plot lines, setting, terminology unique to the Star Control products, and music in and to (a) – (d) above**." (emphasis added). Defendants deny the remaining allegations in Paragraph 25 of the SAC.

26.    Defendants deny the allegations in Paragraph 26 of the SAC.

27.    Defendants admit that in and around 2013, Atari, Inc. ("Atari") was subject to bankruptcy proceedings under Case No. 13-10176 (JMP) in the Northern District of New York. Defendants deny that the 1988 Agreement was assigned or assignable by Atari to Plaintiff. Defendants deny that certain copyrights in, publishing rights to, or any other assets or rights related to Star Control, Star Control II, and/or Reiche's Preexisting Characters were owned by Atari or assigned or sold to Plaintiff in 2013.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the SAC. By way of further response, the Purchase Agreement between Atari and Plaintiff that was filed with and approved by the Bankruptcy Court is attached hereto as **Exhibit 5**.  Under the Purchase Agreement, the "Purchased Assets" included only (a) the Intellectual Property identified on Schedule 1.01(a) and (b) those contracts listed or described on Schedule 2.01(b) (the "Assumed Contracts"), and any other assets and properties of Atari were excluded from the Purchased Assets.  Neither Schedule 1.01(a) nor Schedule 2.01(b) was attached to the Purchase Agreement that was filed with and approved by the Bankruptcy Court.  Moreover, the 1988 Agreement expired or terminated as a result of the failure to pay royalties since at least 2000 and/or to publish Star Control IV by 2001, and/or as a result of Atari's bankruptcy.  Paragraph 12.1 of the 1988 Agreement stated that "This Agreement may not be assigned by Publisher without first obtaining the written consent of Developer … ."  No such consent was ever sought or obtained by Atari.

28.    Defendants admit that prior to 2001, Star Control and Star Control II became very popular.  Defendants deny the remaining allegations in Paragraph 28 of the SAC.

*Response to Allegations re: Stardock, the STAR CONTROL Mark,*

*and the Star Control Copyrights*

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the SAC.

30.     Defendants deny the allegations in Paragraph 30 of the SAC.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the SAC.

32.     Defendants deny the allegations in Paragraph 32 of the SAC.

33.     Defendants admit that Stardock has filed trademark applications for the STAR CONTROL mark.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the SAC.

34.     Defendants deny the allegations in Paragraph 34 of the SAC.

35.     Defendants deny the allegations in Paragraph 35 of the SAC.

36.     Defendants admit that Stardock has filed a trademark application for THE UR-QUAN MASTERS mark.  Defendants deny the remaining allegations in Paragraph 36 of the SAC.

37.     Defendants deny the allegations in Paragraph 37 of the SAC.

38.     Defendants admit that Stardock has filed trademark applications for several of the alien names/races and other terminology from Star Control I and II.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 of the SAC.

39.     Defendants deny the allegations in Paragraph 39 of the FAC.

40.     Defendants deny the allegations in Paragraph 40 of the SAC.

41.     Defendants deny the allegations in Paragraph 41 of the SAC.

42.     Defendants deny that U.S. Copyright Registration No. PA 799-000 covers Reiche's Preexisting Characters used in Star Control 3.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the SAC.

*Response to Allegations re: the Development of Stardock's New Star Control Game*

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged acquisition and decision.  Defendants deny the remaining allegations in Paragraph 43 of the SAC.

44.     Defendants deny the allegations in Paragraph 44 of the SAC.

45.     Defendants deny the allegations in Paragraph 45 of the SAC.

46.     Defendants deny the allegations in Paragraph 46 of the SAC.

47.     Defendants deny the allegations in Paragraph 47 of the SAC.

48.     Defendants deny the allegations in Paragraph 48 of the SAC.

49.     Defendants admit that Brad Wardell, CEO and President of Plaintiff, emailed them once in January 2014 and again in September 2015, and that such emails speak for themselves. Defendants deny the remaining allegations in Paragraph 49 of the SAC.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the SAC.

51.     Defendants admit that Mr. Wardell emailed them on or about July 28, 2017, and that the email speaks for itself.  Defendants deny the remaining allegations in Paragraph 51 of the SAC.

52.     Defendants admit that they emailed Mr. Wardell on or about August 1, 2017, and that the email speaks for itself.  Defendants deny the remaining allegations in Paragraph 52 of the SAC.

53.     Defendants deny the allegations in Paragraph 53 of the SAC.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the SAC.

*Response to Allegations re: Reiche and Ford and Their Allegedly Infringing Actions*

55.     Defendants admit that they are, *inter alia,* American game designers and developers who have worked together to create computer programs and games for over twenty-five years, including Star Control, Star Control II, and other titles.

56.     Defendants admit that on October 9, 2017, Reiche made an announcement via his blog at https://www.dogarandkazon.com celebrating the 25th anniversary of Star Control II as set forth in Exhibit L to the SAC ("Reiche 25th Anniversary Announcement") and that the document speaks for itself.  Defendants deny that they announced their "expected release of a new game" and the remaining allegations in Paragraph 56 of the SAC.

57.     Defendants admit that a copy of the Reiche 25th Anniversary Announcement is attached to the SAC as Exhibit L.  Defendants deny the remaining allegations in Paragraph 57 of the SAC.

58.     Defendants deny the allegations in Paragraph 58 of the SAC.

59.     Defendants deny the allegations in Paragraph 59 of the SAC.

60.     Defendants deny the allegations in Paragraph 60 of the SAC.

61.     Defendants deny the allegations in Paragraph 61 of the SAC.

62.     Defendants deny the allegations in Paragraph 62 of the SAC.

63.     Defendants deny the allegations in Paragraph 63 of the SAC.

64.     Defendants deny the allegations in Paragraph 64 of the SAC.

65.     Defendants deny the allegations in Paragraph 65 of the SAC.

66.     Defendants admit that, as one of the creators of Star Control and Star Control II, Reiche has used the #starcontrol hashtag in Twitter posts from time to time, including as set forth in Exhibit O to the SAC.  Defendants deny the remaining allegations in Paragraph 66 of the SAC.

67.     Defendants deny the allegations in Paragraph 67 of the SAC.

68.     Defendants admit that, as one of the creators of Star Control and Star Control II, Reiche has used the #urquanmasters hashtag in Twitter posts from time to time.  Defendants deny the remaining allegations in Paragraph 68 of the SAC.

69.     Defendants deny the allegations in Paragraph 69 of the SAC.

70.     Defendants deny the allegations in Paragraph 70 of the SAC.

71.     Defendants deny the allegations in Paragraph 71 of the SAC.

72.    Defendants admit that they have accurately held themselves out and been described by others, including Mr. Wardell, as, *inter alia*, the creators of Star Control and Star Control II. Defendants deny the remaining allegations in Paragraph 72 of the SAC.

73.    Defendants deny the allegations in Paragraph 73 of the SAC.  To the contrary, Defendants own the copyrights to Star Control and Star Control II, including but not limited to the computer program code.

74.    Defendants admit that other individuals contributed to Star Control and Star Control II, but deny that there were no contracts or assignments, and deny the remaining allegations in Paragraph 74 of the SAC.

75.    Defendants deny the allegations in Paragraph 75 of the SAC.

76.    Defendants admit that Exhibit S contains communications between Reiche and Accolade.  Defendants deny the remaining allegations in Paragraph 76 of the SAC.

77.    Defendants deny the allegations in Paragraph 77 of the SAC.

78.    Defendants deny the allegations in Paragraph 78 of the SAC.

79.    Defendants deny the allegations in Paragraph 79 of the SAC.

80.    Defendants deny the allegations in Paragraph 80 of the SAC.

81.    Defendants deny the allegations in Paragraph 81 of the SAC.

82.    Defendants deny the allegations in Paragraph 82 of the SAC.

83.    Defendants deny the allegations in Paragraph 83 of the SAC.

84.    Defendants deny the allegations in Paragraph 84 of the SAC.

85.    Defendants deny the allegations in Paragraph 85 of the SAC.

86.    Defendants deny the allegations in Paragraph 86 of the SAC.  To the contrary, Plaintiff was aware of and consented to GOG's distribution of Star Control, Star Control II, and Star Control 3 since at least 2013, pursuant to an agreement between Atari and GOG that Plaintiff purportedly assumed as part of the Atari bankruptcy proceeding in 2013, and an agreement between Defendants and GOG.  Plaintiff admitted knowing of the agreements in 2016.  Discovery has also revealed that Plaintiff entered into its own agreement with GOG consenting to its continued distribution of Star Control, Star Control II, and Star Control 3.

87.     Defendants deny the allegations in Paragraph 87 of the SAC.

88.     Defendants deny the allegations in Paragraph 88 of the SAC.

89.     Defendants admit they created a "GoFundMe" campaign called the "Frungy Defense Fund."  Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90 of the SAC.

91.     Defendants deny the allegations in Paragraph 91 of the SAC.

92.     Defendants deny the allegations in Paragraph 92 of the SAC.

93.     Defendants deny the allegations in Paragraph 93 of the SAC.

94.     Defendants deny the allegations in Paragraph 94 of the SAC.

95.     Defendants admit that they promote the "Frungy Defense Fund" on their website. Defendants deny the remaining allegations in Paragraph 95 of the SAC.

96.     Defendants deny the allegations in Paragraph 96 of the SAC.

97.     Defendants deny the allegations in Paragraph 97 of the SAC.

98.     Defendants deny the allegations in Paragraph 98 of the SAC.

99.     Defendants deny the allegations in Paragraph 99 of the SAC.

100.     Defendants admit that they have been aware of Plaintiff since 2013, but deny the remaining allegations in Paragraph 100 of the SAC.

101.     Defendants admit that they do not have any direct relationship, affiliation and/or connection with Plaintiff.  Defendants deny the remaining allegations in Paragraph 101 of the SAC.

102.     Defendants deny the allegations in Paragraph 102 of the SAC.

103.     Defendants deny the allegations in Paragraph 103 of the SAC.

104.     Defendants deny the allegations in Paragraph 104 of the SAC.

### COUNT I

### Alleged Trademark Infringement

### (15 U.S.C. § 1114(1))

105.     Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 104 above as if set forth in full.

106.    Defendants deny the allegations in Paragraph 106 of the SAC.

107.    Defendants deny the allegations in Paragraph 107 of the SAC.

108.    Defendants deny the allegations in Paragraph 108 of the SAC.

109.    Defendants deny the allegations in Paragraph 109 of the SAC.

110.    Defendants deny the allegations in Paragraph 110 of the SAC.

111.    Defendants deny the allegations in Paragraph 111 of the SAC.

112.    Defendants deny the allegations in Paragraph 112 of the SAC.

**COUNT II**

**Alleged Counterfeiting**

**(15 U.S.C. § 1116(d))**

113.    Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 112 above as if set forth in full.

114.    Defendants deny the allegations in Paragraph 114 of the SAC.

115.    Defendants deny the allegations in Paragraph 115 of the SAC.

116.    Defendants deny the allegations in Paragraph 116 of the SAC.

117.    Defendants deny the allegations in Paragraph 117 of the SAC.

118.    Defendants deny the allegations in Paragraph 118 of the SAC.

119.    Defendants deny the allegations in Paragraph 119 of the SAC.

**COUNT III**

**Alleged Unfair Competition and False Designation of Origin**

**(15 U.S.C. § 1125(a))**

120.    Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 119 above as if set forth in full.

121.    Defendants deny the allegations in Paragraph 121 of the SAC.

122.    Defendants deny the allegations in Paragraph 122 of the SAC.

123.    Defendants deny the allegations in Paragraph 123 of the SAC.

124.    Defendants deny the allegations in Paragraph 124 of the SAC.

1

## COUNT IV

## False Advertising

## (15 U.S.C. § 1125(a)1(B))

2

3

4        125.    Defendants reallege and incorporate herein by reference their responses to

5   paragraphs 1 through 124 above as if set forth in full.

6        126.    Defendants deny the allegations in Paragraph 126.

7        127.    Defendants deny the allegations in Paragraph 127.

8        128.    Defendants deny the allegations in Paragraph 128.

9        129.    Defendants deny the allegations in Paragraph 129.

10       130.    Defendants deny the allegations in Paragraph 130.

11       131.    Defendants deny the allegations in Paragraph 131.

12

## COUNT V

## Trademark Dilution

## (15 U.S.C. § 1125(c))

13

14

15       132.    Defendants reallege and incorporate herein by reference their responses to

16   paragraphs 1 through 131 above as if set forth in full.

17       133.    Defendants deny the allegations in Paragraph 133 of the SAC.

18       134.    Defendants deny the allegations in Paragraph 134 of the SAC.

19       135.    Defendants deny the allegations in Paragraph 135 of the SAC.

20       136.    Defendants deny the allegations in Paragraph 136 of the SAC.

21

## COUNT VI

## Alleged Copyright Infringement

## (17 U.S.C. § 501(a))

22

23

24       137.    Defendants reallege and incorporate herein by reference their responses to

25   paragraphs 1 through 136 above as if set forth in full.

26       138.    Defendants deny the allegations in Paragraph 138 of the SAC.

27       139.    Defendants deny the allegations in Paragraph 139 of the SAC.

28       140.    Defendants deny the allegations in Paragraph 140 of the SAC.

141.     Defendants deny the allegations in Paragraph 141 of the SAC.

142.     Defendants deny the allegations in Paragraph 142 of the SAC.

143.     Defendants deny the allegations in Paragraph 143 of the SAC.

144.     Defendants deny the allegations in Paragraph 144 of the SAC.

**COUNT VII**

**Alleged California Common Law Trademark Infringement and Unfair Competition**

145.     Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 144 above as if set forth in full.

146.     Defendants deny the allegations in Paragraph 146 of the SAC.

147.     Defendants deny the allegations in Paragraph 147 of the SAC.

148.     Defendants deny the allegations in Paragraph 148 of the SAC.

149.     Defendants deny the allegations in Paragraph 149 of the SAC.

150.     Defendants deny the allegations in Paragraph 150 of the SAC.

**COUNT VIII**

**Alleged False Advertising in Violation of**

**Business and Professions Code Sections 17500 *et seq.***

151.     Defendants reallege and incorporate herein by reference their responses to paragraphs 1 through 150 above as if set forth in full.

152.     Defendants deny the allegations in Paragraph 152 of the SAC.

153.     Defendants deny the allegations in Paragraph 153 of the SAC.

154.     Defendants deny the allegations in Paragraph 154 of the SAC.

155.     Defendants deny the allegations in Paragraph 155 of the SAC.

**RESPONSE TO PRAYER FOR RELIEF**

To the extent that any response to the prayer for relief in the SAC is required, Defendants deny all of the allegations therein and that Plaintiff is entitled to any of the requested relief, including that specified in Paragraphs i-xii of the Prayer for Relief.

1

**GENERAL DENIAL**

2     Defendants further deny each allegation in the SAC that is not specifically admitted,

3  denied, or otherwise responded to in this Answer.

4

**AFFIRMATIVE DEFENSES**

5     Subject to their responses above, and upon information and belief, Defendants allege and

6  assert the following defenses in response to the allegations in the SAC.  Regardless of how such

7  defenses are listed herein, Defendants undertake the burden of proof only as to those defenses that

8  are deemed affirmative defenses as a matter of law.  In addition to the defenses described below,

9  Defendants specifically reserve the right to allege additional affirmative defenses pursuant to any

10  docket control order or that become known through the course of this action.

11

**FIRST AFFIRMATIVE DEFENSE**

12

**(Failure to State a Claim)**

13     The SAC fails to state a claim upon which relief can be granted as to one or more causes of

14  action.

15

**SECOND AFFIRMATIVE DEFENSE**

16

**(Laches, Waiver, and Estoppel)**

17     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel,

18  and/or laches.

19

**THIRD AFFIRMATIVE DEFENSE**

20

**(No Entitlement to Injunctive Relief)**

21     Plaintiff is not entitled to injunctive relief because, among other things, there is no risk of

22  irreparable harm and money damages would be adequate.

23

**FOURTH AFFIRMATIVE DEFENSE**

24

**(Preemption)**

25     One or more of Plaintiff's claims are barred by preemption.

26

**FIFTH AFFIRMATIVE DEFENSE**

27

**(Lack of Standing)**

28     Plaintiff lacks standing to bring one or more of its causes of action.

**SIXTH AFFIRMATIVE DEFENSE**

**(Invalidity or Unenforceability of Copyright)**

On information and belief, Plaintiff's copyright claims are barred and its claimed work is not entitled to copyright protection because its copyright is invalid and/or unenforceable.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Ownership of Copyright)**

On information and belief, Plaintiff's copyright claims are barred because it is not the rightful owner of the copyright.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

Plaintiff's copyright claims are barred and Plaintiff's trademark claims are limited because any alleged infringement was innocent and lacked intent.

**NINTH AFFIRMATIVE DEFENSE**

**(Invalid Trademark)**

Plaintiff's trademark and related claims are barred because the preceding owner did not use and, in fact, abandoned the mark, and made fraudulent statements during the registration process.

**TENTH AFFIRMATIVE DEFENSE**

**(No Ownership of Trademark)**

On information and belief, Plaintiff's trademark and related claims are barred because they are based on trademark rights that Plaintiff does not own.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Priority)**

Plaintiff's trademark and related claims are barred because Defendants, and not Plaintiff, are the senior users and have priority of use.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Likelihood of Confusion)**

Plaintiff's trademark and related claims are barred because there is no likelihood of confusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Non-Trademark Use)

Plaintiff's trademark and related claims are barred because the alleged infringing use was not as a source identifier.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction and Improper Venue)

Venue is improper in this district in that: a) under Section 12.2 of the 1988 Agreement, all disputes arising in connection with the 1988 Agreement shall be settled through arbitration of the International Chamber of Commerce and take place in San Jose, California; and b) under the agreement dated April 1, 2011 between GOG and Defendants, and on information and belief, under the alleged agreement dated March 1, 2010 between GOG and Atari that Plaintiff allegedly assumed as part of the Atari bankruptcy proceeding, "the exclusive and sole jurisdiction and venue for any lawsuit, action, claim or counter-claim related to this Agreement shall be in the state and federal courts [] located in Los Angeles County, California."

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Party)

This action must be dismissed for failure to join an indispensable party under Federal Rule of Civil Procedure 19, namely, GOG.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (License)

Plaintiff's claims are barred, in whole or in part, because Defendants had a license to use the claimed trademark rights and/or copyrights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

One or more of Plaintiff's claims are moot.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Authorization, Consent, Acquiescence)

Plaintiff's claims are barred, in whole or in part, in that Plaintiff authorized, consented to, and/or acquiesced in Defendants' alleged actions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Register Copyright (17 U.S.C. § 411))

On information and belief, Plaintiff's copyright claims are barred under 17 U.S.C. § 411 and this Court lacks subject-matter jurisdiction over such claims in that Plaintiff failed to file for and/or obtain a copyright registration for at least some of the claimed copyrights before filing the SAC.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Late Registration of Copyright (17 U.S.C. § 412))

Plaintiff's remedies for its copyright claims are limited under 17 U.S.C. § 412 in that it failed to obtain a copyright registration within three months after the first publication of the work.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiff's claims are barred, in whole or in part, the doctrine of misuse of copyright.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fair Use (17 U.S.C. § 107))

Plaintiff's copyright claims are barred by the doctrine of fair use.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

Plaintiff's claims are barred, in whole or in part, because any use by Defendants of Plaintiff's alleged mark(s) was *de minimis* and caused no likelihood of confusion and no damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages, if such damages exist.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Fraud)**

Plaintiff's claims are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Abandonment)**

Plaintiff's claims are barred, in whole or in part, by the abandonment of the marks at issue.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Collateral Use)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral use.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Fair Competition)**

Defendants engage in fair and transparent business practices.  To the extent, if any, that Defendant's products compete in the marketplace with Plaintiff's products, that competition is healthy and beneficial to consumers and to the public and does not violate California law or common law.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

1    DATED:  July 30, 2018                BARTKO ZANKEL BUNZEL & MILLER
2                                         A Professional Law Corporation
3
4                                         By:      /s/ Stephen C. Steinberg
5                                               Stephen C. Steinberg
                                               Attorneys for Defendants and Counter-Claimants
6                                              PAUL REICHE III and ROBERT FREDERICK
                                               FORD
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28