# EXHIBIT C



| | |
|---|---|
| **NIXON PEABODY LLP**<br>**ATTORNEYS AT LAW**<br><br>NIXONPEABODY.COM<br>@NIXONPEABODYLLP | Robert A. Weikert<br>*Partner*<br>T 415.984.8385<br>rweikert@nixonpeabody.com<br><br>Nixon Peabody LLP<br>One Embarcadero Center, 18th Floor<br>San Francisco, CA  94111-3600<br>T 415.984.8200 |

August 22, 2018

**VIA EMAIL**
ssteinberg@bzbm.com

Stephen C. Steinberg, Esq.
BARTKO ZANKEL BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, California 94111

Re:  *Stardock Systems, Inc. v. Paul Reiche III and Frederick Ford*;
Case No. 4:17-cv-07025 SBA (N.D. Cal.);
**False DMCA Notice to Valve Corporation d/b/a Steam**

Dear Steve:

      We write to demand that you *immediately* withdraw your August 17, 2018 Notice of Copyright Infringement under the DMCA ("DMCA Notice") to Valve Corporation d/b/a Steam ("Valve"), which has resulted in the temporary removal of Stardock's Star Control: Origins Fleet Battles Beta game, Star Control: Origins – Chenjesu Content Pack, and Star Control: Origins – Arilou Content Pack (hereinafter, "Disputed Works") from Valve's platform.  As detailed below, and as you are well aware, the DMCA Notice is patently false and wholly comprised of material misrepresentations.  Moreover, the claims made in the DMCA Notice are being litigated in the pending suit referenced above, and there have been no judicial determinations whatsoever as to your clients' alleged ownership of any copyrights or other IP related to the classic Star Control games (and Stardock of course disputes any and all such claims).  Consequently, the submission of the DMCA Notice is an unequivocal abuse of the DMCA Notice-and-Takedown process.

      Indeed, the DMCA Notice is based solely on unidentified copyrights your clients assert they own in the classic Star Control games, including specifically those that are the subject of U.S. Copyright Registration Nos. PA 2-071-496 (the "'496 Registration") and PA 2-107-340 (the "'340 Registration") for the work entitled "Star Control II."  As you know, the '496 Registration only purports to cover "computer program code" from Star Control II.  There are, of course, no claims in the pending litigation that Stardock has used or infringed any computer program code, nor could there be as Stardock has not done so.  Thus, Reiche's and Ford's use of the '496 Registration as a basis for its DMCA Notice is improper on its face, apart from all of the deficiencies relating to that registration and the alleged copyrights encompassed by it.

4848-0686-2448.1

Stephen C. Steinberg, Esq.
August 22, 2018
Page 2

The same holds true for the purported '340 Registration, which allegedly covers certain unidentified "audiovisual material" and script/screenplay authorship contributed by a number of different authors (including but not limited to Reiche and Ford). There are serious questions as to the registration's validity as well as Reiche's and Ford's purported ownership of the works therein. For instance, Reiche and Ford allege to have been assigned ownership in the works contributed by the third-party authors and have produced various copyright assignments during discovery. However, these alleged assignments are invalid and unenforceable for numerous reasons. Further, Reiche and Ford have not established that they themselves authored any copyrightable material incorporated in any of the classic Star Control games. And again all of these issues are presently being litigated in the pending suit, and of course Reiche and Ford have not applied for or obtained any sort of provisional relief that would support the DMCA Notice.

Moreover, only registrations made before or within five years after first publication of the work constitute prima facie evidence of the validity of the copyright and of the facts stated in the registration certificate. Since Reiche and Ford filed the applications for both of the subject registrations after Stardock commenced suit against them in December 2017, which was well after the date of claimed publication of the works embodied therein, *i.e.*, more than twenty-five (25) years later, the certificates of registration are not considered prima facie evidence of the validity of the alleged copyrights or of the facts stated therein. *See* 17 U.S.C. § 410(c).[1] As demonstrated, Reiche and Ford have not yet met their burden of proof with respect to ownership and validity of the registrations (nor will they be able to do so), nor have they established that the alleged copyrights encompassed by those registrations are in fact original works of authorship entitled to protection. The fact is that they are not.

Even if Reiche and Ford were able to establish ownership and validity of the '340 Registration (which is the only registration of any arguable relevance, at least to the pending litigation, as indicated earlier), Reiche and Ford have not established, and cannot establish, that Stardock has infringed any valid and copyrightable work incorporated therein. Additionally, and as noted previously, given that Reiche and Ford have been aware for over at least five years of Stardock's intentions to release a new game under Stardock's Star Control mark, there are, among other things, significant statute of limitation problems with Reiche's and Ford's copyright infringement and other counterclaims.

In light of the foregoing, there is no question that the DMCA Notice is improper and violates the DMCA, and thus, Reiche and Ford are liable under 17 U.S.C. § 512(f) for the submission of a false DMCA notice. Section 512(f) provides that:

---

[1] The fact that the above-referenced assignments were not obtained by Reiche and Ford until after the counterclaim was filed in this case also raises serious Rule 11 issues, as well as a host of other issues casting doubt on the legal and factual merit of the counterclaim itself and other positions Reiche and Ford have taken in the litigation. Stardock intends to address all of these matters in due course.

Stephen C. Steinberg, Esq.
August 22, 2018
Page 3

> Any person who ***knowingly materially misrepresents*** under this section that material or activity is infringing…shall be ***liable for any damages, including costs and attorneys' fees***, incurred by the alleged infringer…who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f) (emphasis added). The inclusion of '496 Registration in the DMCA Notice alone constitutes a violation of § 512(f). The overwhelming number of issues relating to the ownership and validity of the '340 Registration, as well as the fact that Stardock has not infringed any of the alleged works embodied therein, and Reiche and Ford have not established otherwise (and cannot do so), also easily supports a claim under § 512(f).

If the DMCA Notice is not withdrawn and the subject material reinstated by no later than ***the COB PDT tomorrow, August 23, 2018***, we intend to pursue any and all remedies available to Stardock and will hold your clients ***personally*** liable for any and all damages (including attorneys' fees and costs) suffered and incurred by Stardock as a result of their unlawful conduct as described herein. These are likely to be substantial, and will, of course, include the cost of any legal proceedings necessitated by this improvident action and your refusal to withdraw the false DMCA Notice.

Very truly yours,

*[signature]*

Robert A. Weikert

RAW:kk

cc: Mark S. Palmer, Esq. (by email)
David L. May, Esq. (by email)
Jennette Wiser, Esq. (by email)
Dawn N. Valentine, Esq. (by email)