# EXHIBIT F

**Kappler, Kerry**
___

| | |
|---|---|
| **From:** | Weikert, Robert |
| **Sent:** | Thursday, September 6, 2018 10:55 AM |
| **To:** | Stephen C. Steinberg |
| **Cc:** | mark@palmerlex.com; May, David; Wiser, Jennette; Valentine, Dawn; Kunze, Jason; Kappler, Kerry |
| **Subject:** | RE: Stardock Systems, Inc. v. Paul Reiche III and Frederick Ford |

Steve,

Because you make clear in the below email that your clients will not identify in any manner what aspects of or content within the Stardock material targeted by the false DMCA notices are "substantially similar to and/or derivative of" your clients' alleged "copyrighted works," and that you intend to file similar notices in the future, Stardock has no choice but to seek immediate injunctive relief from the Court. Indeed, when I specifically asked you on August 24, 2018 to identify the allegedly infringing content, you did not even respond to the request.

Therefore, please be advised that Stardock will be promptly filing, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65, an *ex parte* request for a temporary restraining order, as well as an order to show cause why a preliminary injunction should not issue, enjoining and restraining Reiche and Ford (as well as all those participating and/or acting in concert with them) from submitting any further DMCA notices directed to *Star Control: Origins* or any of the related material that is the subject of the present litigation.

We will serve you with a copy of the papers as soon as they are available, although you will obviously have access to them once they are filed.

We do not believe that Local Rule 65 requires a meet and confer, particularly given the nature of the relief Stardock is seeking, but if you would like to discuss the motion later today we are happy to do so and to meet and confer. Please let me know. The issues are pretty clear, though, and the motion could of course be obviated simply by your clients agreeing to the relief requested and perhaps some form of alternative mechanism or process for resolving any objections your clients may have to *Origins* or anything else. We cannot permit the continued abuse of the DMCA process, though, and the evasion of Federal Rule of Civil Procedure 65. But your clients have already denied our request to withdraw the false DMCA notices sent to Valve and GOG, and instruct these service providers to restore the material in response to our counter notifications. Instead you threatened us with more baseless notices. So, again, Stardock has no choice but to seek court intervention.

I understand that Mark and Dave have been discussing whether settlement of the matter in the very short term is possible, and have unfortunately reached an impasse. I further understand that Dave has communicated to Mark that the time period in which to reach a resolution is quickly narrowing. Should the matter not settle prior to a determination on the request for a TRO and a preliminary injunction, Stardock will have every incentive, regardless of the outcome of the application, to pursue to conclusion all available relief and damages against your clients personally. In addition to the remedies identified in Stardock's complaint to which Stardock is entitled, Stardock will also aggressively pursue all additional remedies that are available to it,

including under 17 U.S.C. Section 512(f), as result of the misrepresentations that we believe were knowingly made in your DMCA takedown letters submitted to GOG and Valve, which have caused Stardock further immeasurable and irreparable harm.

We trust that you will so inform your clients and advise them accordingly.

Best regards, Rob



**Robert A. Weikert**
Partner
rweikert@nixonpeabody.com
T 415-984-8385 | C 415-298-2548 | F 866-294-8842
Nixon Peabody LLP | One Embarcadero Center, 18th Floor | San Francisco, CA 94111-3600
nixonpeabody.com | @NixonPeabodyLLP

Please consider the environment before printing this email.

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Stephen C. Steinberg <ssteinberg@BZBM.com>
**Sent:** Thursday, August 23, 2018 1:28 PM
**To:** Kappler, Kerry <kkappler@nixonpeabody.com>
**Cc:** mark@palmerlex.com; Weikert, Robert <rweikert@nixonpeabody.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Subject:** RE: Stardock Systems, Inc. v. Paul Reiche III and Frederick Ford

Rob,

This email is in response to your letter dated August 22, 2018. Your letter makes a series of misrepresentations, and we disagree with your arguments that our clients' DMCA notice is false and reject your demand to withdraw it. I will not take time to rebut every point, but simply respond to some of the most obvious and material misstatements.

First, as you know from discovery in the pending litigation, my clients authored and/or otherwise own copyrights to all of the creative materials in Star Control I and II, except part of the music licensed from a third-party, and all elements in Star Control 3 that were present in or derived from Star Control I and II. The DMCA notice cites these copyrighted works, not just the computer code and other materials covered by my clients' registrations.

Second, your point about the timing of the registrations has no bearing on my clients' ownership of their copyrights or whether materials published by Stardock on Valve/Steam's service infringe such copyrights (which we believe they clearly do). As to your citation of Rule 11 issues, I suggest you re-examine your own pleadings for knowingly false statements, e.g.: a) that Reiche did not own any copyrights to Star Control I and II; b) that Accolade adopted and used and Stardock acquired from Atari numerous trademarks besides STAR CONTROL; c) that Stardock first became aware of sales of the Classic Star Control Games on GOG on October 22, 2017; and d) that the sales on GOG were unauthorized and infringing.

Third, your point about an alleged delay in my clients' seeking to protect and enforce their rights is mistaken, as your client stated repeatedly for 4+ years that they would not use anything from my clients' games, including the lore, aliens (including names and designs), history, art, music, ships, characters, etc. Only recently has

Stardock revealed its true intentions to release a game and content that are clearly substantially similar to and/or derivative of Star Control I and II.

Thus, your threats about our notice being false are unavailing, and we will similarly hold Mr. Unangst and Stardock liable for their false statements in their counternotice, as Stardock knows well that the removed materials are infringing.

I suggest you ensure that Stardock refrains from releasing any future version of Star Control: Origins or content for use therein that is substantially similar to and/or derivative of my clients' copyrighted works.  We reserve the right to serve further DMCA notices as additional examples of Stardock's infringement are identified and as authorized by the DMCA.

Steve


**Stephen C. Steinberg**
**Principal**
**BARTKO ZANKEL BUNZEL & MILLER**
**One Embarcadero Center, Suite 800**
**San Francisco, CA  94111**
**Phone: (415) 291-4523**
**Email:** ssteinberg@bzbm.com
www.bzbm.com


**From:** Kappler, Kerry [mailto:kkappler@nixonpeabody.com]
**Sent:** Wednesday, August 22, 2018 4:31 PM
**To:** Stephen C. Steinberg <ssteinberg@BZBM.com>
**Cc:** mark@palmerlex.com; Weikert, Robert <rweikert@nixonpeabody.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Subject:** Stardock Systems, Inc. v. Paul Reiche III and Frederick Ford

Dear Mr. Steinberg,

Please see attached correspondence.

Thank you.




**Kerry Kappler**
Practice Assistant
kkappler@nixonpeabody.com
T 415-984-5077 | F 415-984-8300
Nixon Peabody LLP | One Embarcadero Center, 18th Floor | San Francisco, CA 94111-3600
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.