# EXHIBIT 19

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Stardock Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III AND ROBERT FREDERICK FORD, <br><br> Defendants. | Case No. 4:17-CV-07025-SBA <br><br> **STARDOCK SYSTEMS, INC.'S RESPONSE TO PAUL REICHE III AND ROBERT FREDERICK FORD'S SECOND SET OF REQUESTS FOR PRODUCTION** |
| PAUL REICHE III AND ROBERT FREDERICK FORD, <br><br> Counter-Claimants, <br><br> vs. | |

4834-3342-5263.1

1                                    Case No.4:17-CV-07025-SBA

| | |
|---|---|
| 1 | STARDOCK SYSTEMS, INC., |
| 2 | Counter-Defendant. |
| 3 | |
| 4 | PROPOUNDING PARTY: Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford |
| 5 | |
| 6 | RESPONDING PARTY: Plaintiff and Counter-Defendant, Stardock Systems, Inc. |
| 7 | SET NO: TWO |

Plaintiff and Counter-Defendant Stardock Systems, Inc. ("Stardock") through its counsel, Nixon Peabody, LLP, responds and objects to the Second Set of Requests for Production ("the Requests") propounded by Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford ("Defendants") as follows:

## RESERVATION OF RIGHTS

1. To the extent that Stardock produces documents in response to the Requests, it does so without conceding the materiality, admissibility, or relevance of any such documents, or of any other substantive responses to the Requests. Nothing in these responses and objections shall be deemed an admission regarding the existence of any information or documents or the truth or accuracy of any statement or characterization contained in any request.

2. Stardock reserves all objections to the use of these responses and of any documents it produces. All such objections may be interposed by Stardock at the time of trial or as otherwise required by the rules or order of the Court.

3. Stardock reserves the right to amend, supplement, or withdraw its responses and objections to the Requests.

4. The specific responses set forth below are based upon information now available to Stardock. Discovery has only begun and Stardock reserves the right at any time to revise, supplement, amend, withdraw or correct these responses as further discovery, and the development of evidence, may warrant.

5.  Any inadvertent production of any information or document shall not be deemed or construed a waiver of any privilege or right of Stardock with respect to such information or document or of any work product doctrine or immunity which may attach thereto, and Stardock reserves its right to demand that Glass Egg return to it any such document and all copies thereof.

6.  Stardock will produce documents at a time and place agreed to by the parties subsequent to the entering by the Court of an appropriate Confidentiality Stipulation and Protective Order that includes, among other things, protection for sensitive business and trade secret information.

## GENERAL OBJECTIONS

Stardock makes the objections that are described below to each of the Requests. Unless otherwise stated, each general objection is asserted in response to each Request.

1.  Stardock objects to each definition, instruction, and request to the extent that it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Northern District of California ("Local Rules"), the Court's standing orders, and any other applicable statutes, rules, or standing orders.

2.  Stardock objects to the Requests to the extent that they are overbroad, unduly burdensome, and improper.

3.  Stardock objects to the Requests to the extent they seek documents that are already in Defendants' possession.

4.  Stardock objects to the Requests to the extent they seek information or documents neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1).

5.  Stardock objects to the Requests to the extent they purport to call for information or documents in the public domain and not in the exclusive possession, custody, or control of Stardock. Such requests are beyond the scope of permissible discovery, would impose an undue burden on Stardock, and are an attempt to require Stardock to prepare Defendants' case. Such information and documents are as equally available to Defendants as they are to Stardock.

6. Stardock objects to the Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, any common interest privilege, joint defense privilege, subject to the work product doctrine, or otherwise immune from discovery as outlined in the Federal Rules of Civil procedure and other applicable law. Plaintiff hereby asserts all applicable privileges, immunities, and/or exemptions.

7. Stardock objects to the Requests to the extent they purport to call for information or documents not presently in the possession, custody, or control of Stardock, and/or is not ascertainable by means of a reasonably diligent search, including without limitation, information and documents that were never in Stardock's possession, are no longer in Stardock's possession, or are in the possession of third parties or separate legal entities. Stardock has no obligation to produce any such information.

8. Stardock objects to the Requests to the extent the purport to compel production of information protected by federal or state privacy laws.

9. Stardock objects to each Request to the extent that it calls for the disclosure or production of confidential information or trade secrets belonging to Stardock or other parties. Stardock further objects to producing documents constituting the confidential information of a third party, or in violation of a legal or contractual obligation of nondisclosure to a third party, without either the consent of the relevant third party or a Court Order compelling production. Stardock further objects to producing any documents or information that Stardock is required by law or applicable regulations to keep confidential. Stardock objects to the production of any such confidential information or trade secrets, if at all, before a suitable stipulated protective order has been entered by the Court in this matter.

10. Stardock objects to each Request to the extent that it is vague and ambiguous or contains a term or phrase that is vague and ambiguous.

11. Stardock objects to the Requests in their entirety to the extent they purport to compel production of irrelevant material merely because some portion of a particular document or documents may be relevant and subject to production. Stardock is entitled to redact irrelevant

1  material and thereby limit their production to material that is relevant to the issues presented by the
2  pleadings.
3       12.   Stardock objects to the Requests to the extent that they contain individual requests
4  that are redundant or duplicative of other individual requests.
5       13.   The specific responses set forth below are based upon information now available to
6  Stardock and Stardock reserves the right at any time to revise, correct, add to, supplement or clarify
7  the objections or responses set forth herein.  Failure to object herein shall not constitute a waiver
8  of any objection that Stardock may interpose as to future supplemental responses.
9       14.   Stardock's responses to the Requests are made expressly without in any way
10 waiving or intending to waive, but rather preserving and intending to preserve, all objections as to
11 the competence, relevance, materiality, and admissibility as evidence for any purpose of the
12 documents, or the subject matter thereof, in any aspect of this or any other action, arbitration,
13 proceeding or investigation.
14      15.   A response or objection to an individual request does not mean necessarily that any
15 documents exist or are in the possession, custody, or control of Stardock that are responsive to any
16 specific individual request.
17      16.   Stardock reserves the right to make additional objections at any time and to move
18 for an appropriate protective order.

### SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 75:**

Copies of any and all versions of Star Control: Origins that have been or will be released including, but not limited to, (1) the first Beta version, called Fleet Battles, which was made available in or around October 2017, (2) the second Beta version, called Fleet Battles 2, which was made available on or around April 2018, and (3) the final version scheduled for release on September 20, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Stardock incorporates into its response the General Objections identified above as if fully set forth herein. Stardock objects that "all versions" is vague and ambiguous. Stardock objects to

this Request insofar as it seeks information equally available to Defendants. Stardock objects to this Request on the grounds that it is overbroad as to scope and seeks information that is not relevant to any party's claims or defenses, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. Stardock further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Stardock objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Stardock further objects to this Request to the extent that it seeks production of documents not in Stardock's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Stardock objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Stardock.

Without waiving these objections, and subject thereto, Stardock will produce non-privileged, responsive documents within its possession, custody or control within 30 days of these responses.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the release of any version of Star Control: Origins that has been or will be released, including, but not limited to, (1) the first Beta version, called Fleet Battles, which was made available in or around October 2017, (2) the second Beta version, called Fleet Battles 2, which was made available in or around April 2018, and (3) the final version scheduled for release on September 20, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Stardock incorporates into its response the General Objections identified above as if fully set forth herein. Stardock objects that "any version" is vague and ambiguous. Stardock objects that Stardock objects to this Request insofar as it seeks information equally available to Defendants. Stardock objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is not relevant to any party's claims or defenses, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. Stardock further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and

therefore lacks foundation. Stardock objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Stardock further objects to this Request to the extent that it seeks production of documents not in Stardock's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Stardock objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Stardock.

Without waiving these objections, and subject thereto, Stardock will produce non-privileged, responsive documents within its possession, custody or control within 30 days of these responses.

Dated: August 8, 2018

Respectfully submitted,

**NIXON PEABODY LLP**

By: /s/ Robert A. Weikert

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Stardock Systems, Inc.*

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Nixon Peabody LLP. My business address is One Embarcadero, Suite 1800, San Francisco, California 94111.

On August 8, 2018, I served the following entitled document:

**STARDOCK SYSTEMS, INC.'S RESPONSE TO
PAUL REICHE III AND ROBERT FREDERICK FORD'S
SECOND SET OF REQUESTS FOR PRODUCTION**

on the parties stated below, through their attorneys of record by the following means of service:

__X__ : BY E-MAIL — On this date, by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below:

__X__ : BY MAIL — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U. S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

Stephen C. Steinberg, Esq.
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, CA 94111
ssteinberg@bzbm.com

Mark S. Palmer, Esq.
4 Meadow Drive
Mill Valley, CA 94941
mark@palmerlex.com

Attorneys for Defendants and Counter-Claimants
Paul Reiche III and Robert Frederick Ford

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 8, 2018, at San Francisco, California.

*/s/ Kerry Kappler*
Kerry Kappler

4834-3342-5263.1

Case No. 4:17-CV-07025-SBA