1    Robert A. Weikert (Bar No. 121146)
     rweikert@nixonpeabody.com
2    Dawn N. Valentine (Bar No. 206486)
     dvalentine@nixonpeabody.com
3    NIXON PEABODY LLP
     One Embarcadero Center
4    San Francisco, California 94111-3600
     Tel: (415) 984-8200
5    Fax: (415) 984-8300

6    David L. May (appearance *pro hac vice*)
     dmay@nixonpeabody.com
7    Jennette E. Wiser (appearance *pro hac vice*)
     jwiser@nixonpeabody.com
8    NIXON PEABODY LLP
     799 9th Street NW
9    Washington, DC 20001-4501
     Tel: (202) 585-8000
10   Fax: (202) 585-8080

11   Jason T. Kunze (appearance *pro hac vice*)
     jkunze@nixonpeabody.com
12   NIXON PEABODY LLP
     70 West Madison Street, 35th Floor
13   Chicago, IL 60602
     Tel: (312) 977-4400
14   Fax: (312) 977-4405

15   *Attorneys for Stardock Systems, Inc.*

16             **UNITED STATES DISTRICT COURT**

17             **NORTHERN DISTRICT OF CALIFORNIA**

18                  **OAKLAND DIVISION**

19   STARDOCK SYSTEMS, INC.,       Case No.: 4:17-cv-07025-SBA

20             Plaintiff,     **PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS**

21       vs.                  **TO THE DECLARATION OF BRAD WARDELL IN SUPPORT OF STARDOCK'S**

22   PAUL REICHE III and ROBERT     **MOTION FOR TEMPORARY RESTRAINING**
    FREDERICK FORD,             **ORDER AND ORDER TO SHOW CAUSE WHY**

23                               **PRELIMINARY INJUNCTION SHOULD NOT**
            Defendants.     **BE GRANTED**

24

25                               Judge: Hon. Saundra B. Armstrong

26                               Complaint Filed: Dec. 8, 2017
                              Trial Date: June 24, 2019

27

28        PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL
       DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER
       AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED   Case No.
                                               17-cv-07025-SBA

1

2

AND RELATED COUNTERCLAIM

3

4        Plaintiff Stardock Systems, Inc. ("Plaintiff" or "Stardock") hereby opposes the objections

5    submitted by Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively,

6    "Defendants") to the Declaration of Brad Wardell ("Wardell Declaration") in Support of Stardock

7    Systems, Inc.'s *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause

8    Why Preliminary Injunction Should Not Be Granted ("Defendants' Objections"). The Wardell

9    Declaration is not objectionable, and should be considered by this Court in its determination of

10   Stardock's PI Motion in order to prevent irreparable harm to Plaintiff.

11   I.    **WARDELL'S DECLARATION SHOULD BE CONSIDERED BY THIS COURT IN
            DETERMINING STARDOCK'S PRELIMINARY INJUNCTION MOTION.**

12

13       Because "[t]he urgency of obtaining a preliminary injunction necessitates a prompt

14   determination . . . [t]he trial court may give even inadmissible evidence some weight, when to do

15   so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v.*

16   *Harvey*, 734 F.2d 1389 (9th Cir. 1984). "Preliminary injunctive relief requires less formal and

17   less complete evidentiary showings than a trial on the merits under strict rules of evidence." *U.S.*

18   *v. Guess*, 2004 WL 3314940, at *4 (S.D. Cal. Dec. 15, 2004); *citing Republic of Philippines v.*

19   *Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court to

20   accept . . . hearsay for purposes of deciding whether to issue the preliminary injunction.")

21       Indeed, Defendants admit in their own evidentiary objections that ". . . courts have some

22   discretion to consider inadmissible evidence when a preliminary injunction is urgently needed to

23   prevent irreparable harm." Dkt. 64-26, 1:13-14.  While Defendants then go on to cite several

24   cases demonstrating instances where courts refused to consider inadmissible evidence in matters

25   involving motions for a preliminary injunction, all of those cases are easily distinguishable. *See*

26   *Beijing Ton Ren Tang (USA) Corp. v. TRT USA Corp.*, 676 F. Supp. 2d 857, 861 (N.D. Cal. 2009)

- 2 -

27

28

4838-8985-5091.1

1   (inadmissible evidence was considered in conjunction with a motion to strike substance related to

2   an unclean hands defense – not in conjunction with the actual merits of the motion for a

3   preliminary injunction); *U.S. v. Guess*, 2004 WL 3314940, at \*4 - \*8 (S.D. Cal. Dec. 15, 2004)

4   (the evidence provided in support of the government's motion, though considered, was

5   insufficient to meet the burden necessary for the issuance of a sweeping TRO); *Kitsap Physicians*

6   *Serv. v. Wash. Dental Serv.*, 671 F. Supp. 1267, 1269 (W.D. Wa. 1987) (court did not consider

7   inadmissible material from either parties' affidavits, though it expressly recognized that it did

8   have the discretion to do so for the purpose of prevent irreparable harm before trial).

9         Here, Stardock has exhaustively outlined the extensive harm that would result were the

10   Court to refuse to issue a preliminary injunction.  Furthermore, as outlined more fully below, the

11   portions of Brad Wardell's Declaration to which Defendants have objected are in fact admissible,

12   and should be considered.  For the reasons stated below, the Court should overrule Defendants'

13   objections.

14

15   **II.      RESPONSES TO DEFENDANTS' SPECIFIC EVIDENTIARY OBJECTIONS**

16

17

|     | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|-----|------------------------|-----------------------|----------------------|
| 1.  | **Wardell Decl., ¶ 3, Pg. 2, Lines 8-10** "Stardock purchased all rights to the Star Control intellectual property." | FRE 602<br>FRE 1002<br>Lack of Foundation<br><br>Wardell has failed to provide the foundation establishing the purported purchase of "all rights to the Stardock intellectual property."<br><br>Moreover, the documents memorializing the purported purchase are required to prove that such a purchase took place and | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge.<br><br>Defendants' objection under FRE 1002 is now irrelevant, as Defendants' have |

- 3 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL
DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED
Case No. 17-cv-07025-SBA

4838-8985-5091.1

| | | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|---|
| | | | are the "best evidence" of such a purchase. | themselves filed a motion for the court to take judicial notice of the relevant document. Dkt. 64-23. |
| | 2. | **Wardell Decl., ¶ 7, Pg. 3, Lines 1-2** "Stardock has not incorporated any copyrightable artwork from Star Control I, Star Control II, or Star Controll III into the *Origins* game itself." | <u>FRE 602</u> <u>FRE 701</u> Wardell lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide testimony as to what constitutes "copyrightable artwork." His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusivity within the scope of Rule 702. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. Despite the technical nature of the knowledge, this Court should still consider Wardell's testimony under FRE 701. *See Flynt Distrib. Co.* |
| | 3. | **Wardell Decl., ¶ 15, Pg. 3, Lines 24-26** "We expect similar numbers for Origins. A DMCA takedown notice on Steam would reduce sales and revenue by approximately 88% turning what would have been a successful game into a failure." | <u>FRE 602</u> <u>Lack of Foundation</u> <u>Speculation</u> Wardell has failed to provide the foundation necessary to support his statement that Stardock expects similar numbers for Origins or that a DMCA notice would reduce sales and revenue by approximately 88%. Wardell lacks personal knowledge and is speculating as to whether (1) Origins would be a | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. Wardell's statement does not constitute speculation, as these numbers are based on market share and past experience. Furthermore, an 88% |

- 4 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED

Case No. 17-cv-07025-SBA

4838-8985-5091.1

| | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|
| | | successful game, and (2) a DMCA notice would turn Origins into a failure. | decrease in sales is an objectively significant difference. |
| 4. | **Wardell Decl., ¶ 16, Pg. 4, Lines 5-6** "and its reputation will be harmed in the marketplace." | FRE 602<br>Lack of Foundation<br>Speculation<br><br>Wardell lacks personal knowledge and is speculating as to whether Stardock's reputation will be harmed. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge.<br><br>Furthermore, Wardell's statement does not constitute speculation as multiple gamers on a variety of blogs and threads have already indicated that they would be displeased should this dispute interfere with the release of *Origins*. |
| 5. | **Wardell Decl., ¶ 24, Pg. 5, Lines 1-2** "Any DMCA takedown notice will also irreparably impact Stardock's ability to partner with a game console publisher." | FRE 602<br>Lack of Foundation<br>Speculation<br><br>Wardell lacks personal knowledge and is speculating as to whether a DMCA notice will impact its ability to partner with a console publisher. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. |
| 6. | **Wardell Decl., ¶ 24, Pg. 5, Lines 3** "A DMCA takedown of the game will prevent any | FRE 602<br>Lack of Foundation<br>Speculation | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED
Case No. 17-cv-07025-SBA

4838-8985-5091.1

| | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|
| | console publisher from publishing the game. Without a game console publisher, *Origins* will only be available on PC which will which will reduce its potential audience and revenue by approximately 50 percent." | Wardell lacks personal knowledge and is speculating as to whether a DMCA notice will prevent a console publisher from publishing Origins.<br><br>Wardell has failed to provide foundation or otherwise establish personal knowledge that Stardock's potential audient and revenue will be reduced by approximately 50 percent. This statement is speculative. | witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge.<br><br>Furthermore, Wardell's statement does not constitute speculation as Wardell knows and is qualified to represent that without access to Steam, other console publishers will only be able to offer the game on PC. |
| 7. | **Wardell Decl., ¶ 25, Pg. 5, Lines 9-10** "DMCA take down notices permanently harm our relationship with our customers." | FRE 602<br>Lack of Foundation<br>Speculation<br><br>Wardell lacks personal knowledge and is speculating as to whether a DMCA notice will permanently harm Stardock's relationship with its customers. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge.<br><br>Furthermore, Wardell's statement does not constitute speculation as multiple gamers on a variety of blogs and threads have already indicated that they would be displeased should this dispute interfere with the release of *Origins*. |

- 6 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED

Case No. 17-cv-07025-SBA

4838-8985-5091.1

| | | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|---|
| | 8. | **Wardell Decl., ¶ 26, in its entirety** "The rumored suggestion that *Origins* will not be released has *already* led to backlash from Stardock's customers who have pre-ordered the game and then requested a refund. Following are quotes from customers who requested a refund "because the game might not be released": [*customer quotes removed for brevity but subject to the objection*]." | FRE 801, 802 <u>Lacks of Foundation</u> The purported statements from Stardock's customers are extrajudicial statements now offered for their truth and are therefore inadmissible hearsay. Moreover, Wardell has failed to provide information sufficient to establish the foundation for these statements, or even indicate where the statements originated.  For this reason, the statements are inherently unreliable. | Despite the alleged hearsay presented by the customer statements, this Court should still consider Wardell's testimony in the interest of avoiding irreparable harm. *See Flynt Distrib. Co.*; *see also Republic of Philippines.* |
| | 9. | **Wardell Decl., ¶ 28, Pg. 6, Lines 12-15** "False accusations that create doubt amongst Stardock's ecosystem of partnerships and players in the industry will have material financial and reputation impacts that will have direct financial consequences due to failure to deliver on existing contracts. | FRE 602 <u>Lack of Foundation</u> <u>Speculation</u> Wardell has failed to establish foundation for his insinuation that statements made by Reiche and Ford are false. Wardell lacks personal knowledge and is speculating as to the financial and reputation impacts that could occur if *Origins* is not released as scheduled. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. Furthermore, Wardell is not speculating as to his company's financial status and the repercussions that would result should Stardock be unable to meet its obligations under existing contracts. |

- 7 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED

Case No. 17-cv-07025-SBA

4838-8985-5091.1

| | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|
| 10. | **Wardell Decl., ¶ 29, Pg. 6, Lines 18-19** "The damage from a failed launch would likely impact the sale of not only *Origins* but all of Stardock's offerings." | <u>FRE 602</u> <u>Lack of Foundation</u> <u>Speculation</u><br><br>Wardell lacks personal knowledge and is speculating as to the "likely impact" and damage that could be associated with a failed launch.<br><br>Wardell has failed to establish foundation sufficient to support his statement that a failed launch of *Origins* would impact the sale of "all" of Stardock's offerings. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. |
| 11. | **Wardell Decl., ¶ 30, Pg. 6, Line 24 – Pg. 7, Line 3** "Without legal avenue for purchase, many customers will acquire the game through piracy distribution channels. Sales would be irreparably lost because if there is no legal means to obtain the game many people will resort to getting it some other way. We project sales of approximately $3.1 million in the first 60 days of *Origins*' release with approximately $2 million of that being it the first 14 days. Sales lost due to piracy would be difficult to calculate, but would be | <u>FRE 602</u> <u>Lack of Foundation</u> <u>Speculation</u><br><br>Wardell lacks personal knowledge and is speculating as to the expected actions of its customers in the event *Origins* is not released as scheduled.<br><br>Wardell lacks foundation and is speculating as to whether sales would be "irreparably lost."<br><br>Wardell has failed to establish foundation sufficient to support Stardock's projected sales of the *Origins* release. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge.<br><br>Despite the uncertain nature of this statement, Court should still consider Wardell's testimony in order to avoid irreparable harm. *See Flynt Distrib. Co.* |

- 8 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED
Case No. 17-cv-07025-SBA

4838-8985-5091.1

| | | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|---|
| | | significant in any case." | | |
| | 12. | **Wardell Decl., ¶ 31, Pg. 7, Lines 4-5** "The gaming press would also interpret a DMCA take down notice as a signal that the merits of the case are with Reiche and Ford." | FRE 602 Lack of Foundation Speculation Wardell lacks personal knowledge and is speculating as to how the gaming press would interpret a DMCA notice. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. |
| | 13. | **Wardell Decl., ¶ 31, Pg. 7, Lines 6-8** "should a takedown notice preclude sale of *Origins* on Steam, it would permanently damage the value of Stardock's brand and reputation and very likely impact the sales of the *Origins* game." | FRE 602 Lack of Foundation Speculation Wardell lacks personal knowledge and is speculating as to the purported damage that would result from the issuance of a DMCA notice, including with regard to any purported reputational harm and damage to Stardock's brand. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. Despite the uncertain nature of this statement, Court should still consider Wardell's testimony in order to avoid irreparable harm. *See Flynt Distrib. Co.* |
| | 14. | **Wardell Decl., ¶ 32, Pg. 7, Lines 9-11** "Any delay in the release of *Star Control: Origins* would require Stardock to severely cut back on its gaming staff and require it to lay off approximately 26 employees. | FRE 602 Lack of Foundation Speculation Wardell has failed to establish foundation sufficient to support his statement that a delay in the release of *Origins* would require Stardock to | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Wardell's testimony as CEO of Stardock is sufficient to demonstrate personal knowledge. |

- 9 -

4838-8985-5091.1

| | Objectionable Evidence | Grounds for Objection | Plaintiff's Response |
|---|---|---|---|
| | | lay off approximately 26 employees. | Furthermore, Wardell is not speculating as to his company's financial status and the repercussions that would result should Stardock be deprived of revenue associated with the sale of *Origins*. |

Dated:  September 21, 2018

Respectfully submitted,

**NIXON PEABODY LLP**

By:   /s/ Robert A. Weikert

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

- 10 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO WARDELL
DECLARATION ISO OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED

Case No. 17-cv-07025-SBA

4838-8985-5091.1