STEPHEN C. STEINBERG (SBN 230656)
 ssteinberg@bzbm.com
TIFFANY S. HANSEN (SBN 292850)
 thansen@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Mark S. Palmer (SBN 203256)
 mark@palmerlex.com
4 Meadow Drive
Mill Valley, California 94941
Telephone:  (415) 336-7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>          Defendants.<br>_____<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>          Counter-Claimants,<br><br>     v.<br><br>STARDOCK SYSTEMS, INC.,<br><br>          Counter-Defendant. | Case No. 4:17-CV-07025-SBA<br><br>**REICHE AND FORD'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF PAUL REICHE III IN SUPPORT OF STARDOCK'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**<br><br>Judge:  Hon. Saundra B. Armstrong<br><br>Complaint Filed:  Dec. 8, 2017<br>Trial Date:  June 24, 2019 |

2635.000/1332296.1

Case No. 4:17-CV-07025-SBA

REICHE AND FORD'S OPPOSITION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF
PAUL REICHE III IN SUPPORT OF STARDOCK'S MOTION FOR TEMPORARY RESTRAINING ORDER

1    Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford ("Reiche

2  and Ford") hereby oppose the objections submitted by Stardock Systems, Inc. ("Stardock") to the

3  Declaration of Paul Reiche III ("Reiche Decl.") in Support of Reiche and Ford's Opposition to

4  Stardock's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why

5  Preliminary Injunction Should Not Be Granted ("Stardock's Objections").  The Reiche Decl. is not

6  objectionable and should be considered by this Court in its determination of Stardock's Motion.

7    The statements in the Reiche Decl. are entirely within the personal knowledge of Paul

8  Reiche III and the foundation for the statements made therein is Reiche's own personal

9  knowledge.  Stardock's objections to this evidence are ill-founded, especially given Stardock's

10  CEO's own admission that Reiche and Ford are the original creators of Star Control I and II and

11  thus the ***only*** parties with personal knowledge of the creation thereof.  [Dkt 64-1, Ex. 9].

12

| | **Objectionable Evidence** | **Grounds for Objection** | **Response** |
|---|---|---|---|
| 1. | "In the Summer of 1988, I created the concept for the Star Control computer game and made a proposal to develop it to multiple video game publishing companies, including Accolade."<br><br>Reiche Decl., p. 2, ¶ 2, lines 5-7 | FRE 901<br>The declarant has failed to provide the foundation required to support his statement that he "created the concept for the Star Control computer game," or that he made development proposals to "multiple video game publishing companies.<br><br>FRE 1002<br>Furthermore, the declarant has failed to include the proposal documents required by the "best evidence" rule to prove that these development proposals took place. | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge.<br><br>Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be |

| | | | |
|---|---|---|---|
| | | | proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered." FRE 1002 Committee Notes, citing McCormick §198; 4 Wigmore §1245. Reiche's testimony as to the fact that he created a proposal to present to video game companies does not require documentary evidence as Reiche's statement does not speak to the **content** of the proposal, just that one was created. |
| 2. | "This mode of gameplay was unique when we created and released *Star Control*, as far as I recall." <br><br> Reiche Decl., p. 2, ¶ 5, lines 27-28 | FRE 901 <br> The declarant has failed to provide the foundation required to support his statement that the mode of gameplay was unique at the time *Star Control* was created. <br><br> FRE 602 <br> Speculation <br> The declarant lacks personal knowledge and is speculating as to whether any other games had similar modes of gameplay at the time *Star Control* was released. | FRE 901 concerns the authentication of "an **item** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony. FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement. <br><br> Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Reiche's testimony, as the creator of Star Control and its mode of gameplay, is sufficient to demonstrate his personal knowledge of its uniqueness. |
| 3. | "Each of the alien species has a unique name, appearance, ship(s), weapons, backstory, and conversational style." | FRE 901 <br> The declarant has failed to provide the foundation | FRE 901 concerns the authentication of "an **item** of evidence" (e.g. documentary evidence) and is thus |

| | | required to support his statement. | inapplicable to witness testimony.  FRE 901 (emphasis added).  Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. |
|---|---|---|---|
| 4. | "As far as I know, no other game had a screen display, layout, and functionality like this before, or since (except for Stardock's *Origins* beta initially called "Super Melee" and then "Fleet Battles" as discussed below)."<br><br>Reiche Decl., p. 4, ¶ 9, lines 12-14 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement.<br><br><u>FRE 602</u><br><u>Speculation</u><br>The declarant lacks personal knowledge and is speculating as to whether any other games had similar screen display, layout, and functionality similar to *Star Control* | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added).  Regardless, Reiche's own personal knowledge is the foundation for this statement.<br><br>Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Reiche's testimony, as the creator of Star Control and its screen display, layout and functionality, is sufficient to demonstrate his personal knowledge of its uniqueness. |
| 5. | "Fred and I were the primary authors of most of the creative materials incorporated into both *Star Control 1 and II*, including the game design, story, art, sound effects, software code, and other materials.<br><br>Reiche Decl., p. 4, ¶ 11, lines 17-19 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added).  Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. |
| 6. | ". . . I personally created the names, initial concepts, written | <u>FRE 901</u> | FRE 901 concerns the authentication of "an ***item*** of |

| | | | |
|---|---|---|---|
| | descriptions, and sketches of every character in the games, as well as their history, physical and cultural details, and conversation design and text specifications. I also wrote a majority of the dialogue for the characters, and illustrated a majority of the ships, among other things." <br><br> Reiche Decl., p. 4, ¶ 12, lines 20-24 | The declarant has failed to provide the foundation required to support his statement that he actually created any of the elements contained in this statement. | evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. |
| 7. | "In addition to co-leading the development of the games with me and acting as one of the producers, Fred personally wrote all of the code for both *Star Control I and II*, as far as we can recall." <br><br> Reiche Decl., p. 4, ¶ 13, lines 25-27 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement. <br><br> <u>Speculation</u><br>The declarant is speculating as to the role that Fred had in the development of Star Control I and II, as evidenced by the statement "as far as we can recall." | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. <br><br> The role that Fred played in the development of Star Control I and II is well within Reiche's personal knowledge and is not speculative. |
| 8. | "To the best of my recollection, everyone who contributed creative content to the games agreed to assign any copyrights to their material to Fred and me at that time, and have since signed written agreements confirming this." <br><br> Reiche Decl., p. 5, ¶ 14, lines 4-6 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement that other individuals who worked on the Star Control computer game agreed to assign their copyrights. <br><br> <u>Speculation</u><br>The declarant is speculating as to whether | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. |

| | | other contributors in the development of Star Control I and II agreed to assign copyrights to Fred and the declarant, as evidenced by the statement "[t]o the best of my recollection . . ." | The scope of involvement of third parties in the development of Star Control I and II is well within Reiche's personal knowledge and is not speculative. |
| | | FRE 1002<br>Furthermore, the declarant has failed to include the assignment documents required by the "best evidence" rule to prove that these assignments actually took place. | Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered."  FRE 1002 Committee Notes, citing McCormick §198; 4 Wigmore §1245.  Reiche's testimony as to the scope of involvement of third parties in the development of Star Control I and II does not require documentary evidence as Reiche's statement does not speak to the **content** of the assignment of those parties' rights (to the extent they existed), just that they occurred. |
| 9. | "Thus, aside from a small amount of music in *Star Control II* which we licensed, all copyrights to *Star Control I and* | FRE 602<br>FRE 701<br>The declarant lacks the personal knowledge necessary to make this | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." |

| | | |
|---|---|---|
| *II* are and have always been owned by Fred and me.<br><br>Reiche Decl., p. 5, ¶ 15, lines 7-8 | statement, as he does not have the expertise necessary to provide opinion as to whether he owns "all copyrights to *Star Control I and II*." As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702.<br><br><u>FRE 1002</u><br>Furthermore, the declarant has failed to include the copyright ownership documents required by the "best evidence" rule to prove ownership. | Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception.<br><br>Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered."  FRE 1002 Committee Notes, citing McCormick §198; 4 |

| | | | |
|---|---|---|---|
| | | | Wigmore §1245.  Reiche's testimony as to the fact that he created and owns copyrights to Star Control I and II does not require documentary evidence—indeed, a registered copyright is not required to establish copyright ownership. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. |
| 10. | "Fred and I later obtained U.S. Copyright Registration No. PA 2-071-496 for the work titled 'Star Control II,' which covers all computer program code for that game, and U.S. Copyright Registration No. PA 2-107-340 for the work titled 'Star Control II,' which covers all of the audiovisual and written content in the game . . ." <br><br> Reiche Decl., p. 5, ¶ 19, lines 21-24 | <u>FRE 602</u> <br> <u>FRE 701</u> <br> The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to what the alleged copyrights do or do not cover. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." <br> Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software]."). <br><br> Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. |

| | | | |
|---|---|---|---|
| 11. | "*Star Control 3* was not as well-received as Star Control I and II."<br><br>Reiche Decl., p. 6, ¶ 20, lines 6-7 | FRE 602<br>The declarant lacks the personal knowledge necessary to make this statement.<br><br>FRE 901<br>The declarant has failed to provide the foundation required to support his statement that Star Control 3 was not as well-received as Star Control I and II. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Reiche's testimony is sufficient to demonstrate his personal knowledge of the success of Star Control 3.<br><br>FRE 901 concerns the authentication of "an *item* of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement. |
| 12. | "Accolade offered to purchase all rights to *Star Control I and II* and any other Star Control products from me. Accolade acknowledged that Fred and I created and owned *Star Control*, including 'its themes, settings, plot lines, characters, its 'essence' as entity unique from any other science-fiction game,' and that *Star Control 3* was created only with Fred's and my permission under agreements with Accolade."<br><br>Reiche Decl., p. 6, ¶ 22, lines 11-15 | FRE 901<br>The declarant has failed to provide the foundation required to support his statement that Accolade offered to purchase rights to Star Control, and that it acknowledged that the declarant was the owner of those rights.<br><br>FRE 801, 802<br>Furthermore, the statements allegedly made by Accolade are extrajudicial statements being offered for their truth, and as such they are inadmissible hearsay without exception.<br><br>FRE 1002<br>Finally, the declarant has failed to include the documents required by the "best evidence" rule to prove that Accolade | FRE 901 concerns the authentication of "an *item* of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge.<br><br>The statements made by Accolade are not hearsay because they are not offered for their truth.  Instead, Reiche and Ford offer these statements to show that, as the parties to the 1988 Agreement, Reiche and Ford and Accolade had the same understanding as to the subject matter of the 1988 Agreement—both at the time of contracting and at the time |

| | | did indeed make an offer to purchase any rights to the Star Control games. | the statement was made.  In addition, these statements are admissible under FRE 807.<br><br>The documents containing the statements at issue are attached to the Reiche Decl. as Exhibit 6.  Thus, Stardock's FRE 1002 objection is unfounded. |
|---|---|---|---|
| 13. | "In November 1997, Accolade asked instead for a perpetual exclusive license to the classic background material for *Star Control I and II* for use in a new Star Control game and potential future sequels. Accolade stated that '[c]urrently, Accolade owns the rights to the title Star Control, and [Reiche and Ford] own the rights to the classic background material created for Star Control and Star Control 2,' and that '[Accolade] would like to unify the Star Control license . . .'"<br><br>Reiche Decl., p. 6, ¶ 23, lines 17-22 | FRE 901<br>The declarant has failed to provide the foundation required to support his statement that Accolade wanted a perpetual license, and that it acknowledged that the declarant was the owner of those rights.<br><br>FRE 801, 802<br>Furthermore, the statements allegedly made by Accolade are extrajudicial statements being offered for their truth, and as such they are inadmissible hearsay without exception.<br><br>FRE 1002<br>Finally, the declarant has failed to include the documents required by the "best evidence" rule to prove that Accolade did indeed make an offer to purchase an exclusive license to the Star Control games. | FRE 901 concerns the authentication of "an **item** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge.<br><br>The statements made by Accolade are not hearsay because they are not offered for their truth.  Instead, Reiche and Ford offer these statements to show that, as the parties to the 1988 Agreement, Reiche and Ford and Accolade had the same understanding as to the subject matter of the 1988 Agreement—both at the time of contracting and at the time the statement was made.  In addition, these statements are admissible under FRE 807.<br><br>Moreover, the documents containing the statements at issue are attached to the Reiche Decl. as Exhibit 6. |

9

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION

| | | | Thus, Stardock's FRE 1002 objection is unfounded. |
|---|---|---|---|
| 14. | Accolade never paid me any advances or royalties under Addendum No. 3 after the initial advance in 1998 . . . Accolade also stopped paying royalties for sales of the Classic Star Control Games after 2000 at the latest, indicating that it had stopped selling them. "Thus, the 1988 License Agreement and Addenda Nos. 1-3 expired and terminated by April 1, 2001, and all copyrights to *Star Control I and II* and our materials used in *Star Control 3* reverted to Fred and me on or about April 1, 2001.<br><br>Reiche Decl., p. 7, ¶ 27, lines 6-11 | <u>FRE 901</u><br><u>Speculation</u><br>The declarant has failed to provide the foundation required to support his statement that Accolade did not make advances after 1998 or pay royalties after 2000, and is speculating as to whether Accolade did indeed stop selling Classic Star Control Games after 2000.<br><br><u>FRE 602</u><br><u>FRE 701</u><br>The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to when the License Agreement terminated, and whether "all copyrights to *Star Control I and II* and [the] materials used in *Star Control 3*" reverted to the declarant on or about April 1, 2001. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."<br>Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception. FRE 702. *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as a party to the 1988 Agreement, is sufficient to demonstrate his personal knowledge as to the scope of his rights under that agreement and such testimony is rationally based on Reiche's perception. Moreover, the 1988 Agreement itself attached to the Reiche Decl. as Exhibit 1. |
| 15. | ". . . Accolade indicated that it was no longer using the name | <u>FRE 901</u><br>The declarant has failed to provide the foundation | FRE 901 concerns the authentication of "an **item** of evidence" (e.g. documentary |

| | | | |
|---|---|---|---|
| | and had no plans to do so in the future." | required to support his statement that Accolade no longer intended to use the Star Control mark. | evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). |
| | Reiche Decl., p. 7, ¶ 28, lines 15-16 | FRE 801, 802 | Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. |
| | | Furthermore, the statements allegedly made by Accolade are extrajudicial statements being offered for their truth, and as such they are inadmissible hearsay without exception. | This statement is admissible under FRE 807 because it has circumstantial guarantees of trustworthiness (namely, that Accolade did not, in fact, use the name in the future) and it is more probative than other available evidence. |
| 16. | On or about April 1, 2011, Fred and I learned that a company called Good Old Games was selling *Star Control I and II* on its website, GOG.com . . . without our permission and in violation of our copyrights. | FRE 602 | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").|
| | Reiche Decl., ¶ 32, p. 7 lines 27-28 to p. 8 line 1 | FRE 701 | |
| | | The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether Good Old Games was violating any copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. | |
| | | | Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such |

| | | | |
|---|---|---|---|
| 1 2 3 4 | | | testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. |
| 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | 17. | "On April 22, 2011, Fred and I notified Atari and GOG that we were the authors and owners of *Star Control I and II* and had not given permission for Atari to sell them. We reminded Atari that while Accolade once held the publishing rights, such rights expired long ago and that any purported agreement by Atari concerning our work violated our rights."<br><br>Reiche Decl., p.8, ¶ 33, lines 4-8 | FRE 602<br>FRE 701<br>The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether he owned Star Control I and II, whether Accolade's publishing rights had expired, and whether Atari had the right to sell any of the Star Control games. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception. FRE 702. *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's statement as to what he communicated to GOG is obviously within his personal knowledge and based on his own perception rather than technical knowledge.<br><br>Moreover, Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. The copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. |

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION

| | | | |
|---|---|---|---|
| 18. | "On January 2, 2012, we entered into an agreement with GOG to provide it with a non-exclusive license to distribute the Classic Star Control Games . . ." <br><br> Reiche Decl., p. 8, ¶ 37, lines 19-21 | <u>FRE 901</u> <br> The declarant has failed to provide the foundation required to support his statement that he agreed to a nonexclusive license with GOG to distribute the Classic Star Control Games. <br><br> <u>FRE 1002</u> <br> Additionally, the declarant has failed to include the documents required by the "best evidence" rule to prove that the alleged non-exclusive license took place. | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. <br><br> Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered."  FRE 1002 Committee Notes, citing McCormick §198; 4 Wigmore §1245.  Reiche's testimony as to the fact that he and Fred entered into an agreement with GOG does not require documentary evidence as Reiche's statement does not speak to the ***content*** of the agreement, just that one existed. |
| 19. | "I understand that around January 2013, Atari filed for | <u>FRE 602</u> <br> <u>FRE 701</u> | FRE 901 concerns the authentication of "an ***item*** of |

Case 4:17-cv-07025-SBA   Document 67   Filed 09/24/18   Page 15 of 33

| | | |
|---|---|---|
| bankruptcy and put its assets up for auction, including the "Star Control Franchise" consisting of some rights to "Star Control 3" but no rights to the *Star Control I and II* games that Fred and I create and for which we own the copyrights."<br><br>Reiche Decl., p. 8, ¶ 38, lines 23-26 | The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to what rights may or may not have been included in Atari's bankruptcy, and whether or not the declarant owns any relevant copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702.<br><br>FRE 901<br>The declarant has failed to provide the foundation required to support his statement.<br><br>Speculation<br>The declarant is speculating as to the details of Atari's bankruptcy, as evidenced by the statement "I understand that around January 2013 . . ." | evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement.<br><br>Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702. *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony as to what he understands with regard to the Atari bankruptcy is sufficient to demonstrate his personal knowledge thereof and such testimony is rationally based on Reiche's perception. |
| 20. | "U.S. Copyright Registration No. PA 799-000 for Star Control 3 . . . could not have included rights to 'characters, names, likenesses, characteristics, and other intellectual property rights pertaining to Star Control I and | FRE 602<br>FRE 701<br>The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702. *See,* |

| | | | |
|---|---|---|---|
| | Star Control II in which Reiche has an ownership interest' that we licensed to Accolade under Addendum No. 2 to the 1988 License Agreement." <br><br> Reiche Decl., ¶ 39, p. 8 lines 27-28 to p. 9 lines 1-4. | opinion as to what a copyright registration may include, and whether or not the declarant owns any relevant copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. <br><br> <u>FRE 901</u> <br> The declarant has failed to provide the foundation required to support his statement. | *e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software]."). <br><br> Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. <br><br> FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement. |
| 21. | "Stardock now claims it also bought exclusive publishing rights to Fred's and my *Star Control I and II* games under the 1988 License Agreement. This is not possible for at least three reasons. First, the 1988 License Agreement expired by 2001, when Accolade ceased | <u>FRE 602</u> <br> <u>FRE 701</u> <br> The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to the transfer | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702. *See, e.g. Medforms, Inc. v.* |

| | | | |
|---|---|---|---|
| | selling the games and paying royalties to me. Second, even if it had not expired in 2001, under the 1988 License Agreement, all rights to our games would have reverted to me when the Atari bankruptcy took more than 90 days to be terminated. Third, the 1988 License Agreement could not be assigned without my consent, and Atari and Stardock never asked for nor received such consent from me." <br><br> Reiche Decl., p. 9, ¶ 40, lines 5-12 | of publishing rights as a result of Atari's bankruptcy, whether or not the declarant owns any of the relevant copyrights, and as to whether the 1988 License Agreement could be assigned without his consent. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. <br><br> <u>FRE 901</u> <br> The declarant has failed to provide the foundation required to support his statement. | *Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software]."). <br><br> Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. <br><br> FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement. |
| 22. | "Fred and I hold the copyrights to Star Control I and II personally . . . We also hold the use of those copyrights in Star Control II, but do not have any ownership of the new material in that product." <br><br> Reiche Decl., p. 10, ¶ 43, lines 2-4 | <u>FRE 602</u> <br> <u>FRE 701</u> <br> The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to copyright ownership. As a result, his opinions constitute | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, |

| | | improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702 | 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. |
|---|---|---|---|
| 23. | "Wardell admitted that 'Atari doesn't actually own the copyright on Star Control 1/2 so it's not like one could make a Star Control 2 HD or what have you without a license from Paul Reiche.'"<br><br>Reiche Decl., p. 10, ¶ 44, lines 7-9 | **FRE 901**<br>The declarant has failed to provide the foundation required to support his statement, nor even identified the source of this alleged statement.<br><br>**FRE 106**<br>Furthermore, this isolated statement is only a portion of a larger conversation that the declarant should have included to provide necessary context. | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony. FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge.<br><br>FRE 106 simply allows a party to introduce additional evidence that may be considered in conjunction with a piece of offered evidence. FRE 106 is ***not*** a grounds for exclusion of evidence. |

| 24. | Seemingly in response to Fred's and my announcement and refusal to license our content . . . Stardock began selling the Classic Star Control Games through Steam . . . without permission from us and in violation of our copyrights.<br><br>Reiche Decl., p. 12, ¶ 63, lines 19-24 | FRE 602<br>FRE 701<br>The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as not the declarant owns any of the relevant copyrights, and as to whether the 1988 License Agreement could be assigned without his consent. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702.<br><br>Speculation<br>Furthermore, the declarant is speculating as to Stardock's intentions behind selling the Classic Star Control Games through steam.<br><br>FRE 901<br>The declarant has failed to provide the foundation required to support his statement or authenticate the alleged screenshot of Stardock's website. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software]").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4.<br><br>FRE 901 concerns the authentication of "an **item** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement.<br><br>Reiche's testimony is sufficient to demonstrate his |

| | | | |
|---|---|---|---|
| | | | personal knowledge that Stardock began selling the games that Reiche and Ford created and own without their permission. |
| 25. | "In late 2017, Fred and I sent Valve a DMCA notice notifying them of our copyrights . . ."<br><br>Reiche Decl., p. 13, ¶ 64, lines 19-20 | FRE 602<br>FRE 701<br>The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether or not the declarant owns any of the relevant copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702.<br><br>FRE 1002<br>Additionally, the declarant has failed to include the documents required by the "best evidence" rule to demonstrate the date and content of the Valve DMCA. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's statement as to Reiche and Ford sending a DMCA notice to Valve is obviously within his personal knowledge and based on his own perception rather than technical knowledge. Moreover, Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception.  The copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4. |

| | | | |
|---|---|---|---|
| | | | Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered."  FRE 1002 Committee Notes, citing McCormick §198; 4 Wigmore §1245.  Reiche's testimony as to the fact that he and Ford sent a DMCA notice does not require documentary evidence as Reiche's statement does not speak to the **content** of the DMCA notice, just that it was sent. |
| 26. | "Last fall, Stardock also began taking preorders for its forthcoming *Origins* game . . . and began releasing information about the game that suggests it will infringe our copyrights to the *Star Control I and II* games."<br><br>Reiche Decl., p. 13, ¶ 65, lines 23-25 | FRE 602<br>FRE 701<br>The declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether Stardock's game will infringe any copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based |

| | | knowledge exclusively within the scope of FRE 702.<br><br>FRE 901<br>The declarant has failed to provide the foundation required to support his statement or authenticate the alleged screenshot of Stardock's website | on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge as to the scope of the copyrights he and Fred own and such testimony is rationally based on Reiche's perception. Moreover, the copyright registrations themselves are attached to the Reiche Decl. as Exhibits 3-4.<br><br>Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshot of Stardock's website. |
|---|---|---|---|
| 27. | "From the publicly released videos . . ."<br><br>Reiche Decl., p. 14, ¶ 66, line 3 | FRE 901<br>The declarant has failed to provide the foundation required to support his statement, or even identified the videos to which he is referring. | Reiche need not authenticate a video which Reiche and Ford have not offered into evidence. |
| 28. | "On May 11, 2018, Wardell stated on Stardock's website that contrary to his prior statements, "[f]uture Star Control games will have the classic Star Control aliens in them . . . Only the most unreasonable person would argue that Star [] control games can't have Star Control aliens simply because an independent contractor of Accolade's claims rights to names he may or may | FRE 901<br>The declarant has failed to authenticate the alleged screenshot of Stardock's website, attached as Exhibit 13.<br><br>FRE 106<br>Furthermore, this isolated statement is only a portion of a larger text that the declarant should | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshot of Stardock's website.<br><br>FRE 106 simply allows a party to introduce additional evidence that may be considered in conjunction with a piece of offered |

21

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS TO WARDELL DECLARATION

| | | | |
|---|---|---|---|
| | not of [sic?] randomly generated 28 years ago. A screenshot of Stardock's online forum containing this statement is attached as Exhibit 13."<br><br>Reiche Decl., p. 14, ¶ 66, line 3 | have included to provide necessary context. | evidence. FRE 106.  FRE 106 is **not** a grounds for exclusion of evidence.  *Id.* |
| 29. | "Later in May 2018, Wardell conducted an informal survey or vote among potential purchasers of Origins of which aliens to include from *Star Control I and II*. At the end of the vote, he announced that several alien races from *Star Control I and II* will also be in *Origins*, and that they will play the same roles as in the original game. . .<br><br>Reiche Decl., p. 15, ¶ 70, lines 7-11 | <u>FRE 602</u><br><u>FRE 901</u><br>The declarant lacks the personal knowledge necessary to make this statement, and has failed to provide the foundation required.<br><br><u>FRE 1002</u><br>Furthermore, the declarant has failed to include the documents required by the "best evidence" rule to demonstrate the accuracy of Wardell's alleged comments and the results of the alleged survey.<br><br><u>FRE 106</u><br>Finally, this isolated statement is only a portion of a larger text that the declarant should have included to provide necessary context. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Reiche's testimony is sufficient to demonstrate his personal knowledge of the events he describes.<br><br>FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added).<br><br>FRE 106 simply allows a party to introduce additional evidence that may be considered  in conjunction with a piece of offered evidence. FRE 106.  FRE 106 is **not** a grounds for exclusion of evidence.  *Id.* |
| 30. | "In July 2018, Wardell confirmed that the Arilou will appear in *Origins*, and revealed that *Origins* will include other aliens from *Star Control I and II* called the Chenjesu and Melnorme."<br><br>Reiche Decl., p. 15, ¶ 71, lines 12-14 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement or to even indicate the source of this alleged statement." | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony.  FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected |

| | | | that the statement lacks personal knowledge. |
|---|---|---|---|
| 31. | "On August 13, 2018, Wardell stated that 'Stardock owns the Star Control aliens. Paul and Fred *might* have copyrights to how those aliens were expressed in Star Control II but that's the extent of it . . . Stardock will utilize the Star Control aliens as it sees fit.' A screenshot of the UQM forum containing this post is attached hereto as Exhibit 14<br><br>Reiche Decl., p. 15, ¶ 72, lines 15-18 | FRE 901<br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of the UQM forum post, attached as Exhibit 14.<br><br>FRE 106<br>Furthermore, this isolated statement is only a portion of a larger text that the declarant should have included to provide necessary context. | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshot of the UQM forum post.<br><br>FRE 106 simply allows a party to introduce additional evidence that may be considered in conjunction with a piece of offered evidence. FRE 106 is *not* a grounds for exclusion of evidence. |
| 32. | "On August 14, 2018, Wardell admitted that 'We expect players to assume that the Arilou species [in Star Control; Origins] is related to the Arilou species in SC2 [*Star Control II*].' A screenshot of the UQM forum containing this post is attached hereto as Exhibit 15."<br><br>Reiche Decl., p. 15, ¶ 73, lines 19-21 | FRE 901<br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of the UQM forum post, attached as Exhibit 15.<br><br>FRE 106<br>Furthermore, this isolated statement is only a portion of a larger text that the declarant should have included to provide necessary context. | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshot of the UQM forum post.<br><br>FRE 106 simply allows a party to introduce additional evidence that may be considered in conjunction with a piece of offered evidence. FRE 106 is *not* a grounds for exclusion of evidence. |
| 33. | ". . . appearing to confirm our suspicion that Stardock will ultimately seek to stop us from using our own characters in our sequel. A screenshot of Stardock's online forum containing this statement is attached as Exhibit 16." | FRE 901<br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of the UQM forum post, attached as Exhibit 16. | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshot of the UQM forum post. |

| | | | |
|---|---|---|---|
| | Reiche Decl., p. 15, ¶ 74, lines 24-27 | <u>Speculation</u><br>Furthermore, the declarant is speculating as to Stardock's future intentions regarding its intellectual property. | |
| 34. | "Stardock has also used on its website images of aliens that are substantially similar to and/or derived from aliens from *Star Control I and II, e.g.*: [Images of aliens allegedly from Star Control I and II and then current aliens allegedly from Stardock's Website]<br><br>Reiche Decl., p. 16, ¶ 75, lines 1-16 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of aliens from Star Control I and II or from Stardock's website.<br><br><u>FRE 602</u><br><u>FRE 701</u><br>Furthermore, the declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether aliens in Stardock are "substantially similar to and/or derived from aliens from *Star Control I and II.*" As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshots of the aliens from Stardock's website.<br><br>Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception. FRE 702. *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge thereof and his testimony that the aliens on Stardock's website are substantially similar is rationally based on his own perception. |

| 35. | ". . . given all of the above, [*Origins*] seems likely to infringe our copyrights." <br><br> Reiche Decl., p. 16, ¶ 76, lines 17-20 | <u>FRE 602</u> <br> <u>FRE 701</u> <br> Furthermore, the declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether Origins will infringe on any copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. <br><br> <u>Speculation</u> <br> Furthermore, the declarant is speculating as to whether a game that he has not yet seen will infringe on a copyright he allegedly owns. | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software]."). <br><br> Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge of the games as well as his copyrights therein, and his testimony that Origins *seems* to infringe is rationally based on his own perception. |
| 36. | ". . . Stardock released two content packs consisting of names, images, and descriptions of characters in *Origins* that are substantially similar to and/or derived from characters from . . . *Star Control I and II* . . ." <br><br> Reiche Decl., p. 16, ¶ 77, lines 21-24 | <u>FRE 901</u> <br> The declarant has failed to provide the foundation required to support his statement. <br><br> <u>FRE 602</u> <br> <u>FRE 701</u> <br> Furthermore, the declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshots of the aliens from Stardock's content pack. <br><br> Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's |

| | | | |
|---|---|---|---|
| | | characters in *Origins* are "substantially similar to and/or derived from characters . . . from *Star Control I and II.*" As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702. | perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge thereof and his testimony that the aliens in Stardock's content packs are substantially similar is rationally based on his own perception. |
| 37. | ". . . Wardell admitted that *Origins* includes characters called the Arilou who are from *Star Control I and II*. Besides the identical names, below is a comparison of images of the Arilou from *Star Control I and II* and from the *Origins* content pack:" [Images of aliens allegedly from Star Control I and II and then current aliens allegedly from *Origins*]<br><br>Reiche Decl., ¶ 78, p. 16 lines 25-27 to p. 17 lines 1-22. | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of aliens from Star Control I and II or from the *Origins* content pack | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshots of the aliens from Stardock's content pack. |
| 38. | "Stardock's website and content pack describe the Arilou in *Origins* as a 'race of green-skinned aliens who admit to having been watching the | FRE 1002<br>The declarant has failed to include the documents required by the "best | Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an |

| | | | |
|---|---|---|---|
| | human race for a long time,' and as 'little green men.' Calling themselves the Arilou Lalee'lay, they have apparently been watching humanity for a long time . . . they also seem to be almost purposefully mysterious.' Similarly, the Arilou are described in *Star Control II* as '[t]he Ariloulaleelay are a mysterious race . . . they do make regular, secret visits to your world, and have done so for centuries.' The *Star Control II* manual further describes the Arilou as 'pale, about 1.5 meters tall, and have large, childlike heads with dark, soulful eyes . . . The Arilou may have visited Earth often in the past . . ."<br><br>Reiche Decl., ¶ 79, p. 17 lines 23-28 to p. 18 lines 1-2. | evidence" rule to demonstrate the accuracy of the alleged descriptions | event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered."  FRE 1002 Committee Notes, citing McCormick §198; 4 Wigmore §1245.  Reiche's testimony as to what he viewed on Stardock's website is sufficient. |
| 39. | ". . . Wardell admitted that *Origins* includes characters . . . from *Star Control I and II*. Besides the identical names, below is a comparison of images of the Chenjesu from *Star Control* and from the *Origins* content pack:" [Images of Chenjesu allegedly from Star Control I and II and then from *Origins*]<br><br>Reiche Decl., p. 18, ¶ 80, lines 4-27 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of aliens from Star Control I and II or from *Origins*. | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshots of the aliens from Stardock's content pack. |
| 40. | "Stardock's website and content pack describe the Chenjesu as 'ambulatory crystals themselves, who fed on a unique mixture of solar and chemical processes. Peaceful and very intelligent' and living on a | <u>FRE 1002</u><br>The declarant has failed to include the documents required by the "best evidence" rule to demonstrate the accuracy | Under FRE 1002, "[a]pplication of the rule requires a resolution of the question whether contents are sought to be proved. Thus an event may be proved by nondocumentary evidence, |

| | | | |
|---|---|---|---|
| | 'strange crystalline world . . .' Similarly, the Chenjesu were described in *Star Control* as '[c]rystalline in substance, existing on electric energy,' and later described in *Star Control II* as having 'fantastic intellects,' and being 'peaceful,' and being 'a photo/chemovore (it derives its nourishment from light and ambient minerals)."<br><br>Reiche Decl., p. 19, ¶ 81, lines 1-7 | of the alleged descriptions. | even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given. Earnings may be proved without producing books of account in which they are entered." FRE 1002 Committee Notes, citing McCormick §198; 4 Wigmore §1245. Reiche's testimony as to what he viewed on Stardock's website is sufficient. |
| 41. | "In addition to the content packs, Stardock also released a beta version of *Origins* that . . . is substantially similar to and/or derived from the Super Melee part of *Star Control II* in terms of the layout, user interface, functionality, and user experience . . . Various customers who preordered *Origins* and had the opportunity to test another beta version of the game . . . have also posted videos of additional content that suggests the version of the game to be released on September 20 will be substantially similar to and/or derived from *Star Control II*. Below are pictures of material from *Star Control II* as compared to material from Fleet Battles beta and other materials from *Origins* that we found online:" [Images of materials allegedly from Star Control I and II and then from *Origins*] | FRE 901<br>The declarant has failed to provide the foundation required to support his statement, or to authenticate the alleged screenshot of comparative material from Star Control I and II or from *Origins*. Furthermore, defendant has not identified any of the customers that supposedly posted videos of content indicating that *Origins* is similar to Star Control I and II, nor has the declarant identified the videos themselves that allegedly contain these materials.<br><br>FRE 602<br>FRE 701<br>Furthermore, the declarant lacks the personal knowledge necessary to make this | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshots of the comparative material from Star Control I and II and from Origins.<br><br>Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception. FRE 702. *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and |

| | | | |
|---|---|---|---|
| | Reiche Decl., ¶ 82, p. 19 lines 8-26 to p. 20 lines 1-28 | statement, as he does not have the expertise necessary to provide opinion as to whether material in *Origins* is "substantially similar to and/or derived from . . . from *Star Control I and II*." As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively within the scope of FRE 702 | specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge of the content of Star Control I and II and his testimony that the material in what he's seen of Origins to date is substantially similar is rationally based on his own perception. |
| 42. | "Moreover, the *Origins* Fleet Battles beta includes a ship-creator tool that allows players to easily create ships from *Star Control I and II*, which they can then share and Stardock then offers and distributes to purchasers of the game . . ."<br><br>Reiche Decl., p. 21, ¶ 83, lines 1-3 | <u>FRE 901</u><br>The declarant has failed to provide the foundation required to support his statement. | FRE 901 concerns the authentication of "an ***item*** of evidence" (e.g. documentary evidence) and is thus inapplicable to witness testimony. FRE 901 (emphasis added). Regardless, Reiche's own personal knowledge is the foundation for this statement and Stardock has not objected that the statement lacks personal knowledge. |
| 43. | "There are numerous examples of ships that look substantially similar to ships from *Star Control I and II*, and in some cases bear the exact same or a substantially similar name as well. Below are some examples:" [Images of ships allegedly from Star Control I and II and then from *Origins*]<br><br>Reiche Decl., ¶ 84, p. 21 lines 10 – p. 26, line 25 | <u>FRE 602</u><br><u>FRE 901</u><br>The declarant lacks the personal knowledge necessary to make this statement, has failed to provide the foundation required, and to authenticate the alleged screenshot of comparative ships from Star Control I and II or from *Origins* | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the screenshots of the comparative material from Star Control I and II and from Origins.<br><br>Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Under FRE 701, a witness may testify as |

| | | | |
|---|---|---|---|
| | | | to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge of the content of Star Control I and II and his testimony that the material in what he's seen of Origins to date is substantially similar is rationally based on his own perception. |
| 44. | "Given Fred's and my ownership of the copyrights to *Star Control I and II*, and good faith belief that Stardock's publishing of the aforementioned content infringes on our copyrights, we served DMCA notices on two of the service providers through which Stardock has been selling and distributing this content."<br><br>Reiche Decl., ¶ 85, p. 26 line 26 - p. 27, line 1 | FRE 602<br>FRE 701<br>Furthermore, the declarant lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide opinion as to whether publishing the material would infringe any alleged copyrights. As a result, his opinions constitute improper lay witness testimony that encompasses technical and/or specialized knowledge exclusively | Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Under FRE 701, a witness may testify as to an opinion that is rationally based on the witness's perception.  FRE 702.  *See, e.g. Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110–11 (2d Cir.2002) (permitted testimony of computer programmer regarding terms contained in copyright registration "based on his everyday experience as a computer programmer and |

| | | within the scope of FRE 702 | specifically on his work on [the copyrighted software].").<br><br>Reiche's testimony, as the creator of Star Control I and II, is sufficient to demonstrate his personal knowledge of the content of Star Control I and II as well as his copyrights to the content therein, and his testimony that he has a good faith belief that the content infringes his rights is rationally based on his own perception. |
|---|---|---|---|
| 45. | "I did recently see a video posted last week by someone who has had the opportunity to test and review some version of the game who said that 'I was impressed by how well *Origins* kept the original feel and style of the classic Star Control games of the '90s and that it 'reminded me a lot of playing Star Control II.' The video can be viewed here: https://youtu.be/umeaSgfmkVI."<br><br>Reiche Decl., p. 27, ¶ 87, lines 10-14 | <u>FRE 602</u><br><u>FRE 901</u><br>The declarant lacks the personal knowledge necessary to make this statement, has failed to provide the foundation required, and to authenticate the alleged video at the provided link.<br><br><u>FRE 801, 802</u><br>Furthermore, the statements allegedly made by the unknown individual are being offered for their truth, and as such they are inadmissible hearsay without exception. | Under FRE 901, a document may be authenticated by the testimony of a witness with knowledge. Reiche's testimony is sufficient to authenticate the video link.<br><br>Under FRE 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Reiche's testimony is sufficient to demonstrate his personal knowledge of the video.<br><br>The statements made in the video fall into several exceptions to the hearsay rule and are therefore not objectionable. Even if the statements do not fall into one of the below exceptions, the statements are not hearsay because they are not offered for their truth, but for the user's reaction and state of mind after playing the Origins game. Specifically, Reiche and Ford do not offer the statements as evidence that the Origins game is |

| | | | actually similar, but rather as evidence that user's in the gaming community perceive the game to be similar.<br><br>Present Sense Impression – FRE 803(1):<br>The statements in the video are "present sense impressions" under FRE 803(1), because they describe the user's experience playing the Origins game made immediately after he played it. *See* FRE 803(1) ("A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.").<br><br>Then-Existing Mental, Emotional, or Physical Condition – FRE 803(4):<br>The statements in the video are "then-existing mental conditions" because they are statements of the user's then-existing reaction to the Origins game.<br><br>The statements are likewise admissible under FRE 807. |
|---|---|---|---|

DATED:  September 24, 2018

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation


By:   ___/s/ Stephen C. Steinberg___
Stephen C. Steinberg
Attorneys for Defendants and Counter-Claimants PAUL REICHE III and ROBERT FREDERICK FORD