STEPHEN C. STEINBERG (SBN 230656)
  *ssteinberg@bzbm.com*
TIFFANY S. HANSEN (SBN 292850)
  *thansen@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Mark S. Palmer (SBN 203256)
  *mark@palmerlex.com*
4 Meadow Drive
Mill Valley, California 94941
Telephone:  (415) 336-7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. | Case No. 4:17-CV-07025-SBA <br><br> **REICHE AND FORD'S OBJECTIONS AND MOTION TO STRIKE THE SECOND DECLARATION OF ROBERT WEIKERT IN SUPPORT OF STARDOCK'S MOTION OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE SUR-REPLY** <br><br> Judge:  Hon. Saundra B. Armstrong <br><br> Complaint Filed: Dec. 8, 2017 <br> Trial Date: June 24, 2019 |
| PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Counter-Claimants, <br><br> v. <br><br> STARDOCK SYSTEMS, INC., <br><br> Counter-Defendant. | |

2635.000/1332641.1    Case No. 4:17-CV-07025-SBA

REICHE AND FORD'S OBJECTIONS AND MOTION TO STRIKE
SECOND WEIKERT DECLARATION

Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively, "Reiche and Ford") hereby submit the following objections to, and move to strike, the Second Weikert Declaration ("Second Weikert Declaration") in Support of Stardock's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted ("Stardock's PI Motion").

Several exhibits to the Second Weikert Declaration should be stricken as they contain new material improperly raised on reply. To the extent the Court is inclined to consider this new material, Stardock requests the Court grant it leave to file a sur-reply in order to address the new material.

## I. THE SECOND WEIKERT DECLARATION IMPROPERLY INCLUDES NEW MATERIAL ON REPLY

It is improper for the moving party to introduce new facts or different legal arguments in a reply. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990) (court has discretion to disregard late-filed factual matters); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); *see also Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1186, fn. 12; *Malin v. JPMorgan*, 860 F.Supp.2d 574, 577 (ED TN 2012).

If a court relies on new material contained in a reply brief, it ***must*** afford the opposing party a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998); *see also Lu v. Lezell*, 45 F.Supp.3d 86, 91 (D.D.C 2014) (court may ignore new arguments in reply or grant leave to file sur-reply).

Exhibits B-E of the Second Weikert Declaration constitute new material that Stardock improperly submitted through the Second Weikert Declaration. By including this new material in the Second Weikert Declaration, Stardock foreclosed any opportunity for Reiche and Ford to refute or otherwise respond to it. These purported facts were surely available to Stardock at the time it filed its opening motion, and could have and should have been included in the Original Weikert Declaration—Stardock offers no explanation as to why this information was not previously raised so that Reiche and Ford would have a reasonable opportunity to respond to it.

<u>New Material in Second Weikert Declaration:</u>

- Exhibit B—law review article by Lydia Pallas Loren entitled "Deterring Abuse of the Copyright Takedown Regime by Taking Misrepresentation Claims Seriously," 46 Wake Forest L. rev. 745 (2011).
- Exhibit C—law review article by Wendy Seltzer entitled "Free Speech Unmoored in Copyright's Safe Harbor: Chilling Effects of the DMCA on the First Amendment," Harvard Jounral of Law & Technology, Vol. 24, Number 1, Fall 2010.
- Exhibit D—comments by Automatic Inc. in the Matter of Section 512 Study on file with the United States Copyright Office Library of Congress, Washington D.C.
- Exhibit E—excerpt from the U.S. Copyright Office's Compendium, Chapter 300, Copyrightable Authorship, "Words and Short Phrases."

## II.   CONCLUSION

The above-referenced exhibits to the Second Weikert Declaration constitute new material raised for the first time on reply, and they should be stricken.  If the Court considers this new material on reply, the Court is required to provide Reiche and Ford with a reasonable opportunity to respond to it.  *Beaird*, 145 F.3d at 1164-65.

DATED:  September 24, 2018              BARTKO ZANKEL BUNZEL & MILLER
                                        A Professional Law Corporation


                                        By:      /s/ Stephen C. Steinberg
                                              Stephen C. Steinberg
                                              Attorneys for Defendants and Counter-Claimants
                                              PAUL REICHE III and ROBERT FREDERICK FORD