1  STEPHEN C. STEINBERG (SBN 230656)
     *ssteinberg@bzbm.com*
2  TIFFANY S. HANSEN (SBN 292850)
     *thansen@bzbm.com*
3  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
4  One Embarcadero Center, Suite 800
   San Francisco, California 94111
5  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
6
   Mark S. Palmer (SBN 203256)
7    *mark@palmerlex.com*
   4 Meadow Drive
8  Mill Valley, California 94941
   Telephone:  (415) 336-7002
9  Facsimile:  (415) 634-1671

10 Attorneys for Defendants and Counter-Claimants
   PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>　　　　Defendants.<br><hr>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>　　　　Counter-Claimants,<br><br>　　v.<br><br>STARDOCK SYSTEMS, INC.,<br><br>　　　　Counter-Defendant. | Case No. 4:17-CV-07025-SBA<br><br>**REICHE AND FORD'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID MAY IN SUPPORT OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**<br><br>Judge: Hon. Saundra B. Armstrong<br><br>Complaint Filed: Dec. 8, 2017<br>Trial Date: June 24, 2019 |

Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively, "Reiche and Ford") hereby submit the following objections to the Declaration of David May ("May Declaration") in Support of Stardock's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted ("Stardock's PI Motion"). The May Declaration is objectionable for several reasons and should be disregarded or accorded little or no weight in the determination of Stardock's PI Motion.

I.   **PORTIONS OF THE MAY DECLARATION SHOULD BE DISREGARDED**

The May Declaration should be disregarded for purposes of Stardock's PI Motion, because it is inadmissible under the Federal Rules of Evidence ("FRE"). The Federal Rules of Evidence apply to evidence submitted to the Court on motion practice. FRE 101 (Rules of Evidence apply to all proceedings in the courts of the United States); FRE 1101 (listing exceptions to Rule 101). While courts have some discretion to consider inadmissible evidence when a preliminary injunction is urgently needed to prevent irreparable harm before a full resolution on the merits is possible, courts routinely decline to consider, or afford any weight o, such inadmissible evidence in appropriate circumstances. *See* Beijing Tong Ren Tang (USA) Corp. v. TRT USA Corp., 676 F.Supp.2d 857, 861 (N.D. Cal. 2009); *U.S. v. Guess*, 2004 WL 3314940, at *4 (S.D. Cal. Dec. 15, 2004) ("conditional inferences, innuendo, and even strong suspicions do not satisfy [the movant's] burden"); *Kitsap Physicians Service v. Washington Dental Service*, 671 F.Supp. 1267, 1269 (W.D. Wa. 1987) (refusing to consider affidavits "that would have been inadmissible under the Federal Rules of Evidence" and denying preliminary injunction).

II.   **RELEVANT FEDERAL RULES OF EVIDENCE**

In Reiche and Ford's evidentiary objections that follow, Reiche and Ford rely on the following evidentiary rules:

**FRE 401:** "Evidence is relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

**FRE 402:** "Irrelevant evidence is not admissible."

**FRE 602:** "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

**FRE 701:** "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

**FRE 801, 802:** ""Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Hearsay is not admissible.

**FRE 1002:** "An original writing, recording, or photograph is required in order to prove its content unless [the] rules or a federal statute provide otherwise."

**Speculation:**  Numerous courts have held that speculative evidence is inadmissible. *Maheu v. Hughes Tool Co.*, 569 F.2d 459, 474 (9th Cir. 1997); *Nevada Power Co. v. Monsano Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995) ("speculative testimony about how another might have acted without personal knowledge is not admissible as evidence."); *Rhoades v. Alameida*, 2008 WL 3154735, at *2 (E.D. Cal. Aug. 4, 2008); *Alfano v. BRP Inc.*, 2010 WL 2292265, at *2 (E.D. Cal. June 4, 2010).

## III. SPECIFIC EVIDENTIARY OBJECTIONS

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| 1. | **May Decl., ¶ 2, Pg. 2, Lines 20-25**<br><br>"clearly suggesting that Reiche did not own the rights he purported to license to Accolade.  Thus, there are serious questions as to whether Accolade and Atari were obligated to pay royalties to Reiche in the first place, in view of Reiche's misrepresentations to Accolade in the 1988 License Agreement. | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation<br>May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide |

| | | |
|---|---|---|
| | | testimony as to Reiche and Ford's legal rights either with regard to Star Control I and II or the 1988 Agreement.  May has no personal knowledge or recollection of these events, as he was not present for their occurrence.  His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>May likewise lacks personal knowledge as to Reiche and Ford's alleged "misrepresentations to Accolade."  May has no personal knowledge or recollection of these events, as he was not present for their occurrence.<br><br>Speculation<br>May is speculating as to whether "there are serious questions" as to whether Accolade and Atari were obligated to pay royalties to Reiche and Ford and to Reiche and Ford's alleged "misrepresentations."<br><br>FRE 801/802<br>FRE 1002<br>Counsel's statements appear to be based on communications between Reiche and Ford's attorneys and the U.S. Copyright Office ("USCO").  These statements are hearsay as they are extrajudicial statements now offered for their truth.  Moreover, the best evidence of the statements made in those communications are the statements themselves and not May's interpretation of them (FRE 1002). |
| 2. | **May Decl., ¶ 3, Pg. 3, Lines 1-4**<br><br>"Again, whether there were any licensed rights for Reiche to assign in the first place is clearly in question since his counsel's communications with the USCO confirm that Reiche did not own the rights he purported to license to Accolade." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation |

| | | |
|---|---|---|
| | | May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to Reiche and Ford's legal rights either with regard to Star Control I and II or the 1988 Agreement.  May has no personal knowledge or recollection of these events, as he was not present for their occurrence.  His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>May likewise lacks personal knowledge as to Reiche and Ford's alleged "misrepresentations to Accolade."  May has no personal knowledge or recollection of these events, as he was not present for their occurrence.<br><br><u>Speculation</u><br>May is speculating as to whether "there are serious questions" as to whether Accolade and Atari were obligated to pay royalties to Reiche and Ford and to Reiche and Ford's alleged "misrepresentations."<br><br><u>FRE 801/802</u><br><u>FRE 1002</u><br>Counsel's statements appear to be based on communications between Reiche and Ford's attorneys and the U.S. Copyright Office ("USCO").  These statements are hearsay as they are extrajudicial statements now offered for their truth.  Moreover, the best evidence of the statements made in those communications are the statements themselves and not May's interpretation of them (FRE 1002). |
| 3. | **May Decl., ¶ 4, Pg. 3, Lines 5-14**<br><br>"During the examination of the '496 Registration, the USCO also questioned counsel for Reiche and Ford regarding | <u>FRE 401/402</u><br>The content of the USCO's examination of Reiche and Ford, on its own, is irrelevant as it has no tendency to make any fact more or |

| | | |
|---|---|---|
| | suggestions that Star Control II was produced on behalf of Reiche and Ford's company, Toys for Bob, and whether or not Toys for Bob should actually be listed as the author and claimant of the registration. *Id.* Upon information and belief, Toys for Bob is a subsidiary of the well-known game publishing company, Activision Publishing, Inc. ("Activision").<br><br>**Exhibit 1.** | less probable nor is it of any consequence in determining the action.<br><br>Exhibit 1 is likewise irrelevant for the same reasons.<br><br>FRE 602<br>Speculation<br>May lacks personal knowledge and is speculating as to what occurred during the examination of the '496 Registration and/or has not established the foundation for such knowledge (if it exists).<br><br>FRE 801/802<br>FRE 1002<br>Counsel's statements appear to be based on communications between Reiche and Ford's attorneys and the U.S. Copyright Office ("USCO"). These statements are hearsay as they are extrajudicial statements now offered for their truth. Moreover, the best evidence of the statements made in those communications are the statements themselves and not May's interpretation of them (FRE 1002). |
| 4. | **May Decl., ¶ 5, Pg. 3, Lines 19-22**<br><br>"It is unclear from these assignments, though, what, if any, creative expression was actually authored by these various individuals and is being alleged to have been transferred to Reiche and Ford." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 1002<br>The best evidence of the content of the assignments is the assignments themselves, and not May's interpretations of them or musings regarding them. |
| 5. | **May Decl., ¶ 6, Pg. 3, Line 24 – Pg. 4, Line 2**<br><br>"Based on the productions in response to the subpoenas, it still remains unclear what copyrightable material (if any) was actually created by most, if not all, of the authors." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation |

| | | |
|---|---|---|
| | | May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to what is or is not copyrightable.  His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>FRE 1002<br>The best evidence of the content of the "productions" is the documents in the productions themselves, and not May's interpretations of them or musings regarding them. |
| 6. | **May Decl., ¶ 6, Pg. 4, Lines 9-15**<br><br>"It is clear from all the evidence that Reiche's and Ford's claims of ownership of intellectual property rights to the Classic Star Control Games (*i.e. Star Control I, Star Control II and/or Star Control III*) is entirely tenuous and convoluted at best, and contrary to Reiche's alleged rendition of the facts and interpretation of the contract terms at issue in his declaration." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation<br>May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to Reiche and Ford's ownership of intellectual property rights in Star Control I and II.  His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>Speculation<br>May is speculating as to Reiche and Ford's ownership of intellectual property rights in Star Control I and II. |

1  DATED: September 24, 2018          BARTKO ZANKEL BUNZEL & MILLER
                                      A Professional Law Corporation

                                      By:      /s/ Stephen C. Steinberg
                                         Stephen C. Steinberg
                                         Attorneys for Defendants and Counter-Claimants
                                         PAUL REICHE III and ROBERT FREDERICK
                                         FORD