1  STEPHEN C. STEINBERG (SBN 230656)
     *ssteinberg@bzbm.com*
2  TIFFANY S. HANSEN (SBN 292850)
     *thansen@bzbm.com*
3  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
4  One Embarcadero Center, Suite 800
   San Francisco, California 94111
5  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
6
   Mark S. Palmer (SBN 203256)
7    *mark@palmerlex.com*
   4 Meadow Drive
8  Mill Valley, California 94941
   Telephone:  (415) 336-7002
9  Facsimile:  (415) 634-1671

10 Attorneys for Defendants and Counter-Claimants
   PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>　　　　Defendants.<br><br>―――――――――――<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>　　　　Counter-Claimants,<br><br>　　v.<br><br>STARDOCK SYSTEMS, INC.,<br><br>　　　　Counter-Defendant. | Case No. 4:17-CV-07025-SBA<br><br>**[PROPOSED] ORDER RE REICHE AND FORD'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID MAY IN SUPPORT OF STARDOCK'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**<br><br>Judge: Hon. Saundra B. Armstrong<br><br>Complaint Filed: Dec. 8, 2017<br>Trial Date: June 24, 2019 |

| | **Proffered Evidence** | **Objection** | **Ruling** |
|---|---|---|---|
| 1. | **May Decl., ¶ 2, Pg. 2, Lines 20-25**<br><br>"clearly suggesting that Reiche did not own the rights he purported to license to Accolade.  Thus, there are serious questions as to whether Accolade and Atari were obligated to pay royalties to Reiche in the first place, in view of Reiche's misrepresentations to Accolade in the 1988 License Agreement. | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation<br>May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to Reiche and Ford's legal rights either with regard to Star Control I and II or the 1988 Agreement.  May has no personal knowledge or recollection of these events, as he was not present for their occurrence.  His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>May likewise lacks personal knowledge as to Reiche and Ford's alleged "misrepresentations to Accolade."  May has no personal knowledge or recollection of these events, as he was not present for their occurrence.<br><br>Speculation<br>May is speculating as to whether "there are serious questions" as to whether Accolade and Atari were obligated to pay royalties to Reiche and Ford and to Reiche and Ford's alleged "misrepresentations." | ☐ Sustained<br>☐ Overruled |

| | | | |
|---|---|---|---|
| 1-9 | | FRE 801/802<br>FRE 1002<br>Counsel's statements appear to be based on communications between Reiche and Ford's attorneys and the U.S. Copyright Office ("USCO"). These statements are hearsay as they are extrajudicial statements now offered for their truth. Moreover, the best evidence of the statements made in those communications are the statements themselves and not May's interpretation of them (FRE 1002). | |
| 2. | **May Decl., ¶ 3, Pg. 3, Lines 1-4**<br><br>"Again, whether there were any licensed rights for Reiche to assign in the first place is clearly in question since his counsel's communications with the USCO confirm that Reiche did not own the rights he purported to license to Accolade." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation<br>May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to Reiche and Ford's legal rights either with regard to Star Control I and II or the 1988 Agreement. May has no personal knowledge or recollection of these events, as he was not present for their occurrence. His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>May likewise lacks personal knowledge as to Reiche and Ford's alleged "misrepresentations to Accolade." May has no | ☐ Sustained<br>☐ Overruled |

| # | | | |
|---|---|---|---|
| | | personal knowledge or recollection of these events, as he was not present for their occurrence.<br><br>Speculation<br>May is speculating as to whether "there are serious questions" as to whether Accolade and Atari were obligated to pay royalties to Reiche and Ford and to Reiche and Ford's alleged "misrepresentations."<br><br>FRE 801/802<br>FRE 1002<br>Counsel's statements appear to be based on communications between Reiche and Ford's attorneys and the U.S. Copyright Office ("USCO").  These statements are hearsay as they are extrajudicial statements now offered for their truth.  Moreover, the best evidence of the statements made in those communications are the statements themselves and not May's interpretation of them (FRE 1002). | |
| 3. | **May Decl., ¶ 4, Pg. 3, Lines 5-14**<br><br>"During the examination of the '496 Registration, the USCO also questioned counsel for Reiche and Ford regarding suggestions that Star Control II was produced on behalf of Reiche and Ford's company, Toys for Bob, and whether or not Toys for Bob should actually be listed as the author and claimant of the registration. *Id*. Upon information and belief, Toys for Bob is a subsidiary of the well-known game publishing company, Activision Publishing, Inc. ("Activision"). | FRE 401/402<br>The content of the USCO's examination of Reiche and Ford, on its own, is irrelevant as it has no tendency to make any fact more or less probable nor is it of any consequence in determining the action.<br><br>Exhibit 1 is likewise irrelevant for the same reasons.<br><br>FRE 602<br>Speculation<br>May lacks personal knowledge and is speculating as to what occurred during the examination of the '496 Registration and/or has | ☐ Sustained<br>☐ Overruled |

| | | | |
|---|---|---|---|
| | **Exhibit 1.** | not established the foundation for such knowledge (if it exists).<br><br>FRE 801/802<br>FRE 1002<br>Counsel's statements appear to be based on communications between Reiche and Ford's attorneys and the U.S. Copyright Office ("USCO").  These statements are hearsay as they are extrajudicial statements now offered for their truth.  Moreover, the best evidence of the statements made in those communications are the statements themselves and not May's interpretation of them (FRE 1002). | |
| 4. | **May Decl., ¶ 5, Pg. 3, Lines 19-22**<br><br>"It is unclear from these assignments, though, what, if any, creative expression was actually authored by these various individuals and is being alleged to have been transferred to Reiche and Ford." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 1002<br>The best evidence of the content of the assignments is the assignments themselves, and not May's interpretations of them or musings regarding them. | ☐ Sustained<br>☐ Overruled |
| 5. | **May Decl., ¶ 6, Pg. 3, Line 24 – Pg. 4, Line 2**<br><br>"Based on the productions in response to the subpoenas, it still remains unclear what copyrightable material (if any) was actually created by most, if not all, of the authors." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation<br>May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to what is or is not copyrightable.  His opinion | ☐ Sustained<br>☐ Overruled |

| | | | |
|---|---|---|---|
| | | therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>FRE 1002<br>The best evidence of the content of the "productions" is the documents in the productions themselves, and not May's interpretations of them or musings regarding them. | |
| 6. | **May Decl., ¶ 6, Pg. 4, Lines 9-15**<br><br>"It is clear from all the evidence that Reiche's and Ford's claims of ownership of intellectual property rights to the Classic Star Control Games (*i.e. Star Control I, Star Control II and/or Star Control III*) is entirely tenuous and convoluted at best, and contrary to Reiche's alleged rendition of the facts and interpretation of the contract terms at issue in his declaration." | FRE 401/402<br>Arguments by counsel in a declaration are not factual allegations and are therefore irrelevant.<br><br>FRE 602<br>FRE 701<br>Lacks Foundation<br>May lacks the personal knowledge necessary to make this statement, as he has failed to lay any foundation to show that he has the expertise necessary to provide testimony as to Reiche and Ford's ownership of intellectual property rights in Star Control I and II.  His opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702.<br><br>Speculation<br>May is speculating as to Reiche and Ford's ownership of intellectual property rights in Star Control I and II. | ☐ Sustained<br>☐ Overruled |