1  STEPHEN C. STEINBERG (SBN 230656)
     *ssteinberg@bzbm.com*
2  TIFFANY S. HANSEN (SBN 292850)
     *thansen@bzbm.com*
3  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
4  One Embarcadero Center, Suite 800
   San Francisco, California 94111
5  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
6
   Mark S. Palmer (SBN 203256)
7    *mark@palmerlex.com*
   4 Meadow Drive
8  Mill Valley, California 94941
   Telephone:  (415) 336-7002
9  Facsimile:  (415) 634-1671

10 Attorneys for Defendants and Counter-Claimants
   PAUL REICHE III and ROBERT FREDERICK FORD
11

12                       UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

14

| | |
|---|---|
| STARDOCK SYSTEMS, INC., | Case No. 4:17-CV-07025-SBA |
| Plaintiff, | **REICHE AND FORD'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE THE SECOND DECLARATION OF BRAD WARDELL IN SUPPORT OF STARDOCK'S MOTION OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE SUR-REPLY** |
| v. | |
| PAUL REICHE III and ROBERT FREDERICK FORD, | |
| Defendants. | Judge: Hon. Saundra B. Armstrong |
| PAUL REICHE III and ROBERT FREDERICK FORD, | Complaint Filed: Dec. 8, 2017<br>Trial Date: June 24, 2019 |
| Counter-Claimants, | |
| v. | |
| STARDOCK SYSTEMS, INC., | |
| Counter-Defendant. | |

2635.000/1332636.1                                   Case No. 4:17-CV-07025-SBA

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE
SECOND WARDELL DECLARATION

Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively, "Reiche and Ford") hereby submit the following objections to, and move to strike, the Second Declaration of Brad Wardell ("Second Wardell Declaration") in Support of Stardock's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted ("Stardock's PI Motion").

Portions of the Second Wardell Declaration should be stricken as they contain new material improperly raised on reply. To the extent the Court is inclined to consider this new material, Stardock requests the Court grant it leave to file a sur-reply in order to address the new material.

Portions of the Second Wardell Declaration should also be stricken as they violate the Federal Rules of Evidence ("FRE").

## I. THE SECOND WARDELL DECLARATION IMPROPERLY INCLUDES NEW AND CONTRADICTORY MATERIAL ON REPLY

It is improper for the moving party to introduce new facts in a reply. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990) (court has discretion to disregard late-filed factual matters); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); *see also Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1186, fn. 12; *Malin v. JPMorgan*, 860 F.Supp.2d 574, 577 (ED TN 2012).

If a court relies on new material contained in a reply brief, it ***must*** afford the opposing party a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998); *see also Lu v. Lezell*, 45 F.Supp.3d 86, 91 (D.D.C 2014) (court may ignore new arguments in reply or grant leave to file sur-reply).

The below excerpts constitute new factual material that Stardock improperly submitted through the Second Wardell Declaration. Even worse, these statements ***contradict*** statements made in Wardell's Original Declaration. Specifically, this is the first time Stardock has claimed that a DMCA takedown notice to Steam and GOG would purportedly result in the game being unavailable to "anyone." Indeed, and to the contrary, Wardell stated in his Original Declaration that "A DMCA takedown on Steam would reduce sales and revenue by approximately ***88%***" and

1  "Steam and GOG represent approximately **93%** of Stardock's distribution channel."  [Wardell
2  Original Declaration, ¶ 15].  Stardock gives no explanation for this shift in narrative.
3        The Second Wardell Declaration is also the first time Stardock has claimed that Steam and
4  GOG provide the "installation infrastructure" for the *Origins* game and that, without Steam and
5  GOG, the game is not operational.  By including this new material in the Second Wardell
6  Declaration, Stardock foreclosed any opportunity for Reiche and Ford to refute or otherwise
7  respond to this information.  These purported facts were surely available to Stardock at the time it
8  filed its opening motion, and could have and should have been included in the Original Wardell
9  Declaration—Stardock offers no explanation as to why this information was not previously raised
10 so that Reiche and Ford would have a reasonable opportunity to respond to it.

11       <u>New Material in Second Wardell Declaration:</u>

- Par. 2, Pg. 2, Lines 8-9: "The Steam and GOG sites do not provide just download services; they provide the entire installation infrastructure."
- Par. 3, in its entirety: "If the delivery mechanism provided by Steam and GOG was eliminated for *Star Control®: Origins* (*"Origins"*), then access to the game would no longer be available for anyone.  Through Steam and GOG, Stardock sells "keys" that will give the purchaser access to the online game.  *Origins* was developed to be accessed and played through the infrastructure provided by Steam and GOG.  The game is not otherwise operational."
- Par. 4, in its entirety: "Games are developed for specific distribution platforms, namely Steam or GOG.  Steam and GOG are not just online stores, they are the actual software platforms that the games operate on and use to function.  Accordingly, there are Steam and GOG versions of *Star Control: Origins*, but no "Stardock" version of the game.  There is no version of *Origins* that is not dependent on the online delivery mechanism.  For instance, a customer who pre-ordered *Origins* from the Stardock website encountered the following screen: [screenshot from Stardock website]."

2635.000/1332636.1      2      Case No. 4:17-CV-07025-SBA
[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE
SECOND WARDELL DECLARATION

- Par. 5, in its entirety: "The pre-order screen on the Stardock website allowed customers to "Get a Steam key immediately. . ." Once a customer clicked through to purchase the game, the customer was redirected to the following Steam portal: [screenshot from Stardock website]. This portal allowed the customer to actually purchase the game after it was released, and, through the Steam interface and infrastructure, play the game."
- Par. 6, in its entirety: "Removal of *Origins* from Steam and GOG will result in removal of the game from the marketplace because the functionality of the game is specifically designed for distribution through Steam or GOG. Thus, if *Origins* is removed from Steam or GOG, players who have already purchased the game will also no longer be able to play it."
- Par. 7, Pg. 4, Lines 22-24: "Once a DMCA notice results in the removal of a game from the online retailer, that game is no longer available."

The cited portions of the Second Wardell Declaration contain new material that is contradictory to statements in Wardell's Original Declaration and should be stricken. If the Court considers this new and contradictory material, the Court is required to provide Reiche and Ford with a reasonable opportunity to respond to it. *Beaird*, 145 F.3d at 1164-65.

## II.    RELEVANT FEDERAL RULES OF EVIDENCE

In Reiche and Ford's evidentiary objections that follow, Reiche and Ford rely on the following evidentiary rules:

**FRE 401:**  "Evidence is relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

**FRE 402:**  "Irrelevant evidence is not admissible."

**FRE 602:**  "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

**FRE 701:**  "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly

understanding the witness's testimony or to determining a fact in issue; (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

**Speculation:** Numerous courts have held that speculative evidence is inadmissible. *Maheu v. Hughes Tool Co.*, 569 F.2d 459, 474 (9th Cir. 1997); *Nevada Power Co. v. Monsano Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995) ("speculative testimony about how another might have acted without personal knowledge is not admissible as evidence."); *Rhoades v. Alameida*, 2008 WL 3154735, at *2 (E.D. Cal. Aug. 4, 2008); *Alfano v. BRP Inc.*, 2010 WL 2292265, at *2 (E.D. Cal. June 4, 2010).

## III. SPECIFIC EVIDENTIARY OBJECTIONS

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| 1. | **Wardell Second Decl., ¶ 11, in its entirety:**<br><br>"Reiche and Ford have known about *Origins* and Stardock's intention to create a successor to the Classic Star Control Games under Stardock's STAR CONTROL mark since at least as early as 2013." | FRE 602<br>Speculation<br><br>Wardell lacks personal knowledge and is speculating as to what Reiche and Ford knew or did not know at any given time. |
| 2. | **Wardell Second Decl., ¶ 14, Pg. 5, Line 26 thru Page 6, Line 2:**<br><br>"Stardock believes that Reiche never owned the rights to *Star Control I* and *Star Control II* that he purported to license in the 1988 License Agreement, and thus, there was nothing owned by Reiche to be assigned.  So, his consent was not needed even if it was required (which Stardock disputes). | FRE 401/402<br>FRE 602<br>FRE 701<br><br>Wardell lacks the personal knowledge necessary to make this statement, as he does not have the expertise necessary to provide testimony as to what legal rights Reiche and Ford had in Star Control I and II or what legal rights Reiche and Ford licensed through the 1988 Agreement.  He has no personal knowledge or recollection of these events, as he was not present for their occurrence.  Thus, his opinion therefore constitutes improper lay witness testimony that encompasses technical and/or specialized exclusively within the scope of Rule 702. |

| | |
|---|---|
| | Moreover, Wardell's and Stardock's "belief" as to what rights Reiche and Ford own in their Star Control I and II games is irrelevant as it has no tendency to make any fact more or less probable nor is it of any consequence in determining the action. |

DATED:  September 24, 2018          BARTKO ZANKEL BUNZEL & MILLER
                                    A Professional Law Corporation


                                    By:      /s/ Stephen C. Steinberg
                                        Stephen C. Steinberg
                                        Attorneys for Defendants and Counter-Claimants
                                        PAUL REICHE III and ROBERT FREDERICK
                                        FORD