Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: 4:17-cv-07025-SBA <br><br> **STARDOCK SYSTEMS, INC.'S RESPONSE AND OBJECTIONS TO DEFENDANTS' POST-REPLY SUBMISSIONS** <br><br> Judge: Hon. Saundra B. Armstrong <br><br> Complaint Filed: Dec. 8, 2017 <br> Trial Date: June 24, 2019 |

Stardock Systems, Inc. ("Stardock") respectfully submits this brief response to the following documents filed without Court approval on September 24, 2018 by Defendants Paul Reiche III and Robert Frederick Ford in response to Stardock's reply: (1) Reiche's and Ford's Opposition to Defendants' [sic] Evidentiary Objections to the Declaration of Paul Reiche III in Support of Stardock's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted; (2) Objections and Motion to Strike the Second Declaration of Robert A. Weikert in Support of Stardock's Motion or, In the Alternative Request for Leave to File Sur-Reply; (3) Reiche's and Ford's Evidentiary Objections to the Declaration of David L. May in Support of Stardock's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted; and (4) Reiche's and Ford's Evidentiary Objections and Motion to Strike the Second Declaration of Bradley R. Wardell in Support of Stardock's Motion or, in the Alternative, Request for Leave to File Sur-Reply.

### 1. *Post-Reply Filings Are Limited by the Local Rules.*

Local Rule 7-3(d) provides as follows:

> **(d)** **Supplementary Material.** Once a reply is filed, <u>no additional memoranda, papers or letters may be filed without prior Court approval</u>, except as follows:
> 1.   **(1) Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve <u>an Objection to Reply Evidence, which may not exceed 5 pages of text</u>, stating its objections to the new evidence, <u>which may not include further argument on the motion</u>. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline. (Emphasis added.)

As discussed below, Defendants' filings go well beyond what is permitted by Local Rule 7-3(d) and again were filed without prior Court approval (which the Rule requires).

### 2. Reiche's and Ford's Opposition to Defendants' [sic] Evidentiary Objections to the Declaration of Paul Reiche III in Support of Stardock's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Is Improper and Should Be Disregarded.

Local Rule 7-3(d) does not allow for the filing of an opposition to evidentiary objections in connection with declarations submitted with reply papers without prior Court approval. Thus, Reiche's and Ford's Opposition to Defendants' [sic] Evidentiary Objections to the Declaration of Paul Reiche III in Support of Stardock's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted violates the Court's Local Rule. It is also 32 pages long, again in violation of the Local Rules. This submission is improper on its face and should be stricken and disregarded.

### 3. Reiche's and Ford's Objections and Motion to Strike the Second Declaration of Robert A. Weikert in Support of Stardock's Motion or, In the Alternative Request for Leave to File Sur-Reply is Likewise Improper and Should Be Disregarded.

Unless prior Court approval has been obtained, Local Rule 7-3(d) only allows for the submission of a limited "Objection to Reply Evidence" with respect to allegedly new evidence submitted in the reply, not to exceed five (5) pages of text and not to include further argument on the motion. Defendants' "Objections and Motion to Strike the Second Declaration of Robert A. Weikert in Support of Stardock's Motion or, In the Alternative Request for Leave to File Sur-Reply" goes far beyond what is permitted and thus should also be stricken and disregarded.

First, it contains a motion to strike material attached to the Second Weikert Declaration that was not approved by the Court, and by way of that improper motion, impermissible further argument on the motion.

Second, the exhibits attached to the Second Weikert Declaration were submitted in direct response to legal arguments advanced by Defendants in their opposition to Stardock's preliminary injunction motion and thus do not constitute improper new evidence. A moving party may respond with evidence and argument that responds to the arguments made in opposition to the motion. *See, e.g., Living on the Edge, LLC v. Lee,* 2015 U.S. Dist. LEXIS192532 (C.D. Cal. Aug.

25, 2015) (objection to exhibits submitted on reply overruled where exhibits were submitted to rebut arguments raised in opposition to the motion); *Classical Silk, Inc. v. Dolan Grp., Inc.,* 2016 U.D. Dist. LEXIS 190581, *8 n.4 (C.D. Cal. Feb. 2, 2016) (*citing Edwards v. Toys "R" Us,* 527 F. Supp. 1197, 1205 n.31 (C.D. Cal. 2007) ("[e]vidence is not 'new,' . . . if it is submitted in direct response to proof adduced in opposition to a motion.")). Finally, and in light of the foregoing, there is no basis whatsoever for allowing Defendants to file what in effect would be an additional improper sur-reply.

### 4. Reiche's and Ford's Evidentiary Objections to the Declaration of David L. May in Support of Stardock's Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted.

As already noted, Local Rule 7-3(d) permits objections to reply evidence only if it allegedly constitutes new evidence. The Rule does not permit evidentiary objections on any other basis. Defendants' "Evidentiary Objections to the Declaration of David L. May in Support of Stardock's Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Granted" are *not* based on allegations that the evidence contained therein is new. Indeed, they purport to provide the Court with a primer on the Federal Rules of Evidence ("FRE") and then interpose impermissible FRE objections to various statements in the declaration. Finally, the submission also exceeds the Rule's page limitations.

### 5. Reiche's and Ford's Evidentiary Objections and Motion to Strike the Second Declaration of Bradley R. Wardell in Support of Stardock's Motion or, in the Alternative, Request for Leave to File Sur-Reply is Improper and Should Be Disregarded.

Defendants' evidentiary objections and motion to strike the Second Wardell Declaration are improper for the same reasons stated above with respect to the evidentiary objections and motion to strike the Second Weikert Declaration, and thus should be stricken and disregarded. The material submitted with the Second Wardell Declaration was in direct response to arguments and evidence raised in the opposition papers, and thus does not constitute improper new evidence. As Mr. Wardell explained in his Second Declaration in response to Defendants'

1  assertion that Stardock would still be able to sell *Origins* on its own website even if the DMCA
2  notices resulted in Steam and GOG removing the game from their respective platforms, the Steam
3  and GOG platforms provide the infrastructure for the *Origins* game no matter who sells the Steam
4  or GOG keys.  Thus, the game is dependent on these platforms and must be played on them.  *See,*
5  *e.g., Living on the Edge, LLC v. Lee,* 2015 U.S. Dist. LEXIS192532 (C.D. Cal. Aug. 25, 2015)
6  (objection to exhibits submitted on reply overruled where exhibits were submitted to rebut
7  arguments raised in opposition to the motion); *Classical Silk, Inc. v. Dolan Grp., Inc.,* 2016 U.D.
8  Dist. LEXIS 190581, *8 n.4 (C.D. Cal. Feb. 2, 2016) (*citing Edwards v. Toys "R" Us,* 527
9  F.Supp.1197, 1205 n.31 (C.D. Cal. 2007) ("[e]vidence is not 'new,' . . . if it is submitted in direct
10 response to proof adduced in opposition to a motion.")).

11       In sum, the motions to strike, the evidentiary objections, the de facto sur-replies, and the
12 requests to submit an additional sur-reply, all violate the Local Rules and should be stricken and
13 disregarded.

14 Dated:  September 25, 2018                    Respectfully submitted,

15                                                                **NIXON PEABODY LLP**

16                                                                By:  */s/ Robert A. Weikert*

17                                                                Robert A. Weikert (Bar No. 121146)
                                                                  rweikert@nixonpeabody.com
18                                                                Dawn N. Valentine (Bar No. 206486)
                                                                  dvalentine@nixonpeabody.com
19                                                                NIXON PEABODY LLP
                                                                  One Embarcadero Center
20                                                                San Francisco, California 94111-3600
                                                                  Tel: (415) 984-8200
21                                                                Fax: (415) 984-8300

22                                                                *Attorneys for Stardock Systems, Inc.*

23

24

25

26

27                                          - 5 -
      STARDOCK SYSTEMS, INC.'S RESPONSE AND OBJECTIONS TO
28                DEFENDANTS' POST-REPLY SUBMISSIONS
                                                                  Case No. 17-cv-07025-SBA

4840-0116-0052.2