Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: 17-cv-07025-SBA <br><br> **PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF** <br><br> Date: December 12, 2018 <br> Time: 2:00 p.m. <br> Ctrm: 210 <br> Before: Hon. Sandra B. Armstrong <br><br> [Fed. R. Civ. P. 15; Civil Local Rule 10-1] |

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

**TO THE HONORABLE COURT, ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 12, 2018 at 2:00 p.m. at Courtroom 210 on the 2nd Floor of the U.S. District Court, located at 1301 Clay Street, Oakland, CA, Plaintiff Stardock Systems, Inc. ("Stardock") will move, and hereby does move, this Court for leave to file a Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure Rule 15 and Local Civil Rule 10-1. A copy of the Proposed FAC is attached hereto as Exhibit A. The Amendment is properly permitted so that Stardock's Twelfth and Thirteenth Causes of Action may be tried on their merits rather than on the pleading and technicalities.

Stardock also moves for an Order modifying the Scheduling Order entered by the Court on October 3, 2018 insofar as it ordered October 15, 2018 as the last day to file amended pleadings. (Dkt. 69) Good cause exists for such relief because Defendants' challenge to the Third Amended Complaint, which was the impetus for Stardock's amendments to its operative complaint was not initiated until after the deadline for amending pleadings had passed.

This motion is made after the parties met and conferred by telephone on October 26, 2018. *See* Declaration of Dawn N. Valentine in Support of Stardock's Motion for Relief From the Scheduling Order and for Leave to File a Fourth Amended Complaint.

This motion is based on this notice of motion and motion, the following Memorandum of Law in support of the motion, the Declaration of Dawn N. Valentine filed herewith, the pleadings on file in this action, and any additional argument or matters the Court may receive at the hearing.

///
///
///
///
///
///
///

- 2 -
**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

| | |
|---|---|
| Dated: November 7, 2018 | **NIXON PEABODY LLP**<br><br>By: /s/ *Robert A. Weikert*<br><br>Robert A. Weikert (Bar No. 121146)<br>rweikert@nixonpeabody.com<br>Dawn N. Valentine (Bar No. 206486)<br>dvalentine@nixonpeabody.com<br>NIXON PEABODY LLP<br>One Embarcadero Center<br>San Francisco, California 94111-3600<br>Tel: (415) 984-8200<br>Fax: (866) 294-8300<br><br>David L. May (appearance *pro hac vice*)<br>dmay@nixonpeabody.com<br>Jennette E. Wiser (appearance *pro hac vice*)<br>jwiser@nixonpeabody.com<br>NIXON PEABODY LLP<br>799 9th Street NW<br>Washington, DC 20001-4501<br>Tel: (202) 585-8000<br>Fax: (202) 585-8080<br><br>Jason T. Kunze (appearance *pro hac vice*)<br>jkunze@nixonpeabody.com<br>NIXON PEABODY LLP<br>70 West Madison Street, 35th Floor<br>Chicago, IL 60602<br>Tel: (312) 977-4400<br>Fax: (312) 977-4405<br><br>*Attorneys for Stardock Systems, Inc.* |

- 3 -
**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**
Case No. 17-cv-07025-SBA

4819-9954-8794.1

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................................................1

II.     PROCEDURAL HISTORY ........................................................................................2

III.    DISCUSSION .............................................................................................................3

        A.      Leave To Amend Warranted Under Federal Rule of Civil Procedure Rule 15 ......3

        B.      Stardock Has Established Good Cause for Relief From the Scheduling Order ......6

IV.     CONCLUSION ..........................................................................................................7

- i -
**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH
AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*American Family Mut. Ins. Co. v. Hollander*,
  705 F. 3d 339 (8th Cir. 2013).................................................................................................3

*Bell v. Allstate Life Ins. Co.*,
  160 F. 3d 452 (8th Cir. 1998).................................................................................................5

*Bever v. CitiMortgage, Inc*,
  2014 U.S. Dist. LEXIS 54390 (E.D. Cal. Apr. 17, 2014)......................................................6

*Eminence Capital, LLC v. Aspean, Inc.*,
  316 F. 3d 1048 (9th Cir. 2003)...............................................................................................4

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F. 2d 1048 (9th Cir. 2003)...............................................................................................5

*Foman v. Davis*
  371 US 178 (1962).................................................................................................................3

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992)..................................................................................................6

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
  175 F.R.D. 640 (C.D. Cal. 1997) ...........................................................................................4

*Minnard v. Rotech Healthcare, Inc.*,
  2007 U.S. Dist. LEXIS 53520 (E.D. Cal. July 6, 2007) ........................................................6

*Moore v. Kayport Package Express, Inc.*,
  885 F. 2d 531 (9th Cir. 1989).................................................................................................4

*Naranjo v. Bank of Am. N.A.*,
  2015 U.S. Dist. LEXIS 25899 (N.D. Cal. Feb. 27, 2015)......................................................4

- ii -
**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH
AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

*Oracle Am. Inc. v. CedarCrestone, Inc.*,
  2013 U.S. Dist. LEXIS 89986 (N.D. Cal. June 26, 2013) ............................................................. 4

*Sonoma County Ass'n of Retired Employees v. Sonoma County*,
  708 F.3d 1109 (9th Cir. 2013) ........................................................................................................ 3

*U.S. v. Webb*,
  655 F. 2d 977 (9th Cir. 1981) ..................................................................................................... 3, 7

*Ynclan v. Department of Air Force*,
  943 F.2d 1388 (5th Cir. 1991) ....................................................................................................... 4

**Federal Statutes**

Digital Millenium Copyright Act ........................................................................................................ 1

DMCA ................................................................................................................................................. 1

Federal Rule of Civil Procedure Rule 15 ............................................................................... 3, 4, 5, 7

Federal Rule of Civil Procedure 16(b) ................................................................................................ 6

- iii -

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford (collectively "Defendants") have filed a Motion to Dismiss Plaintiff Stardock Systems, Inc.'s ("Stardock") Twelfth and Thirteenth causes of action which are for tortious interference with prospective economic advantage and tortious interference with contractual relations (collectively "interference claims"). Stardock will oppose that motion, as it firmly believes that it has stated viable interference claims. It brings this motion, however, for leave to file a Fourth Amended Complaint that does not state any new cause of action or any new facts, but, in an abundance of caution, does reiterate and highlight the facts that clearly support and establish the viability of Stardock's interference claims.

This motion is necessary because Defendants declined to stipulate to Stardock's filing a complaint that addressed the concerns Defendants raised in their motion to dismiss. Specifically in meeting and conferring with Defendants' counsel regarding their motion to dismiss—a process designed to allow the parties to reach an agreement on amended pleadings that will obviate the need for the motion—Stardock's counsel offered to amend its Complaint to magnify its factual basis for its interference claims. (See Declaration of Dawn N. Valentine in Support of Motion to Amend ("Valentine Decl.") ¶2. Defendants' counsel refused to allow Stardock the opportunity to amend its Complaint, insisting on filing their motion to dismiss instead, despite the fact that Stardock's simple modifications to the operative complaint addresses Defendants' concerns, and unambiguously demonstrates that Stardock's interference claims are well-founded.

In support of their motion to dismiss, Defendants' contend that Stardock did not adequately support its interference claims with factual allegations that were not preempted by the Digital Millenium Copyright Act ("DMCA"). They rely exclusively on the few lines of text that reference the DMCA, and they literally ignore the multitude of references to Defendants' interference that are unrelated to the DMCA and are contained within Stardock's operative

- 1 -

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

complaint. The facts pled in Stardock's Third Amended Complaint undoubtedly support its interference claim against the Defendants and, in the course of meeting conferring, Stardock offered to amend its Complaint to highlight those facts. It was an unfortunate choice—resulting in an unfortunate waste of judicial resources—that that Defendants opted not to allow Stardock that opportunity to clarify its position, and required it to file this motion instead.

Stardock also seeks an Order modifying the Scheduling Order's October 15, 2018 deadline for filing amended pleadings. The impetus for Stardock's amendments, Defendant's motion to dismiss, was filed well after the expiration of the October 15, 2018 deadline for amending pleadings. In other words, no need for the suggested amendments had presented themselves. Just cause exists to permit Stardock to amend its complaint in order to articulate its claims in a manner that addresses Defendants' concerns and leaves no open question as to whether the facts support viable interference claims.

## II.     PROCEDURAL HISTORY

Plaintiff filed this action on December 8, 2017. (Dkt. 1) It filed its First Amended Complaint as a matter of right on March 15, 2018. (Dkt. 27) Defendants filed their Answer and Counterclaims on February 22, 2018, and their Answer to Stardock's First Amended Complaint on March 29, 2018. (Dkts. 17, 37) Stardock filed as Second Amended Complaint on July 16, 2018 (Dkt. 51) Defendants answered the Second Amended Complaint on July 30, 2018 (Dkt. 53) Defendants filed an Amended Counterclaim on July 16, 2018. (Dkt. 50) Stardock answered that Counterclaim on July 30, 2018. (Dkt. 54) Stardock filed its Third Amended Complaint on October 15, 2018. (Dkt. 72) Defendants also filed their Second Amended Counterclaim on that day. (Dkt. 71) Defendants responded to Stardock's Third Amended Complaint by moving, on October 29, 2018, to dismiss Stardock's Twefth and Thirteenth causes of action. (Dkt.___) Prior to filing their motion, Defendants sought to meet and confer with Stardock on October 25, 2018, two business days before their filing. Valentine Decl. ¶2. Counsel for the parties spoke by telephone on October 26, 2018, a single business day before their filing. *Id.* During that phone

- 2 -

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

conference Stardock's counsel pointed out the multiple references to actionable interference throughout the Complaint. *Id.* In the spirit of compromise, Stardock's counsel even offered to amend its operative complaint to more clearly link the facts reflecting interference to the stated causes of action. *Id.* Counsel indicated that she would consider counsel's argument and would let us know whether they would be filing the motion to dismiss or would agree to allow Stardock to file an amended complaint. *Id.* Stardock's counsel did not hear back from counsel, however, before the motion to dismiss was filed. *Id.*

The parties are presently in the midst of discovery, and have exchanged interrogatory responses and documents, and also engaged in third-party discovery. That discovery is ongoing. No depositions have been taken yet and none are currently scheduled.   Valentine Decl., ¶4. Discovery is scheduled to close on December 21, 2018.  (Dkt. 70)

**III.    DISCUSSION**

**A.    Leave To Amend Warranted Under Federal Rule of Civil Procedure Rule 15**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires. Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. The policy of amendment is to be applied with "extreme liberality." *Sonoma County,* 708 F.3d at 1117. In its exercise of discretion, the court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb,* 655 F. 2d 977, 979 (9th Cir. 1981). *See also American Family Mut. Ins. Co. v. Hollander,* 705 F. 3d 339, 348 (8th Cir. 2013) (noting that the goal of Rule 15 is to "promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel.").

Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis* 371 US 178, 182 (1962); *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). In

- 3 -
**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

1  deciding whether a party should be given leave to amend, the factors to be considered include: (1)
2  the presence or absence of undue delay; (2) bad faith or dilatory motive; (3) repeated failure to
3  cure deficiencies; (4) prejudice to the opposing party; and (5) futility of the proposed amendment.
4  *Moore v. Kayport Package Express, Inc.,* 885 F. 2d 531, 538 (9th Cir. 1989).  These factors are to
5  applied with a view towards "the strong policy in favor of allowing amendment." *Lockheed*
6  *Martin Corp. v. Network Solutions, Inc.,* 175 F.R.D. 640, 643 (C.D. Cal. 1997).

7        The circumstances under which Rule 15(a) permits denial of leave to amend are limited.
8  *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991).  A "justifying reason
9  must be apparent" for denial of a motion to amend.  *Eminence Capital, LLC v. Aspean, Inc.,* 316
10  F. 3d 1048, 1051 (9th Cir. 2003).  "Where there is a lack of prejudice to the opposing party and
11  the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it
12  is an abuse of discretion to deny such motion."  Every factor identified above recommends that
13  the Court permit the filing of Stardock's Fourth Amended Complaint.

14        First of all, Stardock's motion was timely made after Stardock was confronted with
15  Defendant's motion to dismiss filed on October 29, 2018.  (Dkt. 76)

16        Next, there is no evidence of bad faith or a dilatory motive.  "Bad faith exists where, inter
17  alia, the proposed amendment 'will not save the complaint or the plaintiff merely is seeking to
18  prolong the litigation by adding new but baseless legal theories." *Naranjo v. Bank of Am. N.A.,*
19  2015 U.S. Dist. LEXIS 25899, *15 (N.D. Cal. Feb. 27, 2015).  There is no evidence of bad faith
20  or a dilatory motive on the part of Stardock.  In fact, quite the contrary.  Here, the interference
21  claims as pled in the Third Amended Complaint incorporate by reference all the facts that
22  Stardock is currently "adding" to its complaint.  Facts incorporated by reference commonly
23  provide adequate support for specific causes of action alleged.  *See, e.g., Oracle Am. Inc. v.*
24  *CedarCrestone, Inc.,* 2013 U.S. Dist. LEXIS 89986, *18 (N.D. Cal. June 26, 2013).  Stardock has
25  not acted in bad faith or with a dilatory motive in attempting to clarify the facts and circumstances
26  underlying its interference claims.

- 4 -

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

Third, there has been no prior attempt to cure any deficiencies in the Third Amended (or any other) Complaint because no deficiencies have been previously identified by the Court or other parties to the litigation. Valentine Decl. ¶3.

Nor would the amendment be futile. It would permit Stardock to advance its interference claims with clearly enunciated factual underpinnings.

Most importantly, Defendants would not be prejudiced by the amendment, particularly given the current state of discovery and procedural posture of the litigation. "Prejudice is the 'touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F. 2d 1048, 1052 (9th Cir. 2003). Absent prejudice or a strong showing of any of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

No depositions have been noticed and the parties are still exchanging documents. Valentine Decl. ¶4. Further, not only are the pleadings in this suit not set, not all implicated parties have even filed responsive pleadings at this point. Defendants filed counterclaims against two entirely new parties to this dispute: Valve Corporation and the GOG entities. (Dkt. 71, 74) Neither Valve nor the GOG Counter-Defendants have filed responsive pleadings and the Parties have agreed that they have until December 7, 2018 to do so. (Dkt. 81) The Parties have further agreed that, given the inclusion of new parties to this dispute, it will likely be necessary to submit a stipulation and seek an order with suggested modifications to the Scheduling Order and trial related dates. (Dkt. 81) The current state of the pleading and discovery in this action indicate that no prejudice will result to any party if Stardock is permitted to file its Fourth Amended Complaint.

Nor does the scope or content of the proposed amendment work any prejudice on Defendants. The proposed amendments merely reiterate the facts underlying Stardock's interference claims in a manner that more clearly reveals the connection between those facts and the interference claims to which they give rise. *See* Valentine Decl., ¶5, Exh. A, ¶¶209-217.

Any prejudice to the non-movant must be weighed against the prejudice to the moving

- 5 -

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

1  party by not allowing amendment. *Bell v. Allstate Life Ins. Co.,* 160 F. 3d 452, 454 (8th Cir.
2  1998)  Here, amendment would facilitate a determination on the merits of Stardock's claims
3  rather than the pleadings or technicalities.  The modified Fourth Amended Complaint clarifies the
4  factual basis of Stardock's interference claims and would permit Stardock to proceed on the
5  merits of its claims versus the technical merits of its drafting choices. Defendants will not be
6  prejudiced by the filing of the Fourth Amended Complaint and even if they *were* somehow
7  prejudiced, it would pale in comparison to Stardock being precluded from asserting its viable
8  interference claims because of how it chose to present its claims.

9  Trial is not set to commence until June of 2019.  (Dkt. 33)  There has been no bad faith or
10 dilatory motive on the part of Stardock.  And no prejudice will result to any party if Stardock is
11 permitted to clarify the factual basis of its interference claims.  There is no statutory or common
12 law precedent that would justify denial of Stardock's motion to file a Fourth Amended Complaint
13 in this matter.

14       **B.     Stardock Has Established Good Cause for Relief From the Scheduling Order**

15 "To amend the Scheduling Order's '[n]o further . . . amendments to pleadings' provision,
16 Plaintiff must show good cause exists for the amendment under Rule 16(b)." *Minnard v. Rotech*
17 *Healthcare, Inc.,* 2007 U.S. Dist. LEXIS 53520, *4 (E.D. Cal. July 6, 2007).  Rule 16(b)'s "good
18 cause" standard focuses on the diligence of the party seeking the amendment. *Johnson v.*
19 *Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) "The district court may modify the
20 pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the
21 extension." *Id.* (internal citation and quotation marks omitted).

22 Good cause may be found to exist where the moving party demonstrates, for example, that
23 it: (1) diligently assisted the court in recommending and creating a workable scheduling order, (2)
24 is unable to comply with the deadlines contained in the scheduling order due to issues not
25 reasonably foreseeable at the time of the scheduling order, and (3) was diligent in seeking an

- 6 -

**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

1  amendment once the party reasonably knew that it could not comply with the scheduling order.

2  *Bever v. CitiMortgage, Inc,* 2014 U.S. Dist. LEXIS 54390, *18 (E.D. Cal. Apr. 17, 2014).

3      As noted above, Defendants' motion to dismiss—*i.e.,* the impetus for Stardock's

4  motion—was not filed until after the deadline to file amended pleadings had passed.  So Stardock

5  was not able to submit proposed modifications that respond to Defendants' enunciated concerns

6  within the time allotted by the Court.  Relief from the scheduling order is warranted under such

7  circumstances.  Stardock's amendment is not made after delay or dilatory tactics, and vindicating

8  its meritorious interference claims is good cause for an amendment after a scheduling order

9  deadline.

10      **IV.    CONCLUSION**

11      If Stardock is not permitted to revise its complaint to clarify which facts stated therein

12  support its interference claims, then those claims will be decided based on the pleadings and

13  technicalities rather than the merits of Stardock's claims.  This is precisely the situation that is

14  warned against by the Ninth Circuit.  *See Webb,* 655 F. 2d at 979 (noting that the court applies

15  Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities.")

16  There is no principled reason founded on law or logic to deny this Motion.

17      Per the authorities identified above, Stardock respectfully requests that this Court grant its

18  motion to modify the scheduling order and permit it to file its Fourth Amended Complaint.

19            Respectfully submitted,

20  Dated: November 7, 2018    **NIXON PEABODY LLP**

21

22            By:  /s/ *Robert A. Weikert*

23            Robert A. Weikert (Bar No. 121146)
          rweikert@nixonpeabody.com

24            Dawn N. Valentine (Bar No. 206486)
          dvalentine@nixonpeabody.com

25            NIXON PEABODY LLP
          One Embarcadero Center

26            San Francisco, California 94111-3600
          Tel: (415) 984-8200

27            Fax: (866) 294-8300

- 7 -

28  **MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Case No. 17-cv-07025-SBA

4819-9954-8794.1

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

- 8 -
**MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**
Case No. 17-cv-07025-SBA

4819-9954-8794.1