# EXHIBIT A

| | |
|---|---|
| **From:** | Weikert, Robert |
| **Sent:** | Friday, October 26, 2018 11:38 AM |
| **To:** | Tiffany S. Hansen |
| **Cc:** | Stephen C. Steinberg; Mark Palmer; May, David; Wiser, Jennette; Kappler, Kerry; Kunze, Jason; Valentine, Dawn |
| **Subject:** | RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims |

Tiffany,

Further to our exchange from yesterday, we disagree with your characterization of the interference claims, and your incorrect premise that the "interference claims are predicated entirely on the alleged violation of the DMCA." Indeed, Defendants' repeated and intentional interference with the *Origins* game is detailed in the current complaint, including without limitation Paragraphs 61, 68, 84, 95, 97, 98, and 132. These paragraphs are incorporated by reference into each of the interference claims at Paragraphs 203 and 209 of the current complaint, and comprise examples of the "actions described herein" in those claims at Paragraphs 211 and 217.

In short, the interference claims are not solely predicated on the false DMCA claims against the pre-release content, but rather the false DMCA claims are but *one example* in a continuing pattern of improper acts by Defendants intended to denigrate Stardock and the *Origins* game and disrupt and damage Stardock's relationships with third parties. *See* Paragraphs 211-212; 217-218. Notably, Paragraphs 211 and 217 both specifically reference the *Origins* game which, as you know, has not been subject to a DMCA notice.

Stardock reserves the right to further develop the facts supporting its interference claims through the discovery process, and is not limited solely to these examples of Defendants' ongoing interference. On that point, Stardock is aware of additional facts supporting its interference claims that would be highlighted in its complaint but for Defendants' overzealous and improper "attorneys' eyes only" designation of documents. *See, e.g.,* RF002825-26.

In sum, the current complaint is more than sufficient to provide Defendants notice of their acts comprising the interference claims. Nonetheless, we are willing to prepare clarifying amendments consistent with the above if they would be effective in avoiding unnecessary motion practice.

We are available after 2:00 PM today to discuss this matter further if needed.

Thanks,



**Robert A. Weikert**
Partner
rweikert@nixonpeabody.com
T 415-984-8385 | C 415-298-2548 | F 866-294-8842
Nixon Peabody LLP | One Embarcadero Center, 18th Floor | San Francisco, CA 94111-3600
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Tiffany S. Hansen <thansen@BZBM.com>
**Sent:** Friday, October 26, 2018 9:40 AM
**To:** Weikert, Robert <rweikert@nixonpeabody.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Great, thank you, I'll keep an eye out for your response email and follow-up afterward if a meet and confer call is still necessary.

Best,
Tiffany

**From:** Weikert, Robert [mailto:rweikert@nixonpeabody.com]
**Sent:** Friday, October 26, 2018 9:39 AM
**To:** Tiffany S. Hansen <thansen@BZBM.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Tiffany,

We will be substantively responding shortly to your original email on this subject, and if you still want to meet and confer after that someone on our team should be available after 2 PM PDT today.

Best regards, Rob

**From:** Tiffany S. Hansen <thansen@BZBM.com>
**Sent:** Friday, October 26, 2018 9:36 AM
**To:** Weikert, Robert <rweikert@nixonpeabody.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Good morning Rob,

I wanted to check in again this morning to see if/when you would have some time to meet and confer with me today regarding Stardock's interference claims, per my below email.

I would also be happy to speak with any of the other members of your team, if you are unavailable today.

Thanks,
Tiffany

**From:** Weikert, Robert [mailto:rweikert@nixonpeabody.com]
**Sent:** Thursday, October 25, 2018 3:38 PM

2

**To:** Tiffany S. Hansen <thansen@BZBM.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Tiffany,

We are well aware of our obligations and do not need you to remind us of them. As I have made clear in my earlier emails, we will evaluate your assertions and request and respond substantively to them. After that, we will be in a position to meet and confer with respect to any proposed motion, if you still feel compelled to file one. The Local Rules do not require us to do anything more.

Best regards, Rob

**From:** Tiffany S. Hansen <thansen@BZBM.com>
**Sent:** Thursday, October 25, 2018 3:25 PM
**To:** Weikert, Robert <rweikert@nixonpeabody.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Robert,

Please advise as to whether you will make yourself available for a meet and confer call before the end of the day tomorrow (Friday, 10/26) to discuss this discrete issue. I can be available anytime this afternoon as well as anytime tomorrow that works for your schedule.

If you refuse to make yourself available before the end of the day tomorrow, we will treat these email communications as our attempt to substantively meet and confer with you. Indeed, we've advised you as to the basis of our forthcoming 12(b)(6) motion and trust that you will evaluate our position and inform us if you are willing to voluntarily dismiss Stardock's preempted state claims and thereby obviate the need for our motion.

I will reiterate that we assume that you and your client have already evaluated the bases and viability of the interference claims that you included in the TAC, as you are required to do under Rule 11, and should therefore be able to engage in a meet and confer conversation with us regarding those bases.

Best,
Tiffany

**From:** Weikert, Robert [mailto:rweikert@nixonpeabody.com]
**Sent:** Thursday, October 25, 2018 2:37 PM
**To:** Tiffany S. Hansen <thansen@BZBM.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Hi Tiffany,

Please see my previous email.  Your request continues to be unreasonable and no explanation is given for why you sat on this for almost two weeks now and are now demanding a meet and confer in less than 24 hours.

As I indicated, we will respond in due course and per my previous email.  We have a right to review your alleged authorities and respond substantively, and do not need to adhere to your unilateral schedule and short notice brought on by your own lack of diligence.  We trust you would be responding in a similar manner if the situation was reversed.

Best regards, Rob



**Robert A. Weikert**
Partner
rweikert@nixonpeabody.com
T 415-984-8385 | C 415-298-2548 | F 866-294-8842
Nixon Peabody LLP | One Embarcadero Center, 18th Floor | San Francisco, CA 94111-3600
nixonpeabody.com | @NixonPeabodyLLP

Please consider the environment before printing this email.

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Tiffany S. Hansen <thansen@BZBM.com>
**Sent:** Thursday, October 25, 2018 2:30 PM
**To:** Weikert, Robert <rweikert@nixonpeabody.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Hi Robert,

Given that the parties' responsive pleadings are due to be filed on Monday, your proposal to get back to me by Monday is obviously unworkable.  I would be happy to have a call tomorrow morning instead of this afternoon, though—do you have some time available then?  That should provide you with sufficient time to prepare for a meet and confer call regarding the very claims that your client has pled in the TAC and which you have presumably already researched before including in your client's pleading.  Moreover, I directed you to the relevant caselaw, which should significantly lessen any burden on your team.

Even if you are not prepared to voluntarily dismiss the claims, we still need to meet and confer as to the basis of our forthcoming 12(b)(6) motion and would ask that you give us a short amount of your time no later than tomorrow to do so.

Thanks in advance,
Tiffany

**From:** Weikert, Robert [mailto:rweikert@nixonpeabody.com]
**Sent:** Thursday, October 25, 2018 2:07 PM
**To:** Tiffany S. Hansen <thansen@BZBM.com>; Valentine, Dawn <dvalentine@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David

<DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** RE: Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

Tiffany,

Sending us this email two (2) business days before your clients' response to the Third Amended Complaint is due (after having received the amended complaint almost two weeks ago), and demanding a meet and confer before the end of the very same day (today) is unreasonable on its face, particularly when you know that we are in the process of preparing Stardock's response to your amended counterclaim.

We will endeavor to review your email and the authorities cited therein at our earliest opportunity, but we will likely not be in a position to substantively respond to your contentions until Monday at the earliest.

Best regards, Rob



**Robert A. Weikert**
Partner
rweikert@nixonpeabody.com
T 415-984-8385 | C 415-298-2548 | F 866-294-8842
Nixon Peabody LLP | One Embarcadero Center, 18th Floor | San Francisco, CA 94111-3600
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Tiffany S. Hansen <thansen@BZBM.com>
**Sent:** Thursday, October 25, 2018 1:09 PM
**To:** Valentine, Dawn <dvalentine@nixonpeabody.com>; Weikert, Robert <rweikert@nixonpeabody.com>
**Cc:** Stephen C. Steinberg <ssteinberg@BZBM.com>; Mark Palmer <mark@palmerlex.com>; May, David <DMay@nixonpeabody.com>; Wiser, Jennette <jwiser@nixonpeabody.com>; Kappler, Kerry <kkappler@nixonpeabody.com>; Kunze, Jason <jkunze@nixonpeabody.com>
**Subject:** Stardock v. Reiche/Ford: Meet and Confer re Preempted State Law Claims

[EXTERNAL E-MAIL]

Counsel,

We've reviewed Stardock's Third Amended Complaint ("TAC"), filed on October 15.  Our research indicates that the following counts in the TAC are clearly preempted by the DMCA:

- <u>Count XII</u>:     California Common Law Tortious Interference with Prospective Economic Advantage
- <u>Count XIII</u>:    California Common Law Tortious Interference with Contractual Relations

Specifically, Counts 12 and 13 (the "interference claims") are based entirely on alleged misrepresentations in the DMCA takedown notices served by Reiche and Ford on Valve and GOG.  *See, e.g.* TAC, ¶¶ 210 and 216 ("Reiche and Ford . . . "have willfully committed intentional, malicious and wrongful acts . . . by submitting the false DMCA Notices").

Numerous courts in the Ninth Circuit have unequivocally held that when the state law claims found in a complaint are based entirely on a violation of federal copyright law (including the DMCA), these state law claims are preempted and subject to dismissal.  It is clear that Stardock's interference claims are predicated entirely on the alleged violation of the DMCA.  Indeed, the only factual allegation of wrongdoing associated with the interference claims is the purported violation of the DMCA.  *See*, TAC ¶¶ 210 and 216.  These claims are therefore preempted.  *See, e.g. Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. C 10-05696 CRB, 2011 WL 2690437, at *3 n.2 (N.D. Cal. July 8, 2011) ("17 U.S.C. 512(f) preempts state law claims based on DMCA Takedown Notifications); *Lenz v. Universal Music Corp.*, No. C 07-03783 JF, 2008 WL 962102, at *4 (N.D. Cal. Apr. 8, 2008) (finding the provisions of 17 U.S.C. 512(f) constitute the sole remedy for a customer who objects to the contents and effects of Section 512 takedown notices); *see also Online Policy Group v. Diebold, Inc.*, 337 F.Supp.2d 1195, 1205-06 (N.D. Cal. 2004).  The *Amaretto* court found that *Diebold* and *Lenz* cases stand for the proposition that (1) a DMCA takedown notification is a creature of federal statutory regime, and (2) that regime preempts any state law claim based on an allegedly improper DMCA takedown notification.  *Amaretto Ranch*, 2011 WL 2690437, at *3.

Given the above, we ask that you agree to voluntarily dismiss Counts 12 and 13 of the TAC.  If you do not agree to voluntarily dismiss those Counts, please provide times you are available to meet and confer either this afternoon, in advance of Reiche and Ford filing a 12(b)(6) motion to dismiss Counts 12 and 13 of the TAC.

Thanks,

_____
**TIFFANY S. HANSEN**
**BARTKO ZANKEL BUNZEL & MILLER**
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Main:  415.956.1900  **|** Fax: 415.956.1152
Direct:  415.291.4588
thansen@bzbm.com **|** www.bzbm.com

**Confidentiality and Privilege.** This e-mail message, including attachments, is intended solely for review by the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. Review by anyone other than the intended recipient(s) shall not constitute a waiver of any ATTORNEY-CLIENT PRIVILEGE or ATTORNEY WORK PRODUCT PROTECTION that may apply to this communication. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.