STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bzbm.com
TIFFANY S. HANSEN (SBN 292850)
  thansen@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

MARK S. PALMER (SBN 203256)
  mark@palmerlex.com
4 Meadow Drive
Mill Valley, CA 94941
Telephone: (415) 336.7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>    Defendants.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>    Counter-Claimants,<br><br>    v.<br><br>STARDOCK SYSTEMS, INC.,<br><br>    Counter-Defendants. | Case No. 4:17-CV-07025-SBA<br><br>**DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OF STARDOCK'S THIRD AMENDED COMPLAINT**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>Judge:  Hon. Saundra B. Armstrong<br>Date:   December 12, 2018<br>Time:   1:00 p.m.<br>Ctrm:   5 |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................5

II. MATTERS OUTSIDE THE PLEADINGS MAY NOT BE CONSIDERED ON A MOTION TO DISMISS ................................................................................................6

III. STARDOCK'S INTERFERENCE CLAIMS ARE FATALLY FLAWED .........................6

    A. Stardock's Attempt to Rewrite its Interference Claims Should Be Disregarded ........................................................................................................6

    B. Stardock's Remaining Allegations Are Insufficient to State Interference Claims ..................................................................................................................7

        1. Stardock's TAC Fails to Sufficiently Plead Interference Claims with Regard to Stardock's Unidentified Customers or Potential Customers ...............................................................................................8

        2. Stardock's TAC Fails to Sufficiently Plead Interference Claims with Regard to Valve and GOG ...............................................................11

    C. Stardock Should Not Be Granted Leave to Amend ................................................13

IV. CONCLUSION ..........................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................................10, 12

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................10, 12

*Collins v. Palczewski*
    841 F.Supp. 333 (D. Nev. 1993) ..........................................................................................6

*Cooper v. Pickett*
    137 F.3d 616 (9th Cir. 1997) ................................................................................................5

*Cummins v. Lollar*
    No. CV1108081DMGMANX, 2013 WL 12123771 (C.D. Cal. Apr. 30, 2013) ............10, 11, 12

*Grove v. Mead School Dist. No. 354*
    753 F.2d 1528 (9th Cir. 1985) ..............................................................................................5

*Pendleton v. Housewright*
    651 F.Supp. 631 (D. Nev. 1986) ..........................................................................................5

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*
    946 F.Supp.2d 957 (N.D. Cal. 2013) ....................................................................................9

*PNY Techs., Inc. v. SanDisk Corp.*
    No. c-11-04689 YGR, 2012 WL 1380271 (N.D. Cal. Apr. 20, 2012) .....................................9

*Ramona Manor Convalescent Hosp. v. Care Enters.*
    177 Cal.App.3d 1120 (1986) ................................................................................................9

*Roth v. Rhodes*
    25 Cal.App.4th 530 (1994) ...................................................................................................9

*Sebastian Int'l Inc. v. Russolillo*
    162 F.Supp.2d 1198 (C.D. Cal. 2001) .............................................................................10, 11

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
    983 F.Supp. 1303 (N.D. Cal. 1997) ......................................................................................9

*Stone v. Writer's Guild of Am. West Inc.*
    101 F.3d 1312 (9th Cir. 1996) ..............................................................................................5

*Sun v. Dreamdealers USA, LLC*
    No. 2:13-cv-1605-JCM-VCF, 2014 WL 12585664 (D. Nev. Mar. 20, 2014) .....................5, 6

*Sybersound Records, Inc. v. UAV Corp.*
    517 F.3d 1137 (9th Cir. 2008) .................................................................................... 12

*Townsend v. Columbia Operations*
    667 F.2d 844 (9th Cir. 1982) ....................................................................................... 5

*Tucker v. United States*
    8 F.App'x 818 (9th Cir. 2001) ..................................................................................... 5

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*
    42 Cal.App.4th 507 (1996) .......................................................................................... 9

**Other Authorities**

5C C. Wright & A. Miller, Federal Practice & Procedure: Civil 3d § 1366 at 159
    (3d ed. 2004) ........................................................................................................ 5, 6

Federal Rules of Civil Procedure
    Rule 12(b) .................................................................................................................. 5
    Rule 12(d) .............................................................................................................. 5, 6
    Rule 56 .................................................................................................................... 10
    Rule 56(c)(4) ............................................................................................................. 6

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively, "Reiche and Ford") respectfully submit this Reply in support of their Motion to Dismiss Counts Twelve and Thirteen of Stardock Systems, Inc.'s ("Stardock") Third Amended Complaint ("TAC").

## I.   INTRODUCTION

Despite the allegations on the face of the TAC, which show clearly that Stardock's interference claims were predicated on its false DMCA notice claim, Stardock now attempts to rewrite its claims to avoid preemption and, ultimately, dismissal. That attempt fails because, even if the Court is willing to overlook the plain language of Stardock's claims, the remaining factual allegations in Stardock's TAC are insufficient to state claims either for interference with prospective economic advantage or for interference with contractual relations.

As discussed in greater detail below, Stardock's interference claims as to ***its customers and potential customers*** fails because Stardock has (1) failed to set forth facts sufficient to allege an actual relationship with such customers and potential customers, (2) failed to set forth facts sufficient to allege Reiche and Ford's specific and actual knowledge of Stardock's relationship with its customers and/or potential customers at the time of the purportedly interfering acts, and (3) failed to set forth facts sufficient to allege Reiche and Ford's intent to disrupt Stardock's relationship with those customers or potential customers. Likewise, Stardock's interference claims as to ***Valve and GOG*** fail because Stardock has (1) failed to set forth facts sufficient to allege Reiche and Ford's knowledge of Stardock's relationship with Valve and GOG at the time of the purportedly interfering actions, (2) failed to set forth facts sufficient to allege an independently wrongful act by Reiche and Ford designed to disrupt its relationships with Valve and GOG, and (3) failed to set forth facts sufficient to allege actual disruption of Stardock's relationships with Valve and GOG.

## II. MATTERS OUTSIDE THE PLEADINGS MAY NOT BE CONSIDERED ON A MOTION TO DISMISS

When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993); *see also Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) (in ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings.")[1]. Despite this, Stardock has submitted with its Opposition extrinsic matters beyond the pleadings through the declaration of its counsel, Robert Weikert ("Weikert Decl."). Specifically, Paragraphs 2-9 of the Weikert Decl. discuss matters outside the pleadings, including the conclusory allegation that other materials (not appended to the declaration or discussed in the briefs or pleadings) exist which support Stardock's claims. Likewise, Exhibits A-C to the Weikert Decl. are materials outside the pleadings which cannot be considered in a motion to dismiss. These extraneous materials may properly be excluded by the Court. In addition to being extrinsic matters improper for consideration on a motion to dismiss, these materials also suffer from fatal evidentiary flaws that render them inadmissible[2]. For these reasons, the Court should not consider Stardock's extrinsic materials in its analysis.

## III. STARDOCK'S INTERFERENCE CLAIMS ARE FATALLY FLAWED

### A. Stardock's Attempt to Rewrite its Interference Claims Should Be Disregarded

Predictably, Stardock argues that its interference claims are based on more than just the DMCA notices—indeed it must argue so in order to avoid clear preemption and dismissal. However, one need only look to the plain language in Stardock's TAC to see that its interference

---

[1] Under Rule 12(d), when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

[2] Exhibits B and C appear to be screenshots of comments or posts made on an unknown forum, from unknown sources. At a minimum, these documents lack authenticity and are clearly hearsay.

claims are, indeed, based entirely on the DMCA notices[3]. Stardock's attempt to walk these allegations back now, in order to avoid dismissal, should be disregarded.

Stardock itself admits that if the Court finds its interference claims were based solely on the purportedly false DMCA notices, those claims are preempted. Thus, if the Court agrees that Stardock's interference claims are predicated on the DMCA notices, it must dismiss those claims.

### B. Stardock's Remaining Allegations Are Insufficient to State Interference Claims

Stardock's interference claims appear to be based on two different sets of relationships: (1) its relationships with unidentified customers and/or potential customers, and (2) its relationships with Valve and GOG[4]. In order to sufficiently plead its interference claims, Stardock must allege facts—beyond mere conclusory allegations—sufficient to meet the elements of its interference claims *as to each relationship*. Stardock cannot, as it has attempted to do, meet some elements based on its purported relationships with its customers, while meeting other elements of the claims based on its purported relationships with Valve and/or GOG. *See, e.g.,* Opposition at 14-15 (arguing incorrectly that, even if Stardock's reference to existing and potential customers is insufficient, "the fact that specific relationships with Valve and GOG were alleged would be enough to satisfy this element."). Stardock cites to *PhoneDog v. Kravitz* as support, but that case does not support Stardock's position. Rather, that case states "for PhoneDog to have properly alleged its second claim, only one of the above economic relationships has to **meet the elements of the tort**." 2012 WL 273323, at *1 (N.D. Cal. 2012) (emphasis added); *see also* Opposition at 13.

---

[3] The TAC states: "Reiche and Ford knew or should have known of Stardock's . . . relationships with Valve and GOG," and "have willfully committed intentional, malicious and wrongful acts to disrupt these relationships **by submitting the false DMCA Notices** for the improper removal of the Stardock Pre-Origins Game Content from the platforms" and "Stardock is already engaged with several business partners for the advertising and promotion of Stardock's Origins Game" and "[t]he blocking of material or content associated with its Origins games **as a result of the DMCA Notices or any future DMCA notices** by Reiche and Ford, **has and will continue to permanently harm Stardock's relationship with its current business partners**." TAC, ¶¶ 128, 210, 216 (emphasis added).

[4] Stardock makes other vague references to "contractual partners" but never specifies who those "contractual partners" are and/or whether that phrase refers to or includes Valve and GOG or some other person or entity. *See, e.g.*, Opposition at 13.

Stardock must plead facts sufficient to meet each of the elements for each interference claim as to each party it alleges it had a disrupted relationship with.  Stardock has not done so.

As discussed below, Stardock's interference claims as to *its customers and potential customers* fails because Stardock has (1) failed to set forth facts sufficient to allege an actual relationship with such customers and potential customers, (2) failed to set forth facts sufficient to allege Reiche and Ford's specific and actual knowledge of Stardock's relationship with its unidentified customers and/or potential customers at the time of the purportedly interfering acts, and (3) failed to set forth facts sufficient to allege Reiche and Ford's intent to disrupt Stardock's relationship with those customers or potential customers.  Likewise, Stardock's interference claims as to *Valve and GOG* fail because Stardock has (1) failed to set forth facts sufficient to allege Reiche and Ford's knowledge of Stardock's relationship with Valve and GOG at the time of the purportedly interfering actions, (2) failed to set forth facts sufficient to allege an independently wrongful act by Reiche and Ford designed to disrupt its relationships with Valve and GOG, and (3) failed to set forth facts sufficient to allege actual disruption of Stardock's relationships with Valve and GOG.

      **1.**      **Stardock's TAC Fails to Sufficiently Plead Interference Claims with Regard to Stardock's Unidentified Customers or Potential Customers**

Stardock has failed to set forth facts sufficient to allege that Stardock had specific contractual relationships with customers which Reiche and Ford were aware of and that, with that awareness, Reiche and Ford subsequently engaged in a course of conduct designed to disrupt those relationships.

*First*, the TAC fails to set forth facts sufficient to allege that Stardock had a relationship with any customer or potential customer at the time of Reiche and Ford's allegedly interfering acts[5].  See *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507 (1996) (explaining

---

[5] Notably, Stardock makes no effort to defend its claim of any relationship with *potential* customers.  Case law is clear that such relationships cannot form the basis of an interference claim.  See, e.g., *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.* 946 F.Supp.2d 957, 980 (N.D. Cal. 2013) ("[A]llegations that amount to a mere hope for an economic relationship and a desire for future benefit are inadequate to satisfy the pleading requirements of the first element of the

1  that the elements of the tort "presuppose the relationship existed at the time of the defendant's
2  allegedly tortious acts lest liability be imposed for actually and intentionally disrupting a
3  relationship which has yet to arise.")  Moreover, vague references to "customers and potential
4  customers" is not sufficient to state a claim for interference with prospective economic advantage.
5  *See Roth v. Rhodes*, 25 Cal.App.4th 530, 546 (1994); *Silicon Knights, Inc. v. Crystal Dynamics,
6  Inc.*, 983 F.Supp. 1303, 1311-12 (N.D. Cal. 1997).  The contractual party "must be identified in
7  some manner."  *See PNY Techs., Inc. v. SanDisk Corp.*, No. c-11-04689 YGR, 2012 WL 1380271,
8  at *14 (N.D. Cal. Apr. 20, 2012) citing *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177
9  Cal.App.3d 1120, 1133 (1986) (considering PNY's allegation of "existing and valuable business
10 relationships with manufacturers, retailers, and purchasers relating to flash memory technology"
11 and finding that PNY "provides no facts from which the Court can discern the impacted
12 relationships" and "without any details of the relationships with which SanDisk allegedly
13 interfered, SanDisk cannot be expected to frame an answer to these allegations.").

14      Stardock's vague allegation of contractual relationships with "purchasers of the Stardock
15 Pre-Origins Game Content and/or potential purchasers of Stardock's Origins Game" is similar to
16 the vague allegations made by PNY and are likewise insufficient to state an interference claim.
17 Stardock relies on *Oracle America, Inc. v. CedarCrestone, Inc.*, but that case is distinguishable.
18 2013 WL 3243885.  There, Oracle pled factual allegations sufficient to show ongoing licensing
19 relationships with software licensees.  *Id*.  Unlike Stardock's allegations, which claim
20 relationships with any and all existing and potential purchasers of Stardock's content, the licensee
21 relationships alleged by Oracle were clear, ongoing, and provided a continuing benefit to Oracle.
22 To be sure, the Court in that case found "[b]y definition, this is a limited group of customers
23 whose identities should be in [defendant's] possession, or could be obtained through discovery."
24 No such facts are alleged by Stardock here—the group of customers alleged by Stardock is not so
25 limited, nor are such customers' identities in Reiche and Ford's possession.

26
27
28 tort.").

***Second***, Stardock has set forth no facts at all alleging that either Reiche or Ford were actually aware of Stardock's purported relationships with any customers or potential customers or how they even could be aware of such relationships.  Absent the pleading of this knowledge element, Stardock's TAC fails to set forth a plausible claim for interference.  *See Sebastian Int'l Inc. v. Russolillo*, 162 F.Supp.2d 1198, 1203-04 (C.D. Cal. 2001) ("If a potential defendant was completely unaware of contractual relations with a third party, then it would be impossible to infer any intent to interfere on the defendant's part."); *see also Cummins v. Lollar*, No. CV1108081DMGMANX, 2013 WL 12123771, at *5-6 (C.D. Cal. Apr. 30, 2013) (dismissing the plaintiff's interference claims after finding that it failed to allege that defendant had any specific knowledge of the plaintiff's business relationships).  Stardock has not pointed to any allegations in its TAC which even attempt to plead knowledge on the part of Reiche and Ford of Stardock's relationships with customers.  Indeed, only in its Opposition, and relying entirely on the inadmissible statements of its counsel, does Stardock suddenly claim that its relationships with its customers were developed at the time of Reiche and Ford's alleged tortious acts.  Even this allegation is too conclusory to support Stardock's interference claim and, at any rate, in no way alleges that Reiche and Ford had actual knowledge of these relationships.  Regardless, counsel's statements cannot be considered in this motion to dismiss.  *See* Section II, *supra*.

***Third***, Stardock has set forth only threadbare, conclusory recitations of the element that Reiche and Ford intended to disrupt its specific customer relationships.  Indeed, the TAC merely alleges that Reiche and Ford's "intentional, malicious and willful actions . . . were specifically designed to injure Stardock and disrupt its relationships with . . . existing and potential purchasers of the Stardock Pre-Origins Game Content."  TAC, ¶¶ 211, 217.  These allegations are insufficient to support an interference claim.  *See Cummins v. Lollar*, No. CV1108081DMGMANX, 2013 WL 12123771, at *5-6 (C.D. Cal. Apr. 30, 2013), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding the conclusory assertion that Defendant's wrongful conduct was made with malicious intent to destroy Plaintiff's relationship with business contacts insufficient to demonstrate that Defendant had specific knowledge of Plaintiff's business relationships and posted the allegedly defamatory statements

with an intent to disrupt those relationships and subsequently dismissing the interference claim). While Stardock argues in its Opposition (p. 16) that Reiche and Ford "knew exactly what would happen when they timed the release of their game and embarked [o]n their misinformation campaign," these arguments are (1) made by counsel in an opposition and not in the TAC, and (2) are exactly the type of conclusory statements that cannot sustain an interference claim. *Ashcroft*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555.

*Finally*, Stardock's Opposition itself lends even further support to the fact that Stardock has failed to articulate Reiche and Ford's intent to disrupt its relationships with a limited group of identifiable customers. For example, Stardock argues that Reiche and Ford intended to diminish "***consumer*** excitement for *Origins* and cause confusion among the ***general public***;" have made a "willful attempt to deceive ***consumers***;" "discouraged adoption of *Origins*" generally; taken advantage of "the Star Control ***fans and community***;" and created confusion "among ***consumers in the marketplace***." *See* Opposition at 3-4, citing TAC. These vague allegations related to consumers in the marketplace, Star Control fans, the Star Control community, and the general public are not particularized to a specific, identifiable group of customers, as Stardock claims. *See* Opposition at 14. Thus, Stardock fails to plead facts sufficient to allege that Reiche and Ford have engaged in independently wrongful conduct specifically designed to interfere with or create disruption of Stardock's relationships with a specific set of customers, as is required. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-55 (2003) (stating the elements of interference with prospective economic advantage); *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) (stating the elements of interference with contractual relations).

For each of these reasons, independently, Stardock has failed to state a claim either for interference with prospective economic advantage or for interference with contractual relations, as to its purported relationships with its customers.

2. **Stardock's TAC Fails to Sufficiently Plead Interference Claims with Regard to Valve and GOG**

Stardock has failed to set forth facts sufficient to allege that Reiche and Ford were aware of its relationships with Valve and GOG and that, with that awareness, Reiche and Ford subsequently

engaged in a course of conduct designed to disrupt those relationships and did, in fact, disrupt the relationships.

*First*, the TAC sets forth no facts at all alleging either that Reiche and Ford were actually aware of Stardock's relationships with Valve and/or GOG at the time of their purportedly interfering conduct, or how they even could be aware of such relationships. Absent the pleading of this knowledge element, Stardock's TAC fails to set forth a plausible claim for interference. *See Sebastian Int'l Inc. v. Russolillo*, 162 F.Supp.2d 1198, 1203-04 (C.D. Cal. 2001) ("If a potential defendant was completely unaware of contractual relations with a third party, then it would be impossible to infer any intent to interfere on the defendant's part."); *see also Cummins v. Lollar*, No. CV1108081DMGMANX, 2013 WL 12123771, at *5-6 (C.D. Cal. Apr. 30, 2013) (dismissing the plaintiff's interference claims after finding that it failed to allege that defendant had any specific knowledge of the plaintiff's business relationships). Stardock has not pointed to any allegations in its TAC which even remotely pleads knowledge on the part of Reiche and Ford as to Stardock's relationships with Valve and GOG.

*Second*, aside from the preempted false DMCA claim, Stardock has failed to allege any independently wrongful action by Reiche and Ford specifically designed to interfere with Stardock's relationship with Valve and GOG. Indeed, the TAC merely alleges that Reiche and Ford's "intentional, malicious and willful actions . . . were specifically designed to injure Stardock and disrupt its relationships with Valve and GOG." These allegations are insufficient to support an interference claim. *See Cummins v. Lollar*, No. CV1108081DMGMANX, 2013 WL 12123771, at *5-6 (C.D. Cal. Apr. 30, 2013), citing *Ashcroft*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555 (finding the conclusory assertion that Defendant's wrongful conduct was made with malicious intent to destroy Plaintiff's relationship with business contacts insufficient to demonstrate that Defendant had specific knowledge of Plaintiff's business relationships and posted the allegedly defamatory statements with an intent to disrupt those relationships and subsequently dismissing the interference claim).

*Finally*, Stardock has failed to plead facts in the TAC sufficient to allege that its relationships with Valve and GOG were actually breached or disrupted. Indeed, the TAC makes

no such allegation, nor does Stardock's Opposition cite to any such allegation in the TAC.  *See* TAC ¶¶ 212, 218 (alleging only that **Stardock** was damaged but silent as to its relationships with Valve and/or GOG).  Courts have dismissed cases even where disruption was alleged, but in a conclusory manner, which is more than Stardock has done in its TAC.  *See, e.g. Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (affirming dismissal of Sybersound's interference claim where the claim was based on "conclusory allegations" that it had been harmed because its ongoing business relationships had been disrupted).  Even in its Opposition, Stardock only manages to argue that just because its relationships with Valve and GOG remain intact "does not mean Stardock did not suffer significant damage."  *See* Opposition at 16.  But the question is not whether **Stardock** was damaged, but whether there was a "breach or disruption of the contractual relationship."  *Pacific Gas & Electric Co.*, 50 Cal. 3d at 1126.  Stardock's TAC does not plead as much, nor does Stardock even argue as much in its Opposition.

For each of these reasons, independently, Stardock has failed to state a claim either for interference with prospective economic advantage or for interference with contractual relations, as to its relationships with Valve and GOG.

**C.     Stardock Should Not Be Granted Leave to Amend**

The defects in Stardock's TAC are incurable and any amendment would therefore be futile.  Indeed, Stardock has filed a motion for leave to file a fourth amended complaint which Reiche and Ford will oppose.

If the Court agrees that Stardock's interference claims are based on the purportedly false DMCA notices, despite Stardock's necessary attempts to argue otherwise, that defect cannot be cured because the claims are clearly preempted.

Stardock's remaining allegations are insufficient to plead interference claims, despite the fact that Stardock should have been aware of these facts since the time it filed its original complaint.  Stardock has provided no explanation as to why it has been unable to allege facts sufficient to show, for example, Reiche and Ford's knowledge of its relationships with customers or with Valve and GOG or Reiche and Ford's intent to disrupt those relationships.  And Stardock has given no indication that it will be able to sufficiently plead its interference claims if given

leave to amend. Indeed, Stardock's proposed Fourth Amended Complaint does nothing to cure the defects discussed herein. It provides no additional allegations regarding either Reiche and Ford's knowledge of its relationships, or Reiche and Ford's intent to disrupt those relationships. Thus, even if the Court accepts Stardock's Fourth Amended Complaint, that pleading will suffer from the same fatal flaws as the TAC.

### IV. CONCLUSION

For the foregoing reasons, Reiche and Ford respectfully request that the Court dismiss Counts Twelve and Thirteen of Stardock's TAC on the ground that they are preempted by federal law and, alternatively, because Stardock has failed to plead facts sufficient to support those claims.

DATED: November 20, 2018

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By: /s/ Tiffany S. Hansen
Tiffany S. Hansen
Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD