STEPHEN C. STEINBERG (SBN 230656)
ssteinberg@bzbm.com
TIFFANY S. HANSEN (SBN 292850)
thansen@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

MARK S. PALMER (SBN 203256)
mark@palmerlex.com
4 Meadow Drive
Mill Valley, CA 94941
Telephone: (415) 336.7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 4:17-CV-07025-SBA<br><br>**DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S OPPOSITION TO STARDOCK'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Judge:  Hon. Saundra B. Armstrong<br>Date:    December 12, 2018<br>Time:   2:00 p.m.<br>Ctrm:   210 |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND PROCEDURAL POSTURE ........................................................... 4

II. ARGUMENT ............................................................................................................................. 5

    A. No Good Cause Exists to Retroactively Extend the Pleading Deadline ................... 5

    B. Denial of Stardock's Request for Leave to Amend is Proper .................................. 6

        1. Reiche and Ford's Motion to Dismiss Stardock's Interference Claims ........................................................................................................... 6

        2. Stardock's Proposed Amendments are Futile ............................................... 8

        3. Stardock's Proposed Amendments are Unduly Delayed ............................. 8

        4. Reiche and Ford Will Be Prejudiced by the Amendment ............................ 9

III. CONCLUSION ....................................................................................................................... 10

2635.000/1352845.1    2    Case No. 4:17-CV-07025-SBA

DEFENDANTS REICHE AND FORD'S OPPOSITION TO STARDOCK'S MOTION TO MODIFY
SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ......................................................................................................... 8

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ......................................................................................................... 8

*Cummins v. Lollar*
   No. CV1108081DMGMANX, 2013 WL 12123771 (C.D. Cal. Apr. 30, 2013) ........... 7, 8

*Foman v. Davis*
   371 U.S. 178 (1962) ......................................................................................................... 6

*Jackson v. Bank of Hawaii*
   902 F.2d 1385 (9th Cir. 1990) ......................................................................................... 8

*Jackson v. Laureate, Inc.*
   186 F.R.D. 605 (E.D. Cal. 1999) ..................................................................................... 5

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal.4th 1134 (2003) .................................................................................................... 6

*Lochridge v. City of Tacoma*
   315 F.R.D. 596 (W.D. Wa. 2014) ................................................................................... 8

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
   50 Cal.3d 1118 (1990) ..................................................................................................... 7

*Sebastian Int'l Inc. v. Russolillo*
   162 F.Supp.2d 1198 (C.D. Cal. 2001) ............................................................................. 7

*Zivkovic v. Southern California Edison Co.*
   302 F.3d 1080 (9th Cir. 2002) ..................................................................................... 5, 6

**Other Authorities**

California Civil Jury Instructions (CACI) 2201 ........................................................................ 7

Federal Rules of Civil Procedure
   Rule 15 ............................................................................................................................. 6
   Rule 16(b)(4) .................................................................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants and Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively, "Reiche and Ford") respectfully submit this Opposition to Plaintiff Stardock's ("Stardock") Motion to Modify Scheduling Order and for Leave to File Fourth Amended Complaint.

## I.   INTRODUCTION AND PROCEDURAL POSTURE

On October 2, 2018, this Court entered the Amended Scheduling Order, retroactively resetting the deadline for the parties to amend their pleadings to October 15, 2018.  Dkt 70.  In its October 2 Order, the Court noted that "[g]oing forward, the Court will ***summarily deny*** any request to extend a deadline after its expiration."  Dkt. 70 (emphasis added).  On October 15, 2018—the deadline to amend pleadings—Stardock filed its Third Amended Complaint ("TAC") adding, among others, two new claims for interference with prospective economic advantage and interference with contractual relations (collectively, the "interference claims").  Dkt 72.  Reiche and Ford filed a motion to dismiss the insufficiently pled interference claims on October 29, 2018.  Dkt 76.  Subsequently, on November 7, 2018—nearly a month after the deadline to amend pleadings expired—Stardock filed this motion, requesting that the Court retroactively extend its deadline to amend its pleading.  Stardock's motion should be denied.

This Court has already advised the parties that it will deny any request to extend a deadline after that deadline has passed.  Dkt 70.  The deadline to amend pleadings had already passed by nearly a month when Stardock filed this motion asking the Court to do just the thing it previously advised it would not do.  At a minimum, Stardock has failed to show good cause for this Court's retroactive amendment of the pleading deadline set forth in the Amended Scheduling Order.  Stardock's motion should be denied on these grounds alone.

Even if the Court is inclined to further modify the Amended Scheduling Order's pleading deadline, Stardock's request for leave to file a Fourth Amended Complaint ("proposed FAC") should be denied because (1) its proposed amendment is futile and does nothing to cure the fatal defects in its interference claims; (2) Stardock unduly delayed making the proposed amendments; and (3) Reiche and Ford will be prejudiced by the amendment.

## II. ARGUMENT

### A. No Good Cause Exists to Retroactively Extend the Pleading Deadline

Stardock must show good cause to further amend this Court's Amended Scheduling Order and, in particular, the pleading deadline set forth therein. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); Fed. R. Civ. P. 16(b)(4). If the party seeking modification "was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (affirming denial of request to modify scheduling order where party was not diligent in complying with dates set by the district court). Good cause may be shown, for example, where a party shows that it was unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (finding no good cause to modify scheduling order where court had given parties sufficient time to file pre-trial motions).

No good cause exists for the Court to re-amend its Amended Scheduling Order and, in particular, the pleading deadline. At the time the parties filed their final amended pleadings, on the October 29, 2018 deadline, both parties were (or at least should have been) aware that it was their final shot at amending their pleadings. Likewise, both parties should have been aware that, to the extent the amended pleadings were insufficient, no further opportunity to amend would be available, given their decision to delay their filings to the very last possible day. *See* Dkt. 70 (setting pleading deadline and advising the parties that it would summarily deny any request to extend a deadline after its expiration).

Given its addition of two new claims, Stardock could have filed its TAC in advance of the deadline, thereby allowing time for further amendment in the event its pleading was insufficient. Reiche and Ford's challenge to the sufficiency of Stardock's newly added claims cannot possibly be described as "unforeseeable." To the contrary, it is more than conceivable that a party will challenge the sufficiency of another party's pleadings especially where, as here, the factual allegations in the pleading are insufficient to plead the claims therein. Moreover, and as described in further detail below, all of the facts that Stardock seeks to add to its pleading should have been known to it at the time of its original pleading, further evidencing Stardock's lack of diligence.

No good cause exists to re-amend the pleading deadline.

**B.     Denial of Stardock's Request for Leave to Amend is Proper**

Even if Stardock can show good cause for amending the Scheduling Order, it must still show amendment to its complaint is proper under Federal Rule of Civil Procedure 15. Although Fed. R. Civ. P. 15 provides that leave to amend should be given "freely . . . when justice so requires," a court can deny leave to amend for a number of reasons including undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of the amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend adding new claims filed shortly before discovery cutoff).

In this case, the Court has at its disposal both Reiche and Ford's motion to dismiss Stardock's interference claims, as well as Stardock's proposed FAC. A comparison of the two reveals that Stardock's proposed amendments are futile and do nothing to cure the fatal defects in its interference claims. Moreover, even if the defects were not futile, Stardock has unduly delayed in seeking this amendment, where all of the facts it seeks to add should have been known at the time it filed its original complaint. Finally, Reiche and Ford will be prejudiced if Stardock is granted leave to amend because the parties have already noticed nearly 20 depositions in this case—almost all of which are scheduled prior to the date of the hearing on this motion—based on the allegations pled in support of the interference claims in the TAC.

**1.     Reiche and Ford's Motion to Dismiss Stardock's Interference Claims**

In its TAC, Stardock added claims for interference with prospective economic advantage and interference with contractual relations. The elements which a plaintiff must plead to state a cause of action for interference with prospective economic advantage are (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) an independently wrongful act on the part of the defendant designed to disrupt the relationship or which defendant was substantially certain would disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea*

*Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153-55 (2003).  The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.  *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990); *see also* CACI 2201.

Reiche and Ford filed their motion to dismiss Stardock's interference claims on October 29, 2018 and filed their reply in support of that motion on November 20, 2018.  Dkts 76, 86.  In those papers, Reiche and Ford identified numerous elements of Stardock's interference claims which Stardock did not—and cannot—sufficiently plead.  Most relevant to the present motion are the second and third elements of both claims which relate to (1) Reiche and Ford's knowledge of Stardock's relationships, and (2) Reiche and Ford's intent to disrupt those relationships[1].

*First*, with regard to Reiche and Ford's knowledge, Stardock's TAC set forth no facts at all alleging that either Reiche or Ford were actually aware of Stardock's purported relationships with any customers, potential customers or with Valve and/or GOG, or how Reiche and Ford even could be aware of such relationships.  Absent the pleading of this knowledge element, Stardock's TAC fails to set forth a plausible claim for interference.  *See Sebastian Int'l Inc. v. Russolillo*, 162 F.Supp.2d 1198, 1203-04 (C.D. Cal. 2001) ("If a potential defendant was completely unaware of contractual relations with a third party, then it would be impossible to infer any intent to interfere on the defendant's part."); *see also Cummins v. Lollar*, No. CV1108081DMGMANX, 2013 WL 12123771, at *5-6 (C.D. Cal. Apr. 30, 2013) (dismissing the plaintiff's interference claims after finding that it failed to allege that defendant had any specific knowledge of the plaintiff's business relationships).

---

[1] While Reiche and Ford believe there are other elements that Stardock has failed to sufficiently plead and which are not cured by the proposed Fourth Amended Complaint, those issues are more fully briefed in Reiche and Ford's motion to dismiss.

***Second***, with regard to Reiche and Ford's intent, the TAC set forth only threadbare, conclusory recitations that Reiche and Ford intended to disrupt its specific customer relationships or its relationships with Valve and GOG. Indeed, the TAC merely alleges that Reiche and Ford's "intentional, malicious and willful actions . . . were specifically designed to injure Stardock and disrupt its relationships with" existing and potential purchasers and Valve and GOG. TAC, ¶¶ 211, 217. These allegations are insufficient to support an interference claim. *See Cummins v. Lollar*, No. CV1108081DMGMANX, 2013 WL 12123771, at *5-6 (C.D. Cal. Apr. 30, 2013), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding the conclusory assertion that Defendant's wrongful conduct was made with malicious intent to destroy Plaintiff's relationship with business contacts insufficient to demonstrate that Defendant had specific knowledge of Plaintiff's business relationships and posted the allegedly defamatory statements with an intent to disrupt those relationships and subsequently dismissing the interference claim).

### 2. Stardock's Proposed Amendments are Futile

Leave need not be given if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 600 (W.D. Wa. 2014); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Stardock's proposed FAC does nothing to cure the defects in its interference claims described above. Stardock has added no factual allegations sufficient to plead, or even related to, either (1) Reiche and Ford's knowledge of its prospective or contractual relationships or (2) Reiche and Ford's intent to disrupt those specific relationships. *See* Declaration of Dawn Valentine ("Valentine Decl."), Exh. A at 51-53. Indeed, ***no*** factual allegations have been added which in any way relate to the knowledge or intent elements. *Id*. Thus, Stardock's proposed amendments are futile and its motion for leave to file the proposed FAC should be denied.

### 3. Stardock's Proposed Amendments are Unduly Delayed

Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts or theories raised by the amendment at the time of the original pleading. *Lochridge,* 315 F.R.D. at 600 *citing Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.

1990) (denying leave to amend where a party failed to show the facts necessary to plead his claim were not available at the outset of litigation).

Stardock's proposed amendment is unduly delayed. Stardock was, or should have been, aware of every single fact added to its proposed FAC at the time it filed its original complaint. At a minimum, Stardock certainly would have been aware of these facts by the time it filed its TAC in October, on the last day to amend the pleadings. Stardock claims its motion was timely made after it was confronted with Reiche and Ford's motion to dismiss, but that is not the whole inquiry. Indeed, Stardock has offered no explanation as to why the factual allegations added to the proposed FAC were not added to its original complaint, first amended complaint, second amended complaint, or even its third amended complaint[2]. Nor has it offered an explanations as to why this Court should allow it to add these factual allegations after the date for amending the pleadings has passed by nearly a month, when it has certainly been aware of these facts since before the deadline to amend the pleadings passed.

### 4. Reiche and Ford Will Be Prejudiced by the Amendment

In its Motion, Stardock states that "no depositions have been noticed" and uses this fact as a main justification for its argument that Reiche and Ford will suffer no prejudice by its amendment. *See* Motion at 5. However, while no depositions were noticed at the time Stardock filed its Motion on November 7, Stardock served notices for nine out of its ten allotted depositions ***just two days later***, on November 9. [Declaration of Tiffany S. Hansen ("Hansen Decl."), ¶ 2]. Likewise, Reiche and Ford served nine of their own deposition notices on November 14 and 15. [Hansen Decl., ¶ 3]. Stardock is aware that this Motion will not be heard until December 12, just nine days before the discovery cutoff, and was therefore well aware that both parties were required to notice all of their depositions within days of the filing of its Motion. Stardock's attempt to

---

[2] To the extent Stardock argues that it has not "added" new allegations but simply rearranged the pleading, Stardock has then failed to articulate the necessity of the amendment it seeks. Either Stardock's TAC sufficiently pleads its interference claims and no amendment is necessary OR the factual allegations in the TAC are insufficient to plead Stardock's interference claims, and Stardock requires an amendment to add the necessary allegations. Stardock cannot have it both ways.

construe the fact that no depositions had been scheduled as evidence of a lack of prejudice to Reiche and Ford is misleading.

Stardock makes much to do about Reiche and Ford's addition of Valve and GOG to this case but this argument is overstated.  First, the claims alleged against Valve and GOG in no way effect Stardock or its ability to continue conducting discovery related to the claims against it.  On the other hand, Stardock's request to further amend its allegations against Reiche and Ford directly effect Reiche and Ford's ability to conduct discovery on the claims against them—including the nine depositions currently scheduled to occur prior to the hearing on this Motion.  Second, the claims against Valve are the same as those against Stardock and Valve is represented by the same counsel as Stardock.  Stardock has already served three rounds of written discovery on issues implicated by those claims and thus Valve is unlikely to require significantly more, if any, discovery than has already been done.  Stardock significantly overstates the relevance of Reiche and Ford's addition of Valve and GOG as it relates to Stardock's own present request to further amend its factual allegations against Reiche and Ford.

Indeed, Reiche and Ford *will* be prejudiced if Stardock is granted leave to amend. Nearly all of the allotted depositions in this case have been noticed and nearly all of them will take place prior to the hearing on this Motion.  The Court already extended the pleading deadline well past the original deadline.  The fact discovery cutoff in this case is December 21, 2018.  At some point, the pleadings need to be set and the parties must be able to take depositions with some certainty as to the allegations against them.  Stardock should not be granted yet a fourth chance to amend its pleading (indeed, well after the deadline to do so has passed) especially where, as here, nearly all the depositions in the case have been set based on the allegations in the parties' final round of pleadings.

### III. CONCLUSION

For the foregoing reasons, Reiche and Ford respectfully request that the Court deny Stardock's request to retroactively modify the scheduling order and deny Stardock's request for leave to file a Fourth Amended Complaint after the deadline to amend pleadings previously set by this Court has passed.

| | |
|---|---|
| DATED: November 21, 2018 | BARTKO ZANKEL BUNZEL & MILLER<br>A Professional Law Corporation |
| | By: _____/s/ Tiffany S. Hansen_____<br>Tiffany S. Hansen<br>Attorneys for Defendants and Counter-Claimants<br>PAUL REICHE III and ROBERT FREDERICK FORD |

2635.000/1352845.1

11

Case No. 4:17-CV-07025-SBA

DEFENDANTS REICHE AND FORD'S OPPOSITION TO STARDOCK'S MOTION TO MODIFY
SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT