Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Deanna R. Kunze (*pro hac vice* pending)
dkunze@nixonpeabody.com
Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., | Case No.: 17-cv-07025-SBA |
| Plaintiff, | [DISCOVERY MATTER] |
| vs. | STARDOCK'S RESPONSE TO DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S IMPROPER REQUEST FOR TELEPHONIC CONFERENCE; DECLARATION OF DEANNA R. KUNZE |
| PAUL REICHE III and ROBERT FREDERICK FORD, | |
| Defendants. | |
| | Before:      Hon. Kandis A. Westmore |
| AND RELATED COUNTERCLAIM | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RESPONSE TO WRITTEN REQUEST FOR TELEPHONIC CONFERENCE

Stardock Systems, Inc. ("Stardock") responds to Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford's (the "Defendants") request for a telephonic conference with the Court.  Stardock has offered—on multiple occasions—to participate in the dispute letter process required by this Court if necessary to resolve Defendants' concerns.  Counsel for these parties have met and conferred on this and other outstanding issues (including a pending request for an extension of the schedule (*see* Dkt. 91)), and there are multiple motions that will affect the case schedule currently pending before Judge Armstrong, with two set for hearing on December 12.  *See* Dkts. 76 and 82.  Yet Defendants proceeded with their request for a conference—or other relief—despite their flagrant failure to follow the procedure set forth by this Court.

Paragraph 16 of this Court's Standing Order states:

> In the rare event that the parties are unable to meet and confer . . . or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure.

Notably, Defendants have not—and cannot—allege that the parties have been "unable to meet and confer" or that they were "unable to obtain the opposing party's portion of a joint letter," both of which are requisite for their request.

Instead, counsel for Stardock and Defendants have been meeting and conferring for the past several weeks regarding available deposition dates in the context of other outstanding discovery and scheduling issues.  While appropriate dates have not yet been agreed upon, there has been no failure to meet and confer.  Despite counsel for Stardock's request to receive the joint letter, Defendants have at no point in time attempted to draft a joint letter to the Court regarding a discovery dispute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROCEDURAL HISTORY

Local Rule 30-1 requires that before noticing a deposition, the noticing party must confer regarding acceptable dates for the deposition.  Again, despite this Court's rules, between November 15 and 19, 2018, Defendants unilaterally noticed the depositions of Mr. Perlmuter (previous counsel used by Stardock), Valve Corporation, and multiple Stardock employees.

Prior to this, on October 15, 2018, Defendants filed a cross-claim against three (3) new parties to the litigation, including Valve Corporation.  As discovery was set to close on December 21 (approximately three months later), the parties stipulated to an extension of time for the new parties to respond to the pleading, and stated: "given the addition of new Cross-Defendants, the parties anticipate that, to the extent necessary, they will soon submit a stipulation and order with suggested modifications to the Scheduling Order and trial-related dates."  Dkt. 81.

The parties began conferring on the extension, but upon being informed that lead counsel for Defendants would be unavailable at trial during early November (and did not authorize other attorneys to act without him), counsel for Stardock waited patiently for counsel for Defendants to become available again to confirm with what they thought would be an agreed extension, based on the prior stipulation and conversations.  *See* Dkt. 81.  Yet between November 15 and November 19, Defendants unilaterally noticed depositions of a variety of Stardock witnesses— despite their lead counsel's alleged unavailability and the lack of authority of any other attorney on the team.  Declaration of Dawn Valentine in support of Administrative Motion to Modify the Scheduling Order ("Valentine Decl.")  ¶¶ 6-8.  Counsel for Stardock responded on November 20, 2018 that the dates noticed would not work, and that further meet and confer attempts were necessary, including a discussion regarding an extension of all case deadlines.  Declaration of Deanna Kunze in support of Response to Defendants' Request for Telephonic Conference ("Kunze Decl.") ¶ 3, Ex. A.

On November 21, 2018, Stephen Steinberg, lead counsel for Defendants, sent an email to Dawn Valentine, counsel of record for Stardock, in which he outlined the circumstances under

STARDOCK'S RESPONSE TO DEFENDANTS' IMPROPER REQUEST FOR TELEPHONIC CONFERENCE

which Defendants would be willing to mediate, with a corresponding extension of the case schedule to accommodate attempts at mediation.  Specifically, Mr. Steinberg stated as follows:

> "Thus, I would only be inclined to agree if: a) we can agree on a mediator and mediation date in the very near future, i.e. in December or perhaps early January; b) we can agree on dates for all of the noticed depositions shortly thereafter, i.e. in January; and c) we can agree to a limited extension of the case schedule to accommodate the above, i.e. maybe we push the fact discovery cutoff to early-mid February.  Let me know your thoughts on this and I'd also be happy to discuss by phone later today or on Friday."

(Kunze Decl. ¶ 4, Ex. B).

Following this communication, on November 28, 2018 Stardock, by and through counsel, agreed to a mediation date of January 16, 2019 as requested by Defendants, and furthermore agreed to start taking depositions immediately afterwards, as early as January 17, 2019, if mediation was unsuccessful.  Valentine Decl. ¶ 17.  During these same communications, counsel for both parties additionally discussed the likely need to obtain an extension of the schedule. While the parties were unable to agree on exactly how much of an extension was necessary (counsel for Defendants indicated that a month would be sufficient), on November, 29 2018 Stardock filed an administrative motion to modify the scheduling order seeking an extension of the discovery deadline to March 8 or 15, 2019.  Valentine Decl. ¶¶ 7, 9; Dkt. 91.

Despite being explicitly aware of the above mentioned changes and Stardock's administrative motion, Defendants' waited until they knew Dawn Valentine (counsel for Stardock who had been primarily responsible for meeting and conferring on this subject) was travelling out of the country to submit their improper request for a telephonic conference (Dkt. 92) without giving any notice to counsel for Stardock, and without attempting to submit any sort of joint letter.  *Id.*  At this point, it is clear that Defendants' ultimate goal is to distract Stardock and the newly-added third parties from efficiently conducting the remaining discovery (and the beginning discovery for the new third parties).

Currently, the pleadings remain unsettled in this case, and there are pending motions (such as Stardock's motion for leave to file a fourth amended complaint (Dkt. 82)) that will impact

discovery.  As Dawn Valentine already conveyed to counsel for Defendants, it is in the best interest for all parties to wait until the pleadings are set and an updated schedule has been finalized before setting dates for depositions.  Moving forward without this certainty could lead to multiple deposition requests for the same witnesses, which would place an unreasonable burden on the parties and their witnesses.  Moreover, it deprives the newly-added parties—Valve and GOG Limited and GOG Poland SP. Z.O.O. (collectively "GOG"), from an opportunity to participate in scheduling and strategy regarding these depositions.

This Court has set the requested telephonic hearing for tomorrow, December 3, 2018, and counsel for Stardock and Valve will participate if that hearing goes forward.  Yet GOG will not be represented by counsel at the scheduled telephonic hearing, as it has not yet appeared in the case.  Both GOG and Valve should have the opportunity to fully participate in their defense.

Respectfully submitted,

Dated: December 3, 2018 **NIXON PEABODY LLP**

By: /s/ *Robert A. Weikert*

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (866) 294-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Deanna R. Kunze (*pro hac vice* pending)
dkunze@nixonpeabody.com

Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

STARDOCK'S RESPONSE TO DEFENDANTS' IMPROPER REQUEST FOR TELEPHONIC CONFERENCE

Case No. 17-cv-07025-SBA