1  Robert A. Weikert (Bar No. 121146)
   rweikert@nixonpeabody.com
2  Dawn N. Valentine (Bar No. 206486)
   dvalentine@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center
4  San Francisco, California 94111-3600
   Tel: (415) 984-8200
5  Fax: (415) 984-8300

6  David L. May (appearance pro hac vice)
   dmay@nixonpeabody.com
7  Jennette E. Wiser (appearance pro hac vice)
   jwiser@nixonpeabody.com
8  NIXON PEABODY LLP
   799 9th Street NW
9  Washington, DC 20001-4501
   Tel: (202) 585-8000
10 Fax: (202) 585-8080

11 Deanna R. Kunze (*pro hac vice* pending)
   dkunze@nixonpeabody.com
12 Jason T. Kunze (appearance pro hac vice)
   jkunze@nixonpeabody.com
13 NIXON PEABODY LLP
   70 West Madison Street, 35th Floor
14 Chicago, IL 60602
   Tel: (312) 977-4400
15 Fax: (312) 977-4405

16 Attorneys for Stardock Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM AND CROSS-CLAIMS | Case No.: 4:17-cv-07025-SBA <br><br> DECLARATION OF DEANNA R. KUNZE IN SUPPORT OF STARDOCK'S RESPONSE TO DEFENDANTS' IMPROPER REQUEST FOR TELEPHONIC CONFERENCE |

- 1 -
DECLARATION OF DEANNA R. KUNZE IN SUPPORT OF
STARDOCK'S RESPONSE TO DEFENDANTS' IMPROPER REQUEST FOR TELEPHONIC CONFERENCE
Case No. 17-cv-07025-SBA

I, Deanna R. Kunze, declare:

1. I am an attorney at Nixon Peabody LLP, counsel for plaintiff Stardock Systems, Inc. ("Stardock"), and have applied for admission *pro hac vice* in this case. I make this declaration in support of Plaintiff's Objections to Defendants' Improper Request for Telephonic Conference. Unless otherwise noted, I have personal knowledge of the following and, if called upon to do so, would and could testify competently to the same in a court of law.

2. I understand that Dawn Valentine has previously submitted a declaration in support of the Administrative Motion to Modify the Scheduling Order. (Dkt. 91).

3. On November 20, 2018, Dawn Valentine responded to the deposition notices unilaterally scheduled by Counterclaimants by notifying them that the noticed dates would not work, and that further meet and confer attempts were necessary. I was copied on this email, and a true and accurate copy of that communication is attached hereto as Exhibit A.

4. On November 21, 2018, Stephen Steinberg, lead counsel for Counterclaimants, sent an email to Dawn Valentine, counsel of record for Stardock, in which he outlined the circumstances under which Counterclaimants would be willing to mediate, with a corresponding extension of the case schedule to accommodate attempts at mediation. I was copied on this email, and a true and accurate copy of that communication is attached hereto as Exhibit B.

5. On Monday, November 26, 2018, Dawn Valentine and I spoke with Counterclaimants' counsel (Mr. Steinberg and Ms. Hansen). We proposed mediation in late January or early February based on the two preferred mediators' availability and that of the Stardock participants and counsel. While Stardock originally proposed a five-month extension of the schedule, on the call we proposed an extension until March 8 or March 15 to allow for the mediation in late January or early February, as a compromise.

6. Mr. Steinberg then indicated for the first time that he and his clients would only agree to mediation if we provided them with two full sets of deposition dates, one assuming no mediation and one assuming mediation.

7. Stardock counsel explained that for the reasons identified previously, depositions being taken—before the pleadings were set, parties were served, all parties had responded and key motions decided—would be premature.  Moreover, if the parties were to mediate, discussing dates for depositions before mediation did not make sense.  Mr. Steinberg agreed to speak again in two days, on November 28, 2018, to accommodate his unavailability on the next day.  Mr. Steinberg declined my request to allow Ms. Hansen to handle the discussion without him.

8. On November 28, 2018, Dawn Valentine spoke with Counterclaimants' counsel several times.  Dawn Valentine indicated that we would agree to an earlier mediation date of January 16, 2018 and that, as a compromise, if they agreed to a mediation we could start depositions of Stardock's witnesses, if necessary, on January 17, 2018.  Counterclaimants' counsel agreed, but indicated that if we did not agree to provide them with deposition dates in December and the first half of January, their clients would not agree to mediate.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 3rd day of December 2018.

                                                         /s/ *Deanna R. Kunze*
                                                       Deanna R. Kunze

DECLARATION OF DEANNA R. KUNZE IN SUPPORT OF
STARDOCK'S RESPONSE TO DEFENDANTS' REQUEST FOR A TELEPHONIC CONFERENCE
Case No. 17-cv-07025-SBA