# EXHIBIT A

| | |
|---|---|
| **From:** | Valentine, Dawn |
| **Sent:** | Tuesday, November 20, 2018 7:29 AM |
| **To:** | Tiffany S. Hansen; Stephen C. Steinberg |
| **Cc:** | Weikert, Robert; May, David; Kunze, Deanna; Wiser, Jennette |
| **Subject:** | Stardock v. Reiche et al and Related Cross-Claims--Extended Deadlines |

Tiffany and Steve,

As I have discussed with both of you, since your clients, Mr. Ford and Mr. Reiche, have determined to add two new counter-defendants, Valve and GOG, to this litigation, we believe that the deadlines that are currently in place, especially the discovery deadlines, are untenable. Both of you agreed with me that the deadlines would likely need to be reconsidered. In fact, in our joint stipulation extending the time GOG and Valve had to respond to the Complaint against them, we both stated: "***WHEREAS, given the addition of new Cross-Defendants, the parties anticipate that, to the extent necessary, they will soon submit a stipulation and order with suggested modifications to the Scheduling Order and trial-related dates.***"

To that end, yesterday morning I forwarded a proposed amended schedule as well as a proposed limit of 15 depositions per side. You have not provided us with the courtesy of a response to that schedule or proposed modification to the limit of 10 depositions per side permitted under the Federal Rules of Civil Procedure.

Instead, we have received nine deposition notices and a document request addressed to Valve, who has not even appeared in this action or filed a responsive pleading yet. Per local rule 30-1, "before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel…". Yet, you declined to consult with us regarding dates for any of the nine depositions you noticed, including those of party-affiliated witnesses. You even served "amended" notices of depositions of party-affiliated witnesses, again, without consulting with us, in violation of Northern District Local Rules. The dates that you have noticed the depositions for do not work for the witnesses or counsel in this matter and we will need to meet and confer with you to find dates and times that the witnesses and counsel are available.

We are, of course, willing to work with you in setting dates not only for the nine depositions you have noticed, but with regard to the depositions that we have noticed as well. But we are not in a position to do that until we know what the deadlines are. Please let us know immediately whether you will agree to the amended pre-trial and trial dates that we proposed yesterday morning.

A failure to agree to extend the current deadlines in light of the newly named counter-defendants would work a severe prejudice on them. Specifically, they are slated to respond to the Second Amended Counterclaim on December 7, 2018 and they may choose to challenge the pleadings at that time. Discovery closes December 21 and the pleadings against GOG and Valve may not even be set by then. And even if they are, there would be no opportunity for Valve or GOG to participate in discovery meaningfully in the two weeks before discovery closes. You chose to bring Valve and GOG into this litigation and they must, of course, be granted full access to discovery and due process.

Moreover, there are real questions as to whether GOG was even properly served. We have requested, repeatedly, for an explanation as to how you believe that service was properly effected. You have delayed providing us a response.

Please let us know if you agree to extend the deadlines by the close of business today (Tuesday, November 20). If you do not agree to stipulate to extend the pre-trial deadlines, we will move the court on behalf of Stardock alone. We reserve the right to seek recovery of our fees and costs associated with the same.

Best regards,
Dawn



Dawn Valentine
Of Counsel
dvalentine@nixonpeabody.com
T 415-984-8474 | F 415-984-8300
Nixon Peabody LLP | One Embarcadero Center, 18th Floor | San Francisco, CA 94111-3600
nixonpeabody.com | @NixonPeabodyLLP

Please consider the environment before printing this email.

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.