STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bzbm.com
TIFFANY S. HANSEN (SBN 292850)
  thansen@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

MARK S. PALMER (SBN 203256)
  mark@palmerlex.com
4 Meadow Drive
Mill Valley, CA 94941
Telephone: (415) 336.7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>              Defendants.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>              Counter-Claimants,<br><br>       v.<br><br>STARDOCK SYSTEMS, INC.,<br><br>              Counter-Defendants. | Case No. 4:17-CV-07025-SBA<br><br>**DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S RESPONSE TO STARDOCK'S ADMINISTRATIVE MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Judge:    Saundra B. Armstrong |

Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford (collectively, "Reiche and Ford") respectfully submit this Response to Stardock Systems' and Valve Corp.'s ("Valve") (collectively, "Stardock") Administrative Motion to Modify the Scheduling Order.

## I. INTRODUCTION

At the outset, Stardock's "Administrative Motion" is improper because a motion to modify a pretrial scheduling order must be brought pursuant to Civil Local Rule 6-3 and satisfy the good cause standard under Federal Rule of Civil Procedure 16, and Stardock has failed to do either. Stardock's motion should be denied on these grounds alone.

Reiche and Ford would agree, in principle, to a short extension of the discovery deadlines as a result of the addition of Cross-Defendants Valve and the GOG Entities.  [Dkt 71].  However, the requested 3-4 month extensions of each discovery deadline are unnecessary where Valve is represented by the same counsel as Stardock and the claims against Valve overlap entirely with the claims against Stardock.  Valve is simply a channel for sales and distribution of Stardock's game accused of infringement in this case – Star Control: Origins.  Thus, only limited further discovery is necessary and a 1-month extension of the discovery deadlines is sufficient.  Such an extension should not affect the non-discovery deadlines in this case, particularly the trial date, which Stardock seeks to delay by 4-5 months.  Most importantly, any extension of the fact discovery cutoff should be accompanied by an order that Stardock produce its party witnesses for deposition in December-January.  Reiche and Ford have repeatedly requested deposition dates for Stardock's witnesses since the summertime, but Stardock has refused to provide any dates, and used a potential extension of the discovery deadline as reason to refuse to produce a single witness until mid-February—months after the current discovery cutoff, and at a time when Reiche and Ford's counsel are unavailable.[1] Stardock filed this suit and has been a party from the beginning, and should not be allowed to further delay depositions of its witnesses under the guise of a discovery extension for *Valve's* benefit.

For the foregoing reasons, Reiche and Ford respectfully request that the Court deny Stardock's Motion, or alternatively, extend only the discovery deadlines by one month and

---

[1] Reiche and Ford's counsel are unavailable to take depositions during the time period offered due to lead counsel's having a lengthy arbitration and co-counsel's wedding and honeymoon.

concurrently order Stardock to provide availability for its witnesses to be deposed in December-January.

## II.    BACKGROUND

### A.    The Parties' Discussions Regarding Scheduling

The parties engaged in discussions regarding amending the scheduling order, but were unable to agree as to (1) the length of the extension, (2) the deadlines to which an extension should apply, and (3) that any stipulated extension should include deposition dates for Stardock's witnesses in December-January, as Reiche and Ford have been asking for dates for months, to no avail, and Stardock has argued that extension of the case deadlines warrants delaying any depositions of its personnel for 2 1/2 more months.  *See* Decl. of S. Steinberg in Supp. of Resp. ("Steinberg Decl.") ¶ 2-7.  Stardock initially asked to extend the discovery deadlines by 5-6 months and the trial date by 6-7 months.  *Id.* at ¶ 3.  Reiche and Ford responded that a 1-month extension of all the dates should be sufficient, which Stardock rejected.  *Id*.  Stardock then asked to extend the discovery deadlines by 4-5 months, but still to delay the trial for 6-7 months, which Reiche and Ford rejected.  *Id*.  The parties then met and conferred about the case and deposition schedule, and Stardock's counsel repeatedly refused to provide deposition dates for any of its witnesses in December or January, and said that extending the discovery cutoff would justify further delaying any depositions of its witnesses until mid-February through mid-March.  *Id*. at ¶ 4.  Stardock never proposed the 3-4 month delays in the discovery deadlines or the 5 month delay in the trial date, as it does in the present motion, thus the parties have not met and conferred regarding the specific relief requested.  *Id.* at ¶ 5.

### B.    Stardock's Bad Faith Blocking of Party Witness Depositions

The fact discovery cutoff in this case is currently December 21, 2018. Dkt 69.  Counsel for Reiche and Ford have repeatedly requested deposition dates for Stardock and its party witnesses, beginning in the summer of this year, to no avail.[2]  *Id.* at ¶ 6.  Indeed, to date, Stardock has not

---

[2] While Stardock notes that it received nine (9) deposition notices between November 15 and 19, 2018, Stardock fails to note that counsel for Reiche and Ford were forced to notice those depositions and unilaterally choose deposition dates because Stardock's counsel has (even to this

DEFENDANTS' RESPONSE TO STARDOCK'S ADMINISTRATIVE MOTION
TO MODIFY THE SCHEDULING ORDER

provided a single available deposition date for a single party witness in this case prior to the current fact discovery cutoff, despite Reiche and Ford's repeated requests. *Id.* at ¶ 7. Consequently, on November 14 and 15, 2018, Reiche and Ford noticed the depositions of multiple Stardock witnesses, each of which was scheduled to take place before the December 21 discovery cutoff and each of which provided the respective deponents with reasonable notice to appear. *Id.* at ¶ 8. On November 20, 2018, Stardock's counsel informed Reiche and Ford's counsel that none of the noticed depositions dates would work for any of Stardock's party witnesses, but provided no alternative dates. *Id.* at ¶ 9. Since then, counsel for Reiche and Ford have repeatedly requested, both via phone and email, that Stardock provide dates on which its party witnesses are available in December and, to the extent necessary, in January.[3] *Id.* at ¶ 10. To date, Stardock has not provided a single available date for any of its party witnesses in December or January, despite Reiche and Ford properly noticing such depositions. *Id.* at ¶ 7, 10-11.

Counsel for Stardock recently offered to produce its party witnesses starting in mid-February, and then on January 17, 2019, if Reiche and Ford agreed to go to mediation, but when the parties could not agree to do so, Stardock resumed its refusal to produce available witnesses in January or earlier. *Id.* at ¶ 11. Stardock continues to withhold the depositions of its available witnesses, and will continue to do so if an extension of the discovery cutoff is granted.

### III.    STARDOCK'S ADMINISTRATIVE MOTION IS IMPROPER

Stardock's motion is an improper administrative motion under Civil Local Rule 7-11 because the relief Stardock seeks does not constitute "miscellaneous administrative matters, not otherwise governed by a federal statute, federal or local rule or standing order of the assigned judge," as required by Civil Local Rule 7-11.[4] Rather, as this Court has previously held, "a motion

---

day) refused to provide dates on which Stardock's party witnesses are available for deposition prior to the current discovery cutoff or even shortly thereafter.

[3] Counsel for Reiche and Ford understand that situations may arise in which a deponent is absolutely unavailable prior to the discovery cutoff. If that were the case, Reiche and Ford would request an exception to take such a deposition after the discovery cutoff.

[4] Proper administrative motions include "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civ. L.R. 7-11.

1   for continuance, which seeks to modify a pretrial scheduling order must be brought pursuant to civil

2   Local Rule 6-3 and satisfy the good cause standard under Rule 16." *See Silverman v. City & Cnty.*

3   *of S.F.*, Case No: C 11-1615 SBA, Dkt. 95 (N.D. Cal. Dec. 3, 2012) (Steinberg Decl. Ex. A)

4   (denying a plaintiff's administrative motion for continuance for failure to comply with the civil

5   Local Rules). A request that fails to comport with procedures set forth in a district court's local

6   rules may be summarily denied. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th

7   Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with

8   the court's local rules). Stardock's motion failed to comply with this Cout's Local Rules or to

9   satisfy the good cause standard under Federal Rule of Civil Procedure 16. Thus, this Court should

10  summarily deny Stardock's improper administrative motion, as it did in *Silverman*.

11  **III.      REICHE AND FORD'S POSITION ON EXTENSION OF THE DISCOVERY**

12  **DEADLINES**

13          The parties agree that some extension of the discovery deadlines may be warranted, given

14  the addition of Valve and the GOG Entities, but disagree as to (1) the length of the extension, (2) the

15  need to extend other deadlines, and (3) that any extension should be granted without a concurrent

16  order requiring Stardock to produce its witnesses for deposition—when Reiche and Ford have been

17  requesting they do so for months, to no avail.

18          There is no need for a lengthy extension because the claims against Valve overlap entirely

19  with the claims against Stardock. Dkt 71. Stardock's counsel also represents Valve. Steinberg

20  Decl., ¶ 14. The parties have engaged in significant written discovery, including a subpoena to

21  Valve. *Id.* at ¶ 15. No depositions have yet been taken. *Id*. Thus, there is little, if any, need for

22  Valve to conduct further discovery aside from what has already been taken and the depositions that

23  will go forward in the near future. Reiche and Ford agree that a short extension is appropriate as to

24  discovery involving Valve. However, the 3-4 month extension of the discovery deadlines requested

25  by Stardock is excessive, particularly given its position that it can delay depositions of its witnesses

26  until the end of fact discovery.

27          Stardock's proposed schedule seeks to extend not only discovery, but also to delay the other

28  deadlines in the case, including the trial date, by 4-5 months. This is unnecessary and serves only to

1   further delay resolution of this case.  Even assuming, *arguendo*, that an extension is necessary for

2   Valve to conduct discovery, Stardock fails to explain the necessity of a substantial delay in the trial

3   date.  Stardock's request to extend the non-discovery cutoff dates (such as the dispositive motion

4   hearing cutoff, the pretrial conference and the trial date) should be denied.

5          Most importantly, any extension should be accompanied by a concurrent order requiring

6   Stardock to produce its witnesses for deposition in December-January.  Stardock has continued to

7   block all efforts by Reiche and Ford to take party witness depositions, and suggested that it will

8   continue to do so for more months if the discovery cutoff is extended.  Steinberg Decl., ¶¶ 4-12.  As

9   discussed above, Stardock has refused to produce a single witness for deposition until mid-

10  February—2 1/2 months from now, well after the current discovery cutoff, and at a time when

11  counsel for Reiche and Ford are unavailable (as Stardock's counsel knows).  *Id.* at ¶¶ 7, 12.  An

12  extension to the discovery cutoff will only fuel Stardock's efforts to prolong—or completely

13  block—this discovery.  There is no reason that an extension to the discovery cutoff for ***Valve's***

14  benefit should affect the depositions of ***Stardock's*** party witnesses.  Stardock brought this litigation

15  and has been a party from the beginning—it should not be allowed to further delay depositions of its

16  party witnesses, even if an extension is granted due to Valve's addition to the lawsuit.

17

18  DATED: December 3, 2018          BARTKO ZANKEL BUNZEL & MILLER
                                     A Professional Law Corporation
19

20

21                                   By:

22                                       Stephen C. Steinberg
                                         Tiffany S. Hansen
23                                       Attorneys for Defendants and Counter-Claimants
                                         PAUL REICHE III and ROBERT FREDERICK FORD
24

25

26

27

28