Joseph R. Taylor (SBN 129933)
  jtaylor@fkks.com
Tricia L. Legittino (SBN 254311)
  tlegittino@fkks.com
Jessica R. Medina (SBN 302236)
  jmedina@fkks.com
FRANKFURT KURNIT KLEIN & SELZ PC
2029 Century Park East, Suite 1060
Los Angeles, CA 90067
Telephone:   (310) 579-9600
Facsimile:    (310) 579-9650

Attorneys for Counter-Defendants GOG Sp. z o.o.
(incorrectly named as GOG Limited and GOG
Poland Sp. Z.o.o.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARDOCK SYSTEMS, INC.<br><br>           Plaintiff,<br><br>      vs.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>           Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 4:17-cv-07025<br><br>**GOG COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COUNT NINE OF SECOND AMENDED COUNTERCLAIM**<br><br>[FED. R. CIV. P. 12(b)(6), 9(b)]<br><br>Date:         March 13, 2019<br>Time:        2:00 p.m.<br>Courtroom: TBD<br>Judge:       Hon. Saundra Brown Armstrong |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 13, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Saundra Brown Armstrong (to be assigned approximately five days before the calendar date), located at 1301 Clay Street, Oakland, California 94612, Counter-Defendant GOG Sp. z o.o. (incorrectly named as GOG Limited and GOG Poland Sp. Z.o.o.) will and hereby does move to dismiss Count Nine of the Second Amended Counterclaim filed by Paul Reiche III and Robert Frederick Ford (collectively, "Reiche and Ford") in the above-captioned action, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 9(b).

Reiche and Ford's Ninth Claim for Fraud fails to state a claim against GOG upon which relief can be granted.  Reiche and Ford fail to plead any facts concerning any fraudulent acts or omissions by GOG, or any duty of disclosure by GOG.  Reiche and Ford's fraud allegations also fail to comply with the heightened pleading requirements of FRCP 9(b).

This Motion is made following the conference of counsel, pursuant to this Court's Standing Order, which took place on January 17-18, 2019.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the records and pleadings in this action, and on such other oral and documentary evidence that may be submitted at the hearing.

Dated:  January 28, 2019              FRANKFURT KURNIT KLEIN & SELZ PC

By:     */s/ Jessica R. Medina*
        Tricia L. Legittino
        Jessica R. Medina
        Attorneys for Counter-Defendant
        GOG Sp. z o.o. (incorrectly named as GOG
        Limited and GOG Poland Sp. Z.o.o.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At its core, this case is a dispute between video game designers Reiche and Ford, on the one hand, and video game development company Stardock Systems, Inc. ("Stardock), on the other, over ownership of intellectual property rights in and to video games popularized in the 1990s. Both sides claim competing intellectual property rights to video games entitled *Star Control*, *Star Control II*, and *Star Control III* (collectively, the "Classic Star Control Games"). In addition, Reiche and Ford allege that Stardock's recently developed video game, *Star Control: Origins* ("Origins"), infringes Reiche and Ford's copyrighted material.

This case has been heavily litigated since 2017. After Stardock sued Reiche and Ford for trademark infringement, copyright infringement, unfair competition, and a host of other claims, Reiche and Ford counterclaimed against Stardock for trademark infringement, copyright infringement, unfair competition, and several other claims.

Now, in their Second Amended Counterclaim, and in the eleventh hour as the parties barrel toward trial, Reiche and Ford—for the first time—have dragged in GOG, a digital distribution platform selling the Classic Star Control Games pursuant to distribution agreements with both sides, and Origins pursuant to a distribution agreement with Stardock. Among the claims asserted against GOG,[1] Reiche and

---

[1] Reiche and Ford assert five claims against GOG: (1) Copyright Infringement (First); (2) Fraud (Ninth); (3) Breach of Contract (Tenth); (4) Contributory Copyright Infringement (Eleventh); and (5) Vicarious Copyright Infringement (Twelfth). By this Motion, GOG seeks to dismiss the fraud claim. GOG intends to file an answer to the remaining claims within the time allowed under FRCP 12(a)(4) once the Court rules on the instant motion to dismiss. *See Sun v. Rickenbacker Collections*, No. 5:10-cv-1055 EJD, 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012) (acknowledging that the majority of courts have held that FRCP 12(a)(4) applies where, as here, a motion to dismiss is only partially dispositive); *see also Talbot v. Sentinel Ins. Co., Ltd.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763,

Ford assert a claim for fraud based on the allegation that GOG concealed the alleged expiration of GOG's agreement with a third party.  (Second Amended Counterclaim ("SAC") at ¶ 209.)

Reiche and Ford have failed to adequately plead their fraud claim against GOG as the SAC fails to allege sufficient facts—rather than conclusory allegations—to meet the specificity requirements of FRCP 9(b).  Reiche and Ford's fraud claim against GOG rests entirely on the allegation that "GOG concealed material facts that it had a duty to disclose."  (SAC at ¶ 209.)  Yet, Reiche and Ford have not adequately pled the who, what, when, where, or how of any alleged omission; that GOG had a duty to disclose; that GOG intended to deceive Reiche and Ford; or that Reiche and Ford relied upon any alleged omission.  Because Reiche and Ford have not (because they cannot) pled the basic elements of a fraud claim against GOG, the fraud claim against GOG should be dismissed without leave to amend.

## II.  FACTS ALLEGED IN SAC[2]

### A.  The Classic Star Control Games

Between 1988 and 1992, Reiche and Ford developed video games entitled *Star Control* and *Star Control II*.  (SAC ¶¶ 2, 19, 27-28.)  In 1988, Reiche entered into a licensing agreement with Accolade, Inc. ("Accolade") whereby Accolade would publish *Star Control* and *Star Control II* in exchange for Accolade paying certain royalties and advances to Reiche (the "1988 License Agreement").  (SAC ¶¶ 20, 28.)  On or around November 1, 1992, Accolade published *Star Control* and *Star Control II* pursuant to the 1988 License Agreement.  (SAC ¶ 28.)

In 1995, Accolade and Reiche amended the 1988 License Agreement to allow

---

at *4 (D. Nev. Mar. 29, 2012) (summarizing split of authority and applying the majority view).

[2] This background is taken from the factual allegations contained in the SAC, which GOG deems to be true solely for the purposes of this Motion but otherwise denies.

Accolade to develop and publish a video game entitled *Star Control III* without Reiche. (SAC ¶ 34.) Accolade eventually published *Star Control III* on or about August 31, 1996 pursuant to the 1988 License Agreement, as amended. *Id.*

On or around April 1, 1999, a company called Infogrames acquired Accolade. (SAC ¶ 43.) On November 25, 2002, Accolade assigned its trademark for the mark "Star Control" to Infogrames. (SAC ¶ 46.) Infogrames changed its name to Atari in May 2003. (SAC ¶ 47.)

> B. <u>GOG Enters into Digital Distribution Agreements with Atari and Reiche and Ford</u>

On or about March 10, 2010, Atari entered into a distribution agreement with GOG, and thereafter GOG began selling the Classic Star Control Games (the "Atari-GOG Agreement"). (SAC ¶ 54.)

In April 2011, upon learning of the Atari-GOG Agreement, Reiche and Ford contacted GOG claiming that they owned *Star Control* and *Star Control II*. (SAC ¶¶ 54-55.) For the next several weeks, GOG, Atari, and Reiche and Ford discussed the possibility of GOG continuing to distribute the Classic Star Control Games. (SAC ¶¶ 55-58.)

Ultimately, in May 2011, GOG, Atari, and Reiche and Ford reached an agreement: GOG would continue distributing the Classic Star Control Games, and Atari would split its share of revenue from sales of the Classic Star Control Games evenly with Reiche and Ford. (SAC ¶ 58.) Atari and GOG agreed to amend the Atari-GOG Agreement accordingly, and GOG entered into a separate distribution agreement with Reiche and Ford. (SAC ¶¶ 58-59.)

> C. <u>Stardock Acquires Atari's Assets in Bankruptcy</u>

Atari filed for bankruptcy in 2013 and put its assets up for auction. (SAC ¶ 65.) In July 2013, Stardock purchased the trademark for the mark "Star Control" and the copyright registration for "Star Control 3" from Atari at auction. (SAC ¶¶ 65, 67.) Stardock's purchase also included the Atari-GOG Agreement and the 1988

License Agreement.  (SAC ¶ 68.)  GOG later entered into a separate distribution agreement with Stardock.  (SAC ¶ 83.)

### III. PROCEDURAL BACKGROUND

#### A. <u>Reiche and Ford and Stardock File Several Rounds of Amended Pleadings Without Naming GOG as a Party</u>

On December 8, 2017, Stardock initiated this action by filing a Complaint against Reiche and Ford.  (Dkt. 1.)  Stardock's initial Complaint asserted claims against Reiche and Ford for trademark infringement, counterfeiting, unfair competition and false designation of origin under the Lanham Act, trademark dilution under the Lanham Act, copyright infringement, and common law trademark infringement and unfair competition.  *Id.*

On February 22, 2018, Reiche and Ford filed a Counterclaim against Stardock.  (Dkt. 17.)  Reiche and Ford's Counterclaim asserted claims against Stardock for copyright infringement, declaratory judgment regarding ownership of copyrights, unfair competition under the Lanham Act, common law trademark infringement and unfair competition, unfair competition under California's consumer protection statute, cancellation of U.S. trademark registration, and conversion.  *Id.*

On March 15, 2018, Stardock filed its First Amended Complaint against Reiche and Ford.  (Dkt. 27.)  Stardock's First Amended Complaint added additional factual allegations, but asserted the same claims against Reiche and Ford as in the initial Complaint.  *Id.*

On July 16, 2018, Reiche and Ford filed their Amended Counterclaim against Stardock, adding claims for declaratory judgment regarding their trademark rights and fraud.  (Dkt. 50.)  Reiche and Ford did not assert their fraud claim against GOG at this time.

Also on July 16, 2018, Stardock filed its Second Amended Complaint against Reiche and Ford, adding claims for false advertising under the Lanham Act and

1  California's false advertising statute.  (Dkt. 51.)

2  On October 15, 2018, Stardock filed its Third Amended Complaint against
3  Reiche and Ford, adding claims for submission of false DMCA notices, common
4  law contributory trademark infringement, and California state law claims for
5  tortious interference.  (Dkt. 72.)[3]

6       B.    <u>Reiche and Ford Bring GOG in as a Party</u>

7  After litigating for nearly a year, on October 15, 2018, Reiche and Ford filed
8  their SAC, for the first time adding GOG and Valve (another digital distributor) as
9  parties.  (Dkt. 71.)  Reiche and Ford's entire fraud claim against GOG consists of
10 the following two sentences:  "GOG concealed material facts that it had a duty to
11 disclose.  Specifically, GOG concealed the alleged expiration of the Atari-GOG
12 Agreement on March 22, 2015 that is the foundation for Stardock's claim that all
13 subsequent sales of the Classic Star Control Games on GOG infringed on Stardock's
14 purported trademarks and copyrights."  (SAC ¶ 209.)  These allegations are
15 insufficient.

16 **IV.   LEGAL STANDARD**

17 A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the
18 pleadings.  *De LaCruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).  Dismissal is
19 proper where the complaint does not state a cognizable legal theory or does not
20 allege sufficient facts to support a cognizable legal theory.  *Cervantes v.*
21 *Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011); *Summers v.*
22 *Delta Airlines, Inc.,* 805 F. Supp. 2d 874, 877 (N.D. Cal. 2011).  A motion to
23 dismiss should be granted when, assuming the truth of the non-moving party's
24 allegations, the complaint fails to state a claim for which relief can be granted.  *In re*

---

[3] The Court has taken Reiche and Ford's Motion to Dismiss Counts Twelve and Thirteen of Stardock's Third Amended Complaint (Dkt. 76) and Stardock's Motion for Leave to File a Fourth Amended Complaint (Dkt. 82) under submission.  (Dkt. 100.)  Also pending before the Court is Stardock's Administrative Motion to Modify the Scheduling Order (Dkt. 91).

1  *Countrywide Financial Corp. Mortgage-Backed Securities Litigation,* 860 F. Supp.
2  2d 1062, 1067 (C.D. Cal. 2012).  However, the tenet that a court must accept
3  allegations as true does not apply to threadbare recitals of the elements of a cause of
4  action, nor does it apply to allegations that are conclusions of law or fact.  *Ashcroft*
5  *v. Iqbal,* 556 U.S. 662, 663 (2009); *Clegg v. Cult Awareness Network,* 18 F.3d 752,
6  754-55 (9th Cir. 1994).

7  Where a plaintiff brings fraud-based claims, FRCP 9(b) requires the plaintiff
8  to "state[] with particularity" the "circumstances constituting fraud."  Fed. R. Civ. P.
9  9(b).  The Ninth Circuit has long held that FRCP 9(b) requires a statement of "the
10 time, place, and specific content of the false representations as well as the identities
11 of the parties to the misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well*
12 *Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986).  Any allegations that "do
13 not meet that standard should be disregarded, or stripped from the claim for failure
14 to satisfy Rule 9(b)."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.
15 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

16 **V.    REICHE AND FORD'S FRAUD CLAIM IS INADEQUATELY PLED**
17 **AS TO GOG**

18 Reiche and Ford allege fraud but fail to meet FRCP 9(b)'s heightened
19 pleading requirements.  *See In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d
20 1195, 1207, 1214-17 (N.D. Cal. 2015) (applying Rule 9(b)'s heightened pleading
21 requirements to claim of fraudulent concealment).  To state a claim for fraud based
22 on concealment, Reiche and Ford must plead with particularity:  (1) an omission of
23 material fact; (2) that GOG was under a duty to disclose the fact to Reiche and Ford;
24 (3) that GOG intentionally concealed the fact with the intent to defraud Reiche and
25 Ford; (4) that Reiche and Ford were unaware of the fact and would not have acted as
26 they did if they had known of the concealed fact; and (5) resulting damage.  *See*
27 *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1131 (9th Cir.
28 2014).  "Moreover, in a fraud action against a corporation, a plaintiff must allege the

names of the persons who made the allegedly fraudulent misrepresentations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010) (internal quotations omitted).

### A.    Reiche and Ford Have Failed to Plead an Omission

Reiche and Ford fail to allege with any specificity the "who, what, when, where, and how" of the alleged fraud.  Reiche and Ford allege only that:  "GOG concealed material facts that it had a duty to disclose.  Specifically, GOG concealed the alleged expiration of the Atari-GOG Agreement on March 22, 2015 that is the foundation for Stardock's claim that all subsequent sales of the Classic Star Control Games on GOG infringed on Stardock's purported trademarks and copyrights." (SAC ¶ 209).

Setting aside the mental gymnastics necessary to understand Reiche and Ford's theory of GOG's liability, Reiche and Ford wholly fail to identify with any specificity "what" information GOG should have disclosed regarding the alleged expiration of the Atari-GOG Agreement, "when" and "where" the concealment allegedly occurred, "how" or "who" at GOG should have conveyed to Reiche and Ford the information it allegedly concealed.  *See Snyder v. Ford Motor Co.,* 2006 WL 2472187, at *3 (N.D. Cal. Aug. 24, 2006) (dismissing fraud claims pursuant to FRCP 9(b) for failure to plead with particularity "what plaintiffs assert should have been disclosed" and "how and when Ford should have conveyed to them the claimed concealed information").

### B.    Reiche and Ford Have Failed to Plead a Duty to Disclose

Where, as here, a fraud claim is based entirely on an omission, the pleading must factually establish the basis of the defendant's duty to disclose, since without that duty to disclose the omission even of a material fact is not actionable. *Goodman v. Kennedy*, 18 Cal. 3d 335, 347 (1976); *see also In re VeriFone Sec. Litig.,* 784 F. Supp. 1471, 1480 (N.D. Cal. 1992), *aff'd,* 11 F.3d 865 (9th Cir.

1993)). A duty to disclose arises when "(1) the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1133 (N.D. Cal. 2010).

Reiche and Ford's duty allegation is mere boilerplate. (SAC ¶ 209.) Although Reiche and Ford claim in conclusory fashion that GOG had a duty to disclose, they fail to allege any factual or legal basis whatsoever for such a duty. Indeed, the SAC purports to state a fraud claim based solely on omission, but Reiche and Ford do not even attempt to allege—at all, let alone with specificity—any relationship or circumstance creating a duty requiring GOG to disclose to Reiche and Ford the alleged expiration of GOG's separate agreement with an independent third party. Without alleging facts giving rise to a duty to disclose, the alleged failure to disclose is simply not actionable.

C.     Reiche and Ford Have Failed to Plead Intent to Defraud

Reiche and Ford allege that GOG "concealed these facts with the intent to induce Reiche and Ford to act as described herein" without pleading any facts in support of this boilerplate allegation. (SAC ¶ 210.) Such a threadbare allegation is patently insufficient to state a claim for fraud. *See Mohebbi v. Khazen*, No. 13-3044-BLF, 2014 WL 2861146, at *11 (N.D. Cal. June 23, 2014) ("[c]onclusory statements about" intent to defraud, "without corroborating factual allegations," are "insufficient, standing alone, to adequately allege" a fraud claim).

D.     Reiche and Ford Have Failed to Plead Reliance

"Actual reliance is also an element of fraud claims based on omission: the plaintiff must establish that had the omitted information been disclosed, [he or she] would have been aware of it and behaved differently." *Buckland v. Threshold Enterprises, Ltd.,* 155 Cal. App. 4th 798, 810 (2007) (internal quotations omitted,

modification in original), *overruled in part on other grounds by Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 335–36 (2011).

Reiche and Ford fail to allege any facts suggesting that they justifiably relied on any alleged omission by GOG. The SAC also fails to allege that Reiche and Ford would have behaved differently if they had been aware of the unspecified, allegedly omitted information.

Finally, given that this case has been pending for over a year and the parties have conducted extensive discovery (GOG produced nearly 1,200 pages of documents as a third-party witness before it was dragged into this case), if sufficient facts existed for Reiche and Ford to plead a FRCP 9(b) compliant fraud claim against GOG, they would have done so. The fact of the matter is that Reiche and Ford did not plead a factually sufficient fraud claim against GOG because no facts exist to support this claim. In other words, the defects in Reiche and Ford's SAC are matters of substance, not pleading. Given the intrinsic and irremediable nature of those flaws, amendment would be futile, and the fraud claim against GOG should be dismissed with prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile").

## VI.   CONCLUSION

Reiche and Ford have failed to adequately plead a fraud claim against GOG. Reiche and Ford's allegations do not specify any factual basis for them. The heightened pleading requirements of FRCP 9(b) were designed to avoid exactly this type of situation. Thus, GOG respectfully requests that the Court dismiss Count Nine of the Second Amended Counterclaim with prejudice.

| | |
|---|---|
| 1  Dated: January 28, 2019 | FRANKFURT KURNIT KLEIN & SELZ PC |
| 2 | By:     */s/ Jessica R. Medina* |
| 3 | Tricia L. Legittino |
| 4 | Jessica R. Medina |
| | Attorneys for Counter-Defendant |
| 5 | GOG Sp. z o.o. (incorrectly named as GOG |
| 6 | Limited and GOG Poland Sp. Z.o.o.) |