1  Robert A. Weikert (Bar No. 121146)
   rweikert@nixonpeabody.com
2  Dawn N. Valentine (Bar No. 206486)
   dvalentine@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center
4  San Francisco, California 94111-3600
   Tel: (415) 984-8200
5  Fax: (415) 984-8300

6  David L. May (appearance *pro hac vice*)
   dmay@nixonpeabody.com
7  Jennette E. Wiser (appearance *pro hac vice*)
   jwiser@nixonpeabody.com
8  NIXON PEABODY LLP
   799 9th Street NW
9  Washington, DC 20001-4501
   Tel: (202) 585-8000
10 Fax: (202) 585-8080

11 Deanna R. Kunze (*pro hac vice*)
   dkunze@nixonpeabody.com
12 NIXON PEABODY LLP
   70 West Madison Street, 35th Floor
13 Chicago, IL 60602
   Tel: (312) 977-4400
14 Fax: (312) 977-4405

15 *Attorneys for Stardock Systems, Inc.*

16 **UNITED STATES DISTRICT COURT**

17 **NORTHERN DISTRICT OF CALIFORNIA**

18 **OAKLAND DIVISION**

| | |
|---|---|
| 19  STARDOCK SYSTEMS, INC., | Case No.: 17-cv-07025-SBA |
| 20                Plaintiff, | **STARDOCK SYSTEMS AND VALVE CORPORATION'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER IN THE FORM OF A STAY OF PARTY DEPOSITIONS FOR 60 DAYS; TO MODIFY THE SCHEDULING ORDER; AND FOR A STATUS CONFERENCE** |
| 21       vs. | |
| 22  PAUL REICHE III and ROBERT FREDERICK FORD, | |
| 23 | |
| 24                Defendants. | |
| 25  AND RELATED COUNTERCLAIM AND CROSS-COMPLAINT | |
| 26 | |
| 27 | |

28

- 1 -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on March 13, 2019 at 2:00 p.m. or as soon thereafter as counsel may be heard by the Honorable Saundra Armstrong, Oakland Courthouse, 1301 Clay Street, Oakland, California, Plaintiff/Counter-Defendant Stardock Systems, Inc. ("Stardock") and Cross-Defendant Valve Corporation ("Valve") (collectively the "Moving Parties") will present their Motion for a protective order in the form of a stay of party depositions for 60 days, as well as a renewed motion for a modified Scheduling Order. The Moving Parties also request a Status Conference with the Court as soon as practicable.

Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for a protective order that stays party depositions from proceeding for 60 days, as it is necessary to protect the Moving Parties from oppression, undue burden and expense.

The Moving Parties also respectfully request that the Court modify the Scheduling Order for good cause shown.

Finally, the Moving Parties respectfully request a Status Conference with the Court as soon as practicable.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Law in Support of Motion, Declaration by Dawn N. Valentine, all other papers on file in the action, and other such matters that may be judicially noticed or come before the Court at the hearing on this matter.

| | | |
|---|---|---|
| 1 | Dated: February 6, 2019 | NIXON PEABODY LLP |
| 2 | | |
| 3 | | By:  /s/ Deanna R. Kunze |
| 4 | | Robert A. Weikert (Bar No. 121146) |
| | | rweikert@nixonpeabody.com |
| 5 | | Dawn N. Valentine (Bar No. 206486) |
| | | dvalentine@nixonpeabody.com |
| 6 | | Nixon Peabody LLP |
| | | One Embarcadero Center |
| 7 | | San Francisco, California 94111-3600 |
| | | Tel: (415) 984-8200 |
| 8 | | Fax: (866) 294-8300 |
| 9 | | David L. May (appearance *pro hac vice*) |
| | | dmay@nixonpeabody.com |
| 10 | | Jennette E. Wiser (appearance *pro hac vice*) |
| | | jwiser@nixonpeabody.com |
| 11 | | Nixon Peabody LLP |
| | | 799 9th Street NW |
| 12 | | Washington, DC 20001-4501 |
| | | Tel: (202) 585-8000 |
| 13 | | Fax: (202) 585-8080 |
| 14 | | Deanna R. Kunze (*pro hac vice* |
| | | dkunze@nixonpeabody.com |
| 15 | | NIXON PEABODY LLP |
| | | 70 West Madison Street, 35th Floor |
| 16 | | Chicago, IL 60602 |
| | | Tel: (312) 977-4400 |
| 17 | | Fax: (312) 977-4405 |
| 18 | | *Attorneys for Stardock Systems, Inc.* |

# MEMORANDUM OF LAW

## I.  INTRODUCTION AND SUMMARY OF RELIEF SOUGHT

Plaintiff/Counter-Defendant Stardock Systems, Inc. ("Stardock") and Cross-Defendant Valve Corporation ("Valve") (collectively the "Moving Parties") respectfully submit this motion for a protective order in the form of a stay of party depositions, a modified scheduling order, and for the scheduling of a status conference with the Court as soon as practicable (collectively "the Relief Sought").

At its inception, this Action was a targeted request for relief based on Defendants' (Paul Reiche and Frederick Ford ("Reiche and Ford")) misuse of the "STAR CONTROL" trademark purchased by Stardock in 2013.  But the Action expanded exponentially to include multiple counterclaims from Defendants—now Counter-Plaintiffs—and, last Fall, to include multiple claims against three new Cross-Defendants: Valve Corporation, GOG Limited, and GOG Poland. While Stardock also amended its complaint to add claims for tortious interference based on facts revealed during discovery,[1] Defendants/Counter-Plaintiffs' Complaint now includes eleven causes of action against four (4) corporations, and includes claims for copyright infringement (including contributory and vicarious), fraud, conversion, and cancellation of Stardock's "STAR CONTROL" trademark.  It is these claims that are driving the vast majority of discovery in this case at this time.

In late November 2018, Stardock, Valve, and the GOG Parties moved this Court for an extension of the case management schedule given the breadth of the new claims and the presence of three new cross-defendants.  (Dkt. 91.)  That motion remains pending.  In the interim,

---

[1] Stardock also has asserted declaratory judgment claims around the ownership of the intellectual property put at issue by Defendants/Counter-Plaintiffs. Additionally, Defendants' motion to dismiss those tortious interference claims remains pending before the Court. (Dkt. 76.)

- 1 -

Defendants sought intervention from Magistrate Judge Westmore seeking an order to compel depositions to begin. (Dkt. 92.) Stardock, Valve, and the GOG Parties opposed beginning depositions with so many outstanding unresolved issues, but Magistrate Judge Westmore ordered that the parties begin depositions.

The parties thereafter met and established a deposition schedule for several anticipated deponents (approximately 12) that ultimately began January 7, 2019, with the depositions of Valve Corporation and Kevin Unangst in Seattle, Washington. Shortly before depositions began, however, counsel for Defendants contacted counsel for Stardock and Valve regarding alleged discovery deficiencies. Stardock and Valve attempted to remedy any reasonable request before the depositions began.

After depositions began, however, it became clear that counsel for Defendants was focused on identifying alleged discovery deficiencies, instead of substantive issues in the case. Again, over the course of the next few weeks and three depositions (each of which lasted longer than the 7 hours permitted under the FRCP), counsel for Stardock and Valve attempted to resolve any reasonable request, including asking counsel for Defendants/Counter-Plaintiffs to identify potential issues before depositions commenced with counsel, per the discovery dispute process of this Court.

Instead, after the deposition of Derek Paxton in Ann Arbor, Michigan on January 23, 2019, it became clear that Defendants/Counter-Plaintiffs sought "scorched-earth" type discovery from the opposing parties, including Stardock. Stardock previously had thought its production—that was substantially completed in the summer of 2018—to be largely to the satisfaction of Defendants. Indeed, Defendants/Counter-Plaintiffs did not pursue any resolution with Stardock or the Court that they believed that more documents were warranted over Stardock's objections

- 2 -

before depositions were set to begin. The day after the Paxton deposition, the GOG Parties requested that the other scheduled depositions (those of Wardell and Shaw) be re-set for at least two (2) weeks to allow them to more meaningfully participate. All parties agreed to re-set those depositions for the week of February 11, 2019, in Ann Arbor, Michigan.

At the same time, Stardock and Valve have been pursuing additional written discovery and document productions from Defendants regarding the claims against them. Yet no further discovery has been forthcoming. In fact, Defendants have indicated that they will not produce documents in response to Valve's requests for production (which were made on December 21, 2018) until March 4, 2019—***after the deposition of Defendant/Counter-Plaintiff Frederick Ford is scheduled to take place on February 26, 2019***. The deposition of Defendant/Counter-Plaintiff Paul Reiche is set shortly thereafter, for March 14, 2019. Additionally, and critically, Defendants/Counter-Plaintiffs have not provided a response to interrogatories to indicate, very basically, what elements of Stardock's games are alleged to be infringing what allegedly copyrighted works belonging to Defendants/Counter-Plaintiffs. Instead, Defendants/Counter-Plaintiffs have posted vague charts on their website. (See Ex. A.)

Beginning the last week of December and continuing through last week, counsel for the parties have engaged in several sets of correspondence and conferences regarding alleged discovery deficiencies, including a conference that lasted over two (2) hours on January 25, 2019. Yesterday, Stardock produced approximately 3,000 documents that either were new, updated, or previously outside of the search parameters employed, related primarily to Counter-Plaintiffs' claim that Stardock's "Origins" game (released in September 2018) infringes their alleged copyrighted material from the Star Control I and II video games (released in the 1990s). (Second Amended Counterclaim, Dkt. 71 ¶¶ 101-138.) Counsel for Stardock has undertaken a lengthy

review of all of Defendants/Counter-Plaintiffs' requests for production to Stardock (only fifteen (15) interrogatories were served) and determined that to review and produce at the level that Defendants/Counter-Plaintiffs now demand, that an entirely new review of emails and other documents will need to be done, given that the last collection was made nearly six (6) months ago. Counsel for Stardock anticipates that review process, of at least 10,000 emails, will take at least 4 weeks before the documents are ready for production to the other parties. While Stardock does not believe that this is proportional to the case, Stardock is willing to do this to eliminate any further issues being raised about whether documents have been produced.

Five party depositions are scheduled for the next month and a half, with at least two more depositions left to be scheduled, and several will require travel to Ann Arbor, Michigan or other locations. This case, however, has reached a tipping point. Good cause exists to stay the current fast and furious party deposition schedule for 60 days. A protective order staying the depositions will: (1) provide time for Defendants/Counter-Plaintiffs' to supplement their recent discovery responses to Valve and produce the requested documents; (2) allow the Parties to resolve outstanding disputes regarding the scope of the discovery owed; and (3) allow the Parties to complete any remaining production of documents with time for opposing counsel to process the information for use in depositions. Should this Court not grant the Relief sough, then the Moving Parties then the parties are likely to be subject to multiple expensive and time consuming depositions unnecessarily—counsel for Defendants/Counter-Plaintiffs has reserved his right to seek an additional deposition of each witness presented to date based on alleged deficient discovery. And if past is prologue, the remaining depositions of the Stardock party witnesses likely will consist of hours of questioning regarding the witness's document search efforts and what was produced in discovery.

And though Defendants/Counter-Plaintiffs are free, within the bounds of the rules, to pursue deposition strategy as they choose, neither Stardock nor Valve wishes to use its valuable deposition time to address discovery disputes—either by their own respective witnesses or by their counsel in deposing Defendants/Counter-Plaintiffs Ford and Reiche.

For the reasons cited above, good cause exists for a modified scheduling order. As noted above, on November 29, 2018, Stardock and Valve sought modification of the current scheduling order for good cause shown, which remains pending. Stardock also renews its motion for an order modifying the scheduling order, in the light of the foregoing. Specifically, the Moving Parties seek a continuance of the pretrial deadlines as follows:

> Party Depositions to resume—on or after April 6, 2019[2]
> Fact Discovery cutoff—May 15, 2019
> Expert designation (party with burden)—June 7, 2019
> Rebuttal expert witness designation—July 21, 2019
> Expert discovery cutoff—August 15, 2019
> Dispositive motion hearing cutoff –November 7, 2019
> Pretrial conference—February 14, 2010
> Trial—March 2, 2020

Finally, the Moving Parties request a status conference in connection with this Motion so that the Court may provide guidance to the Parties as to the Court's expectations regarding the schedule of the litigation moving forward.

## II.   RELEVANT PROCEDURAL HISTORY

### A. **Pleadings and Parties**

Stardock commenced this action on December 8, 2017. (Dkt. 1.) It filed its First Amended Complaint as a matter of right on March 15, 2018. (Dkt. 27.) Defendants filed their

---

[2] The Moving Parties do not believe any third-party depositions should be stayed; multiple subpoenas have been issued in the Action by multiple parties, and should depositions be necessary of those third parties, there is no reason to stay those proceedings.

Answer and Counterclaims on February 22, 2018, and their Answer to Stardock's First Amended Complaint on March 29, 2018. (Dkts. 17, 37.)  Stardock filed its Third Amended Complaint on October 15, 2018 adding claims for Tortious Interference with Prospective Economic Advantage Under California Common Law. Tortious Interference with Contractual Relations Under California Common Law, and Declaratory Judgment Regarding Ownership of Trademarks Under the Lanham Act. (Dkt. 72.)  Also on October 15, 2018, Reiche and Ford filed a Second Amended Counterclaim including claims against three new Cross-Defendants: GOG Limited, GOG Poland Sp. z.o.o., and Valve.  (Dkt. 71.)  They have alleged: Copyright Infringement; Declaratory Judgment regarding Ownership of Copyrights; Unfair Competition Under the Lanham Act; Common Law Trademark Infringement and Unfair Competition; Unfair Competition; Cancellation of U.S. Trademark Registration number 2,046,036; Conversion; Declaratory Judgment regarding Trademark Rights; Fraud; Breach of Contract; and Contributory Copyright Infringement.

  Reiche and Ford responded to Stardock's Third Amended Complaint by moving, on October 29, 2018, to dismiss Stardock's tortious interference claims.  (Dkt. 76.)  That motion has been briefed but remains pending.  The GOG entities have filed a motion to dismiss count nine of the Reiche and Ford's Amended Counterclaim. (Dkt. 104.)  That motion remains pending.

  B. **Document Production And Depositions**

Stardock began its production of documents in May of 2018.  Declaration of Dawn N. Valentine in Support of Motion ("Valentine Decl.") ¶2.  Between May 2018 and December 2018, Stardock made five productions for a total of 20,913 pages. *Id*. Reiche and Ford also made five productions from April 2018 to December 2018 for a total of 8,924 pages.  However,

by the end of October 2018, Reiche and Ford had not yet produced any documents in response to Stardock's third set of requests for production of documents. *Id*. at 3. Stardock's review of Reiche and Ford's document production, moreover, raised issues, and Stardock was concerned that their production was not complete. *Id.* at ¶3. On October 26, 2018, counsel for Stardock wrote to counsel for Reiche and Ford requesting that they produce the requested documents, supplement prior productions, and otherwise address a multitude of discovery issues. Valentine Decl.¶4, Exh. A. Reiche and Ford's counsel responded to the October 26, 2018 correspondence but insisted, in part, that issues addressed therein could not be addressed until the week of November 19, 2018 when lead counsel, Stephen Steinberg, would be finished with trial. *Id.* at ¶4. Counsel for Stardock and Reiche and Ford continued to meet and confer over discovery disputes through November and December 2018. *Id.* Reiche and Ford did not ultimately produce any additional documents responsive to Stardock's third set of document requests (served in August 2018) until December 21, 2018—the day the schedule set for the close of fact discovery. *Id.* at ¶5.

In light of ongoing discovery disputes, missing documents and additional parties to the litigation, the Moving Parties believed that relief from the scheduling order was necessary and sought a stipulation with Defendants/Counter-Plaintiffs. Counsel for Stardock and Valve repeatedly conferred with counsel for the Counterclaimants on an extension of the deadlines. During a meet-and-confer on November 14, 2018, counsel for Stardock requested that the parties discuss and agree on the extended deadlines. *Id.* at ¶6. Counterclaimants' counsel acknowledged that extended dates were necessary, but requested that their lead counsel, who was unavailable until Monday, November 19 2018 due to a trial, have input into the discussion. *Id.* at ¶6. Yet between that call and November 19, 2018, Stardock received nine notices of

depositions, as well as a set of document requests directed at newly-named Cross-Defendant, Valve. *Id.*

Counsel for Defendants/Counter-Plaintiffs and Stardock continued to confer regarding a stipulated extension of deadlines; ultimately, counsel for Defendants/Counter-Plaintiffs agreed that an extension of deadlines was necessary, but suggested just one month.[3] *Id.* at ¶7.  Despite more correspondence and conferences, counsel for the parties were unable to come to a resolution on the new schedule. *Id.*  Accordingly, on November 29, 2018, Stardock filed an Administrative Motion to Modify the Scheduling Order.  (Dkt. 91).  On December 3, 2018, Counterclaimants filed a response to Stardock's Administrative Motion.  (Dkt. 96).  That motion remains pending. *Id.*

Despite the pending motion, on December 3, 2018, Counterclaimants submitted a Request for Telephonic Conference or for Court to Order Proposed Deposition Schedule (Dkt. 92), and Magistrate Judge Kandis A. Westmore set a telephonic discovery call for December 4, 2018 at 3:00 pm (Dkt. 94).  On December 4, 2018, Magistrate Judge Westmore held a conference call.  As ordered during the call, counsel met and conferred on the morning of December 6, 2018 to discuss the scheduling of deposition dates. *Id.* at ¶8.  Also, the parties agreed to file a joint motion requesting a status conference with the Court for December 12, 2018. *Id.*

On December 6, 2018, Stardock and Counterclaimants filed a Joint Motion Requesting a Status Conference to address the outstanding Administrative Motion to Modify the Scheduling

---

[3] Between November 15, 2018 and November 19, 2018, Counterclaimants served counsel for Stardock with nine (9) deposition notices, in addition to a set of requests for production of documents directed to Valve.  Valentine Decl. ¶6.

1  Order, among other pending motions. (Dkt. 98). As of the date of this motion, the Court has
2  not scheduled a status conference. *Id.* at ¶9.
3     Depositions commenced on January 8, 2019, with the depositions of Valve Corporation
4  and Kevin Unangst in Seattle, Washington. Shortly before depositions began, however, counsel
5  for Defendants contacted counsel for Stardock and Valve regarding alleged discovery
6  deficiencies. Declaration of Deanna R. Kunze ("Kunze Decl."), ¶1. Stardock and Valve
7  attempted to remedy any reasonable request before the depositions began. *Id.*. After
8  depositions began, however, it became clear that counsel for Defendants was focused on
9  identifying alleged discovery deficiencies, instead of substantive issues in the case.[4] *Id.* at ¶2.
10 Over the course of the next few weeks and three depositions (each of which lasted longer than
11 the 7 hours permitted under the FRCP), counsel for Stardock and Valve attempted to resolve
12 any reasonable request, including asking counsel for Defendants/Counter-Plaintiffs to identify
13 potential issues before depositions commenced with counsel, per the discovery dispute process
14 identified by this Court. *Id.*

   However, in subsequent depositions, Defendants' counsel continued to use deposition
   time on the record to challenge the adequacy of Stardock's production. *Id.* at ¶4. After the
   deposition of Derek Paxton in Ann Arbor, Michigan on January 23, 2019, it became clear that
   Defendants/Counter-Plaintiffs sought "scorched-earth" type discovery from the opposing
   parties, including Stardock, which had thought its production, substantially completed in
   summer of 2018, satisfactory. Valentine Decl. ¶12; Kunze Decl. ¶4. The day after the Paxton
   deposition, the GOG Parties requested that other scheduled depositions be re-set for at least two

---

[4] The transcripts of the depositions of Valve Corporation and Kevin Unangst are available for the Court's review at its request, but were not included herein due to confidentiality and size.

- 9 -

MOTION FOR A PROTECTIVE ORDER IN THE FORM OF A STAY OF PARTY DEPOSITIONS; REQUEST
FOR A MODIFIED SCHEDULING ORDER; REQUEST FOR A STATUS CONFERENCE
C17-CV-07025-SBA

(2) weeks to allow them to more meaningfully participate and all parties agreed to re-set those depositions for the week of February 11, 2019, in Ann Arbor, Michigan.  *Id.*

Stardock and Valve served interrogatories and document requests on Defendants on December 21, 2018, but Defendants have indicated that they will not produce documents in response to Valve's requests for production until March 4, 2019—after the deposition of Defendant/Counter-Plaintiff Frederick Ford is scheduled to take place on February 26, 2019**.** Valentine Decl. Valentine Decl. ¶10.   The deposition of Defendant/Counter-Plaintiff Paul Reiche is set shortly thereafter, for March 14, 2019.  *Id.*

Defendants/Counter-Plaintiffs also have not provided a response to Valve's interrogatories to indicate, very basically, what elements of Stardock's games are alleged to be infringing what allegedly copyrighted works belonging to Defendants/Counter-Plaintiffs. *Id.* Instead, Defendants/Counter-Plaintiffs have posted charts on their website.  (See Ex. A.)

Counsel for the parties engaged in several sets of correspondence and conferences regarding alleged discovery deficiencies.  Counsel met and conferred by telephone on January 25, 2019 for 2.5 hours and Stardock's counsel followed up that call with a January 31, 2019 email that included a comprehensive list of currently outstanding issues.  Valentine Decl.¶11. Included in that list was Stardock's repeated request that Defendants identify what element(s) of "Origins" that Defendants assert infringe their alleged copyrights.  *Id.*

On February 5, 2019, Stardock produced approximately 3,000 documents consisting of documents either new, updated, or previously outside of the search parameters employed.  Those documents relate primarily to Counter-Plaintiffs' claim that Stardock's "Origins" game (released in September 2018) infringes their alleged copyrighted material from the Star Control I and II video games (released in the 1990s).  (Second Amended Counterclaim, Dkt. 71 ¶¶ 101-138.)

Moreover, counsel for Stardock has undertaken a lengthy review of all of Defendants/Counter-Plaintiffs' requests for production to Stardock (only fifteen (15) interrogatories were served) and determined that to review and produce at the level that Defendants/Counter-Plaintiffs now demand, that an entirely new review of emails and other documents will need to be done, given that the last collection was made nearly 6 months ago. *Id.* at 12. Counsel for Stardock anticipates that review process, of over 10,000 emails at minimum, will take at least 4 weeks before they are ready for production to the other parties. *Id.*

### III.   DISCUSSION

#### A.   Good Cause for A Protective Order In The Form of A Temporary Stay Exists

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense." *See also Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) (noting that obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance). The court has "broad discretion" to enter a protective order. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). The court can forbid disclosure altogether or place other limitations and conditions on disclosure. FED. R. CIV. PRO. 26(c)(1)(A)-(H). Rule 26(c)(1) "emphasizes the complete control that the court has over the discovery process." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2036, at 163-164 (3d ed. 2010). A court has "considerable latitude in focusing on the nature of the harm advanced" to justify an order, and "may be as inventive as the necessities of a particular case require." *Id.* at 164-165. And the court has an interest in "efficient judicial administration" and "promoting fully informed deposition testimony to the

extent possible." *City of LA v. San Pedro Boat Works,* 2004 U.S. Dist. LEXIS 32864, *21 (C.D. Cal. June 23, 2004) (granting motion for a protective order seeking temporary stay of deposition).

Here, a protective order in the form of a stay undoubtedly will promote an efficient judicial administration and fully informed deposition testimony.  Proceeding with party depositions when parties know that there will be additional documents produced and exchanged—and that additional depositions will be requested—is extremely inefficient.  Particularly here, where significant travel costs will be incurred for at least part of the depositions, a stay until disputes are resolved and documents produced is warranted.

Additionally, the form of protective order that the Moving Parties are seeking—a 60-day stay of party depositions so that discovery disputes can be resolved and a full exchange of documents can be made—is modest.  There will be no prejudice to any party.  In fact, Defendants/Cross-Plaintiffs likely would benefit from the stay by: (1) reducing the risk that their witnesses would need to be deposed more than once; (2) conserving costs in preventing duplicative depositions taken by their counsel, and (3) having the opportunity to adequately review documents before depositions proceed.   Defendants have pursued a "no-stone-unturned" approach to discovery; again, while Stardock does not believe that the requests made to it are proportional, Stardock is willing to increase its search and production of documents to eliminate discovery squabbles.  A short stay is warranted where, as here, it would not hamper the expediency of litigation, substantially prejudice the opposing party, or burden the court.  *In re J.E. Brenneman Co.,* 2003 U.S. LEXIS 4433, *5 (E.D. Pa. Mar. 18, 2003).

### B. Good Cause Exists to Extend the Pre-Trial Litigation Deadlines in Place in this Action.

A court's scheduling order is properly amended upon a showing of good cause.  FED. R. CIV. PRO. 16(b)(4).  The good cause standard focuses primarily on the diligence of the party

seeking amendment. *Johnson .v Mammoth Recreations, Inc.,* 975 F. 2d 604, 609 (9th Cir. 1992). Stardock and Valve have been diligent. First, both parties sought extension of the original schedule November, 2018, before the deadline for Fact Discovery then set for December 21, 2018. After that date, Stardock has responded to Defendants' expanding demands for document production, as well as to the expanding scope of this Action by seeking to supplement its production. Valentine Decl. ¶12. Just in the past few days it has produced approximately 30,000 audio files and 3,000 additional documents to Defendants based on requests from Defendants. It seeks to make a further review of its documents before any additional depositions are taken and filed this motion almost immediately after discovering that additional documents may exist and that its production will likely need to be supplemented. *Id.* Stardock also has been diligent in pursuing documents owed to it from Defendants. *Id.*

Valve likewise has been diligent. Valve was added to this suit in October, 2018. It promptly served discovery on Stardock and has not received any documents in response. In fact, Defendants indicate that they will not be producing documents in response to Valve's document requests until March 4, 2019—after Mr. Ford's scheduled deposition. *Id.* at ¶10. Because Fact Discovery technically closed December 21, 2018, shortly after Valve filed its Answer, Valve had no substantive ability to participate in discovery before that deadline ran.

The amendments to the Scheduling Order sought by the Moving Parties would allow resolution of the various pending motions and discovery disputes, complete their production and move forward expeditiously in this litigation.

## IV. CONCLUSION

For good cause shown, Plaintiff/Counter-Defendant Stardock Systems, Inc. and Cross-Defendant Valve Corporation request that this Court:

(1) Issue a protective order staying party depositions until April 6, 2019;

(2) Issue a new case management order that sets the deadlines in this Action as:

    a. Party Depositions to resume—on or after April 6, 2019

- 13 -

MOTION FOR A PROTECTIVE ORDER IN THE FORM OF A STAY OF PARTY DEPOSITIONS; REQUEST FOR A MODIFIED SCHEDULING ORDER; REQUEST FOR A STATUS CONFERENCE

C17-CV-07025-SBA

      b. Fact Discovery cutoff—May 15, 2019
      c. Expert designation (party with burden)—June 7, 2019
      d. Rebuttal expert witness designation—July 21, 2019
      e. Expert discovery cutoff—August 15, 2019
      f. Dispositive motion hearing cutoff –November 7, 2019
      g. Pretrial conference—February 14, 2010
      h. Trial—March 2, 2020; and

(3) Set a status conference to discuss any other expectations regarding the administration of the Instant Action.

Respectfully submitted,

Dated: February 6, 2019

NIXON PEABODY LLP

By: */s/ Deanna R. Kunze*

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
Nixon Peabody LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (866) 294-8300

Deanna R. Kunze (*pro hac vice*)
dkunze@nixonpeabody.com
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*