Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Deanna R. Kunze (*pro hac vice* pending)
dkunze@nixonpeabody.com
Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. | Case No.: 4:17-cv-07025-SBA <br><br> **DECLARATION OF DAWN N. VALENTINE IN SUPPORT OF STARDOCK SYSTEMS AND VALVE CORPORATION'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER IN THE FORM OF A STAY OF PARTY DEPOSITIONS FOR 60 DAYS; TO MODIFY THE SCHEDULING ORDER; AND FOR A CASE MANAGEMENT CONFERENCE** |

AND RELATED COUNTERCLAIM
AND CROSS-CLAIMS

I, Dawn N. Valentine, declare:

1. I am Of Counsel at Nixon Peabody LLP, counsel of record for plaintiff Stardock Systems, Inc. ("Stardock") and cross-defendant Valve Corporation (collectively "Moving Parties"). I make this declaration in support of Stardock and Valve Corporation's Notice of Motion and Motion for a Protective Order in the Form of a Stay of Party Depositions for 60 Days; To Modify the Scheduling Order; and for a Status Conference. Unless otherwise noted, I have personal knowledge of the following and, if called upon to do so, would and could testify competently to the same in a court of law.

2. In May of 2018, Stardock began its production of documents. As part of that process, Stardock made five productions for a total of 20,913 pages between May 2018 and December 2018.

3. Between April 2018 and December 2018, Reiche and Ford also made five productions for a total of 8,924 pages. However, by the end of October 2018, Reiche and Ford had still not produced any documents in response to Stardock's third set of requests for production of documents. My review of Reiche and Ford's document production, moreover, raised issues, and I was concerned that their production was not complete.

4. In reviewing Reiche and Ford's document production, I identified a host of discovery issues which indicated that the production was not complete. On October 26, 2018, I wrote to Reiche and Ford's counsel requesting that they produce requested documents, supplement their prior productions, and otherwise address the discovery issues raised. Attached hereto as Exhibit A is a true and correct copy of the October 26, 2018 letter I wrote to Reiche and Ford's counsel. Counsel for Reiche and Ford responded, but stated that the issues identified could not be addressed until the week of November 19, 2018, when lead counsel Stephen Steinberg would be

1  finished with trial.  I continued to meet and confer with Tiffany Hansen and Stephen Steinberg, counsel for Reiche and Ford over discovery disputes through November and December of 2018.

5.  Despite the ongoing meet and confer efforts, Reiche and Ford did not produce any additional documents responsive to Stardock's third set of document requests (served in August of 2018) until December 21, 2018, the day that was set for the close of fact discovery.

6.  In light of ongoing discovery disputes, missing documents and additional parties to the litigation, the Stardock's counsel believed that relief from the scheduling order was necessary and sought a stipulation with Defendants/Counter-Plaintiffs.  Counsel for Stardock and Valve repeatedly conferred with counsel for the Counterclaimants on an extension of the deadlines.  During a meet-and-confer on November 14, 2018, counsel for Stardock requested that the parties discuss and agree on the extended deadlines.  Counterclaimants' counsel, Tiffany Hansen acknowledged that extended dates were necessary, but requested that their lead counsel, who was unavailable until Monday, November 19 2018 due to a trial, have input into the discussion.  Between that call and November 19, 2018, Stardock received nine notices of depositions, as well as a set of document requests directed at newly-named Cross-Defendant, Valve.  Between November 15, 2018 and November 19, 2018, Counterclaimants served counsel for Stardock with nine (9) deposition notices, in addition to a set of requests for production of documents directed to Valve.

7.  Counsel for Defendants/Counter-Plaintiffs and Stardock continued to confer regarding a stipulated extension of deadlines; ultimately, counsel for Defendants/Counter-Plaintiffs agreed that an extension of deadlines was necessary, but suggested just one month.  Despite additional correspondence and conferences, counsel for the parties were unable to come to a resolution on the new schedule.  Accordingly, on November 29, 2018, Stardock filed an Administrative Motion to Modify the Scheduling Order.  That motion remains pending.

8. On December 3, 2018, Counterclaimants submitted a Request for a Telephonic Conference or for the Court to Order Proposed Deposition Schedule, and in response the Court

set a telephonic discovery call for December 4, 2018 at 3:00 pm.  On December 4, 2018, the conference call was held before the Honorable Kandis A. Westmore.  As ordered during that call, counsel met and conferred on the morning of December 6, 2018 to discuss the scheduling of deposition dates over the course of the next few months.  Additionally, the parties agreed to file a joint motion requesting a status conference with the Court for December 12, 2018.

9. On December 6, 2018, Stardock and Counterclaimants filed a Joint Motion Requesting a Status Conference to address the outstanding Administrative Motion to Modify the Scheduling Order, among other pending motions.  (Dkt. 98).  As of the date of this motion, the Court has not scheduled a status conference.

10. Stardock and Valve served interrogatories and document requests on Defendants on December 21, 2018, but Defendants have indicated that they will not produce documents in response to Valve's requests for production until March 4, 2019—after the deposition of Defendant/Counter-Plaintiff Frederick Ford is scheduled to take place on February 26, 2019.  The deposition of Defendant/Counter-Plaintiff Paul Reiche is set shortly thereafter, for March 14, 2019.  Defendants/Counter-Plaintiffs also have not provided a response to Valve's interrogatories to indicate, very basically, what elements of Stardock's games are alleged to be infringing what allegedly copyrighted works belonging to Defendants/Counter-Plaintiffs. Valentine Decl.____. Instead, Defendants/Counter-Plaintiffs have posted charts on their website.  (See Ex. A.)

11. Counsel for the parties engaged in several sets of correspondence and conferences regarding alleged discovery deficiencies since depositions in this matter have begun.  Counsel met and conferred by telephone on January 25, 2019 for 2.5 hours and Stardock's counsel followed up that call with a January 31, 2019 email that included a comprehensive list of currently outstanding issues.  Included in that list was Stardock's repeated request that Defendants identify what element(s) of "Origins" that Defendants assert infringe their alleged copyrights.

- 4 -
DECLARATION OF DAWN N. VALENTINE ISO
MOTION FOR A PROTECTIVE ORDER IN THE FORM OF A STAY OF PARTY DEPOSITIONS; REQUEST FOR A MODIFIED SCHEDULING ORDER; REQUEST FOR A STATUS CONFERENCE
Case No. 17-cv-07025-SBA

12.     On February 5, 2019, on behalf of Stardock we produced approximately 3,000 documents consisting of documents either new, updated, or previously outside of the search parameters employed.  Those documents relate primarily to Counter-Plaintiffs' claim that Stardock's "Origins" game (released in September 2018) infringes their alleged copyrighted material from the Star Control I and II video games (released in the 1990s).  (Second Amended Counterclaim, Dkt. 71 ¶¶ 101-138.)  Moreover, I undertook a lengthy review of all of Defendants/Counter-Plaintiffs' requests for production to Stardock (only fifteen (15) interrogatories were served) and determined that to review and produce at the level that Defendants/Counter-Plaintiffs now demand, that an entirely new review of emails and other documents will need to be done, given that the last collection was made nearly 6 months ago.  I anticipate that review process, of over 10,000 emails at minimum, will take at least 4 weeks before they are ready for production to the other parties.

13. On February 6, 2019, Deanna Kunze, Tricia Legittino, Tiffany Hansen and I met-and-conferred regarding this Motion and Moving Parties' basis for seeking the relief sought in this hereby.  Parties were not able to reach an agreement regarding the issued addressed in this Motion.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 6th day of February 2019.

                                                            /s/ Dawn N. Valentine
                                                         Dawn N. Valentine

- 5 -
DECLARATION OF DAWN N. VALENTINE ISO
MOTION FOR A PROTECTIVE ORDER IN THE FORM OF A STAY OF PARTY DEPOSITIONS; REQUEST
FOR A MODIFIED SCHEDULING ORDER; REQUEST FOR A STATUS CONFERENCE
Case No. 17-cv-07025-SBA