# EXHIBIT A



NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Dawn Valentine**
*Of Counsel*
T 415-984-8474
dvalentine@nixonpeabody.com

One Embarcadero Center, 18th Floor
San Francisco, CA  94111-3600
415-984-8200

October 26, 2018

*Via E-Mail*

Stephen C. Steinberg, Esq.
Bartko Zankel Bunzel & Miller
One Embarcadero Center, Suite 800
San Francisco, CA 94111

**RE:  Stardock Systems, Inc. v. Paul Reiche III and Frederick Ford;**
      **Case No. 4:17-cv-07025 SBA (N.D. Cal.)**

Dear Steve:

The following addresses, on a global and collective basis, the numerous deficiencies in Reiche's and Ford's production of documents and interrogatory responses to date in the above-referenced litigation.

**A.  Your Clients' Production of Documents in Response to Stardock's Third Set of Document Requests**

First, your clients' response to Stardock's third set of document requests represented that documents would be produced by or on **October 17, 2018.**  We have not received **any** responsive documents or any indication from you as to when you plan to produce the documents requested and promised.  Please **immediately** advise us as to when we can expect documents in response to Stardock's third set of document requests, and we respectfully request that the production occur prior to Friday, November 2, 2018.

**B.  Insufficient Production in Response to Stardock's First and Second Sets of Document Requests**

Second, the following describes each of the document requests from Stardock's first and second sets of requests in response to which no, or very few, documents have been produced by your clients despite representations that documents would be produced.

    *1.  Documents Relating to the Use/Ownership of Any Copyrights Related to Ghosts of the Precursors.*

Stephen C. Steinberg, Esq.
October 26, 2018
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Request Number 29 of Stardock's first set of requests for production of documents (hereinafter referred to as "RFPD1") seeks the production of "All Documents relating to any of Your submissions and/or filings with the U.S. Copyright Office related to the Ghosts of the Precursors Game, including without limitation the Documents submitted in support of the copyright application, request for grant of special relief relative to the deposit requirements, and a complete copy of the deposit materials submitted in support thereof." Your clients responded to the request with only objections and has not produced any responsive documents. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any responsive documents.

Relatedly, Request Number 26 of Stardock's second set of requests for production (hereinafter referred to as "RFPD2") seeks all documents supporting your clients' contention that their use of the Star Control mark in connection with their advertising of the Ghosts of the Precursors game was fair use. No responsive documents have been produced and you have not stated that no such documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any responsive documents.

2. *Documents Related to Confusion of Any Person or Entity Involving Products or Services Offered Under the Star Control Mark or Star Control Copyrights.*

Stardock has sought documents related to any instances of confusion between your clients' and Stardock's goods and services (RFPD1, No. 40), as well as any documents supporting your clients' allegation that there is no such likelihood of confusion (RFPD1, No. 108). No documents supporting either proposition have been produced and you have not stated that no such documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any responsive documents.

3. *Documents Relating to Prior Disputes and Litigation Relating to the Classic Star Control Games, the Star Control Mark or the Star Control Copyrights.*

Stardock has sought all documents relating to any disputes in which your clients have been involved regarding the Star Control Games, Star Control Mark, or the Star Control Copyrights (RFPD1, No. 55), and documents related to claims made against your clients in connection with the Star Control Games, Star Control Mark, or the Star Control Copyrights (RFPD1, no. 56). No responsive documents have been produced and you have not stated that no such documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any responsive documents.

4. *Documents Indicating Star Control III was not as well received as Star Control and Star Control II.*

Stephen C. Steinberg, Esq.
October 26, 2018
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Stardock has requested documentation in support of your clients' allegation that Star Control 3 was not as successful or well-received as Star Control and Star Control II (RFPD1 No. 66). Aside from blanket statements made by your clients to fans or other third parties, no responsive documents have been produced and you have not stated that no such documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any responsive documents.

5. *Documents Indicating That Rights to Star Control I, Star Control II and Reiche's Preexisting Characters Used in Star Control III Reverted to Reiche on or about April 1, 2001.*

Stardock has requested documents supporting your clients' allegation that all rights to Star Control and Star Control II and the preexisting characters used in Star Control III reverted to Reiche on or about April 1, 2001 (RFPD1 No. 67), and that your clients had allegedly regained all rights to "their games" (RFPD1 no. 73). The only document produced in response to these requests is what your clients claim to be the last royalty payment made by Accolade. No other documents have been produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

6. *Documents Relating to Infogrames.*

Stardock has twice sought production of documentation supporting your clients' allegation that Infogrames' March 17, 2003 Declaration of Use and Incontestability filing with the USPTO was "fraudulent" (RFPD1 No. 70; RFPD2 No. 24). No responsive documents have been produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

7. *Documents Relating to Goodwill, Fame and Reputation Value Amongst the Public.*

Stardock has sought production of documents that support your clients' contention that the Star Control Games acquired valuable fame, reputation and goodwill (RFPD1 No. 74). Relatedly, Stardock has sought production of documents that support your clients' assertion that Stardock has done "everything possible" to create a connection in the minds of the public between Stardock/Star Control Origins, and Reiche and Ford (and "their" alleged Star Control games) (RFPD1 No. 83). Other than a few emails from fans, no documents have been produced to support these allegations and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

Stephen C. Steinberg, Esq.
October 26, 2018
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

8. *Documents Relating to the Lanham Act, California Business and Professions Code Sections 17200 et seq., and Stardock's Alleged Willful and Malicious Conduct.*

Stardock has sought documents that your clients contend support their assertion that Stardock's actions constituted unfair competition under the Lanham Act (RFPD1 No. 88), that Stardock's conduct was willful and malicious (RFPD1 No. 89), that Stardock acted maliciously, fraudulently and oppressively (RFPD1 No. 92), and that Stardock is liable for violating California Business and Professions Code Section 17200 (RFPD1 No. 93). No documents have been produced in response to these requests and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

9. *Documents Indicating That U.S. Trademark Registration No. 2,046,036 was Improperly Renewed.*

Within its first set of document requests, Stardock asked for all documents supporting your clients' assertion that U.S. Trademark Registration no. 2,046,036 was improperly renewed (RFPD1 no. 94). No responsive documents were produced.

10. *Documents Indicating any Trademark, Copyright or Other Rights Were not Valid or were Abandoned.*

Stardock has requested that your clients produce a variety of documents in support of their contentions that Stardock's copyright claims are barred because its copyright is "invalid" (RFPD1 No. 103), because Stardock is not the rightful owner (RFPD1 No. 104). Stardock also requested documents supporting your clients' contention that any alleged trademark infringement by them was innocent (RFPD1 No. 105), Stardock does not own the trademark rights it seeks to assert (RFPD1 No. 107), that the trademark infringement alleged was not as a source identifier (RFPD1 No. 109), and that Stardock's claims with respect to the subject trademarks are barred because the preceding owner abandoned the mark or made fraudulent statements during its registration (RFPD1 No. 106). Your clients have not produced any documentation in response to these requests or to support these claims, nor have they stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

11. *Documents Supporting use of Star Control I or Star Control II Trademarks.*

Stardock has requested all documents that your clients contend supports their alleged use of Star Control I and II trademarks. (RFPD2 No. 17) No responsive documents were produced and you have not stated that no other responsive documents exist. Please advise as to your

Stephen C. Steinberg, Esq.
October 26, 2018
Page 5

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

>   *12. Documents that Indicate Federal Registration for the Star Control Mark Should Be Cancelled.*

Stardock requested all documents that your clients contend support their allegations that the federal registration for the Star Control Mark should be cancelled. (RFPD2 No. 25) No responsive documents were produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

>   *13. Documents Indicating You Own the Ur-Quan Masters Mark.*

Your clients were asked to produce all documents in support of their contention that they own the rights to the Ur-Quan Masters mark (RFPD2 No. 27) and that Stardock's use of the mark constitutes trademark infringement (RFPD2 No. 28). No responsive documents were produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

>   *14. Documents Indicating Damages Suffered or Infringement in Galactic Civilizations.*

Stardock requested all documents that your clients contend support their claim for damages as a result of the conduct alleged in their counterclaim (RFPD2 No. 29), and for documents supporting their allegation that Stardock infringed on their copyrights through the content of Galactic Civilizations (RFPD2 No. 30). No documents were produced in response to either request and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

>   *15. Documents related to the GoFundMe website regarding your campaign called the "Frungy Defense Fund."*

Stardock requested all communications between your clients and anyone at the GoFundMe website (RFPD2 No. 34), and all documents related to the campaign called the "Frungy Defense Fund" (RFPD2 No. 35). No documents beyond a few conversations with peers/fans who recommended the fund were produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

Stephen C. Steinberg, Esq.
October 26, 2018
Page 6

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

16. *Documents Related to Communications with Particular Participants on the Listed Forum.*

Stardock has requested that your clients produce their communications with certain participants to a particular online forum regarding this litigation, Brad Wardell, the Classic Star Control Games, and Stardock.  (RFPD2 No. 49)  Your clients have declined to produce any responsive documents aside from a few brief references to messages sent by "Elestan", and you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

17. *Documents Indicating Prior Rights to the Terms "FRUNGY" and "PRECURSORS."*

Stardock requested all documents indicating prior rights to the terms "Frungy" and "Precursors." (RFPD2 No. 50) No responsive documents were produced and you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

18. *Agreements, Contracts, Licenses, Communications and Documents Relating to the Development and Production of the Classic Star Control Games.*

Stardock has requested all documents related to any agreement relating the development and production of the Classic Star Control Games (RFPD1 No. 4), documents regarding your clients' involvement in the development or production of Star Control I (RFPD2 No. 5), Star Control II (RFPD1 No. 6), and Star Control III (RFPD1 No. 7), documents relating to your clients' alleged authorship of the Classic Star Control Games (RFPD1 No. 8), and documents relating to the role any other person played in the creation and development of the Classic Star Control Games (RFPD1 No. 9).  Stardock also requested all documents relating to the sale of any of the Classic Star Control Games (RFPD1 No. 20) and, more generally, all communications relating to the Star Control Games (RFPD1 No. 53).

Your clients produced the Reiche agreement with Accolade, and a variety of timetables, sketches, lines of code and dialogue. No, or very few, documents revealed which programmers were doing which tasks related to the game.  The production, in other words, appears incomplete and indeed you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

19. *Documents Relating to any Sale or Attempt to Sell the Classic Star Control Games Through Third-Parties.*

Stephen C. Steinberg, Esq.
October 26, 2018
Page 7

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Stardock requested that your clients produce documents related to the sale of the Classic Star Control Games directly or through third parties (RFPD1 Nos. 13, 14, 38). The only responsive documents produced reflected your clients' attempt to license GOG to sell the games. No other documents reflecting your clients' efforts to sell the Classic Star Control Games directly or through third parties was produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

> *20. Documents Relating to Use/Ownership of Any Marks (including the Star Control Mark) Relating to the Classic Star Control Games.*

Stardock requested that your clients produce all documents reflecting use of the Star Control Mark, any marks pertaining to the Star Control Games, or the transfer of any such marks to your clients. (RFPD1 Nos. 22-25) Stardock also requested all documents relating to your clients' use of the Star Control Mark in promoting the Ghosts of the Precursor (RFPD1 No. 27), all documents containing information regarding the Star Control Mark (RFPD1 No. 62), and all documents supporting your clients' assertion that Stardock violated your clients' common law rights in the mark "Ur-Quan Masters," and all documents supporting your clients' allegation that they had a license to use the claimed trademark or copyrights as alleged in your clients' Fifteenth Affirmative Defense. Very few, if any, responsive documents were produced, and no documents regarding "use" were produced. You have also not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

> *21. Documents Relating to Use/Ownership of the Star Control Copyrights.*

Stardock requested documents regarding your clients' use/ownership of the Star Control Copyrights. (RFPD1 Nos. 26, 28, 63; RFPD2 Nos. 6-9) Aside from documents reflecting a few attempts at registration and then the belated assignments of some rights regarding the Star Control Copyrights, no responsive documents were produced and you have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

> *22. Documents Relating to Communications with Atari, GOG, Accolade, Infogrames, and any Third Parties Regarding the Classic Star Control Games.*

Stardock requested that your clients produce all communications with Atari, GOG, Accolade, Infogrames, and any third parties regarding the Classic Star Control Games. (RFPD1 Nos. 32-36; 64) Your clients produced some development timelines, advance payments and evidence of revenue/royalty payments only. Your clients' production in response to these requests appears incomplete and indeed you have not stated that no other responsive documents

Stephen C. Steinberg, Esq.
October 26, 2018
Page 8

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

23. *Documents Relating to Atari.*

Stardock requested all documents supporting your clients' contention that Atari did not use the Star Control Mark through at least early 2011. (RFPD1 No. 72)  Stardock requested all documents supporting your clients' claims that neither Atari nor Accolade had sold the Star Control games or paid royalties from approximately 2001 to 2011.  (RFPD1 No. 80). Likewise, Stardock requested all communication between your clients and Atari, as well as all documents supporting your clients' contention that Atari did not purport to sell or have any rights to sell rights to Star Control I and Star Control II to Stardock (RFPD2 Nos. 16,18).   Other than communications reflecting your clients' attempt to inquire as to what was sold in the bankruptcy, no responsive documents were produced and you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

24. *Documents Relating to Development and Creation of the Ghosts of the Precursors Game.*

Stardock requested all documents relating to the development and creation of the Ghosts of the Precursors Game.  (RFPD2 nos. 1, 14, 15)  Your clients' production to date included some discussions with programmers and some limited discussion of ideas for the game, but no firm agreements or established development protocol, timetable, storyline, or development plans.  Nor have your clients produced any appreciable amount of code in response to Stardock's requests.  Your clients' production does not appear to be complete and indeed you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

25. *Documents Relating to the use of the Term "Star Control" on Their Website or in Forums/Online Postings.*

Stardock requested all documents relating to your clients' use of the term "Star Control" on their website or in online forums or postings.  (RFPD2 Nos. 10, 13)   Very few, if any, responsive documents have been produced and you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

26. *Documents relating to Toys for Bob and related entities.*

Stephen C. Steinberg, Esq.
October 26, 2018
Page 9

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Stardock requested documents relating to Toys for Bob and related entities.  Specifically, Stardock requested all documents related to the involvement of "Toys for Bob" in the creation of Star Control I and Star Control II (RFPD2 No. 38), "[a]ll documents relating to the establishment and identification of all entities that operate under the name 'Toys for Bob'" that were involved in the creation or marketing of Star Control I and II (RFPD2 No. 39), all documents relating to such entities' involvement in the creation or promotion of Star Control I or Star Control II (RFPD2 Nos. 40-41), documents reflecting the business relationship between those entities (RFPD2 No. 42), and documents reflecting your clients' communication with Activision regarding the negotiation of their employment agreement with it or Toys for Bob (RFPD2 No. 48).  Very few documents were produced that reflected the information sought regarding Toys for Bob.  Your clients do not appear to have made a complete production in response to these requests, and indeed you have not stated that no other responsive documents exist.  Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

### 27. Documents Relating to the U.S. Copyright Office Regarding Applications/Registration for Works Related to the Classic Star Control Games.

Stardock requested the production of "[a]ll documents relating to communications between the United States Copyright Office and [your clients] regarding [your clients'] applications for registration of any works related to the Classic Star Control Games."  (RFPD2 No. 5). While a few documents regarding the Star Control II and III registrations were produced, as well as the identifying material being copyrighted from Star Control II, the production is otherwise void of responsive documents and does not appear to be complete.  We are aware that there has been communication with the Copyright office that is responsive to these requests and that has not been produced.  In fact, we included publicly available communication between Mr. Palmer and the U.S. Copyright Office as Exhibit T to Stardock's Third Amended Complaint.  That communication took place through December 2017 and January 2018, is responsive to these requests, and yet was not produced by your clients. Stardock is entitled to all communications regarding these registration efforts, whether those communications be with the U.S. Copyright Office or between themselves.   You have not stated that no other responsive documents exist. Please advise as to your availability to meet and confer regarding this request and your refusal to produce any additional responsive documents.

For **each of the document requests identified above**, please provide a response to the following questions:

1. Have your clients withheld any responsive documents based on their objections or based on the contention that responsive documents are privileged? If so, provide a privilege log reflecting the same by November 2, 2018.

Stephen C. Steinberg, Esq.
October 26, 2018
Page 10

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

2. If no documents have been withheld on the basis of privilege or any other objection, do any responsive documents exist?  If no responsive documents exist, please confirm by November 2, 2018.

3. If you contend responsive documents, other than as noted below, **have** been produced, by November 2, 2018, please identify the documents, by Bates number, that you contend respond to the request.

4. Please produce all non-privileged, responsive documents not previously produced by November 2, 2018.

## C. Insufficient Written Responses to Stardock's First and Second Set of Document Requests

Your clients have declined to provide documents in response to the following requests within Stardock's first set of document requests: Nos. 11, 19, 29, 36, 37, 40, 44, 46, 64, 120, and 121.  Your clients have declined to provide documents in response to the following requests within Stardock's second set of document requests: Nos. 15, 17, 30, 31, 39, 42, and 44.

If no responsive documents exist in response to these requests, please serve amended responses reflecting the same by November 2, 2018.  Otherwise, please advise that your clients are refusing to respond to these requests by November 2, 2108 and we will determine a time to meet and confer regarding the same.

## D. Insufficient Interrogatory Responses

The Supplemental Interrogatory Responses served by your clients continue to be inadequate.

Specifically, Stardock has requested that your clients "[i]dentify each person who has, claims to have, or whom You believe may have knowledge or information concerning any of the allegations contained in the Complaint, and/or defenses thereto, the underlying subject matter of this Action, or information maintained by each such person."  (Interrogatory to Reiche, No. 1)  In response, your clients identified numerous individuals but without the required identifying information.  Moreover, your clients vaguely identified "other personnel" at Atari, GOG, Valve, and Stardock. This is not a responsive or adequate description of individuals with knowledge of the allegations at issue in this matter.

Likewise, Stardock requested that your clients identify all persons involved in the authorship, creation or development of any aspect of the Classic Star Control Games, and to identify each person's role or contribution to the same.  (Interrogatory to Reiche, No. 5) Your

Stephen C. Steinberg, Esq.
October 26, 2018
Page 11

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

clients have identified several individuals, but have declined to identify each person's role or contribution to the Classic Star Control Games.

### E.   Written Response To Stardock's Third Set of Requests for Production of Documents

Your clients have declined to produce documents in response to Stardock's request for "[a]ll Documents relating to any communication with any third party regarding the development of any game other than the one offered at http://sc2.sourceforge.net/ that was developed or offered under the open source license used for the open source edition of Star Control II as alleged in Paragraph 42 of Your Counterclaim." Stardock is entitled to this documentation and requires that your clients respond to the same by November 2, 2018.

### F.   AEO Designations

We believe that your clients' "attorneys' eyes only" designation has been overbroad and improper. The produced email from Fred Ford to Rob Dubbin (bates number RF002825-26) is a good example of your clients' overreach. That document was marked AEO, despite the fact that there is no confidential, privileged or otherwise sensitive information contained therein. Admittedly, there is language in the email that indicates your clients' intent to injure Stardock and interfere with its release of Origins, but evidence against a party's interest does not become "highly confidential" simply because it is detrimental to that party's case. Please explain your clients' basis for this designation. We will identify other particular violations of the Stipulated Protective Order under separate cover, but, in the meantime, we ask that you reconsider the breadth of your "AEO" designations made to date, and specifically withdraw your improper AEO designation of the attached document. Please advise as to your availability to meet and confer on this subject.

I am happy to discuss any part of this letter if you believe it would be useful. Otherwise, I look forward to your response.


Best regards,

Dawn Valentine
Of Counsel
DV