STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bzbm.com
TIFFANY S. HANSEN (SBN 292850)
  thansen@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Mark S. Palmer (SBN 203256)
  mark@palmerlex.com
4 Meadow Drive
Mill Valley, California 94941
Telephone: (415) 336-7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIM. | Case No. 4:17-CV-07025-SBA (JCS) <br><br> **DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S RESPONSE TO STARDOCK SYSTEMS, INC. AND VALVE CORPORATION'S REQUEST FOR EMERGENCY TELEPHONIC CONFERENCE** <br><br> **[DISCOVERY MATTER]** |

Defendants and Counter-Claimants Paul Reiche III and Robert Frederick Ford ("Reiche and Ford") hereby file the following response to Plaintiff and Counter-Defendant Stardock Systems, Inc.'s ("Stardock") and Counter-Defendant Valve Corporation's ("Valve") Request for an Emergency Telephonic Conference (Dkt. 107).

Stardock's Motion for a protective order staying party depositions for another two months and seeking to delay trial of this action for another seven months (Dkt. 106) is just latest in a long line of tactics intended to delay resolution on the merits and run up the costs and fees of this case.

As the Court knows from the telephonic conference held on December 4, 2018, Reiche and Ford's counsel repeatedly requested deposition dates for Stardock's witnesses from the summer through November 2018, and Stardock's counsel repeatedly refused to provide any.  *See* Dkt. 92. Thus, Reiche and Ford's counsel sought the Court's assistance (*id.*), and at the December 4 telephonic conference, the Court ordered Stardock's counsel to meet and confer and provide deposition dates for its witnesses at a meeting to be held on December 6, 2018.  During and shortly after that meeting, counsel for the parties agreed to the following schedule for depositions of Stardock's and Valve's witnesses:

- Jan. 8, 2019 – Valve 30(b)(6) witness in Seattle, Washington
- Jan. 10, 2019 – Kevin Unangst (former head of marketing of Stardock) in Washington
- Jan. 23, 2019 – Derek Paxton (VP of Stardock) in Michigan
- Jan. 25, 2019 – Brad Wardell (owner and President of Stardock) in Michigan
- Jan. 29, 2019 – Patrick Shaw (lead producer of Star Control: Origins at Stardock) in Michigan

The first two depositions proceeded in Seattle, Washington, and the third deposition proceeded in Ann Arbor, Michigan, as scheduled.  However, on January 24, 2019, when Reiche and Ford's counsel was already in Michigan and finishing preparing for the depositions of Mr. Wardell and Mr. Shaw, Stardock's counsel:

a) Notified Reiche and Ford's counsel that notwithstanding Stardock's repeated claims that it had already produced all documents responsive to Reiche and Ford's requests from months before, Stardock had just "found" a few hundred more responsive documents; and

b) Asked to reschedule Wardell's and Shaw's depositions for dates in February to give Stardock sufficient time to produce and Reiche and Ford's counsel sufficient time to review such documents.

The parties' counsels agreed to the following:

1)  Stardock would produce all remaining responsive documents by Feb. 1, 2019;

2)  The deposition of Mr. Wardell would be rescheduled for Feb. 11, 2019 in Michigan;

3)  The deposition of Mr. Shaw would be rescheduled for Feb. 13, 2019 in Michigan; and

4)  The deposition of Gary Perlmuter, Stardock's counsel who handled the Atari bankruptcy through which Stardock claims to have acquired certain rights to Star Control, would be set for Feb. 14, 2019 in Michigan.

Unfortunately, Stardock failed to comply with the parties' agreement and has continued to flout its discovery obligations.

First, Stardock failed to produce its remaining responsive documents by Feb. 1, 2019. Instead, Stardock produced what we understand is approximately 3,000 documents, ten times what its counsel previously disclosed, and 30,000 audio files around 4:40 pm on Feb. 5, 2019, less than a week before the rescheduled depositions. Due to the size and nature of this production, Reiche and Ford's counsel have still not been able to review it.

Second, on Feb. 6, 2019, Stardock moved for a protective order to stay the aforementioned depositions purportedly based on the realization that there are another 10,000 responsive emails that Stardock still has not produced. *See* Dkt. 106.

Stardock has already delayed depositions of its personnel in this case for over half a year, and its continuing failure to comply with its discovery obligations has cost Reiche and Ford significant fees and costs of having counsel prepare and travel to Michigan for depositions that were then rescheduled. Indeed, Reiche and Ford's counsel is currently scheduled to board a plane to Michigan for the rescheduled depositions in just over 48 hours.

Reiche and Ford suspect that the real reasons for Stardock seeking more delays are to give it time to engage in even more procedural antics intended to further delay and increase the cost of bringing this case to resolution, e.g. seeking to reopen the Atari bankruptcy and/or to compel

arbitration and/or add more claims for breach of the long-expired license agreement between Reiche and Accolade, the original publisher of the Star Control games.

Reiche and Ford agree that an emergency phone conference with Magistrate Judge Westmore is warranted, and their counsel is available anytime later today (Feb. 7, 2019) or tomorrow (Feb. 8, 2019).  But to the extent that the Court considers Stardock's request to once again delay depositions in this case, Reiche and Ford respectfully request that the Court also order that all further depositions of witnesses affiliated with Stardock take place in San Francisco rather than Michigan, and order sanctions against Stardock for the fees and costs associated with Reiche and Ford's counsel's preparations for and trips to Michigan for depositions.

DATED:  February 7, 2019

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation


By:       /s/ Stephen C. Steinberg
Stephen C. Steinberg
Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

# PROOF OF SERVICE

**Stardock Systems v. Paul Reiche III and Robert Frederick Ford**
U.S. District Court, Northern District of California, Case No. 4:17-CV-07025-SBA

At the time of service, I was over 18 years of age and not a party to this action. My business address is One Embarcadero Center, Suite 800, San Francisco, CA 94111.

On February 7, 2019, I served a true copy of the following document(s) described as **DEFENDANTS AND COUNTER-CLAIMANTS PAUL REICHE III AND ROBERT FREDERICK FORD'S RESPONSE TO STARDOCK SYSTEMS, INC. AND VALVE CORPORATION'S REQUEST FOR EMERGENCY TELEPHONIC CONFERENCE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 7, 2019, at San Francisco, California.

　　　　　　　　　　　　　　　　　　/s/ Terry Ingroff
　　　　　　　　　　　　　　　　　　Terry Ingroff

**SERVICE LIST**
**Stardock Systems v. Paul Reiche III and Robert Frederick Ford**
**U.S. District Court, Northern District of California, Case No. 4:17-CV-07025-SBA**

| | |
|---|---|
| Robert A. Weikert (Bar No. 121146)<br>rweikert@nixonpeabody.com<br>Dawn N. Valentine (Bar No. 206486)<br>dvalentine@nixonpeabody.com<br>NIXON PEABODY LLP<br>One Embarcadero Center, Suite 1800<br>San Francisco, CA 94111-3600<br>Tel: (415) 984-8385<br>Fax: (866) 294-8842<br><br>*Attorneys for Stardock Systems, Inc.* | David L. May (appearance *pro hac vice*)<br>dmay@nixonpeabody.com<br>Jennette E. Wiser (appearance *pro hac vice*)<br>jwiser@nixonpeabody.com<br>NIXON PEABODY LLP<br>799 9th Street NW<br>Washington, DC 20001-4501<br>Tel: (202) 585-8200<br>Fax: (202) 585-8080<br><br>*Attorneys for Stardock Systems, Inc.* |
| Jason T. Kunze (appearance *pro hac vice*)<br>jkunze@nixonpeabody.com<br>Deanna R. Kunze (appearance *pro hac vice*)<br>dkunze@nixonpeabody.com<br>NIXON PEABODY LLP<br>70 W. Madison St., 35th Floor<br>Chicago, IL 60602<br>Tel: (312) 977-4400<br><br>*Attorneys for Stardock Systems, Inc.* | Joseph R. Taylor<br>jtaylor@fkks.com<br>Jessica R. Medina<br>jmedina@fkks.com<br>Tricia Legittino<br>tlegittino@fkks.com<br>FRANKFURT KURNIT KLEIN & SELZ PC<br>2029 Century Park East, Suite 1060<br>Los Angeles, CA 90067<br>Tel: (310) 579-9600<br>Fax: (310) 579-9650<br><br>*Attorneys for GOG Limited and GOG Poland SP. Z.O.O.* |