STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bzbm.com
TIFFANY S. HANSEN (SBN 292850)
  thansen@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Mark S. Palmer (SBN 203256)
  mark@palmerlex.com
4 Meadow Drive
Mill Valley, California 94941
Telephone: (415) 336-7002
Facsimile:  (415) 634-1671

Attorneys for Defendants and Counter-Claimants
PAUL REICHE III and ROBERT FREDERICK FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIM. | Case No. 4:17-CV-07025-SBA (JCS) <br><br> **COUNTER-CLAIMANTS' OPPOSITION TO CROSS-DEFENDANT GOG'S MOTION TO DISMISS COUNT NINE OF SECOND AMENDED COUNTERCLAIM** <br><br> Judge: Hon. Saundra Brown Armstrong <br> Date: March 13, 2019 <br> Time: 2:00 p.m. |

I.     **INTRODUCTION**

GOG Sp. z.o.o. ("GOG") contends that Paul Reiche III and Robert Frederick Ford ("Reiche & Ford") do not adequately plead a claim for Fraud against GOG. GOG's contentions are without merit. In making its motion, GOG doggedly ignores the paragraphs of the Counter-Claim containing factual allegations, instead myopically focusing only on the paragraphs below

the heading for the 9th Claim for Fraud. Review of the factual pleadings set forth in paragraphs 19 through 162 set forth sufficient facts to state a claim for fraud.

In the event more factual detail is required to satisfy the requirements of Rule 9 of the Federal Rules of Civil Procedure, Reiche & Ford can plead such facts. GOG, however, is fully on notice of the claim being brought against it, and additional rounds of pleadings would put form over substance. In short, Plaintiff Stardock Systems, Inc. alleges in its complaint that the Star Control trademark was infringed when sales of Star Control I and II continued on GOG after purported expiration of the Atari trademark license agreement on or about March 22, 2015. (Third Amended Complaint ("TAC"), Doc. 72, ¶ 151; Stardock Systems, Inc. Response to Special Interrogatory 14.) In the event that Stardock Systems, Inc.'s allegations are true, then GOG fraudulently concealed the alleged lapse of its separate and confidential trademark license agreement with Atari, and persisted in selling Star Control I and II despite an alleged material change in circumstances. GOG intentionally did not disclose the alleged lapse of its trademark license to Reiche & Ford, who had no way to know the expiration date of the GOG-Atari agreement due to the confidentiality provisions contained therein.

Reiche & Ford can plead with greater specificity the who, what, where, when, of GOG's alleged fraudulent concealment, and if such greater specificity is required Reiche & Ford should be allowed to do so. Reiche & Ford respectfully request this Court deny GOG's motion to dismiss. If the Court grants the motion, Reiche & Ford request that they be given leave to amend to plead Count 9 with greater specificity.

## II.  FACTUAL BACKGROUND

In addition to the factual background offered by GOG, Reiche & Ford pleaded that the Atari-GOG agreement allegedly expired on March 22, 2015, purporting to remove GOG's license to the Star Control trademark. (SAC ¶ 152.) GOG had exclusive knowledge of this alleged expiration, as the Atari-GOG agreement was confidential. (SAC ¶ 83.) Reiche & Ford previously tendered Stardock Systems, Inc.'s trademark infringement claim relating to the ongoing sales to GOG pursuant to the terms of the agreement Reiche & Ford have with GOG, and GOG refused to indemnify Reiche & Ford. (SAC ¶¶ 157-58.)

## III. ARGUMENT

### A. GOG Concealed Information It Had a Duty to Disclose.

"An action for deceit will lie for the 'suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact.'" 5 Witkin, Summary 11th Torts § 912 (2018). "The duty to disclose may arise without any confidential relationship where the defendant alone has knowledge of material facts that are not accessible to the plaintiff." 5 Witkin, Summary 11th Torts § 916 (2018). "[I]n California active concealment or suppression of fact by a nonfiduciary is the equivalent of a false representation, such as where the party has exclusive or superior knowledge of material facts not known to the opposing party to the transaction and fails to disclose them." *Encompass Holdings, Inc. v. Daly*, No. C09-1816 BZ, 2011 WL 13249831, at *1 (N.D. Cal. Oct. 21, 2011).

Here, GOG knew it would lose, and in fact did allegedly lose, the license to the Star Control trademark on March 22, 2015. Nevertheless, GOG did not disclose this material information to Reiche & Ford. In reliance thereon, Reiche & Ford allowed the distribution of Star Control I and II to continue on GOG. In so doing, GOG's intentional omission (allegedly) exposed Reiche & Ford to liability to trademark infringement. None of the GOG personnel involved in the Star Control distribution agreements informed Reiche & Ford of the change in circumstances at any time.

### B. If the Second Amended Counterclaim Is Insufficient, Reiche & Ford Should Be Given Leave to Amend.

Reiche & Ford can name names at GOG, and could submit a complaint under seal listing the provisions in the confidential agreement between Atari and GOG. GOG, however, has all of this information already. Reiche & Ford can and will plead as many facts as are required in order to simply move this case forward to resolution.

## IV. CONCLUSION

Reiche & Ford respectfully request that GOG's motion to dismiss Count 9 for Fraud of the Second Amended Counterclaim be denied. If the Court grants the motion, Reiche & Ford respectfully request leave to amend to plead with greater specificity the fraud claim.

DATED:  February 11, 2019	BARTKO ZANKEL BUNZEL & MILLER
	A Professional Law Corporation


	By:	  /s/ Stephen C. Steinberg  
		Stephen C. Steinberg
		Attorneys for Defendants and Counter-Claimants
		PAUL REICHE III and ROBERT FREDERICK FORD

**PROOF OF SERVICE**

**Stardock Systems v. Paul Reiche III and Robert Frederick Ford**
**U.S. District Court, Northern District of California, Case No. 4:17-CV-07025-SBA**

At the time of service, I was over 18 years of age and not a party to this action. My business address is One Embarcadero Center, Suite 800, San Francisco, CA 94111.

On February 11, 2019, I served a true copy of the following document(s) described as **COUNTER-CLAIMANTS' OPPOSITION TO CROSS-DEFENDANT GOG'S MOTION TO DISMISS COUNT NINE OF SECOND AMENDED COUNTERCLAIM** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2019, at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Terry Ingroff*
　　　　　　　　　　　　　　　　　　　　　　　Terry Ingroff

**SERVICE LIST**
**Stardock Systems v. Paul Reiche III and Robert Frederick Ford**
**U.S. District Court, Northern District of California, Case No. 4:17-CV-07025-SBA**

| | |
|---|---|
| Robert A. Weikert (Bar No. 121146)<br>rweikert@nixonpeabody.com<br>Dawn N. Valentine (Bar No. 206486)<br>dvalentine@nixonpeabody.com<br>NIXON PEABODY LLP<br>One Embarcadero Center, Suite 1800<br>San Francisco, CA 94111-3600<br>Tel: (415) 984-8385<br>Fax: (866) 294-8842<br><br>*Attorneys for Stardock Systems, Inc.* | David L. May (appearance *pro hac vice*)<br>dmay@nixonpeabody.com<br>Jennette E. Wiser (appearance *pro hac vice*)<br>jwiser@nixonpeabody.com<br>NIXON PEABODY LLP<br>799 9th Street NW<br>Washington, DC 20001-4501<br>Tel: (202) 585-8200<br>Fax: (202) 585-8080<br><br>*Attorneys for Stardock Systems, Inc.* |
| Jason T. Kunze (appearance *pro hac vice*)<br>jkunze@nixonpeabody.com<br>Deanna R. Kunze (appearance *pro hac vice*)<br>dkunze@nixonpeabody.com<br>NIXON PEABODY LLP<br>70 W. Madison St., 35th Floor<br>Chicago, IL 60602<br>Tel: (312) 977-4400<br><br>*Attorneys for Stardock Systems, Inc.* | Joseph R. Taylor<br>jtaylor@fkks.com<br>Jessica R. Medina<br>jmedina@fkks.com<br>Tricia Legittino<br>tlegittino@fkks.com<br>FRANKFURT KURNIT KLEIN & SELZ PC<br>2029 Century Park East, Suite 1060<br>Los Angeles, CA  90067<br>Tel:  (310) 579-9600<br>Fax:  (310) 579-9650<br><br>*Attorneys for GOG Limited and GOG Poland SP. Z.O.O.* |