Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Deanna R. Kunze (appearance *pro hac vice*)
dkunze@nixonpeabody.com
Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*Attorneys for Stardock Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM AND CROSS-COMPLAINT | Case No. 17-cv-07025-SBA <br><br> **JOINT STATUS REPORT AS ORDERED BY THE COURT** <br><br> Date:           February 14, 2019 <br> Time:          3:00 p.m. <br> Telephone No.:  (510) 879-3550 |

Pursuant to the Court's February 8, 2019 Order, the Parties to this Action submit the following Status Report.

## A. Discovery Conducted To Date

### 1. Written Discovery

#### a) Stardock's Written Discovery and Responses

| Discovery | Service Date |
|---|---|
| Stardock's Initial Disclosures | March 15, 2018 |
| Stardock's Supplemental Initial Disclosures | July 20, 2018 |
| 1st set of 26 interrogatories to Paul Reiche | March 2, 2018 |
| 1st set of 121 document requests to Paul Reiche | March 2, 2018 |
| 1st set of 121 document requests to Fred Ford | March 2, 2018 |
| 2nd set of 50 document requests to Paul Reiche | July 9, 2018 |
| 2nd set of 50 document requests to Fred Ford | July 9, 2018 |
| 3rd set of 35 document requests to Paul Reiche | August 15, 2018 |
| 3rd set of 35 document requests to Fred Ford | August 15, 2018 |
| Response and objections to Reiche and Ford's first set of 74 document requests | April 27, 2018 |
| Response to first set of 15 interrogatories from Paul Reiche | April 27, 2018 |
| Supplemental responses to 15 interrogatories from Paul Reiche | July 13, 2018 |
| Response and objection to Reiche and Ford's second set of document requests numbered 75-76 | August 8, 2018 |
| Response and objection to Reiche and Ford's third set of document requests numbered 77-111 | Sept. 24, 2018 |

b) **Valve's Written Discovery**

| Discovery | Service Date |
|---|---|
| Initial Disclosures | December 21, 2018 |
| 1st set of 14 interrogatories to Reiche | December 21, 2018 |
| 1st set of 14 interrogatories to Ford | December 21, 2018 |
| 1st set of 14 requests for documents to Reiche | December 21, 2018 |
| 1st set of 14 requests for documents to Ford | December 21, 2018 |

c) **Mr. Reiche and Mr. Ford's Written Discovery**

| Item of Written Discovery | Status |
|---|---|
| Requests for Production to Stardock Systems, Inc. | Completed |
| Special Interrogatories to Stardock Systems, Inc. | Completed |
| Requests for Admissions to Stardock Systems, Inc. | Forthcoming |
| Requests for Production to Valve Corporation | Completed |
| Special Interrogatories to Valve Corporation. | Forthcoming |
| Requests for Admissions to Valve Corporation | Forthcoming |
| Requests for Production to GOG | Served, Responses forthcoming |
| Special Interrogatories to GOG | Forthcoming |
| Requests for Admissions to GOG | Forthcoming |
| Subpoena for Documents to Third-Party 505 Games (U.S.), Inc./505 Games Interactive, Inc. | Responses and Objections Received January 30, 2019 |
| Subpoenas for Documents to Third-Party Advanced Micro Devices, Inc. | Some documents have been produced, second subpoena objections and responses received on January 31, 2019. |

| | |
|---|---|
| Subpoena for Documents to Third-Party CD Projekt, Inc. | Responses and Objections Received April 9, 2018. |
| Subpoena for Documents to Third-Party Edelman Holdings, Inc./Daniel J. Edelman, Inc. | Responses and Objections Received January 28, 2019. |
| Subpoena for Documents to (then) Third-Party GOG Limited | Responses and Objections Received April 9, 2018. |
| Subpoena for Documents to Third-Party Humble Bundle, Inc. | Documents produced January 28, 2019. |
| Subpoena for Documents to Third-Party Nintendo of America, Inc. | Response that no records exist. |
| Subpoena for Documents to Third-Party Perella Weinberg Partners | Objections received on February 4, 2019. |
| Subpoena for Documents to Third-Party Gary E. Perlmuter | Responses and Objections received November 27, 2018, Documents produced on February 4, 2019. |
| Subpoena for Documents to Third-Party Tinsley PR LLC | Response due February 2019. |

### d) GOG's Written Discovery

| Discovery | Service Date |
|---|---|
| Initial Disclosures | February 6, 2019 |
| Responses and objections to Reiche and Ford's | Outstanding, due February 22, 2019[1] |

---

[1] Reiche and Ford served their document requests on GOG via mail on January 18, 2019—before GOG had even filed their responsive pleading and only 11 days after service of the Summons and Second Amended Counterclaim. Despite GOG's prior significant production as a non-party, and

Requests for Production of Documents, Set One

Special Interrogatories                                         TBD[2]

Requests for Production of Documents                  TBD

### 2. Document Production

**Stardock's Position**

Stardock has produced approximately 61,657 pages of documentation (including approximately 30,000 audio files).

**Valve's Position**

Valve has produced approximately 1,197 pages of documentation. Third parties have also produced documents, including Gary Perlmuter (2,582 pages of documentation); GOG (prior to being named as a counter-defendant) (1,189 pages of documentation); Erol Otus (approximately 21 pages); Humble Bundle (25 pages); Activision (approximately 128 pages).

**Reiche & Ford's Position**

Reiche & Ford have produced 3205 documents totaling 9352 pages. Reiche & Ford's production is substantially complete.

**GOG's Position**

Prior to being brought into this case by Reiche and Ford, GOG produced 1,189 pages of documents between May and July 2018 in response to a third-party subpoena issued by Reiche and Ford.  Despite GOG's prior significant production as a non-party, Reiche and Ford also served document requests on GOG on January 18, 2019.  GOG is currently conducting a

---

despite the fact that these Requests are premature under the Federal Rules, GOG will timely respond to these Requests and produce any non-privileged documents in its possession, custody and control which have not already been produced.  *See* "GOG's Position" on Document Production on page 4.

[2] GOG is waiting to receive and review the various discovery requests and responses that have been exchanged between Stardock, Valve, Reiche and Ford so that it can determine what additional discovery requests GOG will propound and on what party or parties.

4827-7083-0472.4

reasonable, diligent search to locate additional documents, if any, responsive to Reiche and Ford's first set of requests for production of documents. GOG will produce any non-privileged, responsive documents as soon as practicable.

**3. Subpoenas**

Third Party subpoenas have been served by Stardock on the following persons and entities:

- Singer Associates, Inc.
- Activision Publishing, Inc.
- Toys for Bob, Inc.
- Rob Dubbin
- Robert Leyland
- Matthias Genser
- Greg Johnson
- George Barr
- Erol Otus

[Defendants did not provide the list of third-party subpoenas served by them.]

To date, GOG has not served any third-party subpoenas.

**4. Depositions**

The following depositions have been conducted to date:

a) Valve Corporation (through 2 designated witnesses, Dawn Dempsey and Adam Klaff)
b) Kevin Unangst—Stardock witness
c) Erol Otus—third party witness
d) Robert Leyland—third party witness
e) Leonard Robel—third party witness
f) Derrick Paxton—Stardock witness
g) Brad Wardell—Stardock witness
h) Patrick Shaw—Stardock witness
i) Gary Perlmuter—third party witness (scheduled for February 14, 2019)

Following are the depositions that are currently scheduled:

a) Fred Ford—Party witness (scheduled for February 26, 2019)
b) Paul Reiche III—Party witness (scheduled for March 14, 2019)
c) Rob Dubbin—third party witness (tentatively scheduled for March 1, 2019)

Parties are also negotiating deposition dates for third party witnesses Matthew Genser and Gregory Johnson. Stardock has subpoenaed the deposition of attorney Mark Palmer as well.

Defendants have objected to the deposition of Mr. Palmer.  If the Parties are not able to reach an agreement on this issue, then they will undergo the procedures identified in Judge Westmore's standing order to resolve the dispute.

At this time, GOG intends on taking the depositions of Fred Ford and Paul Reiche III.  GOG reserves its right to take depositions of other parties or third party witnesses after it has reviewed the discovery in this case and also has completed its own discovery.

### **Reiche & Ford's Position**

Reiche & Ford strenuously object to Stardock's abusive attempts to depose Mark Palmer, litigation counsel for Reiche & Ford. Stardock has not offered any justification for deposing an attorney of record in this case.

Reiche & Ford have been awaiting deposition dates for Henry Pailing since December 13, 2018.

**B. Outstanding Discovery And Timeframe for Completion**

  **1. Stardock and Valve's Position**

In addition to the additional depositions identified above, Stardock and Valve identify the following outstanding discovery and timeframe for completion.  SperoSpero

  **a) Defendant's Production of Documents to be Produced in response to Valve's First Document Requests.**

Defendants have indicated that they will produce documents no later than March 4, 2019 in response to Valve's first set of document requests.  Valve, however, will need those documents before February 26, 2019, when Mr. Ford's deposition is scheduled to take place (which counsel for Defendants verbally indicated would happen at last Friday's conference with Magistrate Judge Westmore).  If Defendants will not produce those documents before Mr. Ford (and Mr. Reiche's) deposition, then Valve will seek judicial assistance from Magistrate Judge Westmore.  Valve expects that this production will occur or the matter resolved on or before **February 20, 2019.**

  **b) Defendant's amended responses to Valve's first set of interrogatories.**

Valve has objected to Defendants' response to Valve's first set of interrogatories to them, and has written a meet and confer letter requesting that Defendants supplement their deficient responses. Valve expects Defendants to serve amended responses on or before **February 22, 2019.**

      **c)  Collection of all documents subpoenaed by all parties to the litigation.**

Stardock and Valve have not received all documents produced by third parties in response to subpoenas from Defendants in this litigation. Stardock and Valve expect to receive all documents subpoenaed by Defendants on or before **February 20, 2019**

      **d)  Stardock's supplemental production of emails.**

As previously reported to all parties and the Court, Stardock expects to finalize supplementation of its production of emails by **March 8, 2019.**

      **e)  Various Discovery Disputes**

Stardock and Valve and Defendants dispute certain discovery issues that may need judicial intervention in the immediate or near term:

    (1) Resolution of request that Mr. Reiche and Mr. Ford be sequestered in between their depositions;
    (2) Confirmation from Defendants that they have produced all responsive communications between them (i.e., between Mr. Reiche and Mr. Ford);
    (3) Production of an interview given by Mr. Erol Otus, referenced in his deposition and responsive to the subpoena served on Mr. Otus.
    (4) Defendant/Counterclaimant's specific identification of every element, aspect, character, or other object of "Origins," or any related content, that they allege infringes any of their alleged copyrights. Despite repeated requests, Defendants/Counterclaimants have failed to identify with any specificity the elements of the "Origins" game—or any other creative work—that they contend violates any of their alleged copyrights. Stardock and Valve will move to compel Defendants/Counterclaimant's identification of the same if necessary.
    (5) Exchange of privilege logs by all parties (Stardock and Valve made a proposal to Messrs. Reiche and Ford on January 25 during a meet-and confer, and then a further written proposal on January 31, but have not yet received a response).
    (6) Availability of certain extremely confidential and/or very large files (i.e. internal builds of Origins) for examination (again, Stardock and Valve made a proposal, but have yet to receive a response).

Stardock and Valve anticipate that each of these disputes may be resolved by approximately **March 30, 2019**.

In its February 8, 2019 Order, the Court requested that the parties specify whether the addition of new parties justifies the extension of discovery deadlines as to all parties. Stardock and Valve submit that the addition of Valve and the GOG Parties, in light of the claims asserted against them, clearly justifies the extension of discovery deadlines.

Stardock, Valve, and the GOG Parties are now jointly accused of direct, contributory, and vicarious copyright infringement, along with trademark infringement and other claims. (*See generally* 2d. Am. Counterclaim.) First and foremost, at minimum, a brief discovery extension is warranted because the Counter-Plaintiffs have not yet identified either: (1) any specific element of any creative work that they assert is infringing any of their alleged registered copyrights; and (2) how any of those alleged infringements is committed by which party, either directly, vicariously, or contributorily. The identification of these positions by Counter-claimants is essential to the resolution of this case, and neither Stardock nor Valve can finish discovery (including identifying any necessary third-party witnesses or sources of documents) without both receiving these contentions from Counter-Plaintiffs and then executing any discovery necessary to disprove these claims.

Consolidating the discovery deadlines for all parties will help to efficiently move the Action toward dispositive motion practice and, if necessary, trial. The adoption of varying deadlines for the parties would result in parties moving towards dispositive motions and trial at differing paces, which, is ultimately cumbersome and unworkable for the parties and the Court alike, given the claims jointly asserted against Stardock, Valve, and the GOG Parties.

Other good cause exists to extend the discovery deadlines briefly in this case. As stated in the underlying motion, this case has evolved from a relatively straight-forward trademark infringement case into a six-party dispute implicating copyright infringement, allegations of fraud, conversion, false advertising, interference claims and unfair business practices. The sheer expanse of factual allegations as between the parties in this case justifies the continued discovery deadlines, as all parties work to explore the basis of the allegations asserted against them. Also, because a motion to dismiss still is pending against Stardock's tortious interference claims, and Stardock has a pending motion for leave to amend, a brief extension of the discovery cutoff is

1  warranted.

2  It is also worth noting this case is approximately 14 months old.  The original parties to
3  the lawsuit (Stardock, Reiche, and Ford) initially produced documents and engaged in other
4  written discovery just a few months into the case.  The amendment of the action in October 2018,
5  however, adding three parties and significantly changing the allegations against Stardock as to its
6  actions alleged to be in concert with those other parties.  This is not a case that has been
7  languishing.  Rather, this is a case that has increased steadily in complexity (and volume of
8  discovery) in a manner such that the parties have sought broad production of documents, multiple
9  subpoenas, and depositions beyond those anticipated at the outset of this Action.

10  Finally, the amount of additional time requested by Stardock and Valve is modest in light
11  of the above.  Stardock and Valve are requesting that fact discovery close on May 15, 2019, less
12  than five months since the December 21, 2019 fact discovery deadline previously ordered by the
13  Court and approximately six (6) months after Valve filed its responsive pleading.  Closing fact
14  discovery on May 15, 2019 would allow Stardock, Valve, and all the parties to this litigation to
15  exchange all the relevant documents and communication, conduct all relevant depositions, move
16  forward in assessing the pending claims after the challenges to the pleadings have been resolved,
17  and resolve this Action on its merits.

18  **2. Reiche & Ford's Position**

19  Reiche & Ford disagree with the narrative offered by Stardock, Valve, and GOG, but as it
20  is outside the scope of the order for this case management statement, no specific responses are
21  included here.

| **Item of Forthcoming Discovery** | **Date for Completion** |
|---|---|
| Deposition of Henry Pailing | Unknown, no dates provided by opposing counsel, but hoping to complete mid-March |
| Rule 30(b)6 Deposition of Stardock | To be served soon, and completed mid-March. |
| Rule 30(b)6 Deposition of GOG | To be served soon, and completed mid-March. |

| Further Written Discovery on Stardock, Valve, and GOG | To be served soon, and completed mid-March. |

### 3. GOG's Position

GOG was not served in this case until after the fact discovery cut-off had already passed.

GOG concurs with Stardock and Valve's position, namely that: (a) there should be consolidated discovery cut-off dates for all the parties to avoid piece-meal discovery and motion practice; and (b) neither Mr. Ford's nor Mr. Reiche's depositions should go forward until all the parties have the opportunity to review the documents Defendants are going to produce pursuant to Valve's document requests. Further, since GOG is being sued by Reiche and Ford in this matter, GOG requests that their depositions do not go forward until GOG has the opportunity to review all of Reiche and Ford's discovery responses and also to propound its own discovery on Reiche and Ford. In an effort to move this matter along, GOG requests that the Court include in any Amended Scheduling Order a date certain by which Stardock, Valve, Reiche and Ford must produce to GOG their discovery requests and responses that have already been propounded and responded to in this case. Moreover, GOG requests that the Court order that depositions of GOG employees or officers may not take place until GOG has the opportunity to review the parties' discovery and propound its own discovery so that it can adequately prepare its witnesses for their depositions.

      **a)  GOG's Production of Documents Responsive to Reiche and Ford's Document Requests**

As explained above, GOG is currently searching for additional documents, if any, responsive to Reiche and Ford's first set of requests for production of documents, and will produce any non-privileged, responsive documents as soon as practicable. GOG anticipates that its production will be complete by **March 4, 2019**.

      **b)  GOG's Collection and Review of Documents Produced by All Parties and**

**Third Parties**

GOG has recently received (and is undertaking to review) the documents—nearly 75,000 pages (including approximately 30,000 audio files)—that were produced in discovery prior to GOG's addition as a party and supplemented in January and February 2019.  GOG anticipates that it could complete its review of the documents produced to date by **March 15, 2019**.

In addition, Stardock has indicated that it will be producing additional documents on or before March 8, 2019.  GOG anticipates that it could complete its review of these additional documents by **March 22, 2019**.  However, without knowing the magnitude of the additional documents to be produced, it is difficult to determine a timeframe to complete this outstanding discovery and, therefore, GOG must reserve the right to spend additional time reviewing these documents should it be necessary.

    **c)  GOG's Collection and Review of All Parties' Written Discovery Requests and Responses**

GOG has asked for, but has not yet received, all of the other parties' discovery requests and written responses.  On February 12, 2019, GOG received:  (1) Reiche and Ford's responses to Stardock's second set of 50 document requests; (2) Reiche and Ford's first set of document requests to Stardock; (3) Stardock's responses to Reiche and Ford's first set of document requests; (4) Reiche and Ford's second set of document requests to Stardock; (5) Reiche and Ford's third set of document requests to Stardock; (6) Stardock's responses to Reiche and Ford's third set of document requests; (7) Reiche's first set of interrogatories to Stardock; (8) Stardock's responses to Reiche's first set of interrogatories; (9) Stardock's supplemental responses to Reiche's first set of interrogatories; (10) Reiche and Ford's first set of document requests to Valve; and (11) Valve's responses to Reiche and Ford's first set of document requests.

However, GOG still has not received:  (1) Stardock's responses to Reiche and Ford's second set of document requests; (2) Stardock's first set of 121 document requests to Reiche and Ford; (3) Reiche and Ford's responses to Stardock's first set of 121 document requests; (4) Stardock's second set of 50 document requests to Reiche and Ford; (5) Stardock's third set of 35 document requests to Reiche and Ford; (6) Reiche and Ford's responses to Stardock's third set of

1   35 document requests; (7) Stardock's 26 interrogatories to Mr. Reiche; (8) Mr. Reiche's
2   responses to those 26 interrogatories; (9) Valve's 14 document requests to Reiche and Ford; (10)
3   Reiche and Ford's responses to Valve's 14 document requests; (11) Valve's 14 interrogatories to
4   Reiche and Ford; or (12) Reiche and Ford's responses to Valve's 14 interrogatories.  GOG also
5   has not received Stardock, Valve, or Reiche and Ford's initial disclosures.

6        In addition to reviewing the document productions, GOG also needs to see the written
7   requests and responses that have gone back and forth between the other parties to avoid
8   duplication and see what discovery needs to be supplemented as it pertains to GOG.

9              **d)  GOG Intends to Propound Discovery and Conduct Depositions**

10       After reviewing all of the parties' written discovery requests, responses, and documents,
11  GOG will be better able to determine what additional document requests and interrogatories it
12  needs to propound to Reiche and Ford.  GOG anticipates that it will be able to serve document
13  requests and special interrogatories on Reiche and Ford by March 8, 2019.  As long as Reiche and
14  Ford provide full and complete responses and documents within the time frame provided in Rules
15  33 and 34, GOG would have responsive documents by April 12, 2019, and would be in a position
16  to depose Reiche and Ford by May 10, 2019.

17                  **e)  Good Cause Exists to Extend Discovery Deadlines**

18       The Court entered the current scheduling order before GOG was a party.  Indeed, the
19  discovery cutoff under the current scheduling order passed before GOG was served in this case.

20       Reiche and Ford only recently brought GOG into this case.  In addition to claims for
21  copyright infringement, contributory copyright infringement, and vicarious copyright
22  infringement, Reiche and Ford have also asserted claims for breach of contract and fraud against
23  GOG.  GOG is entitled to, and intends to, conduct its own discovery in connection with its
24  defense of those claims.  GOG is mindful of avoiding duplicative discovery, which is why GOG
25  wants to review all previously-conducted discovery before serving its own discovery.  However,
26  the fact that the other parties have already conducted nearly a year of discovery should not
27  operate to truncate GOG's rights or ability to conduct its own discovery.

28       As described more fully above, GOG needs time to review the nearly 75,000 pages of

1  documents, and several rounds of written discovery that have already been served in this case.
2  More importantly, GOG needs time to conduct its own discovery and prepare for the depositions
3  of the parties that have asserted claims against GOG.

4      While GOG is hopeful that discovery will move quickly and efficiently without issues, in
5  the event discovery disputes arise, the discovery deadlines should allow sufficient time for GOG
6  to file a motion in accordance with Magistrate Westmore's standing order.

7      In addition, the pleadings in this case are not settled.  GOG recently responded to Reiche
8  and Ford's Second Amended Counterclaim by challenging the sufficiency of the pleading (Dkt.
9  104).  GOG's motion to dismiss is currently scheduled to be heard on March 13, 2019.  If the
10 Court allows Reiche and Ford to amend their counterclaim, GOG will likely file another motion
11 to dismiss as it is unlikely that Reiche and Ford will be able to plead a factually-sufficient fraud
12 claim against GOG.  Thus, even if the Court grants Reiche and Ford leave to amend their Second
13 Amended Counterclaim, it could be another two to three months before the pleadings are settled.[3]

14     Given the recent addition of GOG and Valve as new parties, the new claims asserted by
15 Reiche and Ford against the new parties, the magnitude of the documents produced prior to
16 GOG's addition to the case, the additional documents to be produced, and GOG's need to conduct
17 further discovery, good cause exists to extend the discovery deadlines.  GOG should not have its
18 ability to prepare for trial truncated by the other parties and a Scheduling Order entered before
19 GOG's addition to the case.

**C. Proposed Dates for Re-Scheduling Of Action**

Below is a chart summarizing the proposals for new dates of each set of parties.

| **Deadline** | **Stardock/Valve Proposal** | **GOG Proposal** | **Reiche/Ford Proposal** |
|---|---|---|---|
| Written Discovery | April 6, 2019 | June 28, 2019 | None |

---

[3] In addition to GOG's motion to dismiss, currently pending before the Court are Reiche and Ford's Motion to Dismiss Counts Twelve and Thirteen of Stardock's Third Amended Complaint (Dkt. 76) and Stardock's Motion for Leave to File a Fourth Amended Complaint (Dkt. 82). Therefore, none of the operative pleadings are settled.

4827-7083-0472.4

| | | | |
|---|---|---|---|
| All Fact Discovery | May 15, 2019 | August 30, 2019 | 3/22/2019 |
| Expert Witness Designation (Party with burden) | June 7, 2019 | September 13, 2019 | 4/19/2019 |
| Rebuttal Expert Witness Designation | July 21, 2019 | September 30, 2019 | 5/17/2019 |
| All Expert Discovery | August 15, 2019 | October 11, 2019 | 5/31/2019 |
| Dispositive Motions | November 7, 2019 | November 7, 2019 | 7/19/2019 |
| Pretrial Conference | February 14, 2020 | February 14, 2020 | 8/9/2019 |
| Trial | March 2, 2020 | March 2, 2020 | 9/20/2019 |

**Mr. Reiche and Mr. Ford's Position**

Reiche and Ford disagree that the scope of the case has dramatically expanded, as the allegations of infringement against Valve and GOG are no different than against Stardock. Valve and GOG are simply additional distribution channels for Stardock's new game, Star Control: Origins ("Origins"), that Reiche and Ford have alleged would infringe on their copyrights to Star Control I and II since filing their first counterclaim in February 2018.

In addition, Stardock delayed depositions of its personnel in this case for over half a year until Stardock was finally ordered by Magistrate Judge Westmore to provide deposition dates in early December, and its continuing failure to comply with its discovery obligations has already substantially delayed this case from proceeding toward resolution. There is certainly no reason to extend discovery as between Stardock and Valve (represented by the same counsel), on the one hand, and Reiche and Ford, on the other. At this point, most of the depositions have been or will

be completed in the next month, and below is a schedule that allows for completion of discovery shortly thereafter and timely trial.

### D. Status of Settlement Negotiations

Stardock, Valve, and Reiche and Ford agree that the currently scheduled settlement conference set for April 11, 2019 before Judge Spero is unlikely to be productive at this time. Stardock, Valve, and GOG believe a private mediation would be useful.  Reiche and Ford disagree, but remain willing to engage in good faith settlement negotiations with the other parties.

### GOG's Further Position

Between December 2018 and January 2019, GOG, Reiche and Ford, and Stardock discussed the possibility of dismissing GOG from the case.  GOG was hopeful that the claims against it could be resolved through a mutually-beneficial settlement, but the parties were ultimately unable to come to an agreement.  Nevertheless, GOG remains sanguine about prospects for settlement and sees no reason why settlement is not possible.  GOG agrees that a private mediation would be beneficial, and would be willing to participate in a mediation session with an eye toward achieving a global settlement.

4827-7083-0472.4

- 16 -

JOINT STATUS REPORT AS ORDERED BY THE COURT
17-CV-07025-SBA

| | | |
|---|---|---|
| 1 | Dated: February 13, 2019 | NIXON PEABODY LLP |

By:/*s/ Deanna R. Kunze*
Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (866) 294-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette E. Wiser (appearance *pro hac vice*)
jwiser@nixonpeabody.com
Nixon Peabody LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

Deanna R. Kunze (appearance *pro hac vice*)
dkunze@nixonpeabody.com
Jason T. Kunze (appearance *pro hac vice*)
jkunze@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, 35th Floor
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

Attorneys for Defendant
*Stardock Systems, Inc.*

(The other parties did not provide their signature blocks, but authorized us to file this on their behalf.)

4827-7083-0472.4