UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL REICHE III, et al., <br><br> Defendants. | Case No. 17-cv-07025-SBA <br><br> **SECOND AMENDED ORDER FOR PRETRIAL PREPARATION** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP"), IT IS HEREBY ORDERED AS FOLLOWS:

## I.   DEADLINE FOR JOINDER OF PARTIES/AMENDING THE PLEADINGS

The deadline for the joinder of other parties and to amend the pleadings is February 14, 2019.

## II.   DISCOVERY CUT-OFF

All discovery, except for expert discovery, shall be completed and all depositions taken on or before July 31, 2019.  The deadline to file motions to compel is governed by the Local Rules.  Discovery disputes will be referred to a magistrate judge.

## III.   EXPERT DESIGNATION AND DISCOVERY

Plaintiff shall designate any experts by August 14, 2019; defendant by August 14, 2019; rebuttal disclosure by September 11, 2019.  Any expert not so named may be disallowed as a witness.

No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party.

Expert discovery shall be completed by September 25, 2019.

## IV. MOTION PRACTICE

All dispositive motions shall be **heard** on or before November 13, 2019, at 2:00 p.m.

**A. Meet and Confer Requirement:** **The parties must meet and confer prior to filing any motion or request**. The movant shall certify to the Court in its moving papers that it has complied with this requirement. Should the parties fail to meet and confer, the Court may decline to entertain the motion.

**B. Hearing Dates:** The Court does not reserve motion hearing dates. The parties are advised to check Judge Armstrong's calendar at **www.cand.uscourts.gov/sba** to determine the next available hearing date. The parties are advised **not** to wait until 35 days prior to the law and motion cut-off to file and serve their motion. As the Court's law and motion calendar tends to fill quickly, there is no guarantee that a hearing date within the law and motion cut-off will be available.

NOTE: Pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate motions without oral argument.

**C. Page Limits:** All noticed motions (other than motions for summary judgment) and any opposition thereto, shall not exceed **fifteen (15) pages** in length, exclusive of the table of contents, table of authorities, exhibits and declarations, if required. Reply briefs may not exceed **ten (10) pages** in length.

**D. Failure to Oppose:** The failure to timely file an opposition to any motion shall constitute a consent to the granting of the motion.

**E. Summary Judgment:** Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court. Aligned parties (i.e., co-defendants) should file joint briefs where possible. Motions for summary judgment are subject to the page limits set forth in Civil Local Rule 7. If a Plaintiff wishes to file a motion for summary judgment, they shall do so at least 6 weeks before the cut-off date. If a Defendant desires to file a cross-motion, such motion shall be combined with the opposition to the motion, not to exceed 25 pages, and shall be filed 14 days after the filing of the motion. The opposition to any cross-motion shall be combined with the reply in support of the motion, not exceed 15 pages, and shall be filed 7 days after the filing of the opposition. A reply to any cross-motion, not to exceed 10 pages, shall be filed 7 days after the filing of the opposition. Separate statements of undisputed facts will not be considered. Joint statements of undisputed facts are helpful, but not required.

**F. Use of Dividers and Binders:** Courtesy copies of multi-page exhibits for chambers should be clearly marked with tabbed dividers. Where the exhibits are voluminous, courtesy copies shall be submitted in tabbed binders.

## V. MANDATORY SETTLEMENT CONFERENCES

All parties are ordered to participate in a mandatory settlement conference during the following time period: 11/18/19- 1/17/20

## VI. PRETRIAL CONFERENCE

All Counsel who will try the case shall appear for a pretrial conference on March 11, 2020 at 2:00 p.m.  All Counsel shall be fully prepared to discuss all aspects of the trial.  Failure to file the requisite pretrial documents in advance of the pretrial conference may result in vacation of the pretrial conference and/or the imposition of sanctions.

> **NOTE:   Each party is required to have a person with full settlement authority present at the pretrial conference.**

## VII. PRETRIAL PREPARATION

Prior to the date pretrial preparation is due, Counsel shall meet and confer in good faith in advance of complying with the following pretrial requirements in order to clarify and narrow the issues for trial, arrive at stipulations of facts, simplify and shorten the presentation of proof at trial, and explore possible settlement.  In addition, Counsel shall meet and confer regarding anticipated motions in limine, objections to evidence, jury instructions, and any other matter which may require resolution by the Court.

The following briefing schedule applies to all pretrial documents:

| FILINGS | DUE DATE |
|---|---|
| Pretrial Statement<br>Trial Briefs<br>Findings of Fact<br>Witness Lists<br>Exhibit Lists<br>Discovery Designations<br>Proposed Jury Instructions<br>Proposed Jury Voir Dire<br>Proposed Verdict Forms | 1/24/20 |
| Motions in Limine<br>Objections to Evidence<br>Objections to Separately Proposed Jury Instructions | 2/7/20 |
| Oppositions to Motions in Limine<br>Responses to Objections to Evidence | 2/14/20 |
| Replies for Motions in Limine<br>Objections to Evidence (optional) | 2/21/20 |

     **A.**    **Joint Pretrial Statement**: Counsel are required to file a joint pretrial conference statement containing the following information:

          1.    **The Action**

              a.    **Substance of the Action.**  A brief description of the substance of claims and defenses which remain to be decided.

              b.    **Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

          2.    **Factual Basis**

              a.    **Undisputed Facts.** A plain and concise statement of all relevant facts not reasonably disputed, as well as those facts to which the parties will stipulate without the necessity of supporting testimony or exhibits.

              b.    **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

              c.    **Agreed Statement.**  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

          3.    **Disputed Legal Issues**

              Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions. Unless otherwise ordered, parties should cite to briefs served and lodged setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

          4.    **Stipulations**

              A statement of stipulations requested or proposed for pretrial or trial purposes.

     **B.**    **Trial Briefs**

Each party shall serve and file a trial brief which shall briefly state their contentions, the relevant facts to be proven at trial, and the law on the issues material to the decision.

C.      **Findings of Fact & Conclusions of Law (non-jury trial)**

In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. Findings shall be brief, clear, written in plain English and free of pejorative language and argument.

D.      **Jury Instructions**

The parties shall file a joint set of proposed jury instructions that sets forth those instructions on which the parties have reached agreement. As to any disputed instructions, each party shall also file its "separately proposed" instruction(s) supported by a brief memorandum setting forth the authority for its use. Responses or objections to any "separately proposed" jury instruction shall be filed in accordance with briefing schedule set forth above. All instructions shall be written in plain English that is comprehensible to jurors, concise and free of argument, and organized in a logical fashion so as to aid jury comprehension. Copies of the joint and separate proposed instructions shall be provided as Word documents on a USB drive or CD. The Court's practice is to utilize, whenever possible, instructions found in the Ninth Circuit Manual of Model Jury Instructions.

E.      **Jury Voir Dire**

Each party shall file proposed questions for jury voir dire.

F.      **Verdict Forms**

Each party shall file a proposed form of verdict.

G.      **Witnesses**

Each party shall serve and file with the Court a list of all persons who may be called as witnesses. The list shall include a summary of the substance of each witness' proposed testimony. Retained and non-retained expert witnesses shall be identified as such.

H.      **Exhibits**

Each party shall serve and file a list of all exhibits anticipated to be used at the trial. The exhibit list shall identify each exhibit by number and include a brief description, followed by two blank columns to record the date on which it is marked for identification and the date on which it is admitted into evidence. Exhibits shall be premarked numerically, with Plaintiff's exhibits preceded by the letter "P" (i.e., P1, P2, P3) and Defendant's exhibits preceded by the letter "D" (i.e., D1, D2, D3). Exhibit markers shall also contain the case name and number, with space to record the date admitted and the Deputy Clerk's initials. (A sample exhibit list and exhibit markers are available in the Court's Standing Orders).

Exhibits should be brought to Court on the first day of trial.  Each party shall provide every other party one set of exhibits to be used at trial.  Additionally, the Court requires one original version of exhibits (as described above) for the Clerk and two copies (one for the Bench and one for the witness stand).  Each set of exhibits, including the originals, shall be premarked and indexed into a binder for easy and quick reference, with a copy of the full exhibit list at the front of the binder.

### I.   Designation of Discovery Excerpts

Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the Court a statement identifying: (1) by witness and page and line, all deposition testimony and (2) by lodged excerpt, all interrogatory answers and requests for admissions.  Each interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as an exhibit.  The original of any deposition to be used at trial must be produced at the time of trial, along with a copy for the Court.

If Counsel intend to present video or audio deposition testimony in lieu of live testimony pursuant to Federal Rule of Evidence 804(b)(1), and the parties are unable to reach a stipulation regarding the presentation of such testimony, the presenting party shall notify the Court of this fact at the time it files its designations and provide the reason for the witness' unavailability.  See Fed. R. Evid. 804(a).

### J.   Motions in Limine and Objections to Evidence

Motions in limine ("MILs") shall be set forth in a **single memorandum**, not to exceed fifteen (15) pages in length.  Responses to the MILs shall be set forth in a single memorandum, not to exceed fifteen (15) pages in length.  Reply briefs shall not exceed ten (10) pages.  No MIL will be considered unless the parties certify that they met and conferred prior to its filing.  Any request to exceed the page limits must be submitted prior to the filing deadline and supported by a showing of good cause, along with a certification that the applicant has met and conferred with the opposing party regarding the request.

Objections to evidence shall identify the exhibit, discovery excerpt, and/or deposition designation in dispute, indicate the basis for the objection (e.g., hearsay - FRE 802), and provide a brief statement in support thereof.  Objections to deposition designations shall also include any counter-designations for completeness.  See Fed. R. Evid. 106.  For any deposition designations to which objections are raised, the parties shall provide a complete transcript with the designated portions thereof highlighted.  The objecting party shall file the transcript as a searchable PDF and provide a printed courtesy copy.  No objection will be considered unless the parties certify that they met and conferred prior to its filing.  Responses to objections shall provide a brief statement in opposition (e.g., falls under an exception or offered for non-hearsay purpose).  Replies are not required.

## VIII. TRIAL DATE

Trial before the Jury will begin on March 23, 2020, at 10:00 a.m., for an estimated 5-6 trial days, or as soon thereafter as the Court may designate. The parties are advised that they must be prepared to go to trial on a trailing basis in the event that more than one case is set for trial on the same date. Trial will take place at 1301 Clay Street, Oakland, California, 94612 (Courtroom to be determined at the pretrial conference). The Court's trial hours are 10:00 a.m. to 3:30 p.m., with two fifteen-minute breaks, from Monday through Friday.

**NOTE: Each party is required to have someone with full settlement authority present on the first day of trial.**

## IX. TRANSCRIPTS

If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) at least one week prior to the commencement of trial commences.

## X. STATUS AND DISCOVERY CONFERENCES

Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the courtroom deputy clerk (Telephone No. 510-637-3542). Conferences may be conducted telephonically, upon request (preferably in writing).

## XI. SANCTIONS

Failure to comply with this order may result in the imposition of sanctions pursuant to FRCP 16(f).

**IT IS SO ORDERED.**

Dated: February 15, 2019

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge