Joseph R. Taylor (SBN 129933)
    jtaylor@fkks.com
Tricia L. Legittino (SBN 254311)
    tlegittino@fkks.com
Jessica R. Medina (SBN 302236)
    jmedina@fkks.com
FRANKFURT KURNIT KLEIN & SELZ PC
2029 Century Park East, Suite 1060
Los Angeles, CA 90067
Telephone:   (310) 579-9600
Facsimile:   (310) 579-9650

Attorneys for Counter-Defendants GOG Sp. z o.o. (incorrectly sued herein as GOG Limited and GOG Poland Sp. Z.o.o.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARDOCK SYSTEMS, INC.<br><br>            Plaintiff,<br><br>    vs.<br><br>PAUL REICHE III and ROBERT FREDERICK FORD,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 4:17-cv-07025<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF GOG COUNTER-DEFENDANTS' MOTION TO DISMISS COUNT NINE OF SECOND AMENDED COUNTERCLAIM**<br><br>Date:         March 13, 2019<br>Time:         2:00 p.m.<br>Courtroom: TBD<br>Judge:        Hon. Saundra Brown Armstrong |

## I. INTRODUCTION

The central argument in GOG's Motion to Dismiss Count Nine of Reiche and Ford's Second Amended Counterclaim (the "Motion") is that Reiche and Ford failed to plead a factually-sufficient fraud claim against GOG pursuant to Rule 9(b). Rather than address this issue head-on in their Opposition, Reiche and Ford spend the entirety of their Opposition (which contains less than one page of substantive text) regurgitating the conclusory allegations in the SAC and then essentially concede the Motion by requesting leave to amend.

However, the Motion and the Opposition make it abundantly clear that Reiche and Ford should never have filed this claim against GOG because the facts simply do not exist to adequately plead a fraud claim before this Court. As a result, the Motion should be granted and leave to amend denied because amendment would be futile, and Reiche and Ford have not shown otherwise.

## II. ARGUMENT

### A. Reiche and Ford's Fraud Claim Against GOG Does Not Satisfy Rule 9(b)

Reiche and Ford concede that their fraud claim is governed by Rule 9(b), which requires them to "identify 'the who, what, when, where, and how of the misconduct charged,' as well as what is false or misleading about [the purportedly fraudulent] statement and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation omitted). Although both the SAC and the Opposition *say* that that GOG concealed information it had a duty to disclose, the SAC fails to plead a single fact required to support this allegation. This is wholly insufficient pursuant to Rule 9(b) and, as a result, Count Nine of the SAC must be dismissed for this reason alone.

Dismissal is also appropriate because the Opposition does not address or respond to the substantive arguments made in the Motion. *Silva v. U.S. Bancorp,* 2011 WL 7096576, at *3 (C.D. Cal. Oct.6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address

1 Defendants' arguments in his Opposition."); *Tatum v. Schwartz,* 2007 WL 419463,
2 at *3 (E.D. Cal. Feb.5, 2007) (holding that plaintiff "tacitly concede[d]" that her
3 claim should be dismissed by failing to address the defendants' argument in
4 opposition).

5      In the Motion, GOG argued that Reiche and Ford failed to plead ***any of the***
6 ***elements*** of a fraudulent concealment claim with the requisite particularity.  *See*
7 Mot. at pp. 6-9.  In response to this showing within the Motion, Reiche and Ford's
8 Opposition simply recommits the same offense that the SAC is guilty of:  nowhere
9 in the 15 lines of the Opposition's "Argument" is there any reference to any
10 paragraph of the SAC wherein facts demonstrating the particulars of any fraudulent
11 concealment are plead with any degree of particularity whatsoever.  Instead, Reiche
12 and Ford merely rehash the speculative, general, and conclusory allegations from
13 the SAC.  *See* Opp. at 3.  Those conclusory allegations offer no "factual
14 enhancement" for their claim, and so their fraud claim must be dismissed.  *Ashcroft*
15 *v. Iqbal*, 556 U.S. 662, 696 (2009).

**B. Reiche and Ford's Fraud Claim Should Be Dismissed With Prejudice**

17      Reiche and Ford spend much of their three-page Opposition arguing that if
18 the fraud claim is dismissed, it should be without prejudice so that may re-plead and
19 try again.  There is no basis for that request as there is no reason to think that
20 another bite at the apple would yield a different result.  Indeed, Reiche and Ford's
21 Opposition did not even attempt to demonstrate what ***facts*** they could possibly plead
22 to support a viable fraud claim.  To the contrary, the Opposition makes crystal clear
23 that Reiche and Ford's fraud claim is based on nothing more than ***speculation***, not
24 facts.  *See* Opp. at 2 ("***In the event that*** Stardock Systems, Inc's ***allegations are***
25 ***true***, then GOG fraudulently concealed the alleged lapse of its separate and
26 confidential trademark license agreement with Atari . . . .) (emphasis added).  This is
27 plainly insufficient.

28      Reiche and Ford ***waited nearly a year*** before dragging GOG into the case

during which time they participated in discovery in the main action and received nearly 1,200 pages of documents from GOG in response to a subpoena. If Reiche and Ford had the facts to plead a factually sufficient fraud claim against GOG, they would have. Moreover, Reiche and Ford did not even explain to the Court how they could amend their fraud claim to meet the stringent requirements of Rule 9(b). The fraud claim against GOG is irretrievably flawed, and its dismissal should be final and with prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile").

### III. CONCLUSION

For the foregoing reasons, GOG respectfully requests that the Court grant its motion and dismiss Count Nine of the Second Amended Counterclaim with prejudice.

Dated:  February 19, 2019                FRANKFURT KURNIT KLEIN & SELZ PC

By:  */s/ Tricia L. Legittino*
Tricia L. Legittino
Jessica R. Medina
Attorneys for Counter-Defendant
GOG Sp. z o.o. (incorrectly sued herein as GOG Limited and GOG Poland Sp. Z.o.o.)