UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARDOCK SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL REICHE III and ROBERT FREDERICK FORD, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No: C 17-07025 SBA <br><br> **ORDER DENYING GOG'S MOTION TO DISMISS COUNT NINE OF THE SECOND AMENDED COUNTERCLAIM** <br><br> Dkt. 104 |

This is a copyright and trademark infringement action between Plaintiff/Counter-Defendant Stardock Systems, Inc. ("Stardock" or "Plaintiff"), Defendants/Counter-Claimants Paul Reiche III ("Reiche") and Robert Frederick Ford ("Ford") (collectively "R/F" or "Defendants"), and Counter-Defendants GOG Limited and GOG Poland sp. z.o.o. ("GOG") and Valve Corporation d/b/a Steam ("Valve"), regarding a videogame franchise known as "Star Control."

In the 1990s, R/F created the concept for Star Control, and, in partnership with Accolade, Inc. ("Accolade"), developed and published a trilogy of videogames under that name (referred to herein as "Star Control I," "Star Control II," and "Star Control III," and collectively as "the Classic Star Control Games"). Pursuant to a written agreement, the Star Control intellectual property ("IP") was divided between R/F and Accolade. As is pertinent here, R/F purport to hold the copyrights to Star Control I and II; Accolade's successor—Stardock—purports to hold, among other things, the trademarks adopted and used in marketing the work, including the "Star Control" mark.

The present dispute arises out of Stardock's acquisition of Accolade's Star Control IP in 2013 and subsequent development of a new game, titled Star Control: Origins ("Origins"). R/F contend that Origins and promotional content related thereto infringes their copyrights in the Classic Star Control Games. In 2017, while Stardock was completing development of Origins, R/F also announced their plans to develop a new game in the Star Control universe, titled Ghosts of the Precursors, which they tout as a sequel to Star Control II. Stardock contends that, in promoting Ghosts of the Precursors, R/F have infringed its trademarks in the "Star Control" and other marks.

Counter-Defendants GOG and Valve operate digital distribution platforms where videogames are purchased and played. At times relevant to the instant proceedings, the Classic Star Control Games, Origins, and promotional content related to Origins were distributed on the GOG/Valve platforms.

The matter is presently before the Court on GOG's Motion to Dismiss Count Nine of the Second Amended Counterclaim. Dkt. 104. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND[1]

### A.   FACTUAL BACKGROUND

In or about 2002, Accolade assigned its rights to the "Star Control" mark to Infogrames, which was subsequently renamed Atari. SACC ¶¶ 43, 46, 47. On or about March 10, 2010, Atari and GOG entered into a digital distribution agreement for the sale of the Classic Star Control Games (the "Atari-GOG Agreement"). Id. ¶ 54.

In April 2011, R/F learned of the Atari-GOG Agreement and the sale of the Classic Star Control Games on GOG's platform. Id. According to R/F, the games were offered for

---

[1] The parties are familiar with the factual and procedural background of the action, which is expansive. Only the facts and events essential to the understanding and resolution of the instant motion is set forth herein. For present purposes, the factual allegations are taken from the operative Second Amended Counterclaim ("SACC"). Dkt. 71.

sale without their permission and in violation of their copyrights. Id. They contacted Atari, which acceded that the sales were in violation of R/F's copyrights. Id. ¶¶ 55-56. Atari instructed GOG to remove the games from its platform and to remit all revenue to R/F. Id.

Thereafter, R/F, Atari, and GOG discussed the continued distribution of the Class Star Control Games. Id. ¶ 57. In May 2011, the parties reached an agreement, whereby GOG would continue distributing the games and Atari would split its share of net revenues with R/F. Id. ¶ 58. Atari and GOG amended the Atari-GOG Agreement accordingly. Id. R/F then executed a separate agreement with GOG (the "Ford-GOG Agreement"), granting GOG a non-exclusive license to distribute the Classic Star Control Games. Id. ¶ 59.

Pursuant to Section 5 of the Ford-GOG Agreement, "GOG would obtain 'the rights for the Products names and related trademarks … from the respectful [*sic*] rights holder.'" Id. ¶ 60. Pursuant to Section 6.2, "GOG shall fully indemnify, hold harmless and defend [Reiche and Ford] … from and against any and all claims, actions, suits, legal proceedings, demands, liabilities, damages, [and] losses … including, without limitation, attorney's fees, arising out of or in connection with any alleged or actual breach by GOG of any other representations, warranties or obligations contained in this Agreement." Id. ¶ 61.

In 2013, Atari filed for bankruptcy and sold its "Star Control Assets" to Stardock. Id. ¶ 65. "According to Stardock and unbeknownst to Reiche and Ford, the Atari-GOG Agreement expired on March 22, 2015, and thus, Stardock contends that all subsequent sales of the Classic Star Control Games on GOG infringed on its purported trademarks and copyrights." Id. ¶ 83. In its own pleading, Stardock brings a claim for trademark infringement against R/F in connection with these sales. For its part, GOG claims that it "entered into another agreement with Stardock that covered such sales." Id.[2]

**B.   PROCEDURAL BACKGROUND**

On December 8, 2017, Stardock filed a Complaint against R/F for trademark infringement and other claims. Dkt. 1. On February 22, 2018, R/F responded with a

---

[2] R/F tendered Stardock's trademark infringement claim to GOG in March 2018; GOG refused to defend or indemnify against the claim. SACC ¶¶ 157-158.

Counterclaim against Stardock for copyright infringement and other claims.  Dkt. 17.  Thereafter, the parties amended the pleadings several times.

On October 15, 2018, R/F filed the operative Second Amended Counterclaim, wherein they added Valve and GOG as counter-defendants.  Dkt. 71.  The SACC alleges causes of action against GOG for Copyright Infringement, Fraud, Breach of Contract, Contributory Copyright Infringement, and Vicarious Copyright Infringement.

On January 28, 2019, GOG filed the instant motion to dismiss the ninth cause of action for fraud pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 104.  The motion is fully briefed.

## II.    LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'"  Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

In assessing the sufficiency of the complaint, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are "not entitled to the assumption of truth."  Iqbal, 556 U.S. at 678, 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

Generally, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In alleging fraud, however, "a party must state with particularity the circumstances constituting fraud …." Id. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (quotation marks and citations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where and how' of the misconduct charged.'" Id. (quotation marks and citations omitted); see also Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (providing that specificity is required as to the time, place, and content of the alleged misrepresentations, as well as the identities of the parties thereto).

### III. DISCUSSION

In their ninth cause of action for fraud, R/F allege as follows: "GOG concealed material facts that it had a duty to disclose. Specifically, GOG concealed the alleged expiration of the Atari-GOG Agreement on March 22, 2015 that is the foundation for Stardock's claim that all subsequent sales of the Classic Star Control Games on GOG infringed on Stardock's purported trademarks and copyrights." SACC ¶ 209. GOG moves to dismiss the cause of action on the ground that it is not pled with the requisite specificity.[3]

Under California law, the elements of a claim for fraudulent concealment are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the

---

[3] In passing, GOG asserts that "mental gymnastics [are] necessary to understand Reiche and Ford's theory of … liability[.]" Mot. at 7.  GOG does not argue that the fraud claim lacks a cognizable legal theory, however, only that it falls to allege facts with the requisite specificity.  Thus, any question as to R/F's theory of liability is beyond the scope of the instant motion.  See Cal. Pac. Bank. v. F.D.I.C., 885 F.3d 560, 570 (9th Cir. 2018) ("[i]nadequately briefed and perfunctory arguments are waived").

fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) the plaintiff was damaged by the concealment. Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1131 (9th Cir. 2014) (citing Jones v. ConocoPhillips, 198 Cal. App. 4th 1187, 1198 (2011)). The Court finds that, contrary to GOG's contentions, R/F allege the elements of fraudulent concealment with sufficient specificity.

As a threshold matter, GOG cites exclusively to the allegations contained in the ninth cause of action, i.e., SACC ¶¶ 205-214, in arguing that the fraud claim is "mere boilerplate." Mot. at 8; id. at 5 ("Reiche and Ford's entire fraud claim consists of [the] two sentences [found in ¶ 209]"). As noted by R/F, this improperly "ignores" the allegations contained in the background section of the SACC. Opp'n at 1. Although R/F do not identify the *specific* allegations supporting their claim, see Opp'n at 2 (citing SACC ¶¶ 19-162), the Court finds that the SACC as a whole, and specifically ¶¶ 54-60, 82, and 205-214, adequately state a claim for fraud, as discussed below.

First, GOG argues that R/F fail to adequately plead an omission. The SACC alleges that GOG concealed the expiration of the Atari-GOG Agreement. SACC ¶ 209. Although GOG argues that more detailed allegations regarding the "who, what, when, where, and how" are lacking, claims based on fraudulent concealment "can succeed without the same level of specificity" required for claims based on fraudulent misrepresentation. Falk v. Gen Motors Corp., 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007); accord MacDonald v. Ford Motor Co., 37 F. Supp. 3d 1087, 1096 (N.D. Cal. 2014). Indeed, "[r]equiring a plaintiff to identify … the precise time, place, and content of an event that (by definition) did not occur would effectively gut state laws prohibiting fraud-by-omission." In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig., 684 F. Supp. 2d 942, 961 (N.D. Ohio 2009)) (citing Falk, 496 F. Supp. 2d at 1098-99). Here, R/F identify precisely the information concealed, i.e., the expiration of the Atari-GOG Agreement, and the general time at which it should have been disclosed, i.e., at or before the expiration date of March 22, 2015. SACC ¶ 83. Nothing more is required.

1    GOG next argues that R/F fail to adequately plead a duty to disclose.  A duty to
2  disclose may arise when: (1) a defendant is in a fiduciary relationship with the plaintiff;
3  (2) the defendant had exclusive knowledge of material facts not known to the plaintiff;
4  (3) the defendant actively conceals a material fact from the plaintiff; or (4) the defendant
5  makes partial representations buts also suppresses material facts.  Tietsworth v. Sears, 720
6  F. Supp. 2d 1123, 1133 (N.D. Cal. 2010) (citing LiMandri v. Judkins, 52 Cal. App. 4th 326,
7  336 (1997)).  R/F allege a duty to disclose, SACC ¶ 209, and provide a factual basis for the
8  allegation, id. ¶¶ 58-60, 83.  Specifically, R/F allege that separate distribution agreements
9  were executed between them and GOG and Atari and GOG.  Id. ¶¶ 58-59.  Pursuant to the
10 Ford-GOG Agreement, GOG was responsible for obtaining the necessary trademark rights
11 for the sale of the Classic Star Control Games.  Id. ¶ 60.  The Atari-GOG Agreement
12 securing those rights expired on March 22, 2015.  Id. ¶ 83.  R/F were allegedly unaware of
13 the expiration of the Atari-GOG Agreement, placing that information within GOG's
14 exclusive knowledge.  Id.  As stated above, knowledge of material facts not known to
15 another party may give rise to a duty to disclose.

16    Third, GOG argues that R/F fail to adequately plead intent.  "[I]ntent … and other
17 conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  In the
18 context of fraud by concealment, a plaintiff must allege an "intent to *induce conduct*—
19 action or inaction—that differs from what the plaintiff would have done if informed of the
20 concealed fact."  Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal. App.
21 4th 858, 869 (2008) (emphasis in original).  R/F satisfy this element, alleging that GOG
22 concealed the expiration of the Atari-GOG Agreement "with the intent to induce [them] to
23 … allow continued sales of the Classic Star Control Games …."  SACC ¶ 210.[4]

---

[4] The authority cited by GOG—Mohebii v. Khazen, 50 F. Supp. 3d 1234, 1252 (N.D. Cal. 2014)—is inapt.  In securities fraud actions like Mohebii, for the elements of falsity and scienter, a plaintiff must satisfy a heightened pleading standard *beyond that imposed by Rule 9(b)*.  Id. at 1244 ("Any claim brought under Section 10b of the Securities Exchange Act of 1934 must, in addition to the general heightened pleading requirements for fraud, also meet the pleading requirements of the Private Securities Litigation Reform Act ….").  That standard does not apply to state law fraud claims, such as that alleged here.

Finally, GOG argues that R/F fail to adequately plead reliance. To state a claim for fraudulent concealment, a plaintiff must allege that he would have acted differently if he had been informed of the concealed fact. Blickman Turkus, 162 Cal. App. 4th at 869. The induced action or inaction must also cause injury. Id. Here, R/F allege that they were induced to allow continued sales of the Classic Star Control Games on GOG's platform. SACC ¶ 212. This resulted in injury because purportedly infringing sales of the Classic Star Control Games continued for three to four years, during which time their potential liability to Stardock accrued. Id. ¶ 213. R/F further allege that they terminated the Ford-GOG Agreement and sent GOG a notice of infringement and request to remove the Classic Star Control Games in or about November 2017, after the claims of trademark and copyright infringement at issue in this action materialized. Id. ¶ 105. At the pleading stage, these allegations will suffice.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT GOG's Motion to Dismiss Count Nine of the Second Amended Counterclaim (Dkt. 104) is DENIED.

IT IS SO ORDERED.

Dated:  May 14, 2019

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge